CLOSED,INTERPRETER

# U.S. District Court
## Northern District of Texas (Dallas)
## CRIMINAL DOCKET FOR CASE #: <u>3:19–mj–01094–BN</u>–1

Case title: USA v. Luna

Other court case number: CR–19–576 U.S. Dist. Court E. Dist. of New York, Brooklyn

Date Filed: 12/10/2019

Date Terminated: 12/17/2019

Assigned to: Magistrate Judge
David L. Horan

**<u>Defendant (1)</u>**

**Genaro Garcia Luna**
*TERMINATED: 12/17/2019*

represented by **Rose L Romero**
Law Offices of Romero | Kozub
235 NE Loop 820
Suite 310
Fort Worth, TX 76053
682–267–1351
Fax: 817–887–2288
Email: rose.romero@romerokozub.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*
*Bar Status: Admitted/In Good Standing*

| **<u>Pending Counts</u>** | **<u>Disposition</u>** |
|---|---|
| None | |

| **<u>Highest Offense Level (Opening)</u>** | |
|---|---|
| None | |

| **<u>Terminated Counts</u>** | **<u>Disposition</u>** |
|---|---|
| None | |

| **<u>Highest Offense Level (Terminated)</u>** | |
|---|---|
| None | |

| **<u>Complaints</u>** | **<u>Disposition</u>** |
|---|---|
| Out of district arrest out of the Eastern District of New York, Brooklyn Division. Charging the | |

defendant with International
Cocaine Distribution Conspiracy,
in violation of 21 U.S.C. §§ 963,
960(b)(1)(B)(ii) and 959(d);
Conspiracy to Distribute and
Possess with Intent to Distribute
Cocaine, in violation of 21
U.S.C. §§ 846 and 841 (b)(1
)(A)(ii)(II)

**Plaintiff**

**USA**                                     represented by   **Rick Alan Calvert–DOJ, Jr**
                                                              US Attorney's Office
                                                              1100 Commerce Street, 3rd Floor
                                                              Dallas, TX 75242
                                                              214–659–8675
                                                              Email: rick.calvert@usdoj.gov
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*
                                                              *Designation: US Attorney's Office*
                                                              *Bar Status: Admitted/In Good Standing*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 12/10/2019 | | 25 | Arrest (Rule 5) of Genaro Garcia Luna. Case Number CR–19–576 from U.S. District Court for Eastern District of New York, Brooklyn Division. (mcrd) (Entered: 12/10/2019) |
| 12/10/2019 | 1 | 4 | MOTION for Detention filed by USA as to Genaro Garcia Luna. Attorney Rick Alan Calvert–DOJ, Jr added to party USA (pty:pla). (mcrd) (Entered: 12/10/2019) |
| 12/10/2019 | | 24 | Arrest of Genaro Garcia Luna. (mcrd) (Entered: 12/10/2019) |
| 12/10/2019 | 2 | 15 | Minute Entry for proceedings held before Magistrate Judge David L. Horan: Initial Appearance as to Genaro Garcia Luna held on 12/10/2019. Date of Arrest: 12/10/2019. Location interval set to: LC. Attorney Appearances: AUSA – Rick Calvert; Defense – Rose Romero. (No exhibits) Time in Court – :07. (Court Reporter: Digital File) (Interpreter Yovana Gonzalez.) (USPO N/A.) (mcrd) (Entered: 12/10/2019) |
| 12/10/2019 | 3 | | (Document Restricted) CJA 23 Financial Affidavit by Genaro Garcia Luna. (mcrd) (Entered: 12/10/2019) |
| 12/10/2019 | 4 | 16 | NOTICE OF ATTORNEY APPEARANCE by Rose L Romero appearing for Genaro Garcia Luna. (mcrd) (Entered: 12/10/2019) |
| 12/10/2019 | 5 | 17 | WAIVER of Rule 5 Hearings by Genaro Garcia Luna. (mcrd) (Entered: 12/10/2019) |
| 12/10/2019 | 6 | 18 | ORDER OF TEMPORARY DETENTION as to Genaro Garcia Luna: Detention Hearing set for 12/17/2019 01:00 PM before Magistrate Judge David L. Horan. |

| | | | |
|---|---|---|---|
| | | | (Ordered by Magistrate Judge David L. Horan on 12/10/2019) (mcrd) (Entered: 12/10/2019) |
| 12/13/2019 | 7 | | Notice of Filing of Official Electronic Transcript of Initial Appearance–Rule 5 Arrest Proceedings as to Genaro Garcia Luna held on 12/10/2019 before Judge David L. Horan. Parties are notified of their duty to review and request redaction of the transcript. See Misc Order (MO) 61 and Special Order (SO) 19–1. If the transcript contains information that should be redacted under SO 19–1, contact the Operations Assistance Team at (214)753–2240 immediately. If the transcript contains personal identifiers that must be redacted under MO 61, Fed.R.Civ.P. 5.2 or Fed.R.Crim.P. 49.1, or if the transcript contains the name of a minor child victim or a minor child witness that must be redacted under 18 U.S.C. § 3509, file a Redaction Request – Transcript within 21 days. If no action is taken, the entire transcript will be made available through PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed. (9 pages) Court Reporter/Transcriber Kathy Rehling, kathyrehlingtranscripts@gmail.com, Telephone number 972–786–3063. A copy of the transcript may be purchased from the court reporter or viewed at the clerk's office. Redaction Request under SO 19–1, due immediately. Redaction Request due 1/3/2020. Redacted Transcript Deadline set for 1/13/2020. Release of Transcript Restriction set for 3/12/2020. (Rehling, Kathy) (Entered: 12/13/2019) |
| 12/17/2019 | 8 | 19 | Minute Entry for proceedings held before Magistrate Judge David L. Horan: Detention Hearing as to Genaro Garcia Luna held on 12/17/2019. Location interval set to: LC. Attorney Appearances: AUSA – Rick Calvert; Defense – Rose Romero. (No exhibits) Time in Court – :06. (Court Reporter: Shawn McRoberts) (Interpreter Mike Mahler.) (mcrd) (Entered: 12/17/2019) |
| 12/17/2019 | 9 | 20 | WAIVER of Rule 5 Hearings by Genaro Garcia Luna. (mcrd) (Entered: 12/17/2019) |
| 12/17/2019 | 10 | 21 | ORDER OF DETENTION as to Genaro Garcia Luna. (Ordered by Magistrate Judge David L. Horan on 12/17/2019) (mcrd) (Entered: 12/17/2019) |
| 12/17/2019 | 11 | 22 | Report of Proceedings under Rule 5(c)(3) and 5.1 as to Genaro Garcia Luna. Defendant is removed forthwith to the district in which he is charged. Paperwork sent to Eastern District of New York, Brooklyn Division. (Ordered by Magistrate Judge David L. Horan on 12/17/2019) (mcrd) (Entered: 12/17/2019) |

