1

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------x
                                        19-CR-576(BMC)
UNITED STATES OF AMERICA,
                                        United States Courthouse
          Plaintiff,                    Brooklyn, New York

          -against-                     January 21, 2020
                                        10:00 a.m.
GENARO GARCIA LUNA,

          Defendant.

---------------------------------x

     TRANSCRIPT OF CRIMINAL CAUSE FOR STATUS CONFERENCE
            BEFORE THE HONORABLE BRIAN M. COGAN
               UNITED STATES DISTRICT JUDGE

APPEARANCES

For the Government:        UNITED STATES ATTORNEY'S OFFICE
                           Eastern District of New York
                           271 Cadman Plaza East
                           Brooklyn, New York 11201
                           BY:  ERIN REID, AUSA
                                MICHAEL ROBOTTI, AUSA
                                RYAN HARRIS, AUSA


For the Defendant:         THE LAW FIRM OF CESAR DECASTRO, ESQ.
                           7 World Trade Center, 34th Floor
                           New York, New York 10007
                           BY:  CESAR DECASTRO, ESQ.
                                VALERIE GOTLIB, ESQ.



Court Reporter:            Georgette K. Betts, RPR, FCRR, CCR
                           Phone:  (718)804-2777
                           Fax:    (718)804-2795
                           Email:  Georgetteb25@gmail.com



