```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
UNITED STATES OF AMERICA,                                   :
                                                            :   ORDER
                                                            :
             - against -                                    :   No. 19-cr-576 (BMC)
                                                            :
                                                            :
GENARO GARCIA LUNA,                                         :
                                                            :
                        Defendant.                          :
----------------------------------------------------------- X
```

Before me is defendant's appeal of the Magistrate Judge's decision denying him bail. Defendant has requested that in light of the current public health crisis, I determine the appeal on the papers submitted.

Having thoroughly reviewed the parties' submissions *de novo*, I affirm the decision of the Magistrate Judge. Defendant poses a serious risk of flight and has access to financial resources; the weight of the evidence against him is strong; and he lacks ties to this community. The factors under 18 U.S.C. § 3142 therefore strongly weigh in favor of his pretrial detainment.

Foremost, if he is convicted, defendant faces a ten-year mandatory minimum sentence of imprisonment based on the counts contained in the indictment. The Government contends that its estimate of defendant's range of imprisonment under the Sentencing Guidelines for the charged crimes is life imprisonment. Although defendant may disagree with this assessment, it is undisputed that he could be confined for a significant period of time if there is a conviction. In other words, there is a strong incentive to flee.

I have also considered the weight of the evidence against defendant. Numerous cooperating witnesses, including multiple former high-ranking members of the Sinaloa Cartel, are expected to testify that defendant accepted millions of dollars in bribes in exchange for his

protection of their drug trafficking activities.  The Government has proffered that their testimony will be corroborated by defendant's financial records, which indicate that defendant had access to millions of dollars despite his salary as a public servant.  Additional witnesses willing to testify against defendant have been uncovered by the Government, further bolstering this damaging narrative.

Defendant's lack of community ties also significantly weighs against him.  He has spent his entire life in Mexico, only moving to the United States in 2012.  Although his children attend schools in the United States, the entire family remains citizens of Mexico and could easily return there.  Furthermore, based on his former position as a high-ranking Mexican government official, defendant has access to various sophisticated and influential actors who may be able to render him assistance should he return to Mexico.  Therefore, there is a real possibility that he may evade capture and prosecution in the event he flees the United States.

I do not find defendant's arguments for bail compelling.  He proposes that the Court release him on bond partially secured by real estate property he owns, which is valued at approximately $1,200,000.  But this offer of collateral is severely undermined by the likelihood this property will be subject to forfeiture should defendant be convicted.  See 21 U.S.C. § 853.  Because of the tenuous relationship and lack of recent contact between defendant and most of his suretors, I cannot place significant weight in their ability to exercise moral suasion over him to ensure that he returns to court.

As to whether defendant should be temporarily released due to the current public health crisis, his personal circumstances do not outweigh the significant risk of flight he would pose if released.  Defendant is 51 years old and was prescribed medication for several weeks to treat a respiratory condition after being exposed to air conditioning.  However, that isolated episode

occurred almost five years ago, and no medical records have been submitted indicating he suffers from a chronic respiratory condition. Moreover, the facility in which defendant is being detained has implemented a number of steps to decrease the risk of exposure to its inmates and staff during the current crisis.

The decision of the Magistrate Judge is AFFIRMED, and defendant's motion for release is DENIED. The Order of Detention will remain in effect.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
April 19, 2020