<div style="display:flex;justify-content:space-between;">
<div>
THE LAW FIRM OF

# César de Castro, P.C.

ATTORNEY AT LAW
</div>
<div>
7 World Trade Center, 34th Floor
New York, New York 10007

646.200.6166 Main
212.808.8100 Reception
646.839.2682 Fax
www.cdecastrolaw.com
</div>
</div>

August 4, 2020

*Via* **ECF**

The Honorable Brian M. Cogan
United States District Judge
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: *United States v. Genaro Garcia Luna,* 19 Cr. 576 (BMC)

Dear Judge Cogan:

Genaro Garcia Luna was indicted on July 30, 2020 through a superseding indictment issued by a grand jury sitting in Central Islip, Long Island. No grand jury sitting in the Brooklyn courthouse has yet mustered a quorum due to COVID-19. *See EDNY Administrative Order 2020-20.* The unusual circumstance of the superseding indictment—that the grand jury was sitting in Central Islip as opposed to Brooklyn—may have compromised Mr. Garcia Luna's right to a grand jury selected from a fair cross section of the community. Accordingly, through this motion and the enclosed declaration of statistician Jeffrey Martin (Exhibit A), Mr. Garcia Luna respectfully requests access to the records and papers used in connection with the constitution of the Master and Qualified Jury Wheels in the United States District Court for the Eastern District of New York, pursuant to the Fifth and Sixth Amendments to the United States Constitution and the Jury Selection and Service Act ("JSSA"), 28 U.S.C. §§ 1867(a) and (f).

Section 1867(f) of Title 28 of the United States Code allows a defendant to "inspect, reproduce, and copy . . . records or papers [used by the commission or clerk in connection with the jury selection process] at all reasonable times during the preparation and pendency of . . . a motion" to challenge the composition of the jury on the ground that it failed to reflect a fair cross-section of the community. 28 U.S.C. §§ 1867(a), (f); s*ee also Test v. United States*, 420 U.S. 28, 30 (1975). Inspection of such materials is essential to a defendant's ability to determine whether she has a potentially meritorious challenge. *Test*, 420 U.S. at 30. Therefore, "an unqualified right to inspection is required not only by the plain text of the statute, but also by the statute's overall purpose of ensuring 'grand and petit juries selected at random from a fair cross section of the community.'" *Id.* (quoting 28 U.S.C. § 1861(d)).

In order to invoke the right to inspect under Section 1867(f) and "[t]o avail himself of [the] right of access to otherwise unpublic jury selection records, a litigant needs only allege that he [or she] is preparing a motion challenging the jury selection procedures." *United States v. Alden*, 776 F.2d 771, 773 (8th Cir. 1985) (internal citations omitted). Mr. Garcia Luna is not required to make any showing with respect to the probability of success of the motion. *See, e.g.*, *United States v. Williamson*, 903 F.3d 124, 133 (D.C. Cir. 2018); *United States v. Royal*, 100 F.3d 1019, 1025 (1st Cir. 1996); *see also United States v. Gotti*, 2004 WL 2274712 (S.D.N.Y. 2004) (granting motion for discovery even absent any showing that information would reveal a violation).

We do not seek any personal identifying information for the individuals whose records are maintained by the jury clerk's office. As such, the full set of records should be provided in the manner requested by the attached declaration. *See United States v. Saipov*, 17-cr-722 (VSB), 2020 WL 915808, at *3 (S.D.N.Y. Feb. 26, 2020) (granting similar request in full).

Pursuant to Section 1867(a), a defendant may raise a JSSA challenge "before the voir dire examination begins, or within seven days after the defendant discovered or could have discovered, by the exercise of diligence, the grounds therefor, whichever is earlier." *See* 28 U.S.C. § 1867(a). Although the Second Circuit has not considered what constitutes the timely filing of a motion pursuant to the JSSA related to the composition of a grand jury, some courts have determined that the statute requires an attempt to inspect grand jury records within seven days of the filing of an indictment. *See Saipov*, 2020 WL at *2 (citing cases from the Eleventh Circuit, the Northern District of Florida, and the Western District of New York). Accordingly, we ask the Court to grant this timely request for inspection of records and enclose a proposed order (Exhibit B) for the Court's signature.

Finally, although we do not read Section 1867(a) as requiring that a motion to dismiss be filed within seven days of the indictment, in an abundance of caution we do hereby move to dismiss the indictment on the grounds that the grand jury procedures in this case violated Title 28 of the United States Code. We would additionally seek leave of the Court to supplement this motion to dismiss once we have had an opportunity to inspect the grand jury records that are the subject of the above request. Once the records are obtained, we will analyze them with the assistance of Mr. Martin to determine whether the grand jury plan procedures violated Mr. Garcia Luna's right to a grand jury "selected at random from a fair cross-section of the community." 28 U.S.C § 1861; *see also* 28 U.S.C. §§ 1863(b)(3), 1866(f).

Respectfully submitted,

/s/

César de Castro
Valerie A. Gotlib


cc:    Michael P. Robotti
       Ryan Harris
       Erin Reid
       (Assistant United States Attorneys *via* ECF)