

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

MPR:RCH
F. #2019R00927

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

October 2, 2020

By ECF

The Honorable Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re: United States v. Genaro Garcia Luna
           Criminal Docket No. 19-576 (BMC)

Dear Judge Cogan:

      The parties respectfully submit this status update to the Court in the above-captioned matter in advance of the conference scheduled to proceed by video on October 7, 2020 at 9:00 a.m. At the status conference, the parties request that the Court arraign the defendant on the superseding indictment returned on July 30, 2020. The parties respectfully request that the Court schedule the next status conference in approximately 60 days. The parties agree that an order of excludable delay is appropriate under the Speedy Trial Act until the next status conference based on the Court's previous complex case designation.

- Discovery

    o The government continues the process of collecting and reviewing discovery for production to the defendant on a rolling basis. Following the parties' last status letter on July 24, 2020, see Dkt. No. 44, the government made two additional discovery productions, on August 19, 2020 and September 29, 2020, totaling more than 35,000 pages of documents, see Dkt. Nos. 50, 51. Those productions included, among other things, intercepted communications, financial records, public records, videos, search warrants, files received from Mexican law enforcement, Mutual Legal Assistance Treaty ("MLAT") requests and responses and statements of the defendant. See id.

    o The government has been working with defense counsel and the Bureau of Prisons to facilitate the defendant's review of non-protected discovery at the Metropolitan Detention Center ("MDC"). The government has sent all of the

non-protected discovery in its productions to the defendant at the MDC. The parties have addressed the technical issues related to the defendant's ability to review the non-protected discovery at the MDC, which the parties discussed in their letter to the Court in July, see Dkt. No. 44. To date, the defendant has been able to review that material on computers available at the facility.

o The defense notes, to date, a substantial portion of the discovery produced has been deemed "protected material" pursuant to the terms of the protective order in place. These materials include intercepted communications and a large portion of the financial records produced thus far. Therefore, the defendant is not permitted to retain or review those materials outside the presence of counsel and the current video visiting technologies in place at the MDC have not functioned to allow counsel to share any material with the defendant over video conference despite being assured otherwise. Defense counsel has tried on two separate occasions to do so without success. The government, which learned of this situation today, will consult with the MDC to determine how best to address it. The defense notes that it received the most recent discovery production yesterday, constituting at least 12,000 pages of documents, and approximately an additional 1,500 intercepted communications.

o The government also is awaiting responses from outstanding subpoenas, including subpoenas to the defendant and his companies. In addition, the government has submitted MLAT requests for evidence in the possession of several foreign governments. Although the government has received some responsive information, it is awaiting additional MLAT responses.

o To date, the government has produced more than 189,000 pages of documents, as well as voluminous intercepted communications. It expects to make an additional large production in the coming weeks. It expects that production mostly to consist of data from the defendant's electronic devices recovered at the time of his arrest. The government previously produced this data on February 22, 2020, but the defense informed the government that the data was not in a format that it could access. The government subsequently has worked with a third-party vendor to convert the data into a different format, and it expects to be able to produce that data in the near future. Following this next production, the government will have produced the majority of the discoverable material in its possession. The government expects to make smaller productions on a rolling basis as it receives additional discoverable material and/or identifies such material in its possession. The government also expects to move to delay disclosure of certain discoverable information provided by certain potential witnesses in this case, until such time as the witness's 18 U.S.C. § 3500 material is disclosed.

- Trial Preparation

    o The parties continue to face delays in preparing for trial in this case, in light of the pandemic, including limitations on the government's ability to meet with incarcerated witnesses and limitations on defense counsel's ability to meet with the defendant.

    o The government expects trial in this case to last two to three months. It anticipates that it will file a motion for an anonymous and partially sequestered jury in this case.

- CIPA

    o The government recently has been able to resume its review of materials needed to complete litigation in this matter pursuant to the Classified Information Procedures Act, 18 U.S.C. App. 3, §§ 1-16 ("CIPA"). Assuming no further pandemic associated delays, the government expects that the necessary steps to complete CIPA litigation will take several more months. The government will file its motion for a pretrial conference pursuant to Section 2 of CIPA, once it is has a better sense of the anticipated schedule for completing CIPA litigation.

> Respectfully submitted,
>
> SETH D. DuCHARME
> Acting United States Attorney
>
> By:    /s/
> Michael P. Robotti
> Ryan Harris
> Erin Reid
> Assistant U.S. Attorneys
> (718) 254-7000

cc:    Cesar de Castro, Esq.
       Clerk of the Court (BMC) (by ECF)