

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

AB:MPR/RCH/EMR
F. #2019R00927

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

December 1, 2020

<u>By ECF</u>

The Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11217

      Re:    <u>United States v. Genaro Garcia Luna</u>
            <u>Criminal Docket No. 19-576 (BMC) (S-1)</u>

Dear Judge Cogan:

      The government respectfully submits this application for an order permitting deferred disclosure of materials discoverable under Federal Rule of Criminal Procedure 16 that could identify potential trial witnesses and/or interfere with ongoing investigations (collectively, the "Materials").  The Materials, as described in greater detail and with further specificity in the government's <u>ex parte</u> letter filed simultaneously with this application (the "December 1 <u>Ex Parte</u> Submission"), provide information that could be used to identify potential trial witnesses, whose identities have not yet been disclosed to the defendant, his counsel or the public.  These witnesses, together with their families, would face serious safety risks if their cooperation with the government and status as prospective trial witnesses were revealed at this time.  Because of the negative effect that disclosure of the Materials could have on the security of the government's potential witnesses and ongoing investigations, the government seeks to defer production of (1) a portion of the Materials for approximately three months, until March 1, 2020 and (2) a portion of the Materials until the date on which the government provides the defendant with Title 18, United States Code, Section 3500 material ("3500 material") for one of the potential witness's likely identifiable by the Materials.

I.      <u>Background</u>

      Between 2001 and 2012, the defendant was a high-ranking official in the Mexican government.  Specifically, from 2001 to 2005, the defendant was the head of Mexico's Federal Investigation Agency.  From 2006 to 2012, the defendant served as Mexico's Secretary of Public Security and, in that capacity, controlled Mexico's Federal Police Force.

While holding public office in Mexico, the defendant used his official positions to assist the Sinaloa Cartel, one of the largest and most violent drug trafficking organizations in the world, in exchange for multimillion-dollar bribes.

In 2012, the defendant relocated from Mexico to Miami, Florida. Following his relocation to the United States, the defendant obtained lawful resident status. In 2018, he submitted an application for naturalization to the Department of Homeland Security. In that paperwork, which was reviewed by investigators in the Eastern District of New York, the defendant made materially false statements denying his past criminal conduct.

On July 30, 2020, a grand jury sitting in this District returned the above-captioned superseding indictment, which charged the defendant with (i) participating in a Continuing Criminal Enterprise in violation of Title 21, United States Code, Section 848; (ii) conspiracy to distribute and possess with intent to distribute cocaine, in violation of Title 21, United States Code, Sections 841 and 846; (iii) cocaine importation conspiracy, in violation of Title 21, United States Code, Sections 952 and 963; (iv) international cocaine distribution conspiracy, in violation of Title 21, United States Code, Sections 959 and 963; and (v) making false statements, in violation of Title 18, United States Code, Section 1001.

II.     Facts Justifying Delayed Disclosure of the Materials

The government has produced the majority of Rule 16 discovery currently in its possession to the defendant. To date, the government has provided the defendant with, among other things, approximately 950,000 pages of documents and thousands of recorded conversations. The government anticipates that it will continue to make smaller productions on a rolling basis as it continues to receive discoverable material. A protective order that allows for deferred disclosure of the Materials would not prejudice the defendant, but would properly reduce the risk of harm to the potential trial witnesses and risk of exposure of ongoing investigations identified by the Materials.

A.      The Nature of the Materials

The Materials, and details concerning the potential trial witnesses who provided many of the Materials to the government, will be described with greater specificity in the December 1 Ex Parte Submission. In general, though, the Materials comprise the following documents and objects:

- Recorded communications;

- Property, public and financial records;

- Photographs;

- Other materials that are discoverable pursuant to Rule 16, the description of which would likely reveal the source of the material.

2

B.     Concerns Regarding the Disclosure of Witnesses' Identities and Cooperation

Each of the documents and objects for which the government seeks to delay disclosure likely will, once produced, reveal to the defendant the identity of potential trial witnesses against the defendant and/or ongoing investigations. To protect the potential witnesses, their families, and the integrity of ongoing investigations, however, the government has not informed the defendant or the public of the cooperation status or the identities of these witnesses. The government's concern for the security of these witnesses will be described with greater specificity in the accompanying the December 1 Ex Parte Submission.

III.    Applicable Law

Federal Rule of Criminal Procedure 16 provides, in pertinent part, as follows:

> At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief. The court may permit a party to show good cause by a written statement that the court will inspect ex parte. If relief is granted, the court must preserve the entire text of the party's statement under seal.

Fed. R. Crim. P. 16(d)(1). The Advisory Committee Notes to the 1966 Amendments to the Rule make clear that "[a]mong other considerations to be taken into account by the court will be the safety of witnesses and others, a particular danger of perjury or witness intimidation, the protection of information vital to the national security, and the protection of business enterprises from economic reprisals."

