THE LAW FIRM OF

# César de Castro, P.C.

ATTORNEY AT LAW

7 World Trade Center, 34th Floor
New York, New York 10007

646.200.6166 Main
212.808.8100 Reception
646.839.2682 Fax
www.cdecastrolaw.com

December 28, 2020

*Via* **ECF**

The Honorable Brian M. Cogan
United States District Judge
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: *United States v. Genaro Garcia Luna,* 19 Cr. 576 (BMC)
       Opposition to Government's Motion for an Order Permitting
       <u>Deferred Disclosure of Rule 16 Material</u>

Dear Judge Cogan:

This Court should deny the government's motion for an order permitting deferred disclosure of some of the materials discoverable under Federal Rule of Criminal Procedure 16 because any alleged safety concerns proffered by the government cannot be outweighed by the substantial prejudice to Mr. Garcia Luna's due process rights. We note that while Rule 16 authorizes the government to proffer to the Court, *ex parte*, facts justifying what it believes to be good cause for delayed disclosure, the defense is at a significant disadvantage in opposing what is crucial information relevant to our defense. While we are obviously not privy to any of the documents the government wishes to delay, we know that the information is essential to the government's case or else it would not be seeking to delay its disclosure.

The government's motion for deferred disclosure of certain Rule 16 materials in this case relies on actions taken by the Court in connection with one of the most renowned and violent defendants to stand trial in this District, Joaquin Archivaldo Guzman Loera a/k/a El Chapo. Mr. Guzman Loera's defense counsel conceded that disclosure of certain Rule 16 material would jeopardize the safety of witnesses in that case and would not commit to taking certain steps to prevent the press from discovering such information if it were disclosed solely to the defense. Mr. Garcia Luna is not El Chapo. Mr. Garcia Luna poses no safety risk to any witnesses. To the extent that the government argues that the safety risk will be incurred by virtue of information being disclosed to the press, designating the materials at issue here as protected materials under the stringent protective order already in place in this matter combined with the undersigned's obligations pursuant to Local Criminal Rule 23.1, can fully ameliorate such concerns by less

1

restrictive measures that will not substantially prejudice Mr. Garcia Luna's due process rights. The substantial prejudice deferred disclosure will cause Mr. Garcia Luna must be considered in conjunction with the prejudice he is currently experiencing as an inmate forced to prepare for trial during a deadly global pandemic. The heightened prejudice that Mr. Garcia Luna will suffer if the Court grants the government's motion is beyond the prejudice that Mr. Guzman Loera faced. This heightened prejudice substantially outweighs the *de minimis* safety concerns in this case, which can be addressed by less restrictive measures. Accordingly, the Court should deny the government's motion for an order permitting deferred disclosure of any Rule 16 materials.

As noted by the government, a court has the discretion under Rule 16 to delay disclosure where it finds good cause and that substantial rights of the defendant will not be prejudiced. *See* ECF No. 54 at 3 (quoting *United States v. Coiro*, 785 F. Supp. 326, 330 (E.D.N.Y. 1992) (Glasser, J.) ("A decision to withhold discovery under Rule 16(d)(1) is left to the sound discretion of the trial court, and it will not be disturbed on appeal absent a showing that 'the substantial rights of the defendant have been prejudiced.'")).

The government's motion relies almost exclusively on actions the Court took in *United States v. Joaquin Archivaldo Guzman Loera, et al.*, 09 CR 466. However, the government's attempts to equate the security concerns present in the *Guzman Loera* case with any alleged concerns here cannot be supported by the record. One need only compare the charges against Mr. Garcia Luna, which fail to include a single count of violence with those against Mr. Guzman Loera, which alleged that Mr. Guzman Loera and his coconspirators directed and ordered "hundreds of acts of violence including murders, assaults, kidnappings, assassinations and acts of torture." *See United States v. Guzman Loera, et al.*, 09 CR 466, ECF No. 14 at 3-4. As the Court noted in its order granting the government's identical motion in *Guzman Loera*, "threats to witness safety are the kind of good cause for which disclosure may be delayed." *Id.* at ECF No. 176 at 4. In support of its decision to grant the government's motion for delayed disclosure, the Court noted that through the *ex parte* submissions submitted in connection with the motion and prior motions "the Government has provided the Court many examples of defendant or his organization threatening or harming those they believed to be cooperating with Mexican or United States law enforcement" and "detailed times when defendant's organization threatened or allegedly killed suspecting cooperating witnesses or kidnapped suspected witnesses' family members." *Id.* at 3, 4. We are confident that the government's *ex parte* submissions here will not include any comparable allegations or any type of violence or witness intimidation carried out or directed by Mr. Garcia Luna. And the fact that Mr. Garcia Luna is not incarcerated pursuant to any type of special administrative measures amply supports this conclusion.

As the Court recognized in connection with the delayed disclosure motions in *Guzman Loera*, because of his history and "based on the substantial risk that [Mr. Guzman Loera's] communications with people outside the prison could result in death or bodily harm to people cooperating with the Government" the Court largely upheld the special administrative measures under which the government sought to have Mr. Guzman Loera incarcerated including restrictions on his communications and solitary confinement. *Id*. at 2. Mr. Garcia Luna is not being detained under any compatible restrictions. For more than one year, Mr. Garcia Luna has been incarcerated. During this time, solely for his own protection or COVID-19 related reasons, he has been incarcerated in a special unit and subjected to many separation orders. Apparently,

2

these are special measures that are put in place within the Bureau of Prisons based on the newsworthiness of his case, but he has largely had very few housing restrictions. He has been a model inmate and incurred no disciplinary infractions. All of Mr. Garcia Luna's communications are monitored and the majority have been produced to the defense pursuant to Rule 16. His communications have been with his family and loved ones as well as his attorneys. We are confident that none of his communications will give rise to the conclusion that Mr. Garcia Luna poses any type of security threat to witnesses or anyone else.

