```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
   UNITED STATES OF AMERICA,                                :
                                                            :   **MEMORANDUM DECISION**
                    - against -                             :   **AND ORDER**
                                                            :
   GENARO GARCIA LUNA,                                      :   19-cr-576 (BMC)
                                                            :
                                   Defendant.               :
                                                            :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

Before me is the government's motion for a protective order. It would permit deferred disclosure of discoverable material that could identify potential trial witnesses or interfere with ongoing investigations. In support of this motion, the government has submitted a letter *ex parte*, setting forth the material that would be subject to the order and why it seeks to defer disclosure of that material.

Under Federal Rule of Criminal Procedure 16(d)(1), a court may "defer discovery" for "good cause," and a party may "show good cause by a written statement that the court will inspect *ex parte*." The decision of whether to defer discovery is committed to the sound discretion of the court. See United States v. Delia, 944 F.2d 1010, 1018 (2d Cir. 1991) (addressing a denial of disclosure under Rule 16(d)(1)); see also 2 Wright & Miller, Federal Practice & Procedure: Criminal § 262 (4th ed 2021) (noting that "[t]he discretion provided to the trial court by Rule 16(d)(1) is vast"). When deciding whether to enter a protective order, a court may consider, among other factors, "the safety of witnesses and others" and "a particular danger of perjury or witness intimidation." United States v. Urena, 989 F. Supp. 2d 253, 262 (S.D.N.Y. 2013) (quoting Fed. R. Crim. P. 16(e) advisory committee's note to 1966 amendment).

These twin concerns of witness safety and witness intimidation, coupled with the need to protect ongoing investigations, provide "good cause" for deferring discovery in this case. "Although [Rule 16] does not attempt to indicate when a protective order should be entered, it is obvious that one would be appropriate where there is reason to believe that a witness would be subject to physical or economic harm if his identity is revealed." Id. (quoting Fed. R. Crim. P. 16(d)(1) advisory committee's note to 1974 amendment). Here, the government's *ex parte* letter offers a detailed explanation why the material at issue contains information that could identify trial witnesses, why identifying those witnesses would put them or third parties in danger, and why disclosure of this information would threaten ongoing investigations. Those facts are enough to warrant a protective order in this case. See, e.g., United States v. Guzman Loera, No. 09-cr-466, 2017 WL 2821546, at *4 (E.D.N.Y. June 29, 2017) (deferring discovery related to ongoing investigations and cooperating witnesses); Urena, 989 F. Supp. 2d at 263 (redacting the identity of a witness in discovery material due to safety concerns); United States v. Smith, No. 09-cr-82, 2009 WL 1346867, at *2 (W.D.N.Y. May 13, 2009) (deferring discovery related to material that would identify and endanger a confidential informant).

Defendant's arguments do not warrant a contrary conclusion. Although defendant understandably cannot address the specific material at issue, he has not explained why he would be prejudiced by a deferred disclosure. A trial date has not been set, and there is no indication that a deferred disclosure will affect defendant's right to due process or to present a defense.

Defendant also takes aim at the government's citation to United States v. Guzman Loera, No. 09-cr-466, 2017 WL 2821546, at *4 (E.D.N.Y. June 29, 2017), which concerned *ex parte* filings in the prosecution of Joaquin Archivaldo Guzman Loera – more commonly known as "El Chapo." Defendant explains that, for a variety of reasons, this case does not present the same

dangers that were present in Guzman Loera. Few cases do. Yet courts commonly "deny, restrict, or defer discovery" as Rule 16 allows – especially as a means of protecting witnesses' identities. See Urena, 989 F. Supp. 2d at 262 (collecting cases). This case fits comfortably within that framework. See, e.g., Smith, 2009 WL 1346867, at *2 (delaying production of discovery in a narcotics case).[1]

Finally, I note that part of the government's motion appears to be moot. In its motion, the government sought (1) to defer production of certain material until March 1, 2021, and (2) to defer production of the remaining material until the government provides defendant with other material under 18 U.S.C. § 3500 for one of the potential witnesses. In a filing dated March 1, 2021, the government indicated that it had produced a hard drive with certain material that would have fallen under the first category of the proposed protective order. Thus, to the extent that the government sought to defer production of that material, the motion is denied as moot. However, to the extent that the government seeks to defer production of the remainder of the material until it provides certain material under 18 U.S.C. § 3500, the motion is granted.

The motion for a protective order [54] is granted in part and denied in part as set forth above.

**SO ORDERED.**

Digitally signed by Brian M. Cogan
_____
U.S.D.J.

Dated: Brooklyn, New York
       May 19, 2021

---

[1] Unlike Guzmán Loera, defendant has not argued that the factors the Second Circuit enunciated in United States v. Abuhamra, 389 F.3d 309 (2d Cir. 2004), govern this case. See Guzman Loera, 2017 WL 2821546, at *3. I adhere to my view, more fully set out in that opinion, that the discretionary standard under Rule 16(d)(1), and not the factors from Abuhamra, apply when pretrial discovery is at issue. See Guzman Loera, 2017 WL 2821546, at *3–4.