SK/RCH/EMR/PP/MED
F.#2019R00927

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    -against-                                        STIPULATION & PROTECTIVE ORDER

GENARO GARCIA LUNA,                     19-CR-576 (S-1) (BMC)

                          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

           IT IS HEREBY STIPULATED AND AGREED by the undersigned attorneys and ORDERED by the Court, pursuant to Federal Rule of Criminal Procedure 16(d), that:

           1.     All material and information disclosed or produced by the government to the Defendant and Defense Counsel pursuant to 18 U.S.C. § 3500, as a government exhibit at trial, or pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972) (the "Materials") will continue to be governed by the February 17, 2020, Protective Order signed by the parties.

           2.     However, the February 17, 2020, Protective order does not contain a provision for the government producing material to the defendant that only defense counsel and their staff can review. Therefore, all materials specifically identified by the government as "ATTORNEYS' EYES ONLY" (the "Attorneys' Eyes Only Material") shall be covered under the February 17, 2020 Protective Order but with the additional limitations discussed below.

1

3. Attorneys' Eyes Only Material may be reviewed only by Defense Counsel and Defense Staff. Attorneys' Eyes Only Material may not be disseminated to or reviewed by any other person, including the Defendant. If Defense Counsel wishes to show Attorneys' Eyes Only Material to the Defendant under the constraints applicable to materials covered by the Protective Order, Defense Counsel shall request that the government change the designation from Attorneys' Eyes Only Material to Protected Material. If the government and Defense Counsel are unable to agree on the sharing of Attorneys' Eyes Only Materials, the government and Defense Counsel may seek intervention from the Court on an *ex parte* basis or otherwise. The Defendant shall treat the material as Attorneys' Eyes Only Material pending any determination by the Court.

4. Defense Counsel must destroy or return to the government all copies of the Attorneys' Eyes Only Materials within ten days upon conclusion of the appeal in the above-captioned case.

5. In the event the terms of this Protective Order are violated, Defense Counsel or the government shall advise the Court and opposing counsel immediately of the nature and circumstances of such violation.

6.      This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Dated:    Brooklyn, New York
              June 25, 2022

                                        BREON PEACE
                                        United States Attorney
                                        Eastern District of New York

_____       By: _____
Cesar deCastro, Esq.                         Ryan C. Harris
Attorney for Defendant                    Saritha Komatireddy
                                        Erin M. Reid
                                        Philip Pilmar
                                        Marietou E. Diouf
                                        Assistant U.S. Attorneys

SO ORDERED.

_____
THE HONORABLE BRIAN M. COGAN
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

3