THE LAW FIRM OF

# CÉSAR DE CASTRO, P.C.

ATTORNEY AT LAW

The District
111 Fulton Street - 602
New York, New York 10038
631.460.3951 Office
646.285.2077 Mobile
646.839.2682 Facsimile
cdecastro@cdecastrolaw.com
cdecastrolaw.com

July 26, 2022

*Via* **ECF**

The Honorable Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: *United States v. Garcia Luna* 19 Cr. 576 (BMC)

Dear Judge Cogan:

We write as a follow-up to the July 15, 2022 conference, and in response to the government's July 25, 2022 letter detailing the volume of § 3500 material it intends to produce prior to trial. We believe that the government's letter further underscores the need for this trial to be scheduled to commence on January 9, 2023, the backup date set by the Court, rather than October 24, 2022.

At the July 15, 2022 status conference, the defense informed the Court that we did not think that the October 2022 trial date was realistic and that the parties and the Court should contemplate starting trial in January 2023. The basis for the defense belief was: (1) the volume of discovery produced by the government in total (over 1,000,000 pages) that the defense is still reviewing and, in particular, that it had produced an additional 90,000 pages of material since February 2022; (2) the anticipated volume of § 3500 material and that those materials would also need to be reviewed with Mr. Garcia in the presence of a member of the defense team at the Metropolitan Detention Center ("MDC") for he will not be permitted a copy; (3) the need to review any documents produced pursuant to the Classified Information Procedures Act and the conditions under which those materials must be reviewed; (4) the need for further motion practice based on the defense's review of the voluminous § 3500 material and that the government labeled its motions *in limine* as its "first"; and (5) the need for the defense to investigate and interview witnesses (which, in part, would naturally be the result of § 3500 material review).

The parties have been proceeding under the mutual understanding that the government would endeavor to produce as much § 3500 material early in order for the defense to adequately prepare

for trial. At the July 15, 2022 status conference, the government levied baseless and reckless allegations against the defense that, in responding to a motion that *it filed,* we were somehow attempting to threaten and intimidate witnesses as well as try this case in the press. Putting aside the veracity of the government's allegations, it indicated at the conference that because of our response to its motion, it is now hesitant to produce any § 3500 material early. However, as it has acknowledged, early § 3500 production is necessary in this case in order for the defense to adequately prepare for a lengthy and complex trial. Prior to July 15, 2022, the assigned Assistant United States Attorneys had reassured us that they would identify and produce § 3500 material early. For example, in response to the defense's request for a bill of particulars, the government responded in writing on May 1, 2022, that the specific information being sought by the defense would be found in § 3500 material and the government would "identify those materials that can be produced to you well in advance of trial on a rolling basis for early disclosure[.]" I am sure the government will agree that Mr. Garcia Luna is entitled to a fair trial with prepared and zealous advocates.

At the July 15, 2022 conference, the Court ordered the government to provide the defense with an estimate, within a 10%-15% margin of error, of the volume of § 3500 material it intends to produce. In the government's recent letter, it endeavored to do that and stated that it had already produced approximately 6,100 pages of § 3500 material and anticipated producing an additional 7,500 pages of § 3500 material, 5 electronic devices, and 4,900 audio recordings.[1] As the Court is aware, the bulk of documentary § 3500 material comes in the form of notes of interviews of witnesses that largely are single-spaced. Mr. Garcia Luna will not be permitted to have a copy of the § 3500 material, thus, we have to review that material with Mr. Garcia Luna at the MDC.

With regard to the electronic devices referenced by the government in its letter, in our experience the amount of data produced on smart devices can be astronomical. And while we do not know the length of the 4,900 audio recordings, using the extremely conservative estimate of two minutes per recording, that would mean the government is producing almost 165 hours of recordings. That estimation could easily be ten or twenty times higher based on the length of the recordings, and we anticipate that many will have to be reviewed multiple times to understand what the speakers are saying. It is also our understanding that the recordings are in Spanish, which will further lengthen the amount of time required to review, as any pertinent recordings will need to be translated for the non-Spanish speaking members of the defense team. Even if our conservative estimate is accurate, based on the number of recordings alone, being ready to adequately prepare for an October 2022 trial, is impracticable. If the length of recordings are any longer and the § 3500 estimate off-base significantly, a January 2023 trial might not even give the defense adequate time to prepare.

For the foregoing reasons, we request that the Court postpone the beginning of trial to the January 2023 backup date, and set a new backup date in February 2023, in the event that a brief postponement is necessary for either party.

---

[1] Actually, by the defense's count, the government has produced almost 7,000 pages of § 3500 material to date. The audio recordings it does not label as § 3500 material so the defense anticipates it will be producing those in the coming days.

Respectfully submitted,

/s/

César de Castro
Valerie Gotlib
Shannon McManus