1           UNITED STATES DISTRICT COURT
            EASTERN DISTRICT OF NEW YORK
2
    - - - - - - - - - - - - - - - - -X
3   UNITED STATES OF AMERICA,         : 19-CR-576 (BMC)
                                      :
4         Plaintiff,                  :
                                      : United States Courthouse
5         -against-                   : Brooklyn, New York
                                      :
6   GENARO GARCIA LUNA,               :
                                      : Wednesday, December 15, 2021
7         Defendant.                  : 9:00 a.m.
    - - - - - - - - - - - - - - - - -X
8

9       TRANSCRIPT OF CRIMINAL CAUSE FOR STATUS CONFERENCE
              BEFORE THE HONORABLE BRIAN M. COGAN
10                UNITED STATES DISTRICT JUDGE

11
                     A P P E A R A N C E S:
12
    For the Government:     BREON S. PEACE, ESQ.
13                          United States Attorney
                            Eastern District of New York
14                          271 Cadman Plaza East
                            Brooklyn, New York 11201
15                     BY:  RYAN C. HARRIS, ESQ.
                            ERIN REID, ESQ.
16                          HIRAL D. MEHTA, ESQ.
                            PHILLIP N. PILMAR, ESQ.
17                          Assistant United States Attorneys

18  For the Defendant:      THE LAW FIRM OF CÉSAR DE CASTRO, P.C.
                            111 Fulton Street
19                          Suite 602
                            New York, New York 10038
20                          CÉSAR DE CASTRO, ESQ.
                            SHANNON M. MCMANUS, ESQ.
21
                                        AND
22
                            GOTLIB LAW, PLLC
23                          225 Broadway
                            Suite 2815
24                          New York, New York 10007
                            VALERIE A. GOTLIB, ESQ.
25

*David R. Roy, RPR, CSR, CCR*
*Official Court Reporter*

         A P P E A R A N C E S    (C O N T I N U E D)


Court Reporter:        DAVID R. ROY, RPR
                       225 Cadman Plaza East
                       Brooklyn, New York 11201
                       drroyofcr@gmail.com

Proceedings recorded by Stenographic machine shorthand,
transcript produced by Computer-Assisted Transcription.


              P R O C E E D I N G S

                     --ooOoo--

          (In open court.)

          (Federally Certified Spanish Language Interpreter Dagoberto Orrantia is sworn.)

          THE COURTROOM DEPUTY:  All rise.

          THE COURT:  Good morning.  Everyone, have a seat, please.

          THE COURTROOM DEPUTY:  U.S. v. Luna, Docket Number 19-CR-576.

          Counsel, please state your appearances, starting with the Government.

          MR. HARRIS:  Ryan Harris for the United States.  Good morning, Your Honor.

          THE COURT:  Good morning.

          MR. HARRIS:  And I'm joined by Hiral Mehta, Phil Pilmar, and Erin Reid.

          MR. MEHTA:  Good morning, Your Honor.

1         MS. REID: Good morning, Your Honor.

2         THE COURT: Good morning, everyone.

3         MR. DE CASTRO: Good morning. For Mr. Garcia

4 Luna, who is seated -- or is standing, rather, to my right,

5 César De Castro. And joining me is Valerie Gotlib and

6 Shannon McManis. And Kimberly Tavares is the paralegal for

7 our firm.

8         THE COURT: Good morning.

9         Good morning, Mr. Luna.

10        THE DEFENDANT: Good morning.

11        THE COURT: Okay. This is both a status

12 conference and a CIPA Section 2 Hearing. I think the way to

13 proceed is to have the Government tell me what its plan is

14 with regard to CIPA.

15        MR. HARRIS: Yes, Your Honor.

16        So the Court is obviously well aware of the

17 procedures associated with CIPA. The Government has

18 completed its review of any potential classified materials

19 in this case, and so we would like to set a briefing

20 schedule. We're requesting that the Court set a date of

21 five months from today, so a Section 4 brief.

