

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

SK/EMR/PP/MED/AA
F. #2019R00927

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

December 28, 2022

<u>By ECF and Email</u>

The Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Genaro Garcia Luna
              <u>Criminal Docket No. 19-576 (BMC)</u>

Dear Judge Cogan:

      The government respectfully submits this supplemental motion in limine to preclude the defendant from (a) introducing statements he made during his post-arrest interview; (b) introducing certain documents which constitute impermissible hearsay; (c) introducing certain photographs depicting meetings between him and senior U.S. government officials; and (d) introducing evidence or advancing arguments regarding the dismissal of charges against another former Mexican government official.

    I.    <u>Background</u>

      Between 2001 and 2012, the defendant was a high-ranking official in the Mexican government. He was first the head of Mexico's Federal Investigation Agency and then served in a cabinet-level position as Mexico's Secretary of Public Security and, in that capacity, controlled Mexico's Federal Police Force. While holding public office, the defendant used his official positions to assist the Sinaloa Cartel, a notorious Mexican drug cartel, in exchange for multi-million-dollar bribes. At trial, the government expects that numerous witness, including several former high-ranking members of the Sinaloa Cartel, will testify about bribes paid to the defendant in exchange for protection.

      In exchange for these bribes, the defendant provided the Sinaloa Cartel with, among other things, safe passage for its drug shipments, sensitive law enforcement information about investigations into the cartel, and information about rival drug cartels. These payments allowed the cartel at times to receive warnings in advance of law enforcement efforts to apprehend cartel members and to allow cartel members to be released if arrested. During the time that the defendant protected the Sinaloa Cartel in exchange for bribes, the cartel was able to send multi-ton drug loads to the Eastern District of New York, including Brooklyn and Queens.

In 2012, the defendant relocated from Mexico to Miami, Florida, where he continued to conceal his corrupt assistance to the Sinaloa Cartel. In 2018, he submitted an application for naturalization to the Department of Homeland Security ("DHS"). In that paperwork, the defendant falsely denied any past criminal conduct.

On December 4, 2019, a grand jury in the Eastern District of New York returned an indictment charging the defendant with: (i) one count of conspiracy to distribute and possess with intent to distribute cocaine, in violation of Title 21, United States Code, Sections 841 and 846; (ii) one count of cocaine importation conspiracy, in violation of Title 21, United States Code, Sections 952 and 963; (iii) one count of international cocaine distribution conspiracy, in violation of Title 21, United States Code, Sections 959 and 963; and (iv) one count of making false statements, in violation of Title 18, United States Code, Section 1001. On July 30, 2020, a grand jury in the Eastern District of New York returned a five-count Superseding Indictment. The Superseding Indictment added an additional charge against the defendant for participating in a continuing criminal enterprise ("CCE") in violation of Title 21, United States Code, Section 848.

Federal agents from the Drug Enforcement Administration arrested the defendant on December 9, 2019, in Dallas, Texas. Thereafter, the defendant waived his Miranda rights and agreed to speak with agents. During his post-arrest interview, the defendant repeatedly lied about his involvement in the conspiracy, including denying (i) ever having met with anyone from any drug trafficking groups; (ii) ever being aware that anyone who worked under him had met with anyone from any drug trafficking groups; (iii) ever having a phone conversation with any drug traffickers; and (iv) ever helping the Beltran-Leyva Organization, a family-led drug trafficking organization that was part of the Sinaloa Cartel.

During his interview, the defendant also made numerous statements about other topics, including, in substance and in part, (i) his connections to high-ranking American officials; (ii) the work that he did after his term in Mexican government ended in 2012; (iii) his living arrangements following his move to the United States in 2012; and (v) the false denials made in his 2018 application for naturalization.

II. Argument

   A. The Court Should Preclude the Defendant from Introducing His Post-Arrest Statements

At trial, the government may offer the defendant's post-arrest lies about his involvement in the charged conspiracy as evidence of his failure to withdraw from the conspiracy. For the reasons set forth below, however, the Court should preclude the defendant from introducing any other portions of his post-arrest statements because they contain inadmissible hearsay.

   i. Legal Standards

Hearsay is an out-of-court statement offered "to prove the truth of the matter asserted in the statement," and it is not admissible unless permitted by "a federal statute; [the Federal Rules of Evidence]; or other rules prescribed by the Supreme Court." Fed. R. Evid. 801(c), 802.

