SK/EMR/PP/MED/AA
F.#2019R00927

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

  - against -        19 CR 576 (S-1) (BMC)

GENARO GARCIA LUNA,

    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - -X

<u>GOVERNMENT'S REQUESTS TO CHARGE</u>

          BREON PEACE
          UNITED STATES ATTORNEY
          EASTERN DISTRICT OF NEW YORK

Saritha Komatireddy
Erin M. Reid
Philip Pilmar
Marietou E. Diouf
Adam Amir
Assistant U.S. Attorneys

1

PRELIMINARY STATEMENT

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government respectfully requests that the Court include the attached instructions in its charge to the jury.  The Government requests leave to offer such additional instructions as may become appropriate during the course of the trial.

REQUEST NO. 1

General Requests

The Government requests that the Court charge the jury in its usual manner on the following subjects:[1]

    (a)    Role of the Court

    (b)    Jury to Disregard the Court's View

    (c)    Role of the Jury and Juror Oath

    (d)    All Persons Equal Under the Law

    (e)    Improper Considerations

    (f)    Burden of Proof

    (g)    Defendant's Right Not to Testify (if applicable)

    (h)    Presumption of Innocence

    (i)    Reasonable Doubt

    (j)    Number of Witnesses and Uncontradicted Testimony

    (k)    Types of Evidence

    (l)    Direct and Circumstantial Evidence

    (m)    Inferences

    (n)    Charts and Summaries

    (o)    Objections

    (p)    General Remarks About Deliberations

---

[1]    The government has listed these subjects by reference to the Court's instructions in United States v. Joaquin Archivaldo Guzman Loera, 09-CR-466 (BMC).

REQUEST NO. 2

Translated Proceedings and Recordings

Many of the witnesses in this case testified in Spanish, which was translated into English by a court-certified interpreter.  Although some of you may speak or understand Spanish, it is important for all jurors to consider the same evidence.  For this reason, you must disregard any of the Spanish testimony and accept as the official record the English translation given by the interpreters.

You must not make any assumptions about a witness or a party based solely upon the use of an interpreter to assist that witness or party.

This instruction also applies to the audio recordings that were entered into evidence.  You have received transcripts of foreign-language calls that are translations of those recordings.  These transcripts are evidence, not just guides, and I instruct you to consider them just like any other evidence in this case.

Authority

Adapted from Charge of the Hon. Brian M. Cogan in United States v. Guzman Loera, 09-CR-466 (BMC); Ninth Circuit Pattern Jury Instruction 1.12; Seventh Circuit Pattern Jury Instruction 10.05.

4

REQUEST NO. 3

Law Enforcement Techniques

You have heard evidence in the form of audio recordings of conversations that were obtained without knowledge of some or all of the parties to those conversations, and evidence obtained through court-authorized search warrants. This evidence was obtained lawfully, and the Government has the right to use it in this case. Whether you approve or disapprove of how evidence was obtained should not enter into your deliberations because I now instruct you that the government's use of this evidence was entirely lawful.

In addition, there is no legal requirement that law enforcement agents investigate crimes in a particular way or that the Government prove its case through any particular means. While you are to carefully consider the evidence introduced by the Government, you are not to speculate as to why law enforcement agents used the techniques that they did or why they did not use other techniques. The Government is not on trial.

Law enforcement techniques are not your concern. Your concern is to determine whether or not, based upon all the evidence in this case, the Government has proven that the defendant is guilty beyond a reasonable doubt as to each count charged against him.

Authority

Adapted from Charge of the Hon. Brian M. Cogan in United States v. Guzman Loera, 09-CR-466 (BMC); Charge of the Hon. P. Kevin Castel in United States v. Hernandez, 15-CR-379 (PKC) (S.D.N.Y.).

5

<u>REQUEST NO. 4</u>

<u>Evidence or Witnesses Not Presented But Equally Available</u>

The law does not require any party to present all available evidence or call as witnesses everyone who was present at any time or place, or who might have knowledge of the matters at issue.  The law also does not require any party to produce as exhibits all papers and objects mentioned during trial.  But each party had an equal opportunity or lack of opportunity to call those witnesses or introduce that evidence.  Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called.  Their absence should not affect your judgment in any way.

Your concern is to determine—based upon the evidence that has been presented—whether the Government has met its burden to prove that the defendant is guilty beyond a reasonable doubt.  You should not be concerned with whom or what the parties did not present during trial.  That being said, you must always remember that the law does not impose on a criminal defendant the burden or duty of calling any witnesses or producing any evidence.

<u>Authority</u>

Adapted from Charge of the Hon. Brian M. Cogan in <u>United States v. Guzman Loera</u>, 09-CR-466 (BMC); Sand et al., <u>Modern Federal Jury Instructions</u> ("Sand"), Form Instruction 6-7; <u>see also</u> <u>United States v. Bahna</u>, 68 F.3d 19, 22 (2d Cir. 1995).

<u>REQUEST NO. 5</u>

<u>Other Persons Not on Trial</u>

You have heard evidence about other people's involvement in the offenses charged in the Indictment.  You may not draw any inference towards either party from the fact that other people who might have been involved in the charged offenses are not on trial before you.  You may not speculate as to the reason why or allow their absence as parties to influence your deliberations in any way.  Your concern is solely the defendant on trial before you.  The fact that these other individuals are not on trial before you is not your concern.

<u>Authority</u>

Adapted from Charge of the Hon. Brian M. Cogan in <u>United States v. Guzman Loera</u>, 09-CR-466 (BMC).

REQUEST NO. 6

Uncharged Acts

You have also heard evidence that the defendant engaged in certain criminal conduct that is not charged in the Indictment.  The defendant is not on trial for that conduct, and you may not consider evidence of those other acts as a substitute for proof that the defendant committed the crimes charged in this case.  You may not consider evidence of those other acts as proof that the defendant has a criminal propensity, which means that you cannot conclude that the defendant likely committed the crimes charged in the Indictment because he was predisposed to criminal conduct.

You may only consider uncharged conduct for limited purposes, as evidence: (1) of the defendant's motive, knowledge, or intent in carrying out the charged crimes; (2) of the development of relationships of mutual trust between the defendant and others with whom he is charged with carrying out the charged crimes; (3) of conduct that is inextricably intertwined with evidence of the charged crimes; (4) enabling you to understand the complete story of the charged crimes; and (5) corroborating the testimony of other Government witnesses.

Authority

Adapted from Charge of the Hon. Brian M. Cogan in United States v. Guzman Loera, 09-CR-466 (BMC).

REQUEST NO. 7

Witness Credibility

It is your duty as jurors to determine the credibility of the witnesses and the importance of their testimony.  You must decide where the truth lies, which will require you to judge the testimony that you listened to and observed.  You should carefully scrutinize the testimony, the circumstances under which each witness testified, and any other matter in evidence that may help you decide the truth of and the weight to assign their testimony.

Your decision whether to believe a witness may depend on how the witness impressed you.  Was the witness candid and frank?  Or did it seem as if the witness was hiding something, being evasive, or suspect in some way?  How did the testimony on direct examination compare with the testimony on cross-examination?  Was the witness's testimony consistent or inconsistent?  Did it appear that the witness knew what the witness was talking about?  Did the witness strike you as someone who was trying to report their knowledge accurately?

