1

```
 1   UNITED STATES DISTRICT COURT
     EASTERN DISTRICT OF NEW YORK
 2   ------------------------------x
                                           19-CR-576(BMC)
 3   UNITED STATES OF AMERICA,
                                           United States Courthouse
 4                                         Brooklyn, New York

 5        -versus-                         October 07, 2020
                                           9:00 a.m.
 6   GENARO GARCIA LUNA,

 7             Defendant.

 8   ------------------------------x

 9        TRANSCRIPT OF CRIMINAL CAUSE FOR STATUS CONFERENCE
               BEFORE THE HONORABLE BRIAN M. COGAN
10                  UNITED STATES DISTRICT JUDGE

11   APPEARANCES

12   For the Government:      UNITED STATES ATTORNEY'S OFFICE
                              Eastern District of New York
13                            271 Cadman Plaza East
                              Brooklyn, New York 11201
14                            BY:  MICHAEL ROBOTTI, ESQ.
                                   RYAN HARRIS, ESQ.
15                                 ERIN REID, ESQ.
                              Assistant United States Attorneys
16
     For the Defendant:       BY:  CESAR DECASTRO, ESQ.
17

18   Court Reporter:          Rivka Teich, CSR, RPR, RMR, FCRR
                              Phone:  718-613-2268
19                            Email:  RivkaTeich@gmail.com

20   Proceedings recorded by mechanical stenography.  Transcript
     produced by computer-aided transcription.
21

22

23

24

25

                       Rivka Teich CSR RPR RMR FCRR
                          Official Court Reporter
```

2

STATUS CONFERENCE

1                    (Video Conference.)

2              THE COURTROOM DEPUTY:  United States V. Luna, docket
3     19-CR-576.
4              Counsel state your appearances starting with the
5     Government.
6              MR. ROBOTTI:  Good morning, your Honor.  Mike
7     Robotti Ryan Harris and Erin Reid for the United States.
8              THE COURT:  Okay.  For the defense?
9              MR. DE CASTRO:  Good morning, your Honor.  Cesar De
10    Castro and Valerie Gottlieb for defendant Luna appearing via
11    video.
12             THE COURT:  All right.  Anyone else need to note an
13    appearance?
14             I'll note the defendant is here, he's being assisted
15    by an interpreter who is on the phone.
16             I seem to be hearing someone speaking Spanish other
17    than the interpreter.  What is with that?  Maybe it's just an
18    echo on the interpreter.  If anyone is listening, they are to
19    mute their audio on their computer or the phone.
20             Okay, we are here for an arraignment and status
21    conference.  The arraignment is on a superseding -- Mr. Luna
22    if you don't understand something that I say, just raise your
23    hand to let me know and I'll rephrase it.
24             THE DEFENDANT:  Thank you.
25             THE COURT:  You're here because the Grand Jury has

STATUS CONFERENCE

1   returned a superseding Indictment charging you with a number
2   of crimes.  The Superseding Indictment contains five counts,
3   all alleging a crime that you were alleged to have engaged in
4   between 2001 and the present.
5            Before I ask you, let me ask you -- is there someone
6   speaking Spanish?
7            THE INTERPRETER:  I cannot hear what is being said.
8   I ask that people who are listening to mute their phones.
9            THE COURT:  I just said that to my deputy clerk.
10           Can they be muted, Ms. Clarke.
11           COURTROOM DEPUTY:  Yes, Judge.
12           THE INTERPRETER:  There are people speaking Spanish
13  and it is not the defendant.
14           THE COURT:  I know that, I hear Mexican reporters.
15  That's what I hear and I don't want to hear it.  If they are
16  not muted, I will have to clear the video call.
17           Ms. Clarke, can you mute everyone but me?
18           COURTROOM DEPUTY:  One moment, Judge.
19           THE COURT:  Melanie, I can't hear you, your mic is
20  off.
21           COURTROOM DEPUTY:  Judge, I'm muting it.
22           THE COURT:  We'll standby for a moment to mute the
23  people who are speaking Spanish.
24           I've asked the Mexican press repeatedly to stop
25  speaking in a way that can be heard on the phone.  It's

