```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
                                                          :
   UNITED STATES OF AMERICA,                              :
                                                          :   ORDER
                                                          :
                                                          :   19-cr-576 (BMC)
                  - against -                             :
                                                          :
   GENARO GARCIA LUNA,                                    :
                                                          :
                             Defendant.                   :
                                                          :
----------------------------------------------------------X
```

**COGAN**, District Judge.

Before the Court are four motions *in limine*: (1) the Government's motion [150] to preclude the defense from introducing certain evidence, (2) the Government's motion [153] to preclude cross-examination of Government witnesses on certain topics, (3) defendant's motion [161] to preclude evidence of defendant's post-2012 conduct and wealth; and (4) the Government's motion [170] to preclude cross-examination of Veytia on certain topics.

The motions are granted in part and denied in part as set forth below.

    **I.**    **Government's Motion [150]**

        A.    *Post-Arrest Statements*

The defense requested that the Government identify the specific post-arrest statements it seeks to preclude. The Government did so at [175], and defendant has not objected. The motion is therefore granted as to defendant's post-arrest statements.

        B.  *Statements by U.S. Government Officials*

This is not the way to prove character. If defendant wants to call any of these Government officials to testify as character witnesses, he may do so, and they will be subjected

to cross-examination.  Otherwise, the letters are hearsay and opinion given by Government officials under political circumstances.  For that reason, even if they were relevant, their very limited probative value is substantially outweighed by their prejudicial impact, as the jury may not recognize the context in which those statements were made.

### C.  *Photographs with U.S. Government Officials*

Defendant may utilize some of the photographs of his meetings with U.S. officials during his opening and closing arguments, as "it is customary for the defendant to introduce evidence concerning his background."  United States v. Blackwell, 853 F.2d 86, 88 (2d Cir. 1988), see also Fed. R. Evid. 401 advisory committee's notes on 1972 proposed rules ("Evidence which is essentially background in nature . . . is universally offered and admitted as an aid to understanding.").  The photographs will enable defendant to argue that his work combatting Mexican drug cartels makes it less likely he joined in a conspiracy with a drug cartel.  However, given their limited probative value, defendant may only admit five of these photographs of his choice.

### D.  *Dismissal of Charges against Zepeda*

This is granted as unopposed.

## II.    Government's Motion [153]

Of the seventeen topics on which the Government sought to prevent cross-examination, the defense concedes six.  The remaining eleven are addressed below.

### A.  *Cannibalism*

Even assuming cooperating witnesses lied to the Government about prior acts of cannibalism, the marginal probative value of that fact is substantially outweighed by the highly inflammatory and distracting nature of the underlying conduct.  Accordingly, the defense is

precluded from asking about prior acts of cannibalism by Government witnesses or their denial thereof. See United States v. Simpson, 205 F.3d 1326 (2d Cir. 2000).

  B. *2012 Report*

There are innumerable legitimate reasons why a prosecutor might decline to prosecute that have nothing to do with the veracity of a witness statement. For these reasons, the Court finds that the questionable probative value of the 2012 Report is outweighed by the danger of jury confusion and a mini-trial on prosecutorial motivation.

Should Villareal Barragan testify at trial to facts that contradict those in his sworn statement, defendant may use Villareal Barragan's own statements for impeachment. But he may not treat the notes of Mexican prosecutors as if they are in fact the statements of Villareal Barragan, because they are not. In other words, Villareal Barragan can be impeached with his own sworn statements but not with the summary or conclusions of Mexican prosecutors about what he allegedly said. Beyond that, defendant may have a good faith basis to inquire about statements Villareal Barragan allegedly made.

  C. *Violence Against Women and Sexual Misconduct*

Some of this conduct is marginally probative of truthfulness – either because the witness lied about the conduct or because the conduct was deceptive in nature – but the shock value and resulting prejudice from these incidents far outweigh any probative value. See United States v. Walker, 974 F.3d 193, 207 (2d Cir. 2020); United States v. Rodriguez, 648 F. App'x 9, 11 (2d Cir. 2016); United States v. Reed, 570 F. App'x 104, 109 (2d Cir. 2014); United States v. Rabinowitz, 578 F.2d 910, 912 (2d Cir. 1978).[1]

---

[1] The defense suggests that Tolentino bribed the N.Y.P.D. to protect a brothel. If there was evidence of that, the Government would have turned it over per *Giglio v. United States*, 405 U.S. 150 (1970). If they have not, this is far too speculative to be raised before the jury.

