

January 23, 2023

The Honorable Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

## United States v. Genaro Garcia Luna
## Ind. No. 19-Cr-576 (BMC)

Your Honor:

The defense moves to preclude certain anticipated testimony from Tirso Martinez Sanchez, who is expected to be the government's next witness. Specifically, based on the 3500 material made available to the defense, we expect Tirso Martinez Sanchez to testify as follows:

- Between the early 1990s and 2003, Mr. Martinez was a member of the Sinaloa Cartel
- In 1992 or 1993, and/or in 2000 or 2001, a man named "Anselmo" sent large quantities of cocaine to Los Angeles to a man named "Jorge." Mr. Martinez obtained the cocaine from "Jorge" and distributed it.
- "Anselmo" was a member of the Sinaloa Cartel.
- "Jorge" told Mr. Martinez that "Anselmo" paid bribes to Mr. Garcia Luna.
- "Jorge" tried to persuade Mr. Martinez also to pay bribes to Mr. Garcia Luna for protection, but Mr. Martinez declined.
- The first conversations took place in 1992 or 1993. The last conversations took place in 2000 or 2001.

*See* TMS-56, TMS-57, TMS-63, attached.

These alleged statements by "Jorge" should not be admitted because they are hearsay and do not fall in the hearsay exception set forth at Fed. R. Evid. 801(d)(2)(E). First, the indictment charges that Mr. Garcia Luna conspired with the Sinaloa Cartel between January 2001 and 2019. The alleged statements by "Jorge" that "Anselmo" paid bribes to Mr. Garcia Luna occurred, according to Martinez, in the early 1990s, and possibly in 2000 or 2001. Unless they definitively were uttered in 2001, the statements were not made "during the course" of the conspiracy. *Id.*; *United States v. Maldonado-Rivera*, 922 F.2d 934, 958 (2d Cir. 1990). Thus, Mr. Martinez should either be precluded from testifying about these statements entirely because they did not clearly occur during the course of the conspiracy, or the Court should determine outside the hearing of the jury whether it can be established with any certainty whether they were made in 2001 or later.

The statements should also be precluded because they lack all indicia of reliability. Fed. R. Evid. 104 permits a Court to act as a gate keeper to keep out evidence that is simply too unreliable to be considered by the jury. This is an example of such evidence. First, the statements are double hearsay – "Jorge" told Mr. Martinez that he heard from "Anselmo" that "Anselmo" was paying bribes. Second, based on a review of the hundreds of pages of 3500 material for Mr. Martinez, there appears little basis to believe that "Jorge" or "Anselmo" actually existed. Between 2016 and 2019, Mr. Martinez met with law enforcement and the government dozens of times. He spent literally hundreds of hours explaining in painstaking detail the inside workings of the Sinaloa Cartel in the late 1990s through 2003 in preparation for his testimony at the Chapo Guzman trial. He provided dozens of names to law enforcement. Not a single report or set of notes reflects that Mr. Martinez ever mentioned either "Jorge" or "Anselmo" before 2021, when he first talked about the bribes to Mr. Garcia Luna. If he was honest during all those proffers about the Sinaloa drug traffickers he interacted and conspired with, this represents a glaring omission. Moreover, no last name or other identifying characteristic for either man is provided, making it impossible for law enforcement, let alone the defense, to seek to corroborate this claim.

It would be profoundly unfair, and do an injustice to the spirit of the hearsay rule, to permit this witness to testify in court about statements allegedly made by an unknown "Anselmo" to an unknown "Jorge," who conveyed them Tirso Martinez 20 or 30 years ago. There is literally nothing reliable about this evidence, and accordingly, we respectfully ask the Court to preclude the statements.

Second, Mr. Martinez is expected to testify that while in a Mexican jail in 2014 awaiting extradition to the United States, he had conversations with a Victor Felix, who told him that he, Felix, used to traffic cocaine from Costa Rica to Mexico City and that Garcia Luna helped him get the cocaine out of Mexico City. This statement is hearsay and is not permitted by Rule 801(d)(2)(E) because it is not made in furtherance of the conspiracy. Instead, it is simply a narrative description of past events. The Second Circuit in *United States v. Maldonado-Rivera*, 922 F.2d 934, 958-59 (2d Cir. 1990) made clear that "[t]o be in furtherance of the conspiracy, a statement must be more than a 'mere narrative' description by one coconspirator of the acts of another. Rather, the statements must be such as to prompt the listener -- who need not be a coconspirator -- to respond in a way that promotes or facilitates the carrying out of a criminal activity."

Accordingly, this alleged statement by Victor Felix should not be admitted through Tirso Martinez.

Thank you for your consideration.

Sincerely,

/s/

Florian Miedel
Cesar de Castro
Valerie Gotlib
Shannon McManus
*Counsel for Genaro Garcia Luna*