
U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

SK/EMR/PP/MED/AA
F. #2019R00927

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

January 31, 2023

**<u>FILED UNDER SEAL</u>**

<u>By ECF and Email</u>

The Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: <u>United States v. Genaro Garcia Luna</u>
     <u>Criminal Docket No. 19-576 (BMC)</u>

Dear Judge Cogan:

  The government respectfully submits this letter to advise the Court and defense that it intends to call a magistrate clerical as a witness at trial.

  The defendant will argue in closing that the Court's appointment of counsel in this case supports the conclusion that he did not receive millions of dollars in bribes from the Sinaloa Cartel. <u>See</u> Trial Tr. at 28 (defense counsel stating in his opening statement that he and his colleagues "have been appointed by the Court to represent Mr. Genaro Garcia Luna"); Trial Tr. at 331 ("Q: . . . When you got arrested in 2014, you also used your money to pay for a private lawyer, right? A: Yes. Q: And that lawyer represented you for six years, correct? A: Yes. Q: And you paid him, right? A: Yes. Q: He wasn't appointed to you by the Court, right? [objection overruled] A: No."). The defendant has argued that the appointment of counsel is relevant for this purpose:

> I opened on it. I did open on it, your Honor. And it is relevant.
>
> The Government is going to argue that he received millions and millions and millions of dollars and, we have not idea where it is. And they, the jury, sees like a team of lawyers over here.
>
> Now this issue has been sort of addressed, it was addressed I think a couple years ago in the Southern District of New York before Judge Engelmayer. Judge Engelmayer – I can send the Court the transcript -- discussed as to why it is relevant and to not

create a misimpression with the jury that this huge team over here is private counsel and that our client has millions and millions to spend on lawyers.

Trial Tr. 376. However, as the Court has observed, "it happens sometimes that attorneys are appointed for clients that have lots and lots of money." Trial Tr. 377.

The government intends to call a magistrate clerical as a witness at trial to clarify this issue for the jury, explain the process for the appointment of counsel in this District, and explain that the process does not involve any vetting or independent financial investigation into the defendant's access to funds. This testimony is relevant to rebutting the defendant's argument and important to making clear that the defendant's argument does not bear the imprimatur of the Court by virtue of the Court's decision to appoint counsel for the defendant in this case.

The government provides this notice to the Court as a courtesy and to avoid surprise.

Respectfully submitted,

BREON PEACE
United States Attorney

By:    /s/              
Saritha Komatireddy
Erin M. Reid
Philip Pilmar
Marietou E. Diouf
Adam Amir
Assistant U.S. Attorneys
(718) 254-7000

cc:     Defense Counsel (by ECF)
        Clerk of Court (BMC) (by ECF)