

February 1, 2023

The Honorable Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

<u>**United States v. Genaro Garcia Luna**</u>
**Ind. No. 19-Cr-576 (BMC)**

Your Honor:

The defense moves to preclude certain anticipated testimony by Hector Villareal-Hernandez, a witness who will testify in the near future. Mr. Villarreal-Hernandez was Secretary of Finance for the Mexican State of Coahuila between 2008 and 2010. Based on the 3500 material provided for Mr. Villareal-Hernandez, it appears that he intends to testify about bribes allegedly paid by Mr. Garcia Luna to the owner of a newspaper in an attempt to prevent the newspaper from continuing to falsely report that he was connected to cartels. It further appears that Mr. Villareal-Hernandez would testify that the source for these alleged bribes was money provided by the Mexican federal government to the State of Coahuila.

As one of several Rule 404(b) motions *in limine* filed on June 15, 2022, the government moved to be permitted to elicit from Mr. Villareal-Hernandez that "in approximately 2009 or 2010, the defendant used money amassed from a corrupt kickback scheme to pay bribes to a news organization to prevent journalists at the organization from publishing negative stories about him." Govt. Motion *In Limine*, at 5, ECF No. 94.[1] In a ruling, dated August 23, 2022, the Court considered both this motion and a separate motion about alleged threats against a different journalist. Without specifically addressing the bribe allegation, the Court suggested that it would grant the government's applications if a proper foundation could be laid. *See* Decision, ECF No. 117.

At the time of this motion practice last summer, the government had not yet provided the defense with 3500 material for Mr. Villareal-Hernandez. Now that the 3500 material and related exhibits have been disclosed, the defense is in a much better position to refine its response to the government's motion. For the reasons that follow, the Court should preclude certain anticipated testimony.

---

[1] The three lines quoted from the government's motion represent the totality of facts set forth to support its 404(b) request.

**The Expected Testimony**

Based on Mr. Villareal-Hernandez's 3500 material, it is expected that he intends to testify that in 2009 or 2010, Mr. Garcia Luna requested a meeting with Mr. Villareal's boss, Humberto Moreira-Valdes, who at the time was the governor of the Mexican State of Coahuila. Mr. Villareal served as Governor Moreira's Secretary of Finance. According to Mr. Villareal, Mr. Garcia Luna asked to meet to discuss the fact that the Mexican newspaper, El Universal, was reporting negative stories about him and linking him to drug cartels. Specifically, the newspaper had written a report about Mr. Garcia Luna's alleged abduction by a drug cartel.

According to Mr. Villareal, Governor Moreira was best friends with the owner of El Universal, and was already sending a monthly payment of 10 million pesos to the paper to ensure that he received positive press. Mr. Villareal will testify that Mr. Garcia Luna said that the stories in El Universal were false and were harming his reputation. He will also testify that Mr. Garcia Luna asked Governor Moreira if an arraignment could be made to persuade the paper to stop publishing negative articles about him. Governor Moira said it could be done, and, according to Mr. Villareal, the men agreed for Mr. Garcia Luna to make a payment of 25 million pesos per month. Mr. Villareal and Governor Moreira attended a meeting with the owner of El Universal, at which the terms for the 25 million peso payment were accepted.

Mr. Villareal is also expected to testify that the actual money used to bribe El Universal came from a kickback scheme that Governor Moreira's administration maintained with the federal government, in which Mr. Garcia Luna's secretariat sent work contracts to vendors in Coahuila, paid more than the work was worth, and received the overpayments as kickbacks.

**Discussion**

This testimony should not be admitted under Rule 404(b). The substance of the articles in El Universal – that Mr. Garcia Luna was associated with the cartels and had been kidnapped by one of them – is hearsay and rumor. Moreover, the jury would be exposed to this information through a witness who would testify that he heard Mr. Garcia Luna express concern about the contents of news coverage, adding layers of hearsay to news reports that in and of themselves were already based on hearsay. On their own, the newspaper stories would never be admissible for their truth.

