

February 5, 2023

The Honorable Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

<u>United States v. Genaro Garcia Luna</u>
Ind. No. 19-Cr-576 (BMC)

Your Honor:

We write in brief reply to the government's opposition (ECF No. 194) to the defense motion to preclude certain testimony by Hector Villareal-Hernandez (ECF No. 193). First the government urges the Court to simply stick with its decision, issued last summer, in which it possibly permitted testimony about Mr. Garcia Luna allegedly bribing a newspaper to suppress negative coverage. As previously discussed, the Court focused on the question of whether Mr. Garcia Luna was responsible for threats issued to a particular journalist and did not address the bribe part of the government's motion. It is therefore unclear whether its decision to grant admission extended to the bribe testimony. But even if so, as the Court noted in a different context, last summer neither the defense nor the Court knew much about the government's evidence and how it would develop. *See* Decision, ECF No. 117, at 3 ("the closeness of the ruling compels the Court to defer ruling until it knows as much or nearly as much as the Government presently knows about its case."). It therefore makes sense now to revisit this issue, especially because in its original motion the government said nothing about seeking to introduce the actual newspaper articles and or the substance of the stories.

Second, the government argues that the defense opened the door to admission of the newspapers stories by arguing in opening statements and eliciting testimony that Mr. Garcia Luna was famous in Mexico and frequently in the news. Specifically, the government states that "[g]iven the immense focus that the defense has already placed on the public reporting on him and on his reputation at trial, it would be misleading to the jury to preclude the government from introducing evidence of the defendant's efforts to massage that reputation through bribes to El Universal." Govt. Opp. at 5.

This rationale, however, does not quite make sense. Why would evidence of negative news stories about Mr. Garcia Luna and efforts by him to suppress those stories through bribes rebut testimony that he was famous and well known in Mexico? Rather, this appears to be a back door effort by the government to introduce the actual news reports, which accuse Mr. Garcia Luna (based, very obviously, on hearsay) of corruption. If the defense had somehow admitted news reports of his glowing and positive reputation, perhaps the government could

try to admit evidence of negative stories.  The defense has not done so – focusing instead on the fact that he was famous and in the news, not how he was received by the public.  Indeed, the defense has purposefully not elicited positive "reputation" evidence.  The fact is that neither negative nor positive news reports about Mr. Garcia Luna are relevant or admissible.  The jury must decide whether the government has proved its case; what some Mexican journalists believed does not matter and is potentially profoundly prejudicial.  The articles (or even testimony about the substance of those articles) should not be admitted.

Nor do efforts to bribe a newspaper to stop publishing negative stories necessarily imply a consciousness of guilt, as the government suggests.  *See* Govt. Opp. at 2.  The government's own witness will testify that Mr. Garcia Luna was upset about the stories because they were false, and the lies were having an impact on his reputation.  While a libel suit against a newspaper to stop publishing false stories may be the more appropriate approach, paying bribes and achieving quick results does not therefore mean that Mr. Garcia Luna acknowledged the truth of those allegations.  In fact, the opposite is true.

Accordingly, the Court should preclude the witness from testifying both that Mr. Garcia Luna paid bribes to El Universal, and about the substance of its news stories.

Thank you for your consideration.

Sincerely,

/s/

Florian Miedel
Cesar de Castro
Valerie Gotlib
Shannon McManus
*Counsel for Genaro Garcia Luna*

Cc: All counsel (ECF)