

February 5, 2023

**TO BE FILED UNDER SEAL**

The Honorable Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

<u>**United States v. Genaro Garcia Luna**</u>
**Ind. No. 19-Cr-576 (BMC)**

Your Honor:

I write to reply to the government's request "for remedies," filed earlier this evening. The government seeks to reduce the notice time it is required to give the defense about which witnesses it intends to call, and it seeks to call former Ambassador Earl Wayne tomorrow, after having given the defense notice of his testimony only at 7:20pm this evening. Neither of these requests is reasonable.

First, the government points to two inadvertent filings I made that were intended to be under seal but were not. At the outset, I should say that I deeply regret these mistakes. In the first instance, I filed the actual document under seal but accidentally listed the names of the two witnesses in the title of the public docket entry. The filing occurred on the evening of January 26th, and the error was remedied on the morning of January 27th. I should also note that one of the two witnesses, Raul Arellano Aguilera, had been scheduled to testify on January 26th, but we did not get to him. His name would therefore have been public that same day and whatever security measures the government had taken were already in place. Today's error was remedied about three hours later. It involved testimony of Hector Villareal Hernandez, who is scheduled to testify tomorrow when his name will be revealed. Nonetheless, I am truly sorry for these errors and will certainly be extremely vigilant about this issue in the future.

Second, as the Court knows, notice of witnesses and witness order has been a problem for the defense. Before trial, the government provided a witness list of over 70 people. Although the defense has been in possession of the bulk of 3500 material since early December, 3500 material continues to trickle in. Nor is it reasonable to expect the defense to have prepared 70 cross-examinations before the trial started. All parties are working around the clock on this major case, and of course we are preparing cross examinations, motions in limine, etc., each night during the trial. If we do not have notice of who will testify, we cannot prepare in the most efficient and productive way. Shortening the notice period will only exacerbate these issues and we respectfully urge the Court to deny this request. One-day notice of witnesses, when needing to prepare for dozens of witnesses, many of whom are major and

require significant preparation – is simply unreasonable and will affect the quality of defense we can provide our client.

Third, on Friday the government provided a list of witnesses who would testify Monday and Tuesday. On Saturday, that list was revised, taking a witness off and shuffling the order. The government also provided a list of witnesses for Wednesday, which we appreciated. Then tonight at 7:20 p.m., without prior warning that a "sensitive" witness might be called during these three days, the government sent notice that it was calling Earl Anthony Wayne, a former ambassador to Mexico, tomorrow, claiming that Ambassador Wayne is a "sensitive" witness. This notice – on Sunday evening for a Monday morning witness – is insufficient.

Calling Ambassador Wayne a "sensitive" witness exposes the problem with the "sensitive witness" designation. While we have the 70 plus name witness list, we do not know who the sensitive witnesses are. It therefore makes it extremely difficult to prepare for such witnesses. If we knew who they were, even if we did not know when they were being called, we would know to prepare them a little further in advance than we might otherwise do to be ready for the quick turnaround once notice is received. Moreover, there is no objective reason why Ambassador Wayne should be designated as "sensitive." He is a retired diplomat, testifying about his duties and experiences when he was Ambassador to Mexico. This makes him no different than the former law enforcement witnesses who have testified about their duties at the Coast Guard, for example, 15 years ago. The fact that he has been approached by a reporter does not place him in danger or jeopardy. Nor does it differentiate him from any other unincarcerated witness who might or might not become a person of interest for the press.

The government set out its witnesses for the next three days. We have been spending the weekend preparing for those witnesses. It is unfair to spring a brand new witness on us the night before his testimony. Ambassador Wayne is potentially a major witness – he will certainly be cross-examined (unlike some of the law enforcement witnesses the government did not hesitate to provide three days notice for). The amount of 3500 material for Ambassador Wayne is irrelevant; it is the switching of gears from expected witness to unexpected witness on a Sunday night that is the problem. His cross-examination will require thought and time to prepare. It is unreasonable to expect the defense to be prepared for his cross-examination under these circumstances.

Finally, while the government can call its witnesses in whatever order it wishes, it has nonetheless constantly shuffled its witness order – presumably based on logistical issues. It should therefore not be a hardship to call Ambassador Wayne later in the week.

Thank you for your consideration.

                                                                              Sincerely,

                                                                              /s/

                                                                              Florian Miedel
                                                                              Cesar de Castro
                                                                              Valerie Gotlib
                                                                              Shannon McManus
                                                                              *Counsel for Genaro Garcia Luna*