

February 8, 2023

The Honorable Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

<u>**United States v. Genaro Garcia Luna**</u>
**Ind. No. 19-Cr-576 (BMC)**

Your Honor:

In a decision dated January 19, 2023, this Court precluded the government from introducing evidence of Mr. Garcia Luna's post-2012 expensive lifestyle and evidence of his post-2012 business success. *See* ECF Doc. No. 182. The Court based its decision on the fact that the government had not proffered any connection between the alleged bribes Mr. Garcia Luna allegedly received before 2012, and his life and lifestyle after. *See id.* at 5-6. After three weeks of testimony, the government still has not established any connection between the charged crimes and Mr. Garcia Luna's post 2012 life.

Mr. Garcia Luna is now contemplating whether or not to testify in his own defense. We write to request that if he decides to testify, the government should be precluded from questioning him about his life in the United States after 2012 for the same reasons that supported preclusion in the first instance.

If Mr. Garcia Luna testifies, he will not testify on direct examination about his life after he left Mexico in 2012, other than perhaps to explain generally (in one sentence) that he has primarily lived and worked in the United States since then. His life and lifestyle while living in the United States after 2012 will not suddenly become relevant simply because Mr. Garcia Luna is testifying about his time as a government official in Mexico. Indeed, the Court in its decision contemplated the possibility that some post-2012 activity might be introduced by the defense to try to establish a withdrawal defense, but decided that an expensive lifestyle or Mr. Garcia Luna's business acumen were nonetheless irrelevant absent a connection to the charged crimes. *See id.* at 6 ("Some of defendant's post-2012 activity will necessarily come in. Presumably, the defense – if they wish to argue that defendant withdrew from any conspiracy – may want to show that he retired to Miami, started his own business, and so on. But absent a nexus between defendant's post-2012 conduct and the crimes charged in this case, his business acumen is irrelevant.").

The defense moved to preclude this evidence because not only was it unrelated to the crimes charged, but it was also dangerously prejudicial. That prejudicial impact remains if Mr.

Garcia Luna were asked about his post-2012 life, and if the Court were to permit cross-examination on these topics, Mr. Garcia Luna would not be able to exercise his constitutional right to testify.

To aid Mr. Garcia Luna in making the decision whether or not to testify, we respectfully request that the Court provide guidance on this matter as soon as possible.

Thank you for your consideration.

Sincerely,

/s/

Florian Miedel
Cesar de Castro
Valerie Gotlib
Shannon McManus
*Counsel for Genaro Garcia Luna*

Cc: All counsel (ECF)