

February 11, 2023

The Honorable Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

<u>**United States v. Genaro Garcia Luna**</u>
**Ind. No. 19-Cr-576 (BMC)**

Your Honor:

    In anticipation of the Court's preparation of its jury charge, the defense respectfully submits the enclosed supplemental requests to charge.

    Thank you for your consideration.

Sincerely,

----/s/-----

Florian Miedel
Cesar de Castro
Valerie Gotlib
Shannon McManus
*Counsel for Genaro Garcia Luna*

Cc: All counsel (ECF)

SUPPLEMENTAL REQUEST 1

Evidence at trial has established that no one in the Sinaloa Cartel had any interaction with Mr. Garcia Luna after 2011, and that he resigned from his position in the Mexican government in late 2012. Evidence has further established that Mr. Garcia Luna left Mexico and moved to the United States in 2012 or 2013. The evidence also showed that the end of the Calderon Administration was widely known and covered in the media in Mexico, as was Mr. Garcia Luna's departure from government. Moreover, Sergio Villareal Barragan ("El Grande") testified in an analogous context that once he resigned from the federal police, he stopped working with the Juarez cartel because he "was no good to them anymore." Tr. at 70. A criminal defendant "is entitled to have instructions presented relating to any theory of defense for which there is any foundation in the evidence, no matter how weak or incredible that evidence may be." *United States v. LaMorte*, 950 F.2d 80, 84 (2d Cir.1991) (citation and internal quotation marks omitted).

Accordingly, the defense respectfully requests the following instruction to be given to the jury.

### Withdrawal Instruction

Mr. Garcia Luna has raised the defense that even if the evidence was sufficient to establish, beyond a reasonable doubt, that he was a member of the charged conspiracy, in 2012, when he left the Mexican government, he withdrew from the conspiracies charged in Counts 1-4, and that therefore the statute of limitations ran out before the government obtained an indictment against him in 2019. The statute of limitations is a law that puts a limit on how much time the government has to obtain an indictment. For the charges in this case, the statute of limitations is five years.

Once a person becomes a member of a conspiracy, that person remains a member until that person withdraws from it. "For a defendant to show that he withdrew from the conspiracy, proof merely that he ceased conspiratorial activity is not enough. He must also show that he performed some act that affirmatively established that he disavowed his criminal association with the conspiracy, either the making of a clean breast to the authorities, or communication of the abandonment in a manner reasonably calculated to reach co-conspirators.

1

And the defendant must not take any subsequent acts to promote the conspiracy or receive any additional benefits from the conspiracy." [*United States v. Eppolito*, 543 F.3d 25, 49 (2d Cir. 2008) (internal citations and quotation marks omitted)].

The burden is on the defendant to prove by a preponderance of the evidence that he withdrew from the conspiracy. A preponderance of the evidence means that you must be persuaded that the things the defendant seeks to prove are more probably true than not true. This is a lesser burden of proof than the government's burden to prove beyond a reasonable doubt each element of the conspiracy and that the defendant was a member of the conspiracy. You should also remember that the fact that the defendant has raised this defense does not relieve the government of the burden of proving all the elements of the offenses charged beyond a reasonable doubt.

If you find by a preponderance of the evidence that the defendant withdrew from the conspiracy, you must find the defendant not guilty of counts 1-4 of the indictment.

<u>Authority</u>

Adapted from 9th Cir. Pattern Criminal Jury Instruction 11.5; *United States v. Eppolito*, 543 F.3d 25, 49 (2d Cir. 2008).

SUPPLEMENTAL REQUEST 2

In light of the number of times during the trial that witnesses were confronted with documents in order to refresh their recollection, and especially given juror 7's inquiry at the beginning of the trial about this topic, the defense respectfully requests the following instruction to be given to the jury.

**<u>Admissibility of Prior Statements</u>**

The Rules of Evidence permit the admission of certain documents or prior statements by witnesses and prohibit the admission of others.  For example, when a witness is shown a document to see if it refreshes his or her recollection, that document is generally not admissible into evidence.  It is just being shown to the witness to jog his or her memory.

SUPPLEMENTAL REQUEST 3

**<u>Defendant Testifying or Not Testifying</u>**

If Mr. Garcia Luna testifies, the defense requests the Court's preferred charge pertaining to a defendant testifying on his own behalf. If Mr. Garcia Luna does not testify, the defense requests the Court's preferred charge pertaining to a defendant not testifying. We only ask that it include a direction to the jury to not even discuss the topic of the defendant not testifying in the jury room during deliberations.