Case 1:19-cr-00576-BMC   Document 213   Filed 02/11/23   Page 1 of 2 PageID #: 13428



**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

SK/EMR/PP/MED/AA
F. #2019R00927

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

February 11, 2023

<u>By ECF and Email</u>

The Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    <u>United States v. Genaro Garcia Luna</u>
                <u>Criminal Docket No. 19-576 (BMC)</u>

Dear Judge Cogan:

        The government respectfully submits this letter in response to the defendant's request for a withdrawal instruction. The government respectfully submits that the defendant is not entitled to such a charge.

        "A defendant is entitled to an instruction on an affirmative defense only if the defense has a foundation in the evidence." <u>United States v. Zayac</u>, 765 F.3d 112, 120 (2d Cir. 2014). The sole theory proffered by the defense on withdrawal is that the defendant left public office. <u>See</u> ECF No. 123-1. At trial, the defense has elicited bare testimony that at the end of the Calderon Administration, the defendant left office as required—alongside other members of the cabinet. <u>See</u> Trial Tr. 1222-1223 (Wayne); Trial Tr. 807 (Avila); <u>see also</u> Trial Tr. 1168 (Hernandez) (turnover automatic).[1] To be entitled to a withdrawal defense, however, a defendant must demonstrate more than "proof merely that he ceased conspiratorial activity[.]" <u>United States v. Eppolito</u>, 543 F.3d 25, 48-49 (2d Cir 2008). A forced resignation does not meet this standard, as a matter of law. <u>See</u> <u>United States v. Berger</u>, 224 F.3d 107, 119 (2d Cir. 2000) ("resignation … does not, in and of itself, constitute withdrawal from a conspiracy as a matter of law."); <u>United States v. Hoskins</u>, 44 F.4th 140, 156 (2d Cir. 2022) (resignation does not constitute withdrawal absent some "additional affirmative action"). Therefore, the defendant is not entitled to a withdrawal instruction. <u>See</u> <u>United States v. Spanier</u>, 744 F. App'x 351, 355 (9th Cir. 2018) (upholding refusal to give a withdrawal instruction "on the grounds that there was no

---

     [1]     The defendant has not elicited any evidence of an affirmative act on his part. In his motion, the defendant claims that he left Mexico; however, the evidence at trial showed otherwise. <u>See</u> GX 102; GX 605; Trial Tr. 1196-97 (Wayne).

factual basis for the defense" where the defendant failed to inform his co-conspirators of the withdrawal).

                                              Respectfully submitted,

                                              BREON PEACE
                                              United States Attorney

By:    /s/
                                              Saritha Komatireddy
                                              Erin M. Reid
                                              Philip Pilmar
                                              Marietou E. Diouf
                                              Adam Amir
                                              Assistant U.S. Attorneys
                                              (718) 254-7000

cc:    Defense Counsel (by ECF)
       Clerk of Court (BMC) (by ECF)