THE LAW FIRM OF

# CÉSAR DE CASTRO, P.C.

ATTORNEY AT LAW

The District
111 Fulton Street - 602
New York, New York 10038
631.460.3951 Office
646.285.2077 Mobile
646.839.2682 Facsimile
cdecastro@cdecastrolaw.com
cdecastrolaw.com

February 12, 2023

*Via* **ECF and Email**

The Honorable Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    *United States v. Garcia Luna* 19 Cr. 576 (BMC)

Dear Judge Cogan,

We submit this letter in response to the government's February 9, 2023 letter, proffering the admissibility of twenty-seven exhibits it intends to offer during the testimony of Special Agent George Dietz.  *See* ECF No. 209.  The Court should preclude the admission of twenty-four of the twenty-seven exhibits. Attached hereto as **Exhibit A** is a chart explaining the defense's stance as to each of the twenty-seven exhibits the government intends to introduce through Mr. Dietz.  Eleven of the exhibits the government is seeking to admit through Mr. Dietz are improper evidence of Mr. Garcia Luna's post-2012 wealth, and all but two of the remaining sixteen exhibits suffer from a deficiency that requires their preclusion.

In its February 9, 2023 letter, the government laid out the remaining twenty-seven exhibits it plans on seeking to admit through Mr. Dietz on Monday.  The government explained that it would be able to connect various assets to Mr. Garcia Luna through introducing GXs 816 and 816T, an exhibit consisting of the patrimonial statements Mr. Garcia Luna filed while he was a government employee in Mexico, and that exhibit's English translation.  The defense has no objection to the admission of GXs 816 and 816T.

According to the government, twenty of the twenty-seven exhibits relate to Mr. Garcia Luna's purported wealth and fall into one of the following three categories: (1) residences in Morelos, Mexico and Mexico City; (2) vehicles; and (3) access to cash and cash expenditures.  Of those twenty exhibits, eleven should be excluded by the Court as they are improper evidence of Mr. Garcia Luna's post-2012 wealth.  Five of the remaining seven are either cumulative of more reliable evidence the government has or will offer, cannot satisfy the relevancy requirement of

Rule 401, or have only minimal probative value which is outweighed by substantial prejudice their admission would cause Mr. Garcia Luna. We will briefly address each category of exhibits, and further explain our objection to each exhibit in Exhibit A.

Houses in Morelos and Mexico City

The government seeks to admit additional exhibits that pertain to a residence in Morelos, Mexico. The government has already entered seventeen pictures of the Morelos house taken in 2009 into evidence through Mr. Dietz, and was precluded from introducing any more as it would be cumulative. In Exhibit A to its February 9 letter, the government proffers that GXs 1319 and 1320 are admissible because they list the address of the Morelos house and show that Mr. Garcia Luna was using it in 2018. *See* ECF No. 209. The address of the Morelos house is contained in GXs 816 and 816T, and admitting GX 1319 for this purpose is therefore unnecessary and cumulative.[1] Admitting a birthday invitation and photos from that celebration in 2018 simply to establish an address that is already in the record is unnecessary and cumulative. To the extent the government wants to show lavish spending on a birthday party in 2018, such evidence is precluded without a nexus to cartel money

The government also seeks to admit photographs of a residence in Mexico City, Mexico. Even if the residence was acquired by Mr. Garcia Luna before he left his position, the photos were taken well after Mr. Garcia Luna left his position. Any potentially luxurious items in the residence, such as artwork or a piano, have not been linked by any witness to the pre-2012 period, and as such are not relevant absent connection.

Vehicles

The next category of evidence consists of six exhibits that relate to vehicles allegedly owned by Mr. Garcia Luna. According to the government, the vehicles at issue in these six exhibits are all documented in GXs 816 and 816T, which establishes Mr. Garcia Luna's ownership of various vehicles and discusses the methods he used to finance them. The defense is not contesting that Mr. Garcia Luna owned the vehicles he declared in GXs 816 and 816T. The government has not, however, admitted or proffered any evidence that establishes that the vehicles depicted in these six exhibits are in fact the vehicles that were owned by Mr. Garcia Luna and documented in GXs 816 and 816T.

Cash Expenditures and Cash Businesses

The government moves to admit five exhibits that the government erroneously claims relate to Mr. Garcia Luna's cash expenditures and access to cash businesses. Two of these exhibits relate to Mr. Garcia Luna's legal ownership of a gun collection, gifted to him by a collector. Even if he had purchased this collection, which he did not, its total value can hardly exceed a few thousand dollars – hardly a meaningful sum in the context of the hundreds of millions of dollars he

---

[1] Notably, GX 816 and 816T lay out how Mr. Garcia was able to afford and finance the Morelos house.

allegedly received from the cartel.  Their probative value is therefor minimal.  On the other hand, gun ownership is a very polarizing issue in this country, and it may cause jurors to see Mr. Garcia Luna in a negative light.  The prejudicial effect of this evidence therefore substantially outweighs any minimal probative value it may have.

The remaining two exhibits in this category consist of a photograph of what the government claims is a restaurant that was owned by Mr. Garcia Luna's wife during a portion of the charged time period (GX 1311) and a business card for one of Mr. Garcia Luna's siblings (GX 1389). The government proffers that these exhibits are admissible to show that Mr. Garcia Luna had access to cash businesses.  The government has not offered any evidence that these businesses were used to launder ill begotten gains, or that they were indeed "cash businesses."  In order to be relevant, the government would have to show that these business operated as fronts with no legitimate income to allow him to launder ill-gotten cash.  There is no evidence that the businesses were fronts or that there was any incongruity between the success of the business and claimed income.  Absent such evidence, the introduction of these exhibits is simply intended to cause the jury to improperly speculate.[2]

Other Exhibits

In addition to the twenty exhibits contained in the three categories relating to Mr. Garcia Luna's purported wealth, in its February 9 letter, the government also proffers the admissibility for seven additional exhibits it intends to offer through Mr. Dietz which they claim are relevant to other issues in the case.  These exhibits are inadmissible under the Federal Rules of Evidence, and each specific objection is described in Exhibit A.

## Conclusion

For the foregoing reasons, the defense objects to the admission of the following twenty-four exhibits through Mr. Dietz GXs 1311, 1316, 1319, 1320, 1328, 1331, 1332, 1336, 1338, 1339, 1354, 1356, 1363, 1364, 1375, 1379, 1389, 1395, 1396, 1397, 1475, 1477, 1562, and 1563.

The defense has no objection to the admission of GXs 1335, 1337, and 1377.

Thank you for your consideration.

---

[2] To be clear, a business card of Mr. Garcia Luna's relative from a carwash is in no way related to the carwash where Oscar Nava Valencia claims to have bribed Mr. Garcia Luna.  And in his testimony, Mr. Valencia does not claim that the carwash was a money laundering operation.  Introducing such evidence would be prejudicial to Mr. Garcia Luna, and would confuse the jury.

                                        Respectfully submitted,

                                                  /s/

                                        Valerie Gotlib
                                        César de Castro
                                        Florian Miedel
                                        Shannon McManus
                                        *Counsel for Genaro Garcia Luna*

Cc: government counsel of record (*via* ECF and email)