ORIGINAL

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

UNITED STATES OF AMERICA

V.

No. 3:19-MJ-1094-BN

GENARO GARCIA LUNA

## MOTION FOR DETENTION

The United States moves for pretrial detention of the defendant, pursuant to Title 18, United States Code, Section 3142(d).

1. **Eligibility of Case:**

This case is eligible for a detention order because the case involves:

\_\_\_\_\_ Crime of violence (18 U.S.C §3156);

\_\_\_\_\_ Maximum sentence life imprisonment or death;

\_X\_ 10+ year drug offense; (*See* Attachment A)

\_\_\_\_\_ Felony, with two prior convictions in any of the above categories;

\_X\_ Serious risk defendant will flee;

\_\_\_\_\_ Serious risk obstruction of justice;

\_\_\_\_\_ 18 U.S.C. § 4246(f).

Motion for Detention - Page 1

2.  **Reason for Detention:**

The Court should detain the defendant because there are no conditions of release that will reasonably assure:

   X   Defendant's appearance is required;

   X   Safety of any other person and the community;

3.  **Rebuttable Presumption:**

The United States will invoke the rebuttable presumption against defendant because:

   X   Probable cause to believe defendant committed 10+-year drug offense or firearms offense, Title 18, U.S.C. §924(c);

   \_\_\_\_\_   Probable cause to believe defendant committed a crime of violence as defined in 18 U.S.C.§ 3156;

4.  **Time for Detention Hearing:**

The United States requests the Court conduct the detention hearing;

   \_\_\_\_\_   at initial appearance;

   X   after continuance of 3 days (not more than 3).

Motion for Detention - Page 2

DATED this the 10th day of December, 2019.

Respectfully submitted,

ERIN NEALY COX
United States Attorney


RICK CALVERT
Assistant United States Attorney
Texas State Bar No. 03669700
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214.659.8685
Fax: 214.658.8803


## CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2019, a true and correct copy of the

foregoing Motion has been served on the defendant, or his counsel of record, in

accordance with the provisions of Fed. R. Cr. P. 49.


RICK CALVERT
Assistant United States Attorney


Motion for Detention - Page 3



**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

MPR:EMR/RPH
F. #2019R00927

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

December 10, 2019

By ECF

The Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     United States v. Genaro Garcia Luna
        Criminal Docket No.19-CR-576 (BMC) (E.D.N.Y.)

Dear Judge Cogan:

The government respectfully submits this letter in support of its motion for a permanent order of detention for the defendant Genaro Garcia Luna.[1] The defendant held the position of Secretary of Public Security in Mexico from 2006 to 2012. The defendant abused that public position, and other positions of public trust that he previously held, to help the Sinaloa Cartel traffic cocaine into the United States, including New York City. In exchange for multimillion-dollar bribes, he permitted that Cartel—one of the largest and most violent criminal organizations in the world—to operate with impunity in Mexico. To this day, he profits from his crimes, and he has lied about them to the United States in an attempt to secure U.S. citizenship.

In connection with his crimes, on December 4, 2019, a grand jury sitting in the Eastern District of New York returned an indictment charging the defendant with: (i) conspiracy to distribute and possess with intent to distribute cocaine, in violation of Title 21, United States Code, Sections 841 and 846; (ii) cocaine importation conspiracy, in violation

---

[1] Yesterday, the government filed a letter requesting that this case be reassigned from Judge Raymond J. Dearie to this Court pursuant to Rules 50.3.2 and 50.4 of the Guidelines for Division of Business Among District Judges, because this case is presumptively related to United States v. Joaquin Guzman Loera, et al., 09-CR-466 (S-4) (BMC). To the extent that the Court decides not to reassign the case, the government respectfully requests that this letter be forwarded to Judge Dearie for consideration.

of Title 21, United States Code, Sections 952 and 963; (iii) international cocaine distribution conspiracy, in violation of Title 21, United States Code, Sections 959 and 963; and (iv) making false statements, in violation of Title 18, United States Code, Section 1001. That same day, U.S. Magistrate Judge Ramon E. Reyes, Jr. issued a warrant for the defendant's arrest. Federal agents arrested the defendant yesterday in Dallas, TX. He is scheduled to make his initial appearance on a removal complaint in the Northern District of Texas today, and the government expects that he will be transported to the Eastern District of New York and arraigned on the indictment in the coming weeks. For the reasons set forth below, at his arraignment, the Court should enter a permanent order of detention, as no combination of conditions can secure the defendant's appearance at trial.

I.    Procedural and Factual Background

    A.    Overview

Between 2001 and 2012, the defendant was a high-ranking official in the Mexican government.[2] Specifically, from 2001 to 2005, the defendant was the head of Mexico's Federal Investigation Agency. From 2006 to 2012, the defendant served as Mexico's Secretary of Public Security and, in that capacity, controlled Mexico's Federal Police Force. While holding public office in Mexico, the defendant used his official positions to assist the Sinaloa Cartel, a notorious Mexican drug cartel, in exchange for multimillion-dollar bribes.