Proceedings recorded by mechanical stenography.  Transcript
produced by computer-aided transcription.
```

*GEORGETTE K. BETTS, RPR, FCRR, CCR*
*Official Court Reporter*

1            THE COURTROOM DEPUTY:  United States versus Luna.
2    Docket number 19-CR-576.
3            Counsel, please state your appearances starting with
4    the government.
5            MS. REID:  Good morning, Your Honor.  Erin Reid for
6    the government along with Michael Robotti and Ryan Harris also
7    from the government.
8            THE COURT:  All right.  Good morning.
9            MR. DECASTRO:  Good morning, Your Honor, Cesar
10   DeCastro and Valerie Gotlib for Mr. Garcia Luna.
11           THE COURT:  Good morning.  Good morning, Mr. Luna.
12           THE DEFENDANT:  Good morning, sir.
13           THE COURT:  I notice we have a Spanish interpreter
14   that's been previously sworn for Mr. Garcia Luna.
15           Initial status conference, what's the initial
16   status.
17           MS. REID:  Your Honor, as the government noted in
18   its letter of Friday, we are asking the Court to designate
19   this as a complex case.  There's two reasons for the
20   government's request, which I believe defense counsel joins
21   in.  The first is we're expecting voluminous discovery in this
22   case, Your Honor.  Obviously, the charged conduct spans two
23   decades and the records that we expect to produce include
24   financial records, electronic evidence, property records,
25   immigration records as well as evidence provided by foreign

1  countries pursuant to MLAT.
2          In addition, Your Honor, the second reason for our
3  request is we're expecting some CIPA litigation.  Really there
4  is classified material in this case and we expect that that
5  process will take some time.
6          THE COURT:  Okay, so you're asking for a complex
7  designation for Speedy Trial purposes.
8          MS. REID:  Yes, Your Honor.
9          THE COURT:  Any objection from the defense?
10         MR. DECASTRO:  No, Your Honor.
11         THE COURT:  All right.  Based on the government's
12 proffer, I find that the case is complex and will be treated
13 as such for Speedy Trial purposes.
14         Next, looking at the agenda that you gave me, how
15 are we on the defendant completing a financial affidavit for
16 purposes of having CJA counsel?
17         MR. DECASTRO:  So -- sorry about that, Your Honor.
18         THE COURT:  It's okay.
19         MR. DECASTRO:  We do not have a financial affidavit,
20 and I'm going to tell you a little bit more on that.  So I
21 would think, based on my review thus far, that he wouldn't
22 normally qualify for CJA counsel, however, it's been pretty
23 difficult.  So since his arrest in Texas on December 10th he's
24 had very little to no contact with his family so it has to
25 have been through counsel.  He was arrested on December 10th

1  in Texas, he was placed in the SHU in Texas with no phone
2  calls, no emails, no visitation except for counsel.  He
3  arrived here on January 3rd, about three weeks -- more than
4  three weeks later and arraigned in magistrate's court.
5           So we -- and since that point in time he was also
6  placed in the SHU at the MDC, and as the Court knows that's
7  23-hour lockdown.  And so his only visits were with me, and I
8  should point out that after waiting many hours, I was able to
9  see him and in a situation where they would shackle him and I
10 had to work very hard with legal counsel at the MDC to get
11 them to start telling the staff that you cannot cuff and
12 shackle people when they are meeting with counsel in the SHU.
13          So it's been pretty trying.  He's not had the
14 ability to reach out to his family to even talk about assets,
15 talk about the finances, get documents together to determine
16 whether there is counsel that he can hire that has comfort
17 with certain assets and is willing to come into the case.
18          I have been visiting with him pretty continuously,
19 so I've been trying to sort of work on that front as well.  He
20 has now been -- he's been out of the SHU for about nine days.
21 That time period he's -- for some reason, the average wait
22 time for us is about two hours to see him.  We see him and
23 then we're usually at a point where there is a count or some
24 reason we have to end the visit.  So we are now starting that
25 process.

1           So what I would ask is the Court's indulgence in
2   that regard.  We are working.  So I am proceeding under the
3   assumption that I am going to be his counsel.  We are working
4   hard.  I know that -- and we are working well together.  So
5   I'd ask the Court's indulgence for a little bit of time on
6   that so that we can then apprise the Court of what's going on
7   there.
8           I guess I should also note that complicating matters
9   further is that we just learned, today is Tuesday, on Sunday
10  that -- or I should say I learned and Mr. Garcia learned that
11  on Sunday the Mexican financial authorities had blocked him
12  from the Mexico financial system.  So what that -- as it has
13  been explained to me, is that he nor his companies nor his
14  family can use the Mexican financial system which, again, is
15  another impediment for him in terms of hiring counsel and of
16  course now he has to seek counsel in Mexico to deal with that
17  issue as well.
18          So we would ask that maybe you gave us a date by
19  which we could apprise the Court in a letter --
20          THE COURT:  Just do it a week before the next
21  conference --
22          MR. DECASTRO:  Perfect.
23          THE COURT:  -- and what you're saying is fine, I
24  don't see any other way to do it at this point, so let's do
25  that.

1        MR. DECASTRO:  Okay.

2        THE COURT:  Started discovery yet?

3        MS. REID:  Your Honor, we're in the process of
4   reviewing the discovery and we'll discuss with defense counsel
5   a schedule.  We're expecting to start providing it on a
6   rolling basis.

7        THE COURT:  Okay, and you want a date 60 days out;
8   is that right?

9        MS. REID:  Yes, thank you.

10       MR. DECASTRO:  So just on discovery, I mean one
11  thing is --

12       THE COURT:  Yes.

13       MR. DECASTRO:  -- it's been a month he's not had
14  anything to review.  So I can talk to the government about it,
15  but I don't know if we want to sort of agree on where we'll
16  be --

17       THE COURT:  Well, let me say what I'd like to happen
18  and the government can tell me if it can't happen.  I'd like
19  him to get a lot of discovery in 30 days, okay?  Just a lot.
20  I know a lot is a relative term but it seems to me you ought
21  to be able to make some initial production in 30 days so that
22  his attorney can start looking at it 30 days before the next
23  conference.

24       MS. REID:  That's reasonable, Your Honor.

25       THE COURT:  Let's do that.  I do want to urge the

1    government to get ahead of the discovery problems that could
2    come in this case.  Okay?  Let's really be diligent in
3    producing as quickly as you reasonably can.
4              MS. REID:  Yes, we will, Your Honor.
5              THE COURT:  Okay.  Ms. Clarke, can we have -- sorry
6    anything else?
7              MR. DECASTRO:  On that front I'll talk to the
8    government about this, but it can be extremely helpful if
9    Mr. Garcia Luna is going to remain detained in this case and
10   given the special, seems like, security measures that the
11   Bureau of Prisons has put in place --
12             THE COURT:  I thought you said he was out of the
13   SHU.
14             MR. DECASTRO:  He's out of the SHU but there's some
15   type of security measures in place because I don't normally
16   wait two hours each time to see a client.  Something is going
17   on and they're telling us that.  They're apologizing.  But I'm
18   concerned that he will not then be able to even go and review
19   some of the discovery.  So I guess the government can work
20   with me and counsel at the BOP that maybe he'll have access to
21   it on a laptop or something like that.
22             THE COURT:  All right.  I'll ask the government to
23   do that.
24             MS. REID:  We'll discuss it, Your Honor, yes.
25             THE COURT:  Let's not do security by association

1   here.  Let's look at this defendant and see what kind of
2   security is needed.
3              MS. REID:  Yes, Your Honor.
4              THE COURT:  Anything else before we pick a date?
5              MR. DECASTRO:  The only thing -- and I apologize it
6   was not on the agenda, just a quick question.  Does the
7   Court -- if we are going to make a bail application, put a
8   bail package together, does the Court want us to go to the
9   magistrate's court first or here?
10             THE COURT:  I'd like you to go to magistrate's court
11  first, I'll take an appeal if you don't get what you want, but
12  the magistrate judge will hear it in the first instance.
13             MR. DECASTRO:  Okay.  Thank you, Your Honor.
14             THE COURT:  A date.
15             THE COURTROOM DEPUTY:  April 2nd at 10 a.m.
16             THE COURT:  Okay with everybody?
17             MS. REID:  That's fine, Your Honor.
18             MR. DECASTRO:  That works.
19             MS. REID:  I would just ask to exclude the time in
20  the interest of justice.
21             THE COURT:  The time is excluded on the basis that I
22  found it to be a complex case.
23             Okay, thank you very much.  See you in April.
24             THE DEFENDANT:  Thank you, Judge.
25             THE COURT:  Sure.

1            (Matter concluded.)

3                    *    *    *    *    *

5  I certify that the foregoing is a correct transcript from the
   record of proceedings in the above-entitled matter.

7  s/ Georgette K. Betts              February 17, 2020

8  GEORGETTE K. BETTS                 DATE

*GEORGETTE K. BETTS, RPR, FCRR, CCR*
*Official Court Reporter*