A decision to withhold discovery under Rule 16(d)(1) is left to the sound discretion of the trial court, and it will not be disturbed on appeal absent a showing that "the substantial rights of the defendant have been prejudiced." United States v. Coiro, 785 F. Supp. 326, 330 (E.D.N.Y. 1992) (Glasser, J.); see also In re Terrorist Bombings of U.S. Embassies in E. Afr., 552 F.3d 93, 122 (2d Cir. 2008) (noting that Rule 16(d) grants district courts the discretion to establish conditions "under which the defense may obtain access to discoverable information"); United States v. Delia, 944 F.2d 1010, 1018 (2d Cir. 1991) (noting that because the language of Rule 16(d)(1) "is . . . permissive," the district court may "limit or otherwise regulate discovery had pursuant to the Rule."). As this Court has held, "it is well within [the Court's] discretion to defer production of certain discovery related to cooperating witnesses [and] confidential sources . . . until later down the line." United States v. Joaquin Archivaldo Guzman Loera, et al., 09 CR 466 (S-4) (Cogan, J.), June 29, 2017 Mem. & Order, Dkt. No. 101 at 8 (denying defendant's motion to compel disclosure of such information in government ex parte submissions); see id., Dkt. Nos. 176, 207, 291 (granting government's delayed disclosure motions).

IV. <u>Discussion</u>

Here, delayed discovery is warranted because disclosure of the Materials is likely to reveal the identity of potential trial witnesses, posing significant risks to the safety of the potential witnesses and their families and increasing the risk of witness intimidation and/or obstruction of justice in this case. <u>See</u> <u>United States v. Yousef</u>, 327 F.3d 56, 168 (2d Cir. 2003) (affirming district court's determination that file should remain sealed, in part, to protect confidential sources); <u>United States v. Stoddard</u>, 710 F.3d 21, 23-24 (2d Cir. 1983) (<u>per curiam</u>) (government has interest "in preserving the secrecy of ongoing criminal investigation").

As detailed in the December 1, 2020 <u>Ex Parte</u> Submission, the government is concerned that, if the cooperation of these potential witnesses were prematurely revealed or they were otherwise identified at this juncture in the case, the defendant and his co-conspirators could undertake a campaign of harassment, intimidation and/or violence against the witnesses and/or their family members prior to trial in order to punish them for their cooperation, dissuade them from testifying against him at trial and deter the cooperation of others. Courts in this District have previously acknowledged witness security as a compelling interest justifying deferred production of discovery. <u>See, e.g.</u>, <u>Guzman Loera</u>, 09 CR 466, Dkt. No. 101 at 8; <u>United States v. Webb</u>, No. 15-CR-252 (PKC), Dkt. No. 624 at 3-4; <u>see also</u> <u>Webb</u>, Dkt. No. 579. The significant media coverage of this case will only exacerbate the adverse effects of the disclosure to the potential witnesses and their families, effects that can be reduced if disclosure is deferred until much closer to trial.

There will be no prejudice to the defendant if the Court permits the government to defer disclosure of the Materials. The purpose of Rule 16 is to enable a defendant to obtain any of his own statements and other materials that are relevant to the charges to allow him to "prepare properly to face the evidence that may be introduced against him at trial." <u>United States v. Gleason</u>, 616 F.2d 2, 24 (2d Cir. 1979); <u>see also</u> <u>United States v. McElroy</u>, 697 F.2d 459, 463 (2d. Cir. 1982) ("Pretrial discovery prevents the defendant from being unfairly surprised with his statements at trial and enhances the ability of defense counsel to suppress inadmissible statements."). Here, the proposed protective order would authorize the government to delay disclosure of (1) a portion of the Materials for approximately three months, until March 1, 2020 and (2) a portion of the Materials until the date on which the government provides the defendant with the 3500 material for one of the potential witness's likely identifiable by the Materials. The government will produce the larger portion of the Materials by March 1, 2020, which will give the defendant ample time to review those Materials in advance of trial. The government will produce the smaller portion, which comprises a few hundred documents and less than a dozen audio/video files, at the time of the government's disclosure of its 3500 material. Given the limited size of that disclosure, the defendant will have sufficient time to review it prior to trial. A protective order permitting delayed disclosure therefore would protect the safety of potential trial witnesses and preserve the integrity of the government's ongoing investigations while also satisfying the objectives of Rule 16.

4

V.        Conclusion

For the foregoing reasons, the government respectfully moves under Rule 16(d)(1) for a protective order permitting the government to defer disclosure of (1) a portion of the Materials for approximately three months, until March 1, 2020 and (2) a portion of the Materials until the date on which the government provides the defendant with 3500 material for one of the witness's identified by the Materials.

                                              Respectfully Submitted,

                                              SETH D. DUCHARME
                                              Acting United States Attorney

                          By:    /s/
                                              Michael P. Robotti
                                              Ryan C. Harris
                                              Erin M. Reid
                                              Assistant U.S. Attorneys
                                              (718) 254-7000

cc:     Clerk of Court (BMC) (via ECF)
         Defense Counsel (via ECF)