Understandably, given the actions taken by the defense team in *Guzman Loera*, in granting the government's motion for deferred disclosure of Rule 16 materials, the Court expressed concerns about witness safety should certain information be disclosed to the press by the defense. *See Guzman Loera*, ECF No. 291. First, the defense in *Guzman Loera* confirmed in open court that the government's fear of danger to witnesses caused by the disclosure of certain Rule 16 materials was legitimate and that witnesses would be in danger when named in open court. *See id.* at 2. In this case, as discussed above, there are no facts that would support a finding that Mr. Garcia Luna would personally cause any safety concerns to witnesses upon learning their identities.

Second, the defense counsel in *Guzman Loera* "represented to the Court that they intend to continue speculating, including with the press, about whom the Government might call as witnesses in this case, and which individuals may be cooperating with the Government." *Id.* at 4. The defense strategy in this case with respect to the media has been the polar opposite to that pursued by Mr. Guzman Loera's defense. While Mr. Guzman Loera's defense counsel was consistently engaging the press and seeking out media opportunities, Mr. Garcia Luna's defense counsel has spurned the vast majority of the onslaught of requests it has received from the media concerning Mr. Garcia Luna's case.[1]

Furthermore, there is a very restrictive protective order in this case by which the defense has abided. The defense has no objection to the government designating the Rule 16 materials it seeks to defer disclosure of as protected materials under the protective order currently in place. *See* ECF No. 19. Under the terms of the protective order currently in place, the defense would not be able to provide Mr. Garcia Luna with documents designated as protected materials but is permitted to review them with him. And the defense is not permitted to share information contained therein with anyone not working as part of Mr. Garcia Luna's defense team.

The undersigned also understand their obligations to the Court and the profession. Local Criminal Rule 23.1(a) states: "It is the duty of the lawyer . . . not to release . . . non-public information or opinion which a reasonable person would expect to be disseminated by means of public communication, in connection with pending or imminent criminal litigation with which they are associated, if there is a substantial likelihood that such dissemination will interfere with a fair trial or otherwise prejudice the due administration of justice." Local Criminal Rule 23.1(d) provides that statements concerning "the identity, testimony or credibility of prospective witnesses" will "presumptively involve a substantial likelihood that their public dissemination

---

[1] The accurate information in the media concerning Mr. Garcia Luna's case largely comes from three sources: (1) statements made in open court or in court filings; (2) press releases from the United States government; and (3) statements of or documents provided by the Mexican government.

3

will interfere with a fair trial or otherwise prejudice the due administration of justice." Undoubtedly, any safety concern to a witness in the case against Mr. Garcia Luna has the possibility of interfering with his right to a fair trial and the due administration of justice. Accordingly, the undersigned's obligations under Local Criminal Rule 23.1 would prevent us from publicly disclosing any information that poses such a concern.[2]

The combination of the government designating the materials it is now seeking deferred disclosure of as protected materials under the current protective order with the undersigned's obligations under Local Criminal Rule 23.1 are sufficient to ameliorate any concern the Court may have about the disclosure of information to the press that may cause safety concerns to any witnesses.

In *Guzman Loera*, the Court found that "[t]he concern that early disclosure of these supplemental materials will pose a significant risk to the safety of certain witnesses substantially outweighs any prejudice that defendant might face by their delayed receipt." Based on this finding, the Court held "I am convinced that the requested relief is necessary to protect the Government's witnesses. As a result, good cause exists to delay disclosure of this supplemental information." ECF No. 291 at 4. In this case, the *de minimis* risk to the safety of witnesses is substantially outweighed by the substantial prejudice Mr. Garcia Luna will face by deferred disclosure of any Rule 16 materials.

Last, the government's motion fails to acknowledge the infringement of Mr. Garcia Luna's due process rights caused by the current global pandemic and how this motion will further compound those infringements. While the prejudice to his defense caused by the pandemic is not attributable to the government, it is an undeniable reality that all incarcerated defendants must currently deal with and one that was not present in *Guzman Loera*. For Mr. Garcia Luna, the prejudice he will suffer due to delayed disclosure in addition to the prejudice he is already suffering is of a level much higher than any prejudice suffered by Mr. Guzman Loera and cannot be outweighed by the *de minimis* safety concerns of disclosure of the materials at issue as protected materials pursuant to the protective order currently in place.

---

[2] Additionally, it is logical to presume that much, if not all, Rule 16 materials the government is seeking deferred disclosure of in this case was previously made public during Mr. Guzman Loera's case. There have been no allegations that we are aware of that those witnesses have safety concerns following the Mr. Guzman Loera's trial. The importance of protecting the safety of witnesses who have already been outed as cooperating witnesses without harm is indisputably *de minimis* and further distinguishes Mr. Garcia Luna's case from Mr. Guzman Loera's case.

Accordingly, the minimal safety concerns posed by Mr. Garcia Luna combined with the substantial prejudice it will cause him, weigh heavily in favor of the Court denying the government's motion for delayed disclosure.

Respectfully submitted,

/s/

César de Castro
Valerie A. Gotlib

cc: Michael P. Robotti
Ryan Harris
Erin Reid
(Assistant United States Attorneys *via* ECF)