22        THE COURT: I'm sorry. How long?

23        MR. HARRIS: Five months.

24        THE COURT: Okay.

25        Is there any problem with that from defendant's

1  perspective?
2              MR. DE CASTRO:  I think it's a bit lengthy,
3  Your Honor.  Of course, if the Government -- perhaps a more
4  aggressive schedule, if you will, and then if the Government
5  needs more time, of course and it's reasonable, I'm not an
6  objector in that regard, but...  If that makes sense?
7              THE COURT:  Can't we try to do it faster,
8  Mr. Harris?
9              MR. HARRIS:  Your Honor, I'm happy to set a more
10 aggressive schedule of -- the 150 days, or five months was
11 just with the goal of not having to come back before the
12 Court and have some more time.
13             THE COURT:  The letter.
14             MR. HARRIS:  Yes, understood, Your Honor.
15             I would just note that the course, in any case,
16 the CIPA process is a lengthy process, certainly in the
17 Second Circuit.  It's requiring declarations by the heads of
18 agencies.  This case is particularly complex.  As you can
19 imagine, Your Honor, there are a number of anticipated
20 witnesses who are foreign citizens.  In addition, it
21 involves a defendant who is a cabinet-level officer of the
22 Mexican Government, and that, of course, presents its own
23 complexities.  And given the complexity of this case, the
24 CIPA process, we're expecting to be similarly complex; and
25 so that's why we've requested this schedule.

1    However, we defer to the Court. If you would like
2 to set a more aggressive schedule, we'll be happy to meet
3 that schedule. And then if we are unable to, we will advise
4 the Court accordingly.
5    THE COURT: Well, I think based on that, it's
6 really unlikely that you are going to be able to do three
7 months. And I am not going to quibble over the one month,
8 but I will tell you this: Five months, and I expect this to
9 be done. Please do not come back in front of me and ask for
10 another extension, because that really should be long
11 enough, Mr. Harris.
12    MR. HARRIS: Thank you, Your Honor.
13    THE COURT: All right.
14    Melonie, what do we have?
15    THE COURTROOM DEPUTY: May 3rd at 10:00 a.m.,
16 Your Honor.
17    THE COURT: Okay.
18    MR. HARRIS: And, Your Honor, just to be clear so
19 we understand. That would be the date for the submission of
20 the briefing --
21    THE COURT: Yes. That is not a hearing date.
22 That is just a submission date, May 3rd.
23    MR. HARRIS: Thank you, Your Honor.
24    THE COURT: And then, Mr. De Castro, I mean, you
25 don't know what you're dealing with yet.

1        MR. DE CASTRO:  Yes, Your Honor.
2        THE COURT:  I will set a 30-day opposition date
3   after that, but I will be flexible in the event that you
4   need more time.
5        MR. DE CASTRO:  Thank you.
6        THE COURT:  Is this the -- you know, let me just
7   think about this.  Is this motion going to be an *ex parte*
8   motion?
9        MR. HARRIS:  Yes, Your Honor.
10       THE COURT:  Well, then you're not going to
11  respond.
12       Okay.  What is the next step after I get your
13  motion on May 3rd?
14       MR. HARRIS:  Your Honor, then I think the Court
15  would set a Section 4 conference at the appropriate time,
16  and we'll defer to the Court for that.
17       THE COURT:  Again, an *ex parte* conference?
18       MR. HARRIS:  Yes, Your Honor.
19       THE COURT:  All right.  Well, I am in the position
20  I thought Mr. De Castro was in, because I don't know what
21  you are going to say either, you know.  But let's just set a
22  holding date for that conference for 30 days after, and that
23  will be an *ex parte* conference just the Government and me.
24       And I guess that's June 3rd?  Is that a business
25  day, Melonie?