When the government offers a defendant's out-of-court statements for their truth, those statements are not hearsay; they are "simply a statement of the opposing party" and admissible pursuant to Federal Rule of Evidence 801(d)(2)(A). Although the government can rely on this exception to admit the defendant's out-of-court statements, the defendant cannot. In general, a defendant may not "attempt to get his side of the . . . story in front of the jury without himself testifying and opening himself up to cross-examination." United States v. Davidson, 308 F. Supp. 2d 461, 480 (S.D.N.Y. 2004); see United States v. Mitchell, 502 F.3d 931, 964 (9th Cir. 2007) (defendant was properly precluded from eliciting, on cross-examination of government agents, exculpatory statements that he had made during interviews with agents, since those statements were inadmissible hearsay). To that end, "[w]hen the defendant seeks to introduce his own prior statement for the truth of the matter asserted, it is hearsay, and it is not admissible." United States v. Marin, 669 F.2d 73, 84 (2d Cir. 1982).

Notably, these rules preclude the defendant from offering his own prior statements even where the government offers parts of those statements. See United States v. Hill, 658 F. App'x 600, 605 (2d Cir. 2016) (summary order) (affirming district court's parsing of a defendant's recorded statement to admit the discrete inculpatory statements and exclude the other self-serving statements that he was "innocent"); United States v. Johnson, 507 F.3d 793, 796-97 (2d Cir. 2007) (holding that the court properly bifurcated a defendant's post-arrest statement and precluded the defense from introducing a self-serving portion of the statement); United States v. Black, No. 13-CR-316 (DLI), 2014 WL 5783067, at *2 (E.D.N.Y. Nov. 5, 2014) ("[T]he defendant's self-serving, exculpatory statements are inadmissible hearsay . . . .").

No different result is compelled by the rule of completeness. "Under the rule of completeness, 'even though a statement may be hearsay, an omitted portion of the statement must be placed in evidence if necessary to explain the omitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Fawwaz, 691 F. App'x 676, 678 (2d Cir. June 2, 2017) (summary order) (quoting Johnson, 507 F.3d at 796). This applies to both written and oral statements. See United States v. Alvarado, 882 F.2d 645, 650 n.5 (2d Cir. 1989). However, "[t]he rule of completeness is 'not a mechanism to bypass hearsay rules for any self-serving testimony.'" United States v. Blake, 195 F. Supp. 3d 605, 610 (S.D.N.Y. 2016) (quoting United States v. Gonzalez, 399 F. App'x 641, 645 (2d Cir. 2016) (summary order)). Accordingly, the rule "does not . . . require the admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." United States v. Gupta, 747 F.3d 111, 139 (2d Cir. 2014) (citations omitted); United States v. Harper, No. 05-CR-6068, 2009 WL 140125, at *5 (W.D.N.Y. Jan. 20, 2009) ("[A] defendant may not rely on the rule of completeness to put his out-of-court exculpatory statements before the jury through the testimony of another witness . . . while at the same time maintaining his own Fifth Amendment privilege so as to avoid being cross-examined about his prior statements.").

As a result, courts often parse a defendant's statements to admit the inculpatory statements offered by the government and exclude the self-serving, unconnected statements offered by the defendant. See Fawwaz, 691 F. App'x at 678 (affirming district court's refusal to admit statements under rule of completeness noting that "admitted statements [were] independent of the omitted statements"); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016) (holding that "omitted statements were generally post-hoc explanations for prior conduct, which did not alter the meaning of the admitted redacted portion"); Johnson, 507 F.3d at 796 ("The admitted portion of the confession related to [the defendants'] plans to execute the robbery, while the redacted

3

portion related to the execution of the robbery."); Gupta, 747 F.3d at 139; see also United States v. Vallejos, 742 F.3d 902, 905 (9th Cir. 2014) ("[I]t is often perfectly proper to admit segments of prior testimony without including everything . . . ." (citation omitted)).

For example, in Gupta, the government offered the defendant's handwritten notes listing an ownership interest in a co-conspirator's company. Gupta, 747 F.3d at 139. The defendant tried to offer another part of those notes in which the defendant listed charitable donations he intended to make, arguing that they were needed for a "fair and impartial understanding" of the other statements. Id. The Second Circuit affirmed the exclusion of those notes because they were irrelevant to the issue of the defendant's ownership interest. Similarly, in Vallejos, the Ninth Circuit affirmed the exclusion of the defendant's self-serving statements despite the defendant's arguments that the excluded portions were needed "to show the jury the 'flavor of the interview,' to 'humanize' [the defendant], to prove his 'character,' and to convey to the jury the voluntariness of the statement." 742 F.3d at 905.