How much you choose to believe a witness may also be influenced by any bias that the witness may have.  Does the witness have a relationship with the Government or the defendant that may affect how the witness testified?  Does the witness have some incentive, loyalty, or motive that might cause the witness to shade the truth?  Or does the witness have some bias, prejudice, or hostility that may have caused the witness to give you something other than a completely accurate account of the facts?  Evidence that a witness may be biased towards one of the parties requires you to view that witness's testimony with caution, to weigh it with great care, and to subject it to close scrutiny.

In other words, what you must try to do in deciding credibility is to size up a person just as you would in any important matter when you are trying to decide if a person is truthful, straightforward, and accurate in their recollection.

How much you believe a witness may also be influenced by any interest that the witness may have in the outcome of the case.  That interest may create a motive to testify falsely to advance that witness's own personal or professional interests.  This is not to suggest that every witness who has an interest in the outcome of the case will testify falsely.  It is for you to decide to what extent, if at all, a witness's interest has affected or colored their testimony.

Even if you think a witness was not biased, you should still consider whether the witness had an opportunity to observe the facts that the witness testified about, as well as the witness's demeanor and ability to communicate effectively.  Ask yourselves whether a witness's recollection of the facts stands up in light of the rest of the evidence.  You should be guided by your common sense, your good judgment, and your experience.

<u>Authority</u>

Adapted from Charge of the Hon. Brian M. Cogan in <u>United States v. Guzman Loera</u>, 09-CR-466 (BMC).

<u>REQUEST NO. 8</u>

<u>Discrepancies in Testimony and Prior Inconsistent Statements</u>
(If Applicable)

You have heard evidence of what counsel has argued are discrepancies between a witness's testimony and that of other witnesses.  You have also heard evidence that a witness has made a statement on an earlier occasion that counsel argues is inconsistent with the testimony that they gave you at trial.  And counsel has urged you to reject some or all of that testimony based on these discrepancies or inconsistencies.

If you find that the testimony did include discrepancies or inconsistencies, that may be a basis to disbelieve a witness's testimony.  But discrepancies and inconsistencies do not necessarily require you to discredit a witness entirely.  Two witnesses may see or hear something differently, and innocent mis-recollection, like failure of recollection, is not uncommon.  People sometimes forget things, and even truthful witnesses may be nervous and contradict themselves.

It is your job to determine the weight, if any, to assign to all or part of the testimony of a witness who has been impeached by discrepancies or prior inconsistent statements.  You should also consider whether the discrepancy or inconsistency pertains to a matter of importance or unimportance, and whether it results from an innocent error or an intentional falsehood.

It is for you to decide, based on your total impression of each of the witnesses, how to weigh the discrepancies or inconsistencies, if any, in their testimony.  You should, as always, use common sense and your own good judgment.

<u>Authority</u>

Adapted from Charge of the Hon. Brian M. Cogan in <u>United States v. Guzman Loera</u>, 09-CR-466 (BMC).

<u>REQUEST NO. 9</u>

<u>Expert Witnesses</u>

You heard witnesses testify as experts about matters on which they had special knowledge, skill, experience, or training.  I permitted those witnesses to express their opinions about matters that are at issue in this case because someone who is experienced and knowledgeable in a particular field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness's qualifications, the witness's opinions, the reasons for testifying, as well as all the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony and what weight, if any, you find the testimony deserves.  You should not, however, accept opinion testimony just because I allowed the witness to testify concerning their opinion.  Nor should you substitute it for your own reason, judgment, and common sense.

<u>Authority</u>

Adapted from Charge of the Hon. Brian M. Cogan in <u>United States v. Guzman Loera</u>, 09-CR-466 (BMC).

REQUEST NO. 10

Law Enforcement Witnesses

You heard testimony from law enforcement officers and government employees.  The fact that a witness is a member of law enforcement or is a government employee does not mean that their testimony is entitled to any greater or lesser weight.  You should consider the testimony of law enforcement officers and government employees just like any other evidence in the case and evaluate the credibility of those witnesses just like you would for any other witness.

Authority

Adapted from Charge of the Hon. Brian M. Cogan in United States v. Guzman Loera, 09-CR-466 (BMC).

REQUEST NO. 11

Interviewing Witnesses

You also heard testimony that the Government's lawyers interviewed their witnesses when preparing for and during the trial.  You should not draw any unfavorable inference from that testimony.  The attorneys were obligated to prepare this case as thoroughly as possible, and one way to accomplish that is to properly interview witnesses before the trial and as necessary throughout the course of trial.

Authority

Adapted from Charge of the Hon. Brian M. Cogan in United States v. Guzman Loera, 09-CR-466 (BMC).

<u>REQUEST NO. 12</u>

<u>Cooperating Witnesses</u>

You have heard several witnesses testify that they were involved with the defendant in one or more of the charged crimes.

Experience will tell you that the Government sometimes must rely on the testimony of witnesses who admit to participating in criminal activity to show criminal behavior by others. Otherwise, it would be difficult or impossible to detect and prosecute wrongdoers. The Government argues, as it is permitted to do, that it must take the witnesses as it finds them and that people who themselves take part in criminal activity have the knowledge required to show criminal behavior by others.

The law allows the use of cooperating witness testimony, and you may properly consider the testimony of such a cooperating witness. Indeed, it is the law that the testimony of a single cooperating witnesses may be enough by itself to convict a defendant, if the jury finds that the testimony establishes guilt beyond a reasonable doubt.

Because of the interest a cooperating witness may have in testifying, the testimony should be scrutinized with special care and caution. The fact that the witness may benefit from his cooperation may be considered by you as bearing upon his credibility. It does not follow, however, that simply because a person has admitted to participating in one or more crimes, that he is incapable of giving truthful testimony.

Like the testimony of any other witness, cooperating witness testimony should be given such weight as it deserves in light of all the facts and circumstances before you, taking into account the witness's demeanor and candor, the strength and accuracy of the

witness's recollection, his background, and the extent to which his testimony is or is not corroborated by other evidence in the case.

You may consider whether a cooperating witness has an interest in the outcome of the case and, if so, whether that interest has affected his testimony. You should ask yourselves whether the cooperating witness would benefit more by lying or by telling the truth. Was his testimony made up in any way because he believed or hoped that he would somehow receive favorable treatment by testifying falsely? Or did he believe that his interest would be best served by testifying truthfully?

If you believe that the cooperating witness was motivated by hopes of personal gain, was the motivation one that would cause him to lie, or was it one that would cause him to tell the truth? Did this motivation color his testimony?

You also heard testimony that some of these cooperating witnesses pled guilty after entering into an agreement with the Government to testify. The Government is allowed to enter into these agreements, and it is not your concern why the Government made an agreement with a particular witness, or whether you approve or disapprove of the Government's tactics. You may, however, consider the effect, if any, that the existence or terms of the agreement may have on the witnesses' credibility.

Therefore, you must examine their testimony with caution and weigh it with great care. If, after scrutinizing their testimony, you decide to accept it, you may give it whatever weight, if any, you think that it deserves.