1  interrupting the conference.  If I can't continue -- now I'm
2  hearing cropping by the press -- if I cannot continue I will
3  stop this call and reconvene it at a later time.  I'm going to
4  ask the Mexican participants to, please once again, silence
5  your mic, turn it on mute.
6          THE INTERPRETER:  He's --
7          THE COURT:  Say that again?
8          THE INTERPRETER:  A male said, he's scolding us.
9          THE COURT:  Well, that's fine for that person to say
10 that, but I don't want to hear it.
11         My request to have those people who are supposed to
12 be listening on the call turn off their mic has not been
13 complied with.  I'm going to adjourn this conference and we'll
14 find a different way to hold it.  The time will be set
15 subsequently.
16         For now unless defense counsel or the prosecutor --
17 it will not go forward.  We will notify you of the time, the
18 conference will be continued.  Thank you.
19         (Proceeding adjourned.)
20         (Proceeding reconvening.)
21         THE COURT:  We will continue with the arraignment
22 and status conference.
23         I do want to note that while I think the press is
24 still listening to the call and we cannot hear them.  I want
25 to advise them, under the rules of this Court and of the

STATUS CONFERENCE

1   United States, they are prohibited from photographing,
2   recording or rebroadcasting court proceedings.  Violation of
3   that prohibition may result in sanctions, including removal of
4   court-issued media credentials, restricted entry for future
5   hearings, and denial of entry to future hearings, or any other
6   sanctions that the Court deems necessary.
7              Now, picking up where we were before.
8              MR. ROBOTTI:  Judge, just one preliminary matter, a
9   request, could we confirm the defendant's consent to have his
10  arraignment conducted by video under Rule 10?
11             THE COURT:  First I will hear from defense counsel
12  as to whether there is that consent, Mr. De Castro?
13             MR. DE CASTRO:  Yes, Judge, there is that consent.
14  I've spoken to Mr. Garcia Luna about appearing via video
15  conference for this proceeding.
16             THE COURT:  Mr. Garcia Luna, is that correct, do you
17  consent to doing this proceeding by video?
18             THE DEFENDANT:  Yes, sir.
19             THE COURT:  Mr. Robotti, do you think I need to make
20  a finding under the CARES Act?
21             MR. ROBOTTI:  No, your Honor.  I think this is just
22  a Rule 10(c) matter, so that is sufficient.
23             THE COURT:  Mr. Garcia Luna, as I was saying before,
24  the Superseding Indictment here contains five counts, all
25  alleging that you committed crimes between 2001 and the

1    present.  I'm going to summarize each count for you.

2              Count One accuses you of being in a continuing

3    criminal enterprise.  Specifically it alleges that you

4    committed six violations of law, which I'll go through with

5    you, that you committed those violations with five or more

6    people, that you supervised or managed those people, and that

7    you obtained substantial income from doing that.

8              Under Count One, the first three violations of law

9    with which you are charged allege that you worked with others

10   in obtaining cocaine from outside the United States and

11   distributing it within the United States.

12             MR. DE CASTRO:  I'm sorry to interrupt.  I note the

13   court reporter dropped off the screen.  I'm not sure if she is

14   present or not.

15             THE COURT REPORTER:  I am still present.

16             THE COURT:  The amount for these three violations

17   are approximately 5,000 kilograms on or about September 13,

18   2008; 23,000 kilograms on or about October 30, 2007;

19   19,000 kilograms on or about March 18, 2007 respectfully.