3

D. *Prior Dishonesty Finding*

Defendant may inquire of Arriola Marquez about the Colorado court's factual finding regarding his dishonesty during his proffers with the United States Attorney. See United States v. White, 692 F.3d 235, 250 (2d Cir. 2012) (discussing United States v. Cedeno, 644 F.3d 79, 83 (2d Cir. 2011); Basciano v. United States, No. 12-cv-280, 2014 WL 12978824, at *8 (E.D.N.Y. Dec. 17, 2014); Wadman v. United States, No. 08-cr-1295, 2016 WL 3963103, at *4 (S.D.N.Y. July 20, 2016). If he denies that such a finding was made, the defense may introduce the court's statement.

The prosecutor's statements at Arriola Marquez's sentencing will not be admitted at trial. They are the prosecutor's assessment and opinion, and any probative value that opinion has is substantially outweighed by the prejudicial impact. See United States v. Ford, 435 F.3d 204, 215 (2d Cir. 2006). An argument made by a prosecutor in court is poor evidence of what actually happened – but a court's finding is intrinsically reliable.

E. *Murder Conspiracies*

Extrinsic evidence is not admissible to attack Zambada Garcia's character for truthfulness, Fed. R. Evid. 608(b)(1), but the defense may ask him about this evidence to the extent it calls his truthfulness into doubt. Such questioning must be limited to avoid confusion of the issues and unnecessary delay.

F. *Unorthodox Beliefs*

Questions about aliens and the Illuminati would distract the jury, confuse the issues, and waste time. See United States v. Sasso, 59 F.3d 341, 348 (2d Cir. 1995). They also come too close to inquiring about religious beliefs, which many atheists and non-co-religionists consider equally fanciful. The Second Circuit affirmed exclusion of this evidence in United States v. Guzman Loera, 24 F.4th 144, 159 (2d Cir. 2022), and defendant has not persuaded the Court that it and the Second Circuit were wrong. For the same reason, the Court denies

4

defendant's request for a witness competency hearing for Cifuentes Villa. Heterodox beliefs, standing alone, do not render a witness incompetent to testify.

      G. *Canedo Zavaleta's Arrest*

Whether or not Canedo Zavaleta's arrest was, in fact, retaliation by defendant, Canedo Zavaleta thinks that to be the case, and that's a clear basis for him to be biased against defendant. The relevance of this potential bias is not outweighed by the 403 balancing factors given the non-violent nature of the crimes charged and that the charges were ultimately dropped. See Brinson v. Walker, 547 F.3d 387, 392 (2d Cir. 2008).

**III.     The Defendant's Motion [161]**

There is nothing criminal about defendant leveraging his former government contacts. Absent evidence that defendant's expensive lifestyle was financed by the Sinaloa Cartel, evidence of his post-2012 wealth is irrelevant. See, e.g., United States v. James, No. 19-cr-0382, 2022 WL 2106268, at *11 (E.D.N.Y. June 10, 2022) (quoting United States v. Cardena, 842 F.3d 959, 983–84 (7th Cir. 2016). It is also unfairly prejudicial. See, e.g., United States v. Stahl, 616 F.2d 30, 32 (2d Cir. 1980); Kinsey v. Cendant Corp., 588 F. Supp. 2d 516, 518–19 (S.D.N.Y. 2008); Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Ams., 04-cv-10014, 2009 WL 3111766, at *6–7 (S.D.N.Y. Sept. 28, 2009). The Court will not allow the jury to speculate that defendant's post-office lifestyle was financed with cartel money when there is no evidence that is the case.

As to the Government's argument that defendant's post-2012 consulting work should come in because it shows he had lots of connections in the Mexican government, that fact will be obvious by virtue of his former position. The Government is free to introduce evidence of opportunity during the relevant period. See Old Chief v. United States, 519 U.S. 172, 186

(1997). But unless the Government has evidence that defendant was doing consulting work with cartel members, this evidence is plainly irrelevant.

Some of defendant's post-2012 activity will necessarily come in. Presumably, the defense – if they wish to argue that defendant withdrew from any conspiracy – may want to show that he retired to Miami, started his own business, and so on. But absent a nexus between defendant's post-2012 conduct and the crimes charged in this case, his business acumen is irrelevant.

### IV.     The Government's Motion [170]

The Government moves to prevent the defense from asking Veytia about adverse credibility findings by various arms of the federal government and the related decision not to offer him a cooperation agreement. Because the defense has not seen the underlying materials and thus cannot meaningfully respond to the Government's motion, the Government must produce all materials in its possession concerning Veytia's credibility.

**SO ORDERED.**

*Brian M. Cogan*
_____
U.S.D.J.

Dated: Brooklyn, New York
        January 19, 2023