Even if the substance of the news reports were not admitted for its truth but to explain why Mr. Garcia Luna engaged in bribery, and even if the jury were given an instruction to that effect, their introduction is substantially more prejudicial than probative under Rule 403. If the jury hears that a Mexican newspaper in 2009 or 2010 was repeating hearsay and rumors about Mr. Garcia Luna's alleged involvement with the Sinaloa cartel and his alleged abduction by the Beltran Leyva cartel, it could infer that there must be truth to those allegations. Even in the age of skepticism about the veracity of news stories, there are certainly still people who believe that if a story appears in the newspaper it must be true. The prejudice to Mr. Garcia Luna that could ensue is substantially greater than the probative value of testimony that he paid bribes.

Yet, without the connection to the substance of the El Universal stories, Mr. Garcia Luna's alleged bribe scheme is irrelevant. If, for example, Mr. Garcia Luna had bribed a newspaper to keep it from publishing a story that he was having an affair, that bribery would

not "tend to prove the government's case." *United States v. Gonzalez*, 110 F.3d 936, 941 (2d Cir. 1997). It would simply demonstrate a propensity to engage in corrupt behavior – which is not a proper ground for admission under Rule 404(b). Evidence of other bad acts is relevant and admissible if it demonstrates some link to the charge. It is not admissible if it simply serves to show that the defendant had a character – propensity – to engage in certain criminal conduct. Nothing about the allegation that Mr. Garcia Luna paid bribes assists the jury in determining Mr. Garcia Luna's "motive, opportunity, intent … or absence of mistake." Rule 404(b).

Mr. Garcia Luna is charged with conspiring with the Sinaloa Cartel to traffic in narcotics by using his government position to assist the cartel and accepting bribes to do so. *Paying* bribes to kill a newspaper story might be indicative of a general inclination toward corrupt behavior – although from what the witnesses have testified, paying bribes to achieve certain outcomes seems to be the norm in Mexico – but it is not probative of the charges in the indictment. It simply besmirches Mr. Garcia Luna's character.

Furthermore, the government seeks to introduce testimony that alleges not one but two separate crimes. The jury would hear not only that Mr. Garcia Luna allegedly bribed El Universal, but also that he was engaged in a kickback scheme with the state government of Coahuila. This would be further evidence of a general propensity toward corruption, thereby being profoundly prejudicial without having any notable probative value. The prejudice comes from the improper inferences the jury could draw that Mr. Garcia Luna is guilty of corruption by accepting bribes from the Sinaloa cartel because he engaged in corrupt behavior by accepting kickbacks from a government contract scheme. Yet the two in fact have nothing to do with one another. There are plenty of government officials who misuse their position by receiving kickbacks from government contracts and do not conspire with drug cartels to traffic metric tons of cocaine. They are separate and unrelated crimes.

The focus of the jury should remain on the conduct alleged in the indictment. Testimony about Mr. Garcia Luna's alleged involvement in paying bribes or accepting kickbacks unrelated to the cartels is distracting and confusing and has the potential to lead to an improper presumption of guilt. Moreover, introduction of entirely separate crimes forces Mr. Garcia Luna to defend against allegations that are essentially unconnected to the charges in the case and creates a sideshow. It will require him to seek to establish that he did not engage in a bribery or kickback schemes, which can only be done with witnesses who are located in Mexico or through his own testimony, straining his right to remain silent. Although burden shifting is not necessarily a basis to prevent the admission of proper 404(b) evidence, it is a consideration when weighing the equities of whether the introduction of this evidence is appropriate.

That is particularly so where its probative value is negligible. The government seeks to elicit testimony that Mr. Garcia Luna vigorously denied the substance of the rumors published in the press and paid bribes to stop the newspapers from publishing false stories. The government's case might be stronger if the witness were to testify that Mr. Garcia Luna admitted the truth of the newspaper stories and sought assistance in preventing El Universal to publish accurate stories. Absent that, however, the government seeks to admit this testimony only to try to establish that Mr. Garcia Luna engaged in corrupt behavior. That is propensity evidence, explicitly prohibited by Rule 404(b).

Accordingly, we respectfully move for the Court to preclude testimony from Hector Villareal Hernandez about alleged bribes paid by Mr. Garcia Luna to El Universal, and discussion of the source of the funds used to pay those bribes.

Thank you for your consideration.

Sincerely,

/ s /

Florian Miedel
Cesar de Castro
Valerie Gotlib
Shannon McManus
*Counsel for Genaro Garcia Luna*

Cc: All counsel (ECF)