In 2012, the defendant relocated from Mexico to Miami, Florida. Following his relocation to the United States, the defendant obtained lawful resident status. In 2018, he submitted an application for naturalization to the Department of Homeland Security. In that paperwork, which investigators in the Eastern District of New York have reviewed, the defendant made materially false statements denying his past criminal conduct.

    B.    Background on the Sinaloa Cartel

From approximately 1989 to the present, the Sinaloa Cartel has been one of the world's largest and most prolific drug trafficking organizations. At various points during this time period, among others, Joaquin Archivaldo Guzman Loera, also known as "Chapo Guzman," Ismael Zambada Garcia, also known as "Mayo Zambada," Jesus Zambada Garcia, also known as "Rey Zambada," Rafael Caro Quintero and Arturo Beltran Leyva, were leaders

---

[2] As permitted by the Second Circuit, the government proceeds by factual proffer in support of its motion for a permanent order of detention. See infra Section II; United States v. LaFontaine, 210 F.3d 125, 130-31 (2d Cir. 2000); United States v. Ferranti, 66 F. 3d 540, 542 (2d Cir. 1995). As this proffer seeks only to articulate facts sufficient to justify detention, it is not a complete statement of all of the evidence of which the government is aware or will seek to introduce at trial.

2

of the Sinaloa Cartel. From at least 2001 until 2016, Chapo Guzman and Mayo Zambada were the preeminent leaders of the Sinaloa Cartel.

In 2016, Mexican authorities captured Chapo Guzman in Mexico. The following year, Mexico extradited him to the United States to face charges. In 2019, following a four-month jury trial in the Eastern District of New York, a jury convicted Chapo Guzman of leading a Continuing Criminal Enterprise, in violation of Title 21, United States Code, Section 848, and related charges. See Guzman Loera, 09-CR-466. Since 2016, among others, Mayo Zambada, Caro Quintero, and several of Chapo Guzman's sons, including Ivan Archivaldo Guzman Salazar and Jesus Alfredo Guzman Salazar, have led the Sinaloa Cartel. Notably, Mayo Zambada, who paid bribe payments to the defendant and is one of his coconspirators, has been a continuous leader of the Sinaloa Cartel over the past several decades.

During the entire time it has been in operation, the Sinaloa Cartel has directed a large scale narcotics transportation network involving the use of land, air and sea transportation assets, shipping multi-ton quantities of cocaine from South America, through Central America and Mexico, and finally into the United States. In addition, the Cartel has manufactured and imported into the United States multi-ton quantities of heroin, methamphetamine and marijuana. At the same time that it has maintained this international and multibillion-dollar drug trafficking empire, the Cartel has engaged in horrific violence in order to protect against challenges from rivals, to fight for territory and to silence those who would cooperate with law enforcement.

The Sinaloa Cartel has used corruption of public officials, including bribes to the defendant while he was a high-ranking Mexican official, as a means and method of achieving the goals of its drug trafficking enterprise. In exchange for these bribes, the Sinaloa Cartel obtained, among other things, safe passage for its drug shipments, sensitive law enforcement information about investigations into the Cartel and information about rival drug cartels. During the time that the defendant protected the Sinaloa Cartel in exchange for bribes, the Sinaloa Cartel, at the direction of Chapo Guzman, Mayo Zambada and other leaders, sent multi-ton drug loads to the Eastern District of New York, including Brooklyn and Queens.

C.    The Defendant's Criminal Conduct

Evidence obtained by law enforcement has revealed that, while he was a public official in Mexico, the defendant received millions of dollars in bribes from the Sinaloa Cartel in exchange for providing protection for its drug trafficking activities. Because of the defendant's corrupt assistance, the Sinaloa Cartel conducted its criminal activity in Mexico without significant interference from Mexican law enforcement and imported multi-ton quantities of cocaine and other drugs into the United States.

3

Several former high-ranking members of the Sinaloa Cartel have provided a wealth of information about bribes paid to the defendant in exchange for his protection of the Sinaloa Cartel. For example, at the trial of Chapo Guzman, Rey Zambada, one of the former leaders of the Cartel and the brother of its current leader Mayo Zambada, testified about multimillion-dollar bribes that he and Mayo Zambada paid the defendant to facilitate the Sinaloa Cartel's drug trafficking operations in the mid-2000s. See Guzman Loera, 09-CR-466, Trial Tr., Feb. 20, 2019, 1102-05. Specifically, Rey Zambada testified that, on at least two occasions, he personally brought the defendant briefcases containing between three and five million dollars, in exchange for the defendant's assurance that he would assist the Sinaloa Cartel. See id. The government has interviewed numerous other cooperating witnesses who have confirmed that the Cartel paid the defendant tens of millions of dollars over several years, in exchange for the defendant's protection of the Cartel.

In addition, law enforcement officials have obtained financial records related to the defendant that reflect that, by the time the defendant relocated to the United States in 2012, he had amassed a personal fortune of millions of dollars that was inconsistent with a civil servant's salary in Mexico. These financial records reflect that the defendant continues to live off the millions of dollars in bribes that the Sinaloa Cartel paid him as part of his role in the drug trafficking conspiracy.

Further, the defendant has continued to take active steps to conceal his corrupt assistance to the Sinaloa Cartel. After moving to the United States in 2012, the defendant submitted an application for naturalization in 2018, in which he affirmatively lied about his past criminal conduct on behalf of the Sinaloa Cartel.

As noted above, on December 4, 2019, a grand jury in the Eastern District of New York returned an indictment charging the defendant with: (i) one count of conspiracy to distribute and possess with intent to distribute cocaine, in violation of Title 21, United States Code, Sections 841 and 846; (ii) one count of cocaine importation conspiracy, in violation of Title 21, United States Code, Sections 952 and 963; (iii) one count of international cocaine distribution conspiracy, in violation of Title 21, United States Code, Sections 959 and 963; and (iv) one count of making false statements, in violation of Title 18, United States Code, Section 1001. Federal agents arrested the defendant yesterday in Dallas, TX.