1       THE COURTROOM DEPUTY:  Yes, Judge.  That is a
2  Friday.
3       THE COURT:  Okay.  Let's do that at 10:00 a.m. --
4  oh, you know what?  Can we do Thursday instead?
5       Do we have any time, Melonie?
6       THE COURTROOM DEPUTY:  Yes, Judge.  Then May 2nd
7  at 10:00 a.m.
8       THE COURT:  2nd -- June 2nd at 10:00 a.m.
9       THE COURTROOM DEPUTY:  I'm sorry, June 2nd.
10      THE COURT:  Okay?
11      MR. HARRIS:  Thank you, Your Honor.
12      THE COURT:  Is there anything else we need to do
13  today on CIPA?
14      MR. HARRIS:  No, Your Honor.
15      THE COURT:  Okay.
16      All right.  I do want to ask.  Obviously, it is
17  the Government's expectation that some material will be
18  classified.  Do you anticipate using the procedure of -- to
19  the extent that the material that's classified is
20  discoverable, preparing summaries for the defense?  And
21  there's a number of ways that you can do this.  Some of them
22  are just summaries for me.  Some of them are summaries for
23  the defense.  But if it's, you know, *Brady* material, you
24  have got to give them something, unless it's in a special
25  category.

1     MR. HARRIS: Your Honor, I think without having,
2 obviously, drafted the brief, I can imagine that there will
3 be material that is subject to summaries for the defense and
4 for the Court. I would, of course, defer to the Court's
5 decision to make as to how that material is disclosed.
6     THE COURT: Well, I will make the decision, but I
7 want a recommendation from the Government when it's time.
8     MR. HARRIS: Of course, Your Honor.
9     THE COURT: Okay.
10     All right. What else do we need to talk about
11 today?
12     MR. HARRIS: Yes. Your Honor, we have provided a
13 brief overview of where we are in discovery. I don't know
14 that there is anything that needs to said on that,
15 Your Honor.
16     The Government has also filed a motion for an
17 anonymous and partially sequestered jury.
18     THE COURT: Right.
19     MR. HARRIS: I think that for Defense Counsel, it
20 would be appropriate to set a briefing schedule for that
21 motion. And I think that's the only other item on the
22 agenda from the Government's perspective.
23     THE COURT: Okay. When would you like to respond,
24 Mr. De Castro?
25     MR. DE CASTRO: So, Judge, just on the status in

1 general -- well, I guess, let me deal with, obviously, the
2 motion.
3     As the Court's in a -- the Government is in a much
4 different stage than we are, of course, because we are still
5 finding our way through millions of pages of discovery, so I
6 consent to the Government. I'm not even near the jury
7 selection thought process, but, of course, I have no
8 problem. But if the Court could just give me a bit of a
9 lengthy schedule to determine that?
10     You know, I think I would like to say, just so
11 the Court is aware, I would like -- well, I am going to make
12 a request of the Government for particulars in this case.
13 It is not my practice to make that in every case, and it is
14 a very rare remedy that a Court would join in -- and I do
15 expect the Government to provide some response. They have
16 provided us, as the Court is aware, with millions of
17 documents. But I think what's important to note is the
18 majority of which have no connection to Mr. Garcia Luna.
19 They may at some sort of -- I don't know. I can't -- it's
20 very hard to say. The majority of which don't have his
21 name, don't include him. There is a small portion, and it
22 is shocking that the small portion is quite voluminous, of
23 his financial records, of which I still think we are working
24 to see if -- we have not seen any evidence of criminality,
25 any evidence of connection to narcotics traffickers, of

1 which this case is all about.

2 There has been somewhat of a development, which
3 creates another issue on the defense side, which is that the
4 Government here is alleging that he has amassed all of this
5 wealth through connections to narcotics traffickers. Yet
6 the Mexican Government has filed a lawsuit in Florida
7 against Mr. Garcia Luna and others, and the Mexican
8 Government Officials, of which my understanding was
9 providing information to the Government in connection with
10 this case, alleging that there was a scheme to defraud, and
11 that there was Government contracts in some way that were --
12 that the defendant and others somehow defrauded the
13 Mexican Government, and that's how he amassed some sort of
14 wealth. So it's a moving target for us over here.