Ultimately, the burden rests with the defendant to demonstrate that the portions of the statement he seeks to offer are necessary to clarify or explain the portions the government intends to offer. See United States v. Williams, 930 F.3d 44, 60 (2d Cir. 2019) (observing that under "doctrine of completeness," defendant "had to demonstrate that admission of" his statements was necessary to explain other statements); see also United States v. Glover, 101 F.3d 1183, 1190 (7th Cir. 1996) ("[T]he proponent of the additional evidence sought to be admitted must demonstrate its relevance to the issues in the case, and must show that it clarifies or explains the portion offered by the opponent.").

ii. Discussion

The government is permitted to admit portions of the defendant's post-arrest statements in its case-in-chief pursuant to Rule 801(d)(2)(A) of the Federal Rules of Evidence because they constitute admissions of an adverse party. See, e.g., Marin, 669 F.2d at 84. Accordingly, at trial, the government may offer the defendant's false denials about his involvement in the charged conspiracy. These lies are relevant and highly probative evidence of the charged crimes because they show that the defendant never withdrew from the conspiracy. See United States v. Berger, 224 F.3d 107, 119 (2d Cir. 2000) (finding that a defendant had not withdrawn from a conspiracy by resigning from a company that perpetrated a fraud, when the defendant's post-resignation lies to law enforcement suggested that he had failed to renounce the goals of the conspiracy, and finding that those lies "re-established the link" to the conspiracy "by helping to conceal the conspiracy from investigators.").

However, the defendant should be precluded from eliciting any of his additional post-arrest statements from the government's witnesses as they constitute inadmissible hearsay, and the rule of completeness does not provide an exception. This is because the defendant's other statements are not needed to provide context or a "fair and impartial understanding" of any statement the government may offer. As the Second Circuit made clear in United States v. Jackson, a defendant may not introduce other parts of a statement offered in part by the government unless the defendant makes a proper showing that the statements he seeks to introduce have a separate basis for admission. 180 F.3d 55, 73 (2d Cir. 1999) (rejecting claim under the completeness doctrine that part of a statement made by the defendant could be admitted because the statement followed an inculpatory admission and noting that "the portions of the tape proffered by [the defendant] consisted largely of [his] own self-serving statements, which, as offered by him, are

4

inadmissible hearsay"); see also United States v. Mahaffy, No. 05-CR-613 (S-3) (ILG), 2007 WL 1094153, at *3-5 (E.D.N.Y. Apr. 10, 2007) (refusing to permit introduction of excerpts of defendant's prior statements because they were "otherwise inadmissible hearsay statements" that were "self-serving" and "exculpatory").

Accordingly, if the government introduces evidence of the defendant's post-arrest lies about his involvement in the charged conspiracy, the defendant should be precluded from introducing the other portions of his post-arrest statements, because those statements are unnecessary to place his false denials into context. The defendant is free to take the stand and testify on his own behalf. He should not, however, be permitted to elicit portions of his post-arrest statements from other witnesses through inadmissible hearsay.

### B. The Court Should Preclude the Defendant's Introduction of Certain Documents from U.S. Government Officials and Evidence or Argument About the Defendant Meeting with Prominent U.S. Government Officials

The defendant should be precluded from introducing any letters or other items from U.S. government officials purporting to vouch for the defendant. For example, in 2013, the defendant applied for a visa to the United States and included with his application numerous letters of recommendation and accolades from U.S. government officials, including diplomatic, congressional, law enforcement, and elected officials. See Exhibit A.[1] The defendant also included in his application photographs of himself meeting with prominent U.S. government officials—something he noted again in his pretrial briefing in this case.[2] The Court should preclude the defendant from introducing evidence or argument of these statements, awards, photographs, and meetings as inadmissible hearsay, irrelevant, unduly prejudicial, and improper character evidence.

i. Legal Standards

The rule against hearsay generally precludes the introduction of out-of-court statements to prove the truth of the matters asserted unless the statements fall within a recognized exception to the hearsay rule. See Fed. R. Evid. 801(c), 803, 804, 807. Under Rule 801(d)(2), a statement offered against an opposing party is not hearsay, even when offered for the truth of the matter, if the statement was made by the party's agent or employee on a matter within the scope of that relationship and while it existed.