If you think that a cooperating witness's testimony was false, you should reject it. But if, after a cautious and careful examination of the cooperating witness's testimony, you are satisfied that the witness told the truth, you should accept it as credible and act upon

it accordingly.  As with any witness, let me emphasize that the issue of credibility need not be decided in an all-or-nothing fashion.  Even if you find that a witness testified falsely in one part, you still may accept that witness's testimony in other parts, or you may disregard all of it.  That determination is entirely up to you.

You have heard testimony that some of these cooperating witnesses pled guilty to charges arising out of the same or related facts as this case.  That evidence is before you solely to assist you in evaluating the credibility of that witness.  You are instructed that you are to draw no conclusions or inferences of any kind about the defendant's guilt from the fact that a prosecution witness pled guilty to related or similar charges.  The decision of that witness to plead guilty was a personal decision that witness made about his own guilt.  You may not use it in any way as evidence against the defendant.

You have also heard testimony in this case about how cooperating witnesses get sentenced.  The question of punishment of a cooperating witness is a duty that rests exclusively upon the sentencing court, and you should not think about that except as it may affect the witness's credibility.

<u>Authority</u>

Adapted from Charge of the Hon. Brian M. Cogan in <u>United States v. Guzman Loera</u>, 09-CR-466 (BMC); Charge of the Hon. Brian M. Cogan, <u>United States v. Nadeem</u>, 13-CR-424 (BMC).

REQUEST NO. 13

Summary of the Indictment

The defendant is charged in an Indictment, which is just a formal accusation by the Government.  The Indictment is not evidence of any kind, and it is entitled to no weight in your determination of the facts.

The Indictment in this case contains five counts or separate offenses.  I will go over them in detail but let me summarize them now.  Count One charges the defendant with engaging in a continuing criminal enterprise.  Count Two charges the defendant with international cocaine distribution conspiracy.  Count Three charges the defendant with cocaine distribution and possession conspiracy.  Count Four charges the defendant with cocaine importation conspiracy.  Count Five charges the defendant with making a false statement.

You must consider each count separately, and you must return a verdict based only upon the evidence as it relates to that specific count.  Whether you find the defendant guilty or not guilty as to one count should not affect your verdict as to any other count.

Authority

Adapted from Charge of the Hon. Brian M. Cogan in United States v. Guzman Loera, 09-CR-466 (BMC).

<u>REQUEST NO. 14</u>

<u>Dates Approximate</u>

Each of the counts in the Indictment refers to criminal offenses happening "in or about," "on or about," or "between" certain dates.  The proof does not need to establish with certainty the exact date of an alleged offense, and the Government does not have to prove that the defendant committed the acts that are charged throughout the entire period. Rather, conduct during any part of the charged time frame is sufficient.

<u>Authority</u>

Adapted from Charge of the Hon. Brian M. Cogan in <u>United States v. al Farekh</u>, 15-CR-268 (BMC).

<u>REQUEST NO. 15</u>

<u>Meaning of "And" in the Indictment</u>

Some of the counts in the Indictment accuse the defendant of committing an offense in more than one way, where the various means are joined in the Indictment by the word "and."  In these instances, it is enough for a finding of guilt if the evidence established beyond a reasonable doubt the violation of the statute by any one of the means charged.  For this reason, in certain instances my instructions will use the word "or" where the Indictment uses the word "and."  Where my instructions use the word "or," that "or" is controlling over any other phrasing that may appear in the Indictment.

<u>Authority</u>

Adapted from Charge of the Hon. Brian M. Cogan in <u>United States v. Guzman Loera,</u> 09-CR-466 (BMC); Charge of the Hon. Ann Donnelly in <u>United States v. Kelly,</u> 19-CR-286 (AMD); Charge of the Hon. Edward Korman in <u>United States v. Abboud,</u> 16-CR-396 (ERK); <u>see</u> <u>United States v. Schiff</u>, 801 F.2d 108, 114 (2d Cir. 1986); <u>United States v. McDonough</u>, 56 F.3d 381, 390 (2d Cir. 1995).

21

REQUEST NO. 16

Knowledge and Intent

Each of the charges implicates the concepts of knowledge and intent. Therefore, I will tell you up front about these concepts before addressing the charges specifically.

A defendant acts knowingly when he acts intentionally and voluntarily, and not because of ignorance, mistake, accident, or carelessness. Whether a defendant acted knowingly may be proven by his conduct and by all the facts and circumstances surrounding the case.

A defendant acts intentionally when he acts deliberately and purposefully. That is, the defendant's acts must have been the product of his conscious objective rather than the product of mistake or accident.

These issues of knowledge and intent require you to make a determination about the defendant's state of mind, something that rarely can be proved directly. A wise and careful consideration of all the circumstances of the case may, however, permit you to make such a determination as to the defendant's state of mind. Indeed, in your everyday affairs, you are frequently called upon to determine a person's state of mind from his or her words and actions in a particular circumstance. You are asked to do the same here.

In addition, a defendant may also be found to have knowledge under the conscious avoidance doctrine. Under this doctrine, a crime's knowledge element is established if you find that the defendant consciously avoided learning a given fact while aware of a high probability of its existence, unless you find that the defendant actually

22

believed the contrary.  The rationale for imputing knowledge in such circumstances is that one who deliberately avoids knowing the wrongful nature of his conduct is as culpable as one who knew.

<u>Authority</u>

Adapted from the Charge of the Hon. Brian M. Cogan in <u>United States v. Guzman Loera</u>, 09-CR-466 (BMC); Charge of the Hon. Nicholas G. Garaufis in <u>United States v. Pugh</u>, 15-CR-116 (NGG); Sand et al., <u>Modern Federal Jury Instructions</u> ("Sand"), Form Instructions 3A-1 and 3A-4; <u>see</u> <u>United States v. Ulbricht</u>, 31 F. Supp. 3d 540, 551 n.4 (S.D.N.Y. 2014); <u>United States v. Finkelstein</u>, 229 F.3d 90, 95 (2d Cir. 2000).

REQUEST NO. 17

Conspiracy

Counts Two, Three, and Four of the Indictment charge the defendant with being part of a conspiracy.

A conspiracy is a kind of criminal partnership—a combination or agreement of two or more persons to join together to accomplish some unlawful purpose. The crime of conspiracy to violate a federal law is an independent offense. It is separate and distinct from the actual violation of any specific federal laws, which the law refers to as the "substantive crime." Indeed, you may find the defendant guilty of the crime of conspiracy to commit an offense against the United States even though the substantive crime which was the object of the conspiracy was not actually committed. The crime of conspiracy is complete once the defendant enters into the unlawful agreement.

Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime even if the conspiracy is not successful. This is because collective criminal activity poses a greater threat to the public's safety and welfare than individual conduct and increases the likelihood of success of a particular criminal venture.

There are two elements that all conspiracy charges require.

First Element—The Existence of a Conspiracy

The first element that the Government must prove beyond a reasonable doubt is the existence of a conspiracy. A conspiracy is an agreement between two or more persons to accomplish some unlawful objective. The gist or essence of the conspiracy is the unlawful

24

agreement to violate the law, whether or not the participants were successful in carrying out the object of the conspiracy.