20             The fourth, fifth and sixth violation of Count One

21   all allege that you worked with others in distributing

22   approximately 1997 kilograms of cocaine on or about

23   January 28, 2003; 1925 kilograms on or about August 16, 2002;

24   and 1923 kilograms on or about May 24, 2002.  That's Count

25   One.

STATUS CONFERENCE

1          Count Two accuses you of being a member of a
2 conspiracy to obtain cocaine from outside the United States to
3 distribute it within the United States.
4          Count Three accuses you of being a member of a
5 conspiracy to distribute and possess with intent to distribute
6 cocaine within the United States.
7          Count Four accuses you of being a member of a
8 conspiracy to import cocaine into the United States from
9 outside the United States.
10          And Count Five alleges that on or about June 1st,
11 2018, you falsely represented to U.S. Customs authorities that
12 you had never committed a crime for which you were not
13 arrested.
14          There is also a forfeiture allegation in the
15 Superseding Indictment that seeks to recover any money or
16 property that you received as a result of the charged crimes
17 or traceable to those crimes.
18          Mr. De Castro, have you reviewed the Superseding
19 Indictment with your client?
20          MR. DE CASTRO:  Yes, I have, your Honor.
21          THE COURT:  Do you have any concern as to whether he
22 understands the Superseding Indictment?
23          MR. DE CASTRO:  No concerns at all.
24          THE COURT:  Do you waive reading of the Indictment
25 beyond the summary that I just put on the record?

1       MR. DE CASTRO:  Yes, we waive the public reading and
2   we ask that the record --
3       THE COURT:  Is that a plea of not guilty to all five
4   counts?
5       MR. DE CASTRO:  Yes, your Honor.
6       THE COURT:  That plea is entered not guilty to all
7   five counts.
8       Now I have the status report that has been
9   submitted, which sounds fine.  It's long, but I understand why
10  it needs to be long.  Is there anything we need to do beyond
11  setting the next date and excluding time until that date?
12      MR. ROBOTTI:  Not from the perspective of
13  Government, your Honor.
14      MR. DE CASTRO:  Judge, the only thing I would add is
15  on page two of the status report we had mentioned that there
16  was some technological issues with respect to sharing material
17  via video with my client.  Yesterday we were actually able to
18  do that via computer so it worked.  It will be very tedious to
19  do it that way but it did work.
20      THE COURT:  Thank you for stating that.  I would
21  urge the parties to not be content with merely adequate, but
22  to keep working and see if the method of communicating with
23  documents can be improved.
24      MR. ROBOTTI:  Thank you, Judge.  We'll continue to
25  work with the defense and the MDC on this issue.

Rivka Teich CSR RPR RMR FCRR
Official Court Reporter

9

STATUS CONFERENCE

1    I just wanted to note that we did contact the MDC

2    and they advised us that the defense also has the option of

3    meeting with the defendant in person to review those

4    materials.  So that is another option for them.

5         THE COURT:  Okay.  What is the date of the next

6    conference?

7         COURTROOM DEPUTY:  December 7 at 10:30 a.m.

8         THE COURT:  Does that work for the lawyers?

9         MR. ROBOTTI:  Yes, Judge.

10        MR. DE CASTRO:  I'm sorry, did Ms. Clarke say

11   December 7?

12        THE COURT:  Yes.

13        MR. DE CASTRO:  Yes, that's fine.

14        THE COURT:  Okay, time is excluded until then as I

15   have previously designated this case as complex, and because

16   of the unusual circumstances surrounding the pandemic

17   communications between counsel and his client which has been

18   made more difficult and it takes more time.  I find that the

19   ends of justice outweigh the interest of the public and the

20   defendant and a speedy trial so that the complexities can be

21   adequately addressed, both the case complexities and the

22   social complexities.

23        Anything further?

24        (Continued on next page.)

25

Rivka Teich CSR RPR RMR FCRR
Official Court Reporter

10
STATUS CONFERENCE

1           MR. ROBOTTI:  No, Judge.  Thank you.

2           THE COURT:  Thank you all for calling in.  Thank you

3    Mr. Garcia Luna.

4           (Whereupon, the matter was concluded.)

5                     *    *    *    *    *

6    I certify that the foregoing is a correct transcript from the
     record of proceedings in the above-entitled matter.

7

8    */s/ Rivka Teich*
     Rivka Teich, CSR RPR RMR FCRR
9    Official Court Reporter
     Eastern District of New York

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

                   Rivka Teich CSR RPR RMR FCRR
                      Official Court Reporter