II.     The Court Should Enter a Permanent Order of Detention

A.     Legal Standard

Under the Bail Reform Act, 18 U.S.C. § 3142 et seq., in cases where a defendant is charged with "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act," a court must presume, "subject to rebuttal by the person," that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community," if the court finds

4

probable cause to believe that the person committed such offense. 18 U.S.C. § 3142(e)(3)(A). Regardless of whether the presumption applies, such probable cause may be established by an indictment, such that there is no need for an independent judicial probable cause determination. See United States v. Contreras, 776 F.2d 51, 54-55 (2d Cir. 1985).

      If a presumption of detention is applicable, the defendant bears the burden of rebutting that presumption by coming forward with evidence "that he does not pose a danger to the community or risk of flight." United States v. Mercedes, 254 F.3d 433, 436 (2d Cir. 2001) (citation omitted). In any event, the government must ultimately persuade the court by a preponderance of the evidence that the defendant is a flight risk. See United States v. Jackson, 823 F.2d 4, 5 (2d Cir. 1987); United States v. Chimurenga, 760 F.2d 400, 405 (2d Cir. 1985). Detention based on danger to the community must "be supported by clear and convincing evidence." 18 U.S.C. § 3142(f).

      The Bail Reform Act lists four factors to be considered in the detention analysis whether for risk of flight or dangerousness: (1) the nature and circumstances of the offense charged; (2) the history and characteristics of the defendant; (3) the seriousness of the danger posed by the defendant's release; and (4) the evidence of the defendant's guilt. See id. § 3142(g). At a detention hearing, the government may proceed by proffer, Ferranti, 66 F.3d at 541; United States v. Martir, 782 F.2d 1141, 1145 (2d Cir. 1986). As the Second Circuit has explained:

> [I]n the pre-trial context, few detention hearings involve live testimony or cross-examination. Most proceed on proffers. See [ ] LaFontaine, 210 F.3d at 131. This is because bail hearings are "typically informal affairs, not substitutes for trial or discovery." United States v. Acevedo-Ramos, 755 F.2d 203, 206 (1st Cir. 1985) (Breyer, J.) (quoted approvingly in LaFontaine, 210 F.3d at 131). Indeed, § 3142(f)(2)(B) expressly states that the Federal Rules of Evidence do not apply at bail hearings; thus, courts often base detention decisions on hearsay evidence. Id.

United States v. Abuhamra, 389 F.3d 309, 320 n. 7 (2d Cir. 2004).

      Courts in this district have been troubled by private jail proposals in lieu of detention, in recognition of the Second Circuit's dim view of alternatives to confinement. See, e.g., United States v. Orena, 986 F.2d 628, 632 (2d Cir. 1993) (internal quotation marks and citations omitted) (private jail proposals "at best elaborately replicate a detention facility without the confidence of security such a facility instills"); United States v. Bruno, 14-CR-556 (WKF), 89 F. Supp. 3d 425, 431 (E.D.N.Y. 2015) (noting that even if a defendant had the financial capacity to "replicate a private jail within his own home," among other things, the Court was not convinced that such "disparate treatment based on wealth is permissible under

5

the Bail Reform Act"). Indeed, a recent Southern District of New York decision denied a defendant's proposal for a "very expensive form of private jail or detention," holding that "it is contrary to underlying principles of detention and release on bail that individuals otherwise ineligible for release should be able to buy their way out by constructing a private jail, policed by security guards not trained or ultimately accountable to the government, even if carefully selected." United States v. Zarrab, 2016 WL 3681423, at *10 (S.D.N.Y. June 16, 2016) (quoting Borodin v. Ashcroft, 136 F. Supp. 2d 125, 134 (E.D.N.Y. 2001)).

B.    A Presumption of Detention Applies

This case involves offenses for which there is a presumption that no combination of conditions will reasonably assure the defendant's appearance or the safety of the community. See 18 U.S.C. § 3142(e)(3). Specifically, the drug trafficking offenses charged in Counts One through Three, each of which prescribes a mandatory minimum term of imprisonment of ten years, carry the presumption for detention. See id. Accordingly, the defendant bears the initial burden of showing that he is not a flight risk. For the reasons set forth below, he cannot sustain that burden.

C.    The Defendant Poses a Significant Risk of Flight

The defendant poses a significant risk of flight. The defendant faces a ten-year mandatory minimum sentence of prison on Counts One through Three of the indictment. Moreover, assuming he falls within a Criminal History Category I, the government's preliminary Guidelines estimate for the charged crimes is life imprisonment. As noted above, the evidence supporting these serious charges is strong, including testimony from multiple cooperating witnesses regarding the defendant's bribe payments from the Sinaloa Cartel— testimony corroborated by financial records showing the defendant's personal wealth. Given the substantial jail time the defendant faces upon conviction, he has a strong incentive to flee the jurisdiction. See United States v. Cisneros, 328 F.3d 610, 618 (10th Cir. 2003) (defendant was a flight risk because her knowledge of the seriousness of the charges against her gave her a strong incentive to abscond to Mexico); United States v. Martir, 782 F.2d 1141, 1147 (2d Cir. 1986) (defendants charged with serious offenses whose maximum combined terms of 105 years' imprisonment created potent incentives to flee); United States v. Dodge, 846 F. Supp. 181, 184-85 (D. Conn. 1994) ("[P]ossibility of a severe sentence" heightens the risk of flight).