15 And so I say all of that because I think that, on
16 top of hundreds of hours of recordings that we have to sit
17 through, of which we're really not getting that much
18 assistance from the Government, I think a Bill of
19 Particulars in this case may be very, very appropriate. And
20 it falls within, in my view, almost every factor that every
21 Court has considered in this sort of circumstance. That is
22 my view, of course. But I will, of course, make that
23 request and a very detailed one to the Government.

24 And as it relates to CIPA, I think that
25 the Government -- I mean, I have information that I believe

1  that there is likely *Brady* material, as well as incredibly
2  pertinent information within those CIPA materials.  My
3  client has met with the highest levels of the
4  U.S. Government.  He was part of the Mexican Government when
5  there was a lot of transitions, CIA, FBI; all of those
6  directors met with Mr. Garcia Luna.  He was with face of the
7  Mexican Government in the intelligence community.  And so I
8  think there is going to be a volume, and what I am scared
9  of, is a humongous volume of material that is going to be
10  central to our defense in the case.  And so I think that
11  that also warrants more assistance in particular from the
12  Government.
13              All right.  I think that is all I have on that
14  point, Judge.
15              THE COURT:  All right.  Well, I understand the
16  preview of the motion for a Bill of Particulars, and I
17  appreciate that.  I would urge the Government to try to come
18  to some sort of accommodation.  It does sound like, you
19  know, looking for a harbor in an ocean, and the defense is
20  probably entitled to some assistance in figuring out what
21  the Government wants to use and what it does not want to
22  use.
23              So before you file it, Mr. De Castro, like you
24  said, you are going to send a request to the Government?
25              MR. DE CASTRO:  Correct.

1     THE COURT:  All right.  You will see if you can
2  work it out.  If you can't, I'm here.
3     With regard to the anonymous jury motion, I am
4  convinced that now is not the time to hear it, and there is
5  no urgency in hearing it.  So I'm going to not set an
6  opposition date for that motion.  As we get through the
7  discovery and we have a trial date and we start worrying
8  about a trial, I will then consider the need for an
9  anonymous jury.  Okay?
10    MR. HARRIS:  Understood, Your Honor.
11    MR. DE CASTRO:  That woks.  Thank you.
12    THE COURT:  All right.  So when should we have our
13 next conference here, not the *ex parte* conference with the
14 Government?
15    MR. HARRIS:  Your Honor, traditionally in the case
16 we've been setting them every 60 days, and if there is an
17 issue, to bring before the Court if you are here.
18 Otherwise, we are happy to continue proceeding by letter
19 where there is no other information for the Court.  So I
20 would request the Court and Defense Counsel just to set a
21 60-day date, and then if we have any issues that we need to
22 bring to the Court's attention at that time; otherwise, we
23 can proceed otherwise by letter.
24    THE COURT:  All right.
25    Okay.  Ms. Clarke, what do you have that is 60

1  days out?

2          THE COURTROOM DEPUTY:  February 16th at 10:30,

3  Judge.

4          THE COURT:  All right.  Time is excluded until

5  then based on the pending motion and also on the obvious

6  complexity of the case.

7          Anything further from either side?

8          MR. HARRIS:  No, Your Honor.

9          MR. DE CASTRO:  No, Your Honor.  Thank you.

10         THE COURT:  All right.  Thank you, everyone.  We

11 are adjourned.

12         (Matter concluded.)

13

14                         --ooOoo--

15

16

17

18

19

20

21

22  *I (we) certify that the foregoing is a correct transcript
    from the record of proceedings in the above-entitled matter.*
23
            */s/ David R. Roy*              *December 30, 2021*
24            *DAVID R. ROY*                       *Date*

25

*David R. Roy, RPR, CSR, CCR*
*Official Court Reporter*