However, it is well-accepted that "a government's agent's out-of-court statements are not admissible for their truth in a criminal prosecution as admissions by a party opponent." United States v. Yildiz, 355 F.3d 80, 81 (2d Cir. 2004) (adopting a long-standing common-law

---

[1] Because Exhibit A contains items submitted in connection with the defendant's visa application, the government respectfully requests permission to file Exhibit A under seal.

[2] The defendant referenced these meetings and photographs in his opposition to the government's first motions in limine. See ECF No. 106 at 3-4 (referencing meetings with Janet Napolitano, Robert Muller, Eric Holder, Hillary Clinton, John McCain, and members of Congress from both parties, and that top U.S. government diplomats and officials "posed for public photographs" with the defendant).

5

rule to that effect) (quoting United States v. Santos, 372 F.2d 177, 180 (2d Cir. 1967)). The rationale behind this rule is that, "because agents of the government are supposedly disinterested in the outcome of a trial and are traditionally unable to bind the sovereign, their statements seem less the product of the adversary process and hence less appropriately described as admissions of a party." United States v. Kampiles, 609 F.2d 1233, 1246 (7th Cir. 1979) (quoting Santos, 372 F.2d at.180). Thus, in Yildiz, the Second Circuit held that an informant's out of court statements, made in the course of exercise of his authority and within the scope of that authority, were not admissions against interest by a party opponent because the informant "act[ed] as an independent disinterested party for the purposes of the prosecution." 355 F.3d at 81. Similarly, in Kampiles, statements made by a CIA employee to a court reporter during a telephone call were not admissions of a party-opponent, and the district court properly precluded a defendant from offering evidence of those statements at the defendant's trial for delivering top-secret material to a Soviet agent. 609 F.2d at 1246.

Federal Rule of Evidence 401 defines "relevant evidence" as evidence having "any tendency to make a fact more or less probable than it would be without the evidence," where "the fact is of consequence in determining the action." Rule 402, in turn, provides that irrelevant evidence is not admissible. See, e.g., Arlio v. Lively, 474 F.3d 46, 52 (2d Cir. 2007) ("If an item of evidence tends to prove a fact that is of consequence to the determination of the action, it is relevant. If it does not tend to prove a material fact, it is irrelevant.") (internal quotation marks omitted).

Pursuant to Rule 403, even relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." "District courts have broad discretion to balance the probative value of evidence against possible undue sympathy or bias as well as prejudice." United States v. Miller, 641 F. Supp. 2d 161, 167 (E.D.N.Y. 2009) (citation omitted). Courts also have broad discretion to exclude evidence if it has an "undue tendency to suggest decision on an improper bias, commonly, though not necessarily, an emotional one." Fed. R. Evid. 403, Adv. Comm. Notes. Indeed, the Court may preclude the introduction of evidence under Rule 403 even if it is intended to further a purported defense theory. See United States v. Roberts-Rahim, No. 15-CR-243 (DLI), 2015 WL 6438674, at *9 (E.D.N.Y. Oct. 22, 2015).

Rule 404(a)(2) permits a defendant to offer character evidence. However, in cases like this one in which a defendant's character is not an "essential element of the charge," a defendant can offer "direct testimony about his good character, but must do so by testimony about his reputation and by opinion testimony, and not by testimony about specific instances of conduct." United States v. Nektalov, No. 03-CR-828 (PKL), 2004 WL 1637010, at *2 (S.D.N.Y. July 21, 2004) (citing Fed. R. Evid. 405). "Once the defendant offers reputation or opinion evidence regarding his good character, the prosecution is permitted to ask the character witness on cross-examination about specific instances of the conduct of the accused . . . to evaluate the character witness's credibility and knowledge of the defendant, not to prove the defendant's guilt." Id.

ii. Discussion

The Court should preclude the defendant from introducing evidence or argument of written statements, awards, photographs, and meetings with U.S. government officials as inadmissible hearsay, irrelevant, unduly prejudicial, and improper character evidence.

The written statements and awards from U.S. government officials are inadmissible hearsay because they are out-of-court statements offered for their truth.[3] They also do not constitute "non hearsay" under Rule 801(d)(2) because they are essentially letters of recommendation and awards from other (mostly former) U.S. government officials and not statements attributable to the U.S. Attorney's Office.