To establish the existence of a conspiracy, the Government is not required to prove that two or more persons entered into a contract, orally or in writing, stating that they have formed a conspiracy and spelling out all the details—the law does not require an express or formal agreement, or that the conspirators stated in words or in writing what the scheme was, its object or purpose, or how it was to be accomplished. It is sufficient if the proof establishes that the conspirators came to an unspoken mutual understanding to accomplish an unlawful act.

You may find that the existence of an agreement between two or more persons to commit a crime has been established by direct proof. But since a conspiracy is, by its very nature, characterized by secrecy, direct proof may not be available. Therefore, you may infer the existence of a conspiracy from the circumstances of the case and the conduct of the parties involved. In a very real sense, then, in the context of conspiracy cases, actions often speak louder than words.

In determining whether the Government has proven the existence of a conspiracy, you may consider the actions and statements of all those whom you find to be participants.

It is not necessary for the Government to prove that the ultimate objectives of the conspiracy were successfully accomplished. It is enough if the Government has proven that two or more persons in any way—expressly or impliedly—came to a common understanding to violate the law.

25

If, upon considering all the evidence, direct and circumstantial, you are satisfied beyond a reasonable doubt that at least two of the alleged conspirators agreed to work together to accomplish the object of the conspiracy charged, then the first element—the existence of the conspiracy—has been satisfied.

Second Element—Defendant's Membership in the Conspiracy

The second element that the Government must prove beyond a reasonable doubt is that the defendant knowingly and intentionally became a member of the charged conspiracy.  Essentially, the defendant must have participated in the conspiracy with knowledge of its unlawful purpose and with the specific intention of furthering one or more of its objectives.  This can be established by independent evidence of the defendant's own acts or statements, as well as those of other alleged co-conspirators, and the reasonable inferences which may be drawn from them.

An individual may become a member of a conspiracy without full knowledge of all the details of the conspiracy.  However, merely being present at a place where criminal conduct is underway or mere association with one or more members of the conspiracy does not automatically make a person a member of a conspiracy to commit a crime.  In addition, mere knowledge or acquiescence, without participation, in the unlawful plan is not sufficient. The fact that a defendant's acts, without knowledge, merely happen to further the purposes or objectives of the conspiracy does not make the defendant a member of a conspiracy.  What is required is that the defendant must have participated with knowledge of at least some of the purposes or objectives of the conspiracy, and with the intention of aiding in the accomplishment of its unlawful goal.

26

Proof of a financial interest in the outcome of a scheme is not essential to prove membership in a conspiracy. But if you find that the defendant had such an interest, that is a factor that you may properly consider in determining whether or not the defendant was a member of the charged conspiracy.

The extent of a defendant's participation in a conspiracy has no bearing on the issue of guilt. Some conspirators might play major roles. Others may play minor roles. An equal role is not what the law requires. In fact, even a single act may be sufficient to draw the defendant within the ambit of a conspiracy.

Moreover, a defendant need not have known the identities of every member of the conspiracy, nor need he have been apprised of all of their activities. He need not have been fully informed as to all of the details or scope of the conspiracy or joined all of the conspiracy's unlawful objectives.

Nor is a conspirator's liability measured by the duration of his participation in the conspiracy. The defendant need not have been a member of the conspiracy from its very start. A defendant also does not have to be a member of the conspiracy for the entire time of the conspiracy's existence. Each member of a conspiracy may perform separate and distinct acts and may perform them at different times.

In sum, the defendant, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged, advised, or assisted in it for the purpose of

furthering the illegal undertaking.  He thereby becomes a knowing and intentional participant in the unlawful agreement—that is to say, he becomes a conspirator.

<u>Authority</u>

Adapted from Charge of the Hon. Brian M. Cogan in <u>United States v. Guzman Loera</u>, 09-CR-466 (BMC); Charge of the Hon. Brian M. Cogan in <u>United States v. al Farekh</u>, 15-CR-268 (BMC); Charge of the Hon. P. Kevin Castel in <u>United States v. Hernandez</u>, 15-CR-379 (PKC) (S.D.N.Y.).

<u>REQUEST NO. 18</u>

<u>Counts Two through Four: Conspiracy</u>

Counts Two, Three, and Four of the Indictment charge the defendant with

conspiring to commit a federal narcotics offense.  While each of these counts is a conspiracy

count, Counts Two, Three, and Four each charge a different federal narcotics offense as the

object of the conspiracy.  These counts read in relevant part:

> In or about and between January 2001 and the present, both
> dates being approximate and inclusive, within [the locations set
> forth below], the defendant Genaro Garcia Luna, together with
> others, did knowingly and intentionally conspire to [commit the
> federal narcotics offense set forth below], which offense
> involved a substance containing cocaine, a Schedule II
> controlled substance . . . .  The amount of cocaine involved in
> the conspiracy attributable to the defendant as a result of his
> own conduct, and the conduct of other conspirators reasonably
> foreseeable to him, was five kilograms or more of a substance
> containing cocaine.

| **Count** | **Locations** | **Object of Conspiracy** |
|---|---|---|
| Count Two | the extraterritorial jurisdiction of the United States[, the Eastern District of New York, and elsewhere] | distribute a controlled substance, intending, knowing and having reasonable cause to believe that such substance would be unlawfully imported into the United States from a place outside thereof |
| Count Three | the Eastern District of New York and elsewhere | distribute and possess with intent to distribute one or more controlled substances |
| Count Four | the Eastern District of New York and elsewhere | import a controlled substance into the United States from a place outside thereof |

It is not necessary for the defendant to have been the owner of, or responsible

for, the controlled substances involved in the charged conspiracy.  Other individuals or

organizations may be the owners of, or responsible for, the narcotics, but the defendant may nonetheless be guilty of conspiring to distribute, possess, or import the narcotics if the government proves the elements set forth below.

I will address each of these Counts in turn.

Count Two

Count Two of the Indictment charges the defendant with conspiring to distribute a controlled substance, intending, knowing and having reasonable cause to believe that such substance would be unlawfully imported into the United States.

The statutes relevant to Count Two are Sections 959(a) and 963 of Title 21 of the United States Code, which read in relevant part:

> It shall be unlawful for any person to . . . distribute a controlled substance in schedule [II] . . . intending, knowing, or having reasonable cause to believe that such substance . . . will be unlawfully imported into the United States or into waters within a distance of 12 miles of the coast of the United States.
>
> Any person who . . . conspires to commit [this] offense [is guilty of a crime].

To prove that the defendant committed the crime charged in Count Two, the Government must establish each of the following elements beyond a reasonable doubt:

First, that a conspiracy to distribute a controlled substance, with the intention, knowledge, or reasonable cause to believe that the substance would be unlawfully imported into the United States, existed;

Second, that the defendant knowingly and intentionally became a member of that conspiracy.

30

I have already instructed you on the law of conspiracy, and you should apply those instructions here. I instruct you that cocaine is a controlled substance. The purity of the narcotics involved is not an element of the crime charged, so you need not be concerned with the purity of the cocaine; any mixture or substance containing a detectable amount of cocaine is sufficient. Also, the Government does not need to prove that the defendant knew the exact nature of the controlled substances involved; it is sufficient if the Government proves that the defendant knew that some kind of controlled substance was involved.