Moreover, the defendant is a citizen of Mexico and has strong continuing ties to Mexico, which demonstrate his ability to flee and the significant risk that he will do so. Indeed, border crossing records reveal that the defendant regularly travels to Mexico. In 2019, he traveled there at least five times, including as recently as November 17, 2019. Over the past five years, he has traveled there more than 30 times. In total, from 2002 to the present, the defendant has traveled back and forth between the United States and Mexico at least 280 times. See Zarrab, 2016 WL 3681423, at *8 (citing the defendant's extensive international travel as one factor supporting detention); see also United States v. Seif, 2001 WL 1415034, at *2-3 (D.

6

Ariz. Nov. 8, 2001) (denying bail for a defendant who was a foreign national, had no family ties to United States, and was an experienced international traveler with substantial connections in countries that did not have extradition treaties with the United States).

The massive wealth that the defendant accumulated from his corrupt assistance to the Sinaloa Cartel also provides him with the ability to orchestrate his flight to Mexico and sustain himself in hiding. See Zarrab, 2016 WL 3681423, at *8 (citing the defendant's "significant wealth and his substantial resources" as another factor that supported detention). In addition, the defendant has connections to high-level Sinaloa Cartel members in Mexico, as well as former high-level corrupt government officials, who are likely willing to assist him in fleeing from U.S. law enforcement and shelter him in Mexico. See Bruno, 89 F. Supp. 3d at 432 (observing, in a case involving both serious flight risk and danger to the community, that where a defendant's "alleged ties to a large criminal syndicate indicate that he has strong connections to people who have the resources to, ability to, and interest in helping him flee the jurisdiction," that favors denying bail). While the United States and Mexico have an extradition treaty, it will be extremely difficult to apprehend the defendant in Mexico if the Sinaloa Cartel and powerful former government officials shield him. Moreover, even if he is captured, extradition proceedings in Mexico may take years to complete, if the defendant contests his extradition. There is therefore a significant risk that the defendant's flight to Mexico would ensure he does not face justice in an American courtroom. Cf. Seif, 2001 WL 1415034, at *2-3 (citing the defendant's connections to countries that did not have extradition treaties with the United States as a factor supporting detention); United States v. Epstein, 155 F. Supp. 2d 323, 326 (E.D. Pa. 2001) (finding a defendant's extensive ties to Brazil, a county with which the United States has no extradition treaty, to be the "crucial factor" in denying bail for a defendant with "significant wealth").

Although the defendant does not have a criminal history, the defendant's personal history and characteristics demand detention, and demonstrate that he is a significant flight risk. As the instant investigation has revealed, the defendant prioritized his personal greed over his sworn duties as a public servant, and assured the continued success and safety of one of the world's most notorious trafficking organizations. As the defendant's criminal conduct makes clear, he has no respect for public authority or the rule of law, and he has previously lied on government forms to avoid being held accountable for his crimes. Thus, there is no reason to believe that the defendant would obey the Court's orders or conditions of release if the Court grants bail.

Finally, any proposed use of home detention and/or electronic monitoring in lieu of detention is insufficient here in light of the defendant's risk of flight described above. Such a proposal "at best elaborately replicate[s] a detention facility without the confidence of security such a facility instills." Orena, 986 F.2d at 632; see Zarrab, 2016 WL 3681423, at *10. Here, such an arrangement is wholly inadequate to ensure that this defendant will not flee from justice.

III.     Conclusion

        For the foregoing reasons, the government respectfully requests that the Court issue a permanent order of detention.

                                  Respectfully submitted,

                                    RICHARD P. DONOGHUE
                                    United States Attorney

By:     /s/
                Michael P. Robotti
                Ryan Harris
                Erin Reid
                Assistant U.S. Attorneys
                (718) 254-7000

cc:    Defense Counsel (by email)

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| JUDGE: DAVID L. HORAN | |
|---|---|
| DEPUTY CLERK: Shakira Todd | COURT REPORTER/TAPE NO: FTR |
| LAW CLERK: | USPO/PTSO: |
| INTERPRETER: Yovanna Gonzalez | COURT TIME: 1:32 - 1:39 |
| A.M. | P.M. 1:00 Pm | DATE: December 10, 2019 |

☑ MAG. NO. ☐ DIST. CR. NO. 3:19-mj-01094-BN *SEALED* USDJ Magistrate Judge David L. Horan

UNITED STATES OF AMERICA §
                              §  *Rick Calvert* , AUSA
v.                            §
                              § _____ ☐
                              §
                              § *Rose Romero* , ☐
GENARO GARCIA LUNA (1)        § COUNSEL FOR DEFENDANTS APPT – (A), Retd – (R), FPD – (F)

☑ INITIAL APPEARANCE ☐ IDENTITY ☐ BOND HEARING ☐ PRELIMINARY HEARING
☐ DETENTION HEARING ☐ COUNSEL DETERMINATION HEARING ☐ REMOVAL HEARING ☐ EXTRADITION HEARING
☐ HEARING CONTINUED ON _____ CASE NO. _____ ☐ OTHER DISTRICT ☐ DIVISION
☑ DATE OF FEDERAL ARREST/CUSTODY: 12/10/2019 ☐ SURRENDER_____
☐ RULE 5/32 ☐ APPEARED ON WRIT
☑ DEFT FIRST APPEARANCE. DEFT ADVISED OF RIGHTS/CHARGES ☐ PROBATION/SUPERVISED RELEASE VIOLATOR
☑ DEFT FIRST APPEARANCE WITH COUNSEL.
☐ DEFT ☐ MW (MATERIAL WITNESS) _____ APPEARED ☐ WITH ☐ WITHOUT COUNSEL
☐ REQUESTS APPOINTED COUNSEL.
☑ FINANCIAL AFFIDAVIT EXECUTED.
☐ ORDER APPOINTING FEDERAL PUBLIC DEFENDER.
☐ PRIVATE COUNSEL APPOINTED *Rose Romero*
☑ DEFT HAS RETAINED COUNSEL *Rose Romero*
☐ ARRAIGNMENT SET ☑ DETENTION HEARING SET *12/17/2019 at 1 Pm*