The written statements, awards, photographs, and meetings are also irrelevant. The fact that the defendant received such accolades and courtesies in his capacity as a senior government official in Mexico have no bearing on the question of whether the defendant took bribes from and conspired with the Sinaloa Cartel. Moreover, the potential for misleading the jury by admitting those items is extremely high, as it inaccurately suggests that the individuals providing the statements, awards, photographs, and meetings thoroughly vetted the defendant and only extended those accolades and courtesies after having concluded that the defendant was not corrupt or involved in criminal activity.

Finally, recommendation letters, awards, and pictures of the defendant meeting with prominent people amount to evidence of specific instances of good conduct, which are barred by Rule 405. See, e.g., United States v. Doyle, 130 F.3d 523 (2d Cir. 1997) (upholding, under Rule 405, a district court's decision to preclude a defendant who was charged with illegally exported fuel pumps to Libya from introducing documents and other evidence relating to specific actions which the defendant allegedly took in cooperation with the United States Army Intelligence Agency to promote U.S. security policy toward Libya); United States v. Davis, 546 F.2d 583, 592–93 & n. 22 (5th Cir. 1997) (defendant accused of willfully escaping from prison not permitted to introduce prison records showing "a favorable work record" and "progress toward rehabilitation" as evidence "to negate the likelihood of willful escape" under Rule 405); United States v. Wilson, 750 F.2d 7, 9 (2d Cir. 1984) (upholding a district court's decision to preclude a defendant from introducing evidence of specific acts as evidence of his good character, because "[i]t is a proper exercise of a district court's discretion to exclude evidence that is prejudicial, confusing, or misleading, and to exclude evidence of specific acts intended to demonstrate character traits not at issue" under Rule 405) (citations omitted).

If the defendant seeks to introduce character or other evidence from U.S. government officials (or others), the defendant must call those officials to testify about his reputation or their opinion, and those officials must then be subject to cross-examination. This is necessary to ensure that the individuals vouching for the defendant's character or law enforcement acumen have a proper foundation for doing so, and for clarifying the extent and limits of their knowledge. See United States v. Hernandez, No. 15-CR-379 (PKC), ECF No. 97 at 37, 41-42 (S.D.N.Y. Oct. 2, 2019) (precluding reference to defendant's brother and co-conspirator having met with Nikki Haley as irrelevant and improper character evidence).

---

[3] Relatedly, Exhibit A also includes written statements by individuals who are not U.S. government officials. These statements are similarly inadmissible hearsay.

### C. The Court Should Preclude Evidence or Arguments Referencing the Now-Dismissed Case Against Salvador Cienfuegos Zepeda

In its first motion in limine, the government requested that the Court preclude the defendant from alleging selective prosecution or an improper governmental motive. ECF No. 94. The defendant did not oppose that motion and the Court granted it. ECF No. 117 at 4.

The government now writes, in an abundance of caution, to confirm that the Court's prior ruling extends to any reference to former Mexican Secretary of National Defense Salvador Cienfuegos Zepeda. On October 15, 2020, Cienfuegos Zepeda was arrested in Los Angeles, California, on charges filed in this district of conspiracy to manufacture, import, and distribute narcotics into the United States and money laundering. In November 2020, the Attorney General of the United States requested dismissal of the charges against Cienfuegos.[4] Because it is irrelevant to the instant case that the United States dismissed charges against another former Mexican official in a different case, the government respectfully requests that the Court extend its prior ruling to any mention of the prosecution of Cienfuegos.

### III. Conclusion

For the foregoing reasons, the Court should grant government's supplemental motion in limine.

Respectfully submitted,

BREON PEACE
United States Attorney

By:     /s/
Saritha Komatireddy
Erin M. Reid
Philip Pilmar
Marietou E. Diouf
Adam Amir
Assistant U.S. Attorneys
(718) 254-7000

cc: Defense Counsel (by ECF)
      Clerk of Court (BMC) (by ECF)

---

[4] See Department of Justice Press Releases, Joint Statement by Attorney General of the United States William P. Barr and Fiscalía General of Mexico Alejandro Gertz Manero, available at https://www.justice.gov/opa/pr/joint-statement-attorney-general-united-states-william-p-barr-and-fiscal-general-mexico.