The word "distribute" means the actual, constructive, or attempted transfer of a controlled substance. Simply stated, to distribute means to deliver, to pass on, to hand over something to another person, or to cause it to be delivered, passed on, or handed over to another person. For example, if A tells or orders B to hand over the drugs to C, then A has caused the drugs to be handed over, and therefore has distributed them. Distribution does not require a sale, but it includes sales.

I remind you that the defendant is not charged in Count Two with actually committing the unlawful act of distributing a controlled substance, and the Government does not need to prove that the defendant or any co-conspirator actually distributed a controlled substance. Rather, Count Two charges the defendant with being part of a conspiracy to distribute a controlled substance as described.

<u>Count Three</u>

Count Three of the Indictment charges the defendant with conspiring to distribute and possess with intent to distribute one or more controlled substances.

The statutes relevant to Count Three are Sections 841(a) and 846 of Title 21 of the United States Code, which read in relevant part:

> [I]t shall be unlawful for any person knowingly or intentionally
> . . . to . . . distribute . . . or possess with intent to . . . distribute
> . . . a controlled substance[.]
>
> Any person who . . . conspires to commit [this] offense [is guilty
> of a crime].

To prove that the defendant committed the crime charged in Count Three, the Government must establish each of the following elements beyond a reasonable doubt:

First, that a conspiracy to distribute, or possess with intent to distribute, a controlled substance, existed;

Second, that the defendant knowingly and intentionally became a member of that conspiracy.

I have already instructed you on the law of conspiracy, and you should apply those instructions here.  As with Count Two, I instruct you that cocaine is a controlled substance; and the purity of the narcotics involved is not an element of the crime charged, so you need not be concerned with the purity of the cocaine.  Also, the Government does not need to prove that the defendant knew the exact nature of the controlled substances involved; it is sufficient if the Government proves that the defendant knew that some kind of controlled substance was involved.

I have already instructed you on the meaning of the term "distribute."  I will now provide you with a definition of "possess."  The word possession as it is used in the law encompasses two kinds of possession: actual possession and constructive possession.  A person who knowingly has direct physical control over a thing at a given time is then in

32

actual possession of it.  A person who, although not in actual possession, knowingly has both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons, is in constructive possession of it.

More than one person can have control over the same narcotics.  The law recognizes that possession may be sole or joint.  In addition, to "possess" a substance, a person need not own it.  The person may be possessing it for someone else.

Possession with intent to distribute simply means the possession of a controlled substance with the intention or purpose to distribute it to another person or persons.

It is sufficient for the Government to prove only one of the objects of this conspiracy—either (i) distribution or (ii) possession with the intent to distribute.  The Government need not prove both.  But you must be unanimous as to which of these objects (distribution, possession with intent to distribute, or both) the conspiracy had.

I remind you that the defendant is not charged in Count Three with actually committing the unlawful act of distributing or possessing a controlled substance, and the Government does not need to prove that the defendant or any co-conspirator actually distributed or possessed a controlled substance.  Rather, Count Three charges the defendant with being part of a conspiracy to distribute or possess a controlled substance as described.

<u>Count Four</u>

Count Four of the Indictment charges the defendant with conspiring to import a controlled substance into the United States.

33

The statutes relevant to Count Four are Sections 952(a) and 963 of Title 21 of the United States Code, which read in relevant part:

> It shall be unlawful . . . to import into the United States from any place outside thereof, any controlled substance in schedule [II] . . . .
>
> Any person who . . . conspires to commit [this] offense [is guilty of a crime].

To prove that the defendant committed the crime charged in Count Four, the Government must establish each of the following elements beyond a reasonable doubt:

First, that a conspiracy to import a controlled substance into the United States from a place outside thereof existed;

Second, that the defendant knowingly and intentionally became a member of that conspiracy.

I have already instructed you on the law of conspiracy, and you should apply those instructions here.  As with Counts Two and Three, I instruct you that cocaine is a controlled substance; and the purity of the narcotics involved is not an element of the crime charged, so you need not be concerned with the purity of the cocaine.  Also, the Government does not need to prove that the defendant knew the exact nature of the controlled substances involved; it is sufficient if the Government proves that the defendant knew that some kind of controlled substance was involved.

The word "import" means to bring or transport a substance into the United States from some place outside the United States.

I remind you that the defendant is not charged in Count Four with actually committing the unlawful act of importing a controlled substance, and the Government does

34

not need to prove that the defendant or any co-conspirator actually imported a controlled substance.  Rather, Count Four charges the defendant with being part of a conspiracy to import a controlled substance as described.

<u>Counts Two through Four: Amount and Type of Drugs</u>

If you find the defendant guilty on Counts Two, Three, or Four, then there is one more issue that you must decide for that count.  You must determine whether the Government has also proven beyond a reasonable doubt that the conspiracy involved five kilograms or more of mixtures or substances containing a detectable amount of cocaine.  You will see this additional question on the verdict sheet.

In making your determination about quantity, you should include whatever quantity of cocaine is attributable to the defendant as a result of his own conduct or the conduct of other conspirators reasonably foreseeable to him.  If you find that the defendant personally or directly participated in a jointly undertaken drug transaction, he is responsible for the full quantity of the drugs involved in that transaction.  You should also include any other quantity of cocaine involved so long as that quantity was either known to the defendant or reasonably foreseeable to him and within the scope of the conspiracy.  Reasonably foreseeable means that the defendant could have reasonably anticipated the type and quantity of drugs in the conspiracy.

<u>Authority</u>

Adapted from Charge of the Hon. Brian M. Cogan in <u>United States v. Guzman Loera</u>, 09-CR-466 (BMC); Charge of the Hon. Brian M. Cogan in <u>United States v. al Farekh</u>, 15-CR-268 (BMC); Charge of the Hon. P. Kevin Castel in <u>United States v. Hernandez</u>, 15-CR-379 (PKC) (S.D.N.Y.).

<u>REQUEST NO. 19</u>

<u>Count One: Engaging in a Continuing Criminal Enterprise</u>

Count One of the Indictment charges the defendant with engaging in a

continuing criminal enterprise.  It reads in relevant part:

> In or about and between January 2001 and the present, both
> dates being approximate and inclusive, within the Eastern
> District of New York and elsewhere, the defendant Genaro
> Garcia Luna, together with others, did knowingly and
> intentionally engage in a continuing criminal enterprise, in that
> the defendant Genaro Garcia Luna committed violations of Title
> 21, United States Code, Sections 841, 846, 959, 960 and 963,
> including Counts Two through Four and Violations One through
> Six set forth below, which violations were part of a continuing
> series of violations of those statutes undertaken by the defendant
> Genaro Garcia Luna, in concert with five or more other persons,
> with respect to whom the defendant Genaro Garcia Luna
> occupied supervisory and management positions, and from
> which continuing series of violations the defendant Genaro
> Garcia Luna obtained substantial income and resources.  The
> continuing series of violations, as defined by Title 21, United
> States Code, Section 848(c), includes, but is not limited to, the
> violations charged in Counts Two through Four and the
> following violations set forth below:

> - Violation One charges the defendant with international
>   cocaine distribution of approximately 5,000 kilograms of
>   cocaine on or about September 13, 2008.