☐ PRELIMINARY HEARING SET _____ ☐ BOND HEARING SET _____
☐ COUNSEL DETERMINATION HEARING SET _____
☐ IDENTITY/REMOVAL HEARING SET _____
☐ BOND ☐ SET ☐ REDUCED TO $ _____ ☐ CASH ☐ SURETY ☐ 10% ☐ PR ☐ UNS ☐ 3RD PTY ☐ MW
☐ NO BOND SET AT THIS TIME, ____ DAY DETENTION ORDER TO BE ENTERED.
☑ ORDER OF TEMPORARY DETENTION/COMMITMENT PENDING HEARING ENTERED.
☐ ORDER OF DETENTION PENDING TRIAL ENTERED.
☐ DEFT ADVISED OF CONDITIONS OF RELEASE.
☐ BOND EXECUTED ☐ DEFT ☐ MW RELEASED ☐ STATE AUTHORITIES ☐ INS
☐ DEFT ☐ MW REMANDED TO CUSTODY.
☐ DEFT ORDERED REMOVED TO ORIGINATING DISTRICT. *(ID only)*
☑ WAIVER OF ☐ PRELIMINARY HEARING ☑ RULE 5/32 HEARING ☐ DETENTION HEARING
☑ COURT FINDS ~~PROBABLE CAUSE~~ ☑ ID ☐ PC.
☐ DEFT FAILED TO APPEAR. ORAL ORDER FOR ISSUANCE OF BENCH WARRANT.
☐ GOVERNMENT TO NOTIFY FOREIGN CONSULAR.
☐ REMARKS:_____

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**
DEC 10 2019
CLERK, U.S. DISTRICT COURT
By_____
Deputy



# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No. 3:19-mj-01094-BN *SEALED* |
| | § | |
| GENARO GARCIA LUNA (1) | § | |

### ENTRY OF APPEARANCE OF COUNSEL

I wish to enter my appearance as **retained** counsel for the above-named defendant(s) in this cause.

I understand that it is my duty to continue to represent the named defendant(s) in connection with all matters relating to this case, and in connection with all proceedings therein in this Court; to assist him with any appeal which he desires to perfect, and to represent him on appeal until a final judgment has been entered; unless and until, after written motion filed by me, I am relieved by Order of the Court.

In all cases an arraignment is scheduled promptly after the return or filing of an indictment or information, at which time the defendant must enter a plea. Your attention is directed to Rule 12, Federal Rules of Criminal Procedure, pertaining to pretrial motions.

DATED: _10_ day of _Dec_ , _2019_

_[signature]_
Signature of Attorney

_Rose Romero_
Attorney Name (Please Print)

_17224700_
Attorney Bar Number

_235 NE Loop 820 Suite 310_
Street Address

_Hurst, TX 76053_
City, State, Zip

_Rose.Romero @ RomeroKozub.com_
E-mail Address

_214 658 7595_
Telephone Number (including area code)

_____
Fax Number

16

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

DEC 10 2019

CLERK, U.S. DISTRICT COURT
By_____
Deputy

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | Case No. 3:19-mj-01094-BN *SEALED* |
| | § | |
| v. | § | |
| | § | |
| GENARO GARCIA LUNA (1) | § | Charging District's Case No. CR-19-576 |

**WAIVER OF RULE 5 & 5.1 HEARINGS**
**(Complaint or Indictment)**

I understand that I have been charged in another district, the (name of other court) U.S. Dist. Court E. Dist. of New York, Brooklyn.

I have been informed of the charges and of my rights to:

(1)    retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2)    an identity hearing to determine whether I am the person named in the charges;

(3)    production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4)    a preliminary hearing within 14 days of my first appearance if I am in custody and 21 days otherwise —
       unless I am indicted — to determine whether there is probable cause to believe that an offense has
       been committed;

(5)    a hearing on any motion by the government for detention;

(6)    request transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☒    an identity hearing and production of the warrant.

☐    a preliminary hearing.

☐    a detention hearing.

☐    an identity hearing, production of the warrant, and any preliminary or detention hearing to which
      I may be entitled in this district. I request that those hearings be held in the prosecuting district,
      at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date: 10th day of December, 2019

_____
Defendant's Signature

_____
Signature of defendant's attorney

Jose L. Romo
_____
Printed name of defendant's attorney

17

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

DEC 10 2019

CLERK U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No. 3:19-mj-01094-BN — SEALED |
| | § | |
| GENARO GARCIA LUNA (1) | § | |

### ORDER OF TEMPORARY COMMITMENT

On this date the above named Defendant appeared before the undersigned magistrate judge after having been arrested in the above numbered action for an offense against the laws of the United States, and

☑ The government having moved the magistrate judge to hold a hearing to determine whether any condition or combination of conditions will reasonably assure the Defendant's appearances and the safety of any other person and the community (18 U.S.C. §3142(f), as amended P.L. 98-473, 98 Stat. 1837), and

☑ The government's attorney having moved for a continuance of such hearing

☐ It appearing that the Defendant may not be capable of posting of a monetary bond as a condition to assure his appearance and the safety of any other person and the community (§3142(c), supra), and that a hearing on whether the Defendant should be released on bond or should be detained pending disposition of the criminal charges should be deferred from today's date, and

☑ Defendant having moved for a continuance so that he can have an attorney present at the hearing,

IT IS, THEREFORE, ORDERED that the Detention Hearing is to be held on ___12/17/19___ at ___10 AM___ before the undersigned magistrate judge, unless extended for good cause. *

IT IS FURTHER ORDERED that the Defendant is committed to the custody of the United States Marshal for confinement in a corrections facility separate, to the extent practicable from persons awaiting or serving sentences or being held in custody pending appeal, pending the above scheduled detention hearing.

A copy of this order shall be transmitted to counsel for the parties.