> - Violation Two charges the defendant with international
>   cocaine distribution of approximately 23,000 kilograms
>   of cocaine on or about October 30, 2007.

> - Violation Three charges the defendant with international
>   cocaine distribution of approximately 19,000 kilograms
>   of cocaine on or about March 18, 2007.

> - Violation Four charges the defendant with cocaine
>   distribution of approximately 1,997 kilograms of cocaine
>   on or about January 28, 2003.

- Violation Five charges the defendant with cocaine distribution of approximately 1,925 kilograms of cocaine on or about August 16, 2002.

- Violation Six charges the defendant with cocaine distribution of approximately 1,923 kilograms of cocaine on or about May 24, 2002.

The statutes relevant to Count One are Sections 848(a) and 848(c) of Title 21 of the United States Code, which read in relevant part:

> Any person who engages in a continuing criminal enterprise . . . [whereby] he violates [the federal narcotics laws by committing] a felony, and [] such violation is a part of a continuing series of violations of [the federal narcotics laws] . . . which are undertaken by such person in concert with five or more other persons with respect to whom such person occupies a . . . a supervisory position, or any other position of management, and [] from which such person obtains substantial income or resources [is guilty of a crime].

To prove that the defendant committed the crime charged in Count One, the Government must establish each of the following elements beyond a reasonable doubt:

First, that the defendant committed at least one felony violation of the federal narcotics laws;

Second, that this offense was part of a series of three or more offenses committed by the defendant in violation of federal narcotics laws;

Third, that the defendant committed the offenses in this series of violations in concert with five or more persons;

Fourth, that the defendant occupied a position of supervisor or manager with respect to these five or more persons; and

37

<u>Fifth</u>, that the defendant obtained substantial income or resources from the series of violations of federal drug laws.

<u>First Element—Defendant Committed a Felony Drug Offense</u>

The first element that the Government must prove beyond a reasonable doubt is that the defendant committed at least one felony drug offense.  Here, the Government has alleged that the defendant committed nine separate felony drug offenses: the three conspiracy offenses charged in Counts Two, Three, and Four, and the six violations set forth in Count One, which I just listed for you.  To satisfy the first element of Count One, the Government must establish beyond a reasonable doubt that the defendant committed one of these nine felony drug offenses.

I have already instructed you on the elements of Counts Two through Four.  I instruct you that if you find the defendant guilty on Counts, Two, Three, or Four, then you should find that the first element of the continuing criminal enterprise charge has also been satisfied.

I will now instruct you on the six violations set forth in Count One.  The Government has charged the defendant with committing these violations under three alternative theories: liability as a principal, aiding and abetting liability, and co-conspirator liability.  If you find that the Government proved beyond a reasonable doubt that the defendant committed a violation under one of these theories, you need not consider the alternatives.  But if you find that the Government did not prove beyond a reasonable doubt that the defendant committed the violation under one theory, you must consider each alternative.  I remind you that the Government need prove only one of these three

alternatives for you to find that the defendant committed the violation under consideration; the Government need not prove all three.

<u>Liability as a Principal</u>

The first theory under which the Government can prove that the defendant committed the offenses charged in Violations One Through Six is liability as a principal. Each of the six violations falls into one of two categories of offenses: (1) Violations One through Three allege distribution of a controlled substance intending and knowing that such substance would be unlawfully imported into the United States; and (2) Violations Four through Six allege distribution and possession with intent to distribute a controlled substance.

To prove that the defendant committed the offenses charged in Violations One through Three, the Government must establish each of the following elements beyond a reasonable doubt:

<u>First</u>, that the defendant intentionally distributed narcotic drugs. I have already instructed you on the meaning of "intentionally" and "distribute," and you should apply those definitions here. In addition, the Government must prove beyond a reasonable doubt that the material distributed was, in fact, cocaine. The Government may prove this either through direct or circumstantial evidence. An example of direct evidence is the testimony of a chemist who has done a chemical analysis of the material. Circumstantial evidence would be evidence from which you could infer that the material was cocaine, such as testimony concerning the names used by the defendant to refer to the material or testimony about the material's appearance. Whether the Government relies on direct or circumstantial evidence to prove that the material in issue was cocaine, it must prove so

beyond a reasonable doubt.  The purity of the cocaine involved is not an element of the crime charged, so you need not be concerned with the purity of the cocaine; any mixture or substance containing a detectable amount of cocaine is sufficient.  In addition, the Government need not prove the precise quantity of cocaine charged in the violation.

Second, that the defendant knew that the substance being distributed was a narcotic.  I have already instructed you on the meaning of "knowingly," and you should apply that definition here.  The Government must prove that the defendant knew that it was narcotics being distributed, and that this was not due to carelessness, negligence, or mistake.  Although the Government must prove that the defendant knew that it was narcotics being distributed, the Government does not have to prove that the defendant knew the exact nature of the drugs involved.  It is enough that the Government proves that the defendant knew that it was some kind of narcotic.

Third, that the defendant knew that the substance distributed was to be illegally imported into the United States.  I have already instructed you on the meaning of "knowingly," and you should apply that definition here.  The Government must prove that the defendant knew that the drugs were intended to enter the United States from outside the United States and that this did not occur by accident or mistake.

To prove that the defendant committed the offenses charged in Violations Four through Six, the Government must prove either distribution or possession with intent to distribute—the Government need not prove both.  For distribution, the Government must establish each of the following elements beyond a reasonable doubt:

First, that the defendant distributed narcotic drugs. I have already instructed you on the meaning of "distribute" and you should apply that definition here. In addition, the Government must prove beyond a reasonable doubt that the material distributed was, in fact, cocaine, and may do so in the manner I have already explained. The purity of the cocaine involved is not an element of the crime charged, so you need not be concerned with the purity of the cocaine; any mixture or substance containing a detectable amount of cocaine is sufficient. In addition, the Government need not prove the precise quantity of cocaine charged in the violation.

Second, that the defendant distributed the narcotic drugs knowingly. I have already instructed you on the meaning of "knowingly," and you should apply that definition here. The Government does not have to prove that the defendant knew the exact nature of the drugs involved. It is enough that the Government proves that the defendant knew that he possessed some kind of narcotic.

For possession with intent to distribute, the Government must establish each of the following elements beyond a reasonable doubt:

First, that the defendant possessed narcotic drugs. I have already instructed you on the meaning of "possess" and you should apply that definition here. In addition, the Government must prove beyond a reasonable doubt that the material possessed was, in fact, cocaine, and may do so in the manner I have already explained. The purity of the cocaine involved is not an element of the crime charged, so you need not be concerned with the purity of the cocaine; any mixture or substance containing a detectable amount of cocaine is

sufficient.  In addition, the Government need not prove the precise quantity of cocaine charged in the violation.

Second, that the defendant knew that he possessed narcotic drugs.  To establish the second element, the Government must prove that the defendant knew that he possessed narcotic drugs, and that this possession was not due to carelessness, negligence, or mistake.  The Government does not have to prove that the defendant knew the exact nature of the drugs involved.  It is enough that the Government proves that the defendant knew that he possessed some kind of narcotic.