ENTERED this December 10, 2019.

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

*A continuance on behalf of the government will be granted without a hearing only upon the written consent of the Defendant or his attorney. A continuance on behalf of the Defendant will be granted without a hearing upon the written request of the Defendant or his attorney. Continuances shall not exceed five work days from the original setting for the Detention Hearing.

18

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | |
|---|---|
| JUDGE:  DAVID L. HORAN | |
| DEPUTY CLERK:  Shakira Todd | COURT REPORTER/TAPE NO: Shawn McRoberts |
| LAW CLERK: | USPO/PTSO: |
| INTERPRETER: Mike Mehler | COURT TIME: 1:02 – 1:08 |
| A.M. | 1:00 P.M. | DATE:  December 17, 2019 |

---

☑MAG. NO.        ☐DIST. CR. NO.  3:19-mj-01094-BN *SEALED*        US Magistrate Judge David L. Horan

UNITED STATES OF AMERICA                §        _Rick Calvert_____, AUSA
                                        §
v.                                      §        _____  ☐
                                        §
                                        §        _Rose Romero (R)_____  ☐
GENARO GARCIA LUNA (1)                   §        COUNSEL FOR DEFENDANTS APPT – (A), Retd – (R), FPD – (F)

---

☐ INITIAL APPEARANCE  ☐IDENTITY  ☐BOND HEARING  ☐PRELIMINARY HEARING
☑ DETENTION HEARING  ☐COUNSEL DETERMINATION HEARING  ☐REMOVAL HEARING  ☐EXTRADITION HEARING
☐ HEARING CONTINUED ON _____  CASE NO. _____  ☐OTHER DISTRICT  ☐DIVISION
☐ DATE OF FEDERAL ARREST/CUSTODY: 12/10/2019  ☐SURRENDER_____
☐ RULE 5/32  ☐APPEARED ON WRIT
☐ DEFT FIRST APPEARANCE. DEFT ADVISED OF RIGHTS/CHARGES  ☐PROBATION/SUPERVISED RELEASE VIOLATOR
☐ DEFT FIRST APPEARANCE WITH COUNSEL.
☐ DEFT  ☐MW (MATERIAL WITNESS) _____  APPEARED
☐ REQUESTS APPOINTED COUNSEL.
☐ FINANCIAL AFFIDAVIT EXECUTED.
☐ ORDER APPOINTING FEDERAL PUBLIC DEFENDER.
☐ PRIVATE COUNSEL APPOINTED _____
☐ DEFT HAS RETAINED COUNSEL _____
☐ ARRAIGNMENT SET  ☐DETENTION HEARING SET _____

☐ PRELIMINARY HEARING SET _____  ☐BOND HEARING SET _____
☐ COUNSEL DETERMINATION HEARING SET _____
☐ IDENTITY/REMOVAL HEARING SET _____
☐ BOND  ☐SET  ☐REDUCED TO $ _____  ☐CASH  ☐SURETY  ☐10%  ☐PR  ☐UNS  ☐3RD PTY  ☐MW
☐ NO BOND SET AT THIS TIME, ____ DAY DETENTION ORDER TO BE ENTERED.
☐ ORDER OF TEMPORARY DETENTION/COMMITMENT PENDING HEARING ENTERED.
☑ ORDER OF DETENTION PENDING TRIAL ENTERED.
☐ DEFT ADVISED OF CONDITIONS OF RELEASE.
☐ BOND EXECUTED  ☐DEFT  ☐MW RELEASED  ☐STATE AUTHORITIES  ☐INS
☑ DEFT  ☐MW REMANDED TO CUSTODY.
☑ DEFT ORDERED REMOVED TO ORIGINATING DISTRICT.
☑ WAIVER OF  ☐PRELIMINARY HEARING  ☐RULE 5/32 HEARING  ☑DETENTION HEARING
☐ COURT FINDS PROBABLE CAUSE  ☐ID  ☐PC.
☐ DEFT FAILED TO APPEAR. ORAL ORDER FOR ISSUANCE OF BENCH WARRANT.
☐ GOVERNMENT TO NOTIFY FOREIGN CONSULAR.
☐ REMARKS:_____

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
DEC 17 2019
CLERK, U.S. DISTRICT COURT
By_____
Deputy

Case 3:19-mj-01094-BN Document 12 Filed 12/17/19 Page 20 of 25 PageID 251

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

NORTHERN DISTRICT OF TEXAS
**FILED**

DEC 1 7 2019

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | Case No. 3:19-mj-01094-BN *SEALED* |
| | § | |
| v. | § | |
| | § | |
| GENARO GARCIA LUNA (1) | § | Charging District's Case No. CR-19-576 |

## WAIVER OF RULE 5 & 5.1 HEARINGS
### (Complaint or Indictment)

I understand that I have been charged in another district, the U.S. Dist. Court E. Dist. of New York, Brooklyn.

I have been informed of the charges and of my rights to:

(1)     retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2)     an identity hearing to determine whether I am the person named in the charges;

(3)     production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4)     a preliminary hearing within 14 days of my first appearance if I am in custody and 21 days otherwise — unless I am indicted — to determine whether there is probable cause to believe that an offense has been committed;

(5)     a hearing on any motion by the government for detention;

(6)     request transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

❐     an identity hearing and production of the warrant.

❐     a preliminary hearing.

☒     a detention hearing.

❐     an identity hearing, production of the warrant, and any preliminary or detention hearing to which I may be entitled in this district. I request that those hearings be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date: ___17th___ day of December, 2019

_____
Defendant's Signature

_____
Signature of defendant's attorney

Rose C Romero
_____
Printed name of defendant's attorney

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

DEC 17 2019

CLERK, U.S. DISTRICT COURT
By _____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No. 3:19-mj-01094-BN |
| | § | |
| GENARO GARCIA LUNA (1) | § | |

## DETENTION ORDER

Before the court is the government's motion to detain the defendant pending further proceedings. After consultation with counsel, the defendant knowingly and voluntarily waived the right to a hearing on the motion at this time, subject to any reservation of rights on the waiver form. The government's motion for detention is therefore GRANTED.