Third, that the defendant possessed the narcotic drugs with the intent to distribute them.  I have already instructed you on the meaning of "intentionally" and "distribute," and you should apply those definitions here.

Aiding and Abetting Liability

"Aiding and abetting" is an alternate legal theory under which the Government can prove the defendant guilty of the violations listed in Count One.  The "aiding and abetting" statute is Section 2 of Title 18 of the United States Code, which provides, in relevant part: "Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission is punishable as a principal."

Under the aiding and abetting statute, it is not necessary for the Government to show that a defendant himself physically committed the crime charged in the violation in order for the Government to sustain its burden of proof.  This is so because, under the law, a person who aids or abets another to commit an offense is just as guilty of that offense as if he committed it himself.

42

Accordingly, you may find the defendant guilty of the offense charged if you find that the Government has proven beyond a reasonable doubt that another person committed the offense and the defendant aided or abetted that person in the commission of the offense.

To find the defendant guilty of aiding and abetting a crime, you must first find that another person committed that crime.  Obviously, no one can be convicted of aiding or abetting the criminal acts of another if no crime was committed by the other person in the first place.  But if you do find that a crime was committed, then you must determine whether the defendant aided or abetted the commission of that crime.

To aid or abet another to commit a crime, the defendant must do two things. First, he must knowingly associate himself in some way with the crime, and second, he must participate in the crime by doing some act—or failing to do some act—in order to help make the crime succeed.  To establish that the defendant knowingly associated himself with the crime, the Government must establish that the defendant acted knowingly and intentionally. I have already instructed you on the meaning of these terms.  The defendant need not know all the details of the crime, if the evidence shows that he joined the criminal venture and attempted to further it.  You may infer that a defendant intends the ordinary consequences of his actions.

To establish that the defendant participated in the commission of the crime, the Government must prove that the defendant engaged in some affirmative conduct or overt act—or failure to act in a way that the law required him to act— for the specific purpose of bringing about the crime.  A person takes an affirmative act in furtherance of an offense if he

43

facilitates, that is, if he acts to help or assist or make possible any part, though not necessarily every part, of the crime.  An affirmative act includes all assistance rendered by words, acts, encouragement, support, or presence.  Thus, for example, the offense of aiding and abetting the possession of a controlled substance with intent to distribute it does not require the defendant's actual or constructive possession of the drugs; it merely requires the defendant's association and participation with the venture in a way calculated to bring about that venture's success.

The defendant's mere presence where a crime is being committed, even coupled with the defendant's knowledge that a crime is being committed, is not sufficient to establish aiding and abetting.  Neither is merely associating with others who were committing a crime, or inadvertently doing something that aids in the commission of that crime without any knowledge that a crime is being committed or is about to be committed.  An aider and abettor must know that the crime is being committed and must act in a way that is intended to bring about the success of the criminal venture.

To determine whether the defendant aided or abetted the commission of a crime, ask yourself these questions:  Did the defendant participate in the crime charged as something he wished to bring about?  Did he knowingly associate himself with the criminal venture?  Did he seek by his actions to make the criminal venture succeed?  If he did, then the defendant is an aider and abettor, and therefore guilty of the offense.

Co-Conspirator Liability

There is one additional theory by which you must evaluate the possible guilt of the defendant of the violations listed in Count One.  Even if you do not find the Government

44

has proven beyond a reasonable doubt the defendant's personal participation in the offenses charged, and the defendant's aiding and abetting the offenses charged, you must evaluate the defendant's possible guilt on the basis of what is called co-conspirator liability.

If you find beyond a reasonable doubt that the defendant was a member of one of the conspiracies charged in Counts Two through Four, then you may, but are not required to, find that he committed Violations One through Six, provided that you find beyond a reasonable doubt each of the following five elements as to the violation you are considering:

First, that the crime alleged in the violation was committed;

Second, that the person or persons who committed that crime were members of the conspiracy you found to have existed in Counts Two through Four;

Third, that the crime was committed pursuant to a common plan and understanding that you found to exist among the conspirators;

Fourth, that the defendant was a member of that conspiracy at the time that the crime alleged in the violation was committed; and

Fifth, that the defendant could have reasonably foreseen that the crime might be committed by his co-conspirators.  An offense by a co-conspirator is deemed to be reasonably foreseeable if it is a necessary or natural consequence of the unlawful agreement.

If you find that the Government has proven all five of these elements beyond a reasonable doubt, then you may find that the defendant committed the violation you are considering even if the defendant did not personally participate in the acts constituting the crime and even if he did not have actual knowledge of it.

The reason for this rule is simply that a co-conspirator who commits a substantive crime pursuant to a conspiracy is deemed to be the agent of the other conspirators.  Therefore, all of the co-conspirators must bear criminal responsibility for the substantive crimes committed by the conspiracy's members.

If, however, you are not satisfied as to the existence of any of these five elements, then you may not find the defendant guilty of the substantive crime charged in the violation unless the Government proves, beyond a reasonable doubt, that the defendant personally committed, or aided and abetted the commission of, that crime.

Second Element—Continuing Series of Violations

The second element that the Government must prove beyond a reasonable doubt is that the violation the Government established in the first element was one of a continuing series of violations of the federal drug laws.  A continuing series of violations is defined as three or more violations of the federal drug laws committed over a definite period of time and related to each other in some way, as distinguished from isolated or disconnected acts.  I remind you that, here, the Government has alleged that the defendant committed nine separate felony drug offenses: the three conspiracy offenses charged in Counts Two, Three, and Four, and the six violations set forth in Count One.  If you find three or more of these nine offenses proven as part of a continuing series, this element is met.

The verdict form I will give you will list each of the alleged violations of federal drug laws alleged by the Government that you may consider in determining whether the Government has proven a continuing series of violations.  You must consider the evidence separately with regard to each and render separate verdicts as to whether the

46

Government has proven each alleged violation beyond a reasonable doubt. To find the defendant guilty, you must unanimously agree on which three specific offenses constitute the continuing series of violations.

Third Element—Five or More Persons

The third element that the Government must prove beyond a reasonable doubt is that the defendant committed the continuing series of violations in concert with five or more persons. These persons do not have to be named in the Indictment. They could be anyone who you find, beyond a reasonable doubt, were persons with whom the defendant committed the violations.

You do not have to find that the five or more persons acted together at the same time, or that the defendant personally dealt with them together. You also do not have to find that the defendant had the same relationship with each of them. The Government must, however, prove beyond a reasonable doubt that the defendant and at least five other persons were part of an agreement or joint action to commit the continuing series of violations of the federal drug laws. It is not necessary that you identify each of these five persons by their first and last names. Identifying them by their first names or street names is sufficient, as long as you determine that they are, in fact, five separate persons. You must unanimously agree on which five or more people the defendant committed the violations with.

Fourth Element—Defendant was a Supervisor or Manager

The fourth element that the Government must prove beyond a reasonable doubt is that the defendant occupied the position of supervisor or manager with respect to

47

these five or more persons.  In considering whether the defendant occupied such a position, you should give the words "supervisor or manager" their ordinary, everyday meaning.  The continuing criminal enterprise law distinguishes between what amounts to employees of the enterprise and those who conceive of and coordinate the enterprise's activities.  The Government does not need to prove that the defendant was the sole ringleader of the enterprise.  An enterprise may have more than one organizer or ringleader.  The Government meets its burden on this element if it proves beyond a reasonable doubt that the defendant exercised supervisory or managerial responsibilities over the five or more persons.  The Government need not prove that the same type of superior subordinate relationship existed between the defendant and each of the people he allegedly supervised or managed.