The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of a United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States Marshal for appearance in connection with court proceedings

SO ORDERED this _17th_ day of _December 2019_

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

21

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | Case No. 3:19-mj-01094-BN *SEALED* |
| | § | Other Dist. Docket No. CR-19-576 |
| v. | § | Charge Pending: |
| | § | Eastern District of New York |
| GENARO GARCIA LUNA (1) | § | Brooklyn Division |

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

DEC 17 2019

CLERK, U.S. DISTRICT COURT

### REPORT OF PROCEEDINGS UNDER RULES 5(c)(3) and 5.1
### AND ORDER ENTERED THEREON

The defendant is charged in the above-referenced district with the offense of International Cocaine Distribution Conspiracy; Conspiracy to Distribute and Possess with Intent to Distribute Cocaine. Having been arrested in this district on a warrant issued on that/those charge(s), he/she appeared before me for proceedings as follows:

---

**Rule 5(c)(3)**     **Transfer**



☑ The government has produced a copy of the warrant, and

☑ The Court finds that the person before the Court is the defendant named in the indictment, information or warrant because:

     ☑ The defendant waived identity hearing.

     ☐ An identity hearing was conducted, and the defendant's identity was established.

☐ The Court finds, based on the evidence presented during an identity hearing, that the person before the Court is **NOT** the defendant named in the indictment, information or warrant.

---

**Rule 5.1:**     **Preliminary Hearing**

☒ No preliminary hearing is necessary because the defendant is charged by indictment.

☐ The defendant waived a preliminary hearing.

☐ The defendant elected to have a preliminary hearing in the district where the prosecution is pending.

☐ The defendant elected to have a preliminary hearing in this district, and based on the evidence presented during the hearing, the Court finds that:

     ☐ There is probable cause to believe that the defendant committed the offense(s) charged.

     ☐ There is NOT probable cause to believe that the defendant committed the offense(s) charged.

---

**Rule 5(d)(3)**     **Detention Hearing**

☐ No detention hearing is necessary because the government did not move to detain the defendant.

☒ The defendant waived a detention hearing.

22

☐      The defendant elected to have a detention hearing in the district where the prosecution is pending.

☐      The defendant elected to have a detention hearing in this district, and based on the evidence presented during the hearing, the Court finds that:

        ☐      The defendant should be detained.

        ☐      The defendant should be released on bond.

---

## ORDER ENTERED ON THE FOREGOING REPORT

TO:  UNITED STATES MARSHAL

☒      You are commanded to transfer the above-named defendant forthwith to the district in which he/she is charged and there deliver him/her to the United States Marshal for that district or to some other officer authorized to receive him/her.

☐      It is ORDERED that this defendant be released from custody on bond pending further proceedings.

☐      It is ORDERED that this defendant be discharged.

DATE: _____ day of December, 2019

_____
      United States Magistrate Judge

(Use Other Side for Return)

```
MIME-Version:1.0
From:ecf_txnd@txnd.uscourts.gov
To:Courtmail@localhost.localdomain
Bcc:
--Case Participants: Magistrate Judge David L. Horan (daniel_emam@txnd.uscourts.gov,
judge_horan@txnd.uscourts.gov, shakira_todd@txnd.uscourts.gov,
tim_morrison@txnd.uscourts.gov, tomi_repass@txnd.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:11981065@txnd.uscourts.gov
Subject:Activity in Case 3:19-mj-01094-BN USA v. Luna Arrest
```
Content–Type: text/html

**If you need to know whether you must send the presiding judge a paper copy of a document that you have docketed in this case, click here: <u>Judges' Copy Requirements.</u> Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. <u>Forms and Instructions</u> found at www.txnd.uscourts.gov. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge.**

### U.S. District Court

### Northern District of Texas

## Notice of Electronic Filing

The following transaction was entered on 12/10/2019 at 4:11 PM CST and filed on 12/10/2019

| | |
|---|---|
| **Case Name:** | USA v. Luna |
| **Case Number:** | <u>3:19–mj–01094–BN *SEALED*</u> |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**
 **Arrest of Genaro Garcia Luna. (mcrd)**


**3:19–mj–01094–BN *SEALED*–1 No electronic public notice will be sent because the case/entry is sealed.**

```
MIME-Version:1.0
From:ecf_txnd@txnd.uscourts.gov
To:Courtmail@localhost.localdomain
Bcc:
--Case Participants: Magistrate Judge David L. Horan (daniel_emam@txnd.uscourts.gov,
judge_horan@txnd.uscourts.gov, shakira_todd@txnd.uscourts.gov,
tim_morrison@txnd.uscourts.gov, tomi_repass@txnd.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:11978174@txnd.uscourts.gov
Subject:Activity in Case 19-1094 Sealed v. Sealed (Redacted Notice)
```
Content–Type: text/html

**If you need to know whether you must send the presiding judge a paper copy of a document that you have docketed in this case, click here: <u>Judges' Copy Requirements.</u> Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. <u>Forms and Instructions</u> found at www.txnd.uscourts.gov. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge.**

### U.S. District Court

### Northern District of Texas

**Notice of Electronic Filing**


The following transaction was entered on 12/10/2019 at 8:38 AM CST and filed on 12/10/2019

| | |
|---|---|
| **Case Name:** | USA v. SEALED |
| **Case Number:** | <u>3:19–mj–01094–BN *SEALED*</u> |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**
 **Arrest (Rule 5) of Genaro Garcia Luna. Case Number CR–19–576 from U.S. District Court for Eastern District of New York, Brooklyn Division. (mcrd)**


**3:19–mj–01094–BN *SEALED*–1 No electronic public notice will be sent because the case/entry is sealed.**