Fifth Element—Substantial Income or Resources

The fifth element that the Government must prove beyond a reasonable doubt is that the defendant derived substantial income or resources from this continuing series of federal drug law violations.  The law does not set forth the minimum amount of money required to constitute substantial income, but it clearly intends to exclude trivial amounts derived from occasional narcotics sales.  If you determine that the defendant received only small sums of money or other insignificant gain from drug related activity, you must find him not guilty of Count One.

<u>Authority</u>

Adapted from Charge of the Hon. Brian M. Cogan in United States v. Guzman Loera, 09-CR-466 (BMC); Charge of the Hon. Brian M. Cogan in United States v. al-Farekh, 15-CR-268 (BMC); see United States v. Best, 219 F.3d 192, 199-200 (2d Cir. 2000) (failure to act); United States v. Heras, 609 F.3d 101, 108 (2d Cir. 2010) (ordinary consequences presumption).

<u>REQUEST NO. 20</u>

<u>Count Five: Making a False Statement</u>

Count Five of the Indictment charges the defendant with making a false

statement.  This count reads as follows:

> On or about June 1, 2018, within the Eastern District of New
> York and elsewhere, the defendant Genaro Garcia Luna did
> knowingly and [willfully] make one or more materially false,
> fictitious and fraudulent statements and representations, in a
> matter within the jurisdiction of the executive branch of the
> Government of the United States, to wit: a statement to the
> United States Customs and Immigration Services ("USCIS"), in
> that the defendant falsely stated and represented to USCIS that
> he had never committed, assisted in committing and attempted
> to commit a crime or offense for which he had not been arrested,
> when, in fact, the defendant then and there knew and believed
> he had committed, assisted in committing and attempted to
> commit crimes and offenses for which he had not been arrested.

The statute relevant to Count Five is Section 1001(a)(2) of Title 18 of the

United States Code, which reads in relevant part:

> [W]hoever, in any matter within the jurisdiction of the
> executive, legislative, or judicial branch of the Government of
> the United States, knowingly and willfully . . . makes any
> materially false, fictitious, or fraudulent statement or
> representation [is guilty of a crime].

The purpose of Section 1001 is to protect the authorized functions of

governmental departments from any type of misleading or deceptive practice and from the

adverse consequences that might result from such deceptive practices.  To establish a

violation of Section 1001, it is necessary for the Government to prove certain elements—

which I will soon explain to you—beyond a reasonable doubt.  However, I want to point out

now that it is not necessary for the Government to prove that the government agency was, in

fact, misled as a result of the defendant's action.  It does not matter that the agency was not

misled, or even that the agency knew that the defendant's statement was false or misleading,

should you find that a false statement was made.  These circumstances would not excuse or

justify a false, fictitious, or fraudulent statement made willfully and knowingly about a

matter within the jurisdiction of the government of the United States.

To prove that the defendant committed the crime charged in Count Five, the

Government must establish each of the following elements beyond a reasonable doubt:

First, that on or about the date specified, the defendant made a statement or

representation, or caused a statement or representation to be made;

Second, that the statement or representation was material;

Third, that the statement or representation was false, fictitious, or fraudulent;

Fourth, that the false, fictitious, or fraudulent statement or representation was

made knowingly and willfully;

Fifth, that the statement or representation was made with respect to a matter

within the jurisdiction of the government of the United States.

First Element—Statement or Representation

The first element that the Government must prove beyond a reasonable doubt

is that the defendant made a statement or representation.  The Government need not prove

that the defendant physically made or otherwise personally prepared the statement in

question.  It is sufficient if the defendant caused the statement charged in the Indictment to

have been made.  There is also no requirement that the statement be lengthy—a simple "no"

in response to a question is sufficient under the law to constitute a statement or representation.

<u>Second Element—Materiality</u>

The second element that the Government must prove beyond a reasonable doubt is that the defendant's statement or representation was material. A statement is material if it is capable of influencing the government's decisions or activities. However, proof of actual reliance on the statement by the government is not required. It is possible for a false statement to be material even if the government knew at the time that it reviewed the statement that the statement was false, so long as the statement was capable of influencing the government's decisions or activities. A simple denial of guilt can be capable of influencing the government's decisions or activities.

<u>Third Element—False, Fictitious, or Fraudulent Statement</u>

The third element that the Government must prove beyond a reasonable doubt is that the statement or representation was false, fictitious, or fraudulent. A statement is false or fictitious if it was untrue when made and known at the time to be untrue by the person making it or causing it to be made. A statement or representation is fraudulent if it was untrue when made and was made or caused to be made with the intent to deceive the government agency to which it was submitted.

<u>Fourth Element—Knowing and Willful Conduct</u>

The fourth element that the Government must prove beyond a reasonable doubt is that the defendant acted knowingly and willfully. I have already instructed you on the meaning of the term "knowingly," and you should apply that instruction here. A person

51

acts willfully if he acts knowingly and purposefully with an intent to do something that the law forbids; that is, with the bad purpose to disobey or disregard the law. A defendant's conduct was not willful if it was due to negligence, inadvertence, or mistake.

Fifth Element—Matter Within the Jurisdiction of the U.S. Government

The fifth element that the Government must prove beyond a reasonable doubt is that the statement or representation was made with regard to a matter within the jurisdiction of the government of the United States. To be within the jurisdiction of a department or agency of the United States government means that the statement must concern an authorized function of that department or agency. I instruct you that U.S. Citizenship and Immigration Services, or "USCIS," is a part of the U.S. Department of Homeland Security, which is a department or agency of the United States government. I further instruct you that one of the authorized functions of the Department of Homeland Security is to review, evaluate, and adjudicate applications for citizenship and to investigate violations of federal criminal law.

It is not necessary for the Government to prove that the defendant had actual knowledge that the false statement was to be utilized in a manner that was within the jurisdiction of the government of the United States. It is sufficient to satisfy this element if

you find that the false statement was, in fact, made with regard to a matter within the

jurisdiction of the government of the United States.

<u>Authority</u>

Adapted from Charge of the Hon. Brian M. Cogan in <u>United States v. Barrack</u>, 21-CR-371 (BMC); Charge of the Hon. William F. Kuntz II in <u>United States v. Elder</u>, 18-CR-092 (WFK); Sand, Form Instruction 36-2; <u>see</u> <u>Brogan v. United States</u>, 522 U.S. 398, 400-01 (1998) (eliminating "exculpatory no" doctrine).

<u>CONCLUSION</u>

The government respectfully requests that the Court include the foregoing in its instructions to the jury.

Dated: Brooklyn, New York
      January 3, 2023

Respectfully submitted,

BREON PEACE
United States Attorney

By:   _____/s/_____
      Saritha Komatireddy
      Erin M. Reid
      Philip Pilmar
      Marietou E. Diouf
      Adam Amir
      Assistant United States Attorneys