# Exhibit A

| Exhibit | Description | Post-2012 Evidence | Objection |
|---------|-------------|--------------------|-----------|
| *Government Category: Morelos Residence* ||||
| 1319 | 2018 birthday invitation | Yes | Improper evidence of post-2012 wealth; cumulative. In Exhibit A to its February 9 letter, the government proffers that GX 1319 is admissible because it lists the address of the Morelos house and shows that Mr. Garcia Luna was using it in 2018. *See* ECF No. 209. The address of the Morelos house is contained in GXs 816 and 816T; admitting GX 1319 for this purpose is unnecessary and cumulative. |
| 1320 | Photo of 2018 birthday party | Yes | Improper evidence of post-2012 wealth; cumulative. The government has already entered seventeen pictures of the Morelos house taken in 2009 into evidence through Mr. Dietz. The government attempted to admit additional pictures of the Morelos house but was precluded from doing so by the Court because any additional pictures would be cumulative. By seeking to admit GX 1319 and 1320 the government hopes that the jurors will infer that, because the defendant had the assets to afford custom birthday party invitations and decorations in 2018, he must be guilty of taking bribes. This is irrelevant. |
| *Government Category: Mexico City Residence* ||||
| 1328 | Picture inside residence | Yes | Improper evidence of post-2012 wealth, lack of connection. The government has not provided a foundation that these photographs accurately depict the inside of the residence that Mr. Garcia Luna owned in Mexico City. Even if the residence was acquired by Mr. Garcia Luna before he left his position, the photos were taken well after Mr. Garcia Luna left his position. Any post-2012 enhancements, like a piano or the artwork in the residence, have not been testified to by any government witnesses. This would lead the jury to infer that such luxuries were too extravagant for a public official, and he must have purchased them through illicit means. It is irrelevant, however, because the photos were taken after 2012. |
| 1331 | Picture inside residence | Yes | Improper evidence of post-2012 wealth, lack of connection. Same reasoning as the defense's objection to GX 1328. |
| 1332 | Picture inside residence | Yes | Improper evidence of post-2012 wealth, lack of connection. Same reasoning as the defense's objection to GX 1328. |
| 1354 | Picture inside residence | Yes | Improper evidence of post-2012 wealth, lack of connection. Same reasoning as the defense's objection to GX 1328. |
| 1356 | Picture inside residence | Yes | Improper evidence of post-2012 wealth, lack of connection. Same reasoning as the defense's objection to GX 1328. |

| Exhibit | Description | Post-2012 Evidence | Objection |
|---|---|---|---|
| 1477 | Picture outside of residence | Unknown | Lack of connection. The government has not provided a foundation that the house photographed here belongs to Mr. Garcia Luna, and there are no independently identifiable features in the photo, like a street sign or house number. |
| 1563 | Picture inside residence | Yes | Improper evidence of post-2012 wealth, lack of connection. Same reasoning as the defense's objection to GX 1328. |
| *Government Category: Vehicles* | | | |
| 1335 | Picture of Mr. Garcia Luna and wife on a motorcycle | No | None |
| 1336 | Picture of motorcycle | Yes | Improper evidence of post-2012 wealth; cumulative; lack of connection. The government has not admitted or proffered any evidence that establishes that the vehicle depicted in this exhibit is in fact a vehicle that was owned by Mr. Garcia Luna and documented in GXs 816 and 816T. It is not relevant if the photo was taken after 2012 unless the motorcycle can be properly identified as one he purchased before 2012. |
| 1377 | Bill of lading for shipping of vehicles and motorcycles to Miami from Mexico | Yes | None. |
| 1379 | Picture of motorcycles with Florida license plates | Yes | Improper evidence of post-2012 wealth; cumulative; lack of connection. |
| 1475 | Picture of vehicle in Miami | Yes | Improper evidence of post-2012 wealth; cumulative; lack of connection. |
| 1562 | Picture of vehicle | No | Cumulative; lack of connection. The government has not offered any evidence that the vehicle depicted in this photograph is one owned by Mr. Garcia Luna. And even if that foundation was offered, this is cumulative of Mr. Garcia Luna's patrimony statement in GXs 618 and 618T. |

| Exhibit | Description | Post-2012 Evidence | Objection |
|---|---|---|---|
| *Government Category: Access to Cash and Cash Expenditures* | | | |
| 1311 | Picture of restaurant | No | Relevance; lack of connection. It is unclear how the government will be able to connect a picture of the inside of a restaurant to Mr. Garcia Luna. Even if it does lay a proper foundation of ownership, it still has not offered any evidence that the restaurant was used to launder ill begotten gains, or that they are indeed "cash businesses." Under the circumstances of this case, the ownership of a "cash business" is only relevant if it was operating as a front, without a legitimate income, so that cartel cash could be used to show "income" from the restaurant. There is no evidence that the restaurant was a front and did not have a legitimate source of income. Absent such evidence, the introduction of a "cash business" to suggest money laundering when there is no evidence to support it is misleading and irrelevant. |
| 1337 | Painting of Mr. Garcia Luna | Unknown | None |
| 1363 | Spreadsheet of firearms | No | Relevance, undue prejudice. The fact that Mr. Garcia Luna possessed a legal firearm collection offers moderate probative value as evidence of wealth (a few thousand dollars), but the prejudicial effect far outweighs it given the polarizing nature of gun ownership in the United States. It is highly likely that some members of the jury will have personally held convictions against legal gun ownership, which would prejudice Mr. Garcia Luna. |
| 1375 | Gun permit | Yes | Relevance, undue prejudice. Same reasoning as defense's objection to GX 1363. |
| 1389 | Business card for one of Mr. Garcia Luna's siblings | Unknown | Relevance. As with GX 1311, the government has offered no evidence to prove that this business is a cash business, or that it was used to launder any ill begotten gains. |
| *Government Category: Miscellaneous* | | | |
| 1316 | CV of Palomino | No | Cumulative. The government proffers that these exhibits are admissible to corroborate Mr. Garcia Luna's relationship with these three individuals. No further corroboration is needed. To date there has been a myriad of evidence admitted establishing that Mr. Garcia Luna worked closely with Messrs. Palomino, Rosas, and Pequeno while he worked for the government of Mexico. Notably, some of that evidence has been introduced by the defense, *i.e.,* photograph of Mr. Garcia Luna, Mr. Pequeno, Mr. Rosas, Mr. Palomino and others meeting with Ambassador Anthony Wayne while Mr. Garcia Luna worked for the Mexican government (DX H). There is no issue in dispute and these exhibits do not relate to any fact of consequence, since it is already established that Mr. Garcia Luna was colleagues with Messrs. Palomino, Rosas, and Pequeno. No additional corroboration is needed, and the proffered evidence should be precluded as cumulative. |

| Exhibit | Description | Post-2012 Evidence | Objection |
|---|---|---|---|
| 1338 | Contact information for Pequeno | No | Cumulative.  Same reasoning as defense's objection to GX 1316. |
| 1339 | Contact information for Rosas | No | Cumulative.  Same reasoning as defense's objection to GX 1316. |
| 1364 | Journalist tweet concerning testimony from Chapo trial | Yes | Relevance; hearsay, cumulative. |
| 1395 | Publicly available document concerning criminal charges against Veytia | Yes | Relevance.  The government proffers that this evidence is admissible to show consciousness of guilt and foreseeability as to venue.  The charges against Edgar Veytia were and continue to be widely reported in the Mexican Press.  Asking to infer that Mr. Garcia Luna is guilty of the charges against him simply because he was curious about a topic plastered over the Mexican media is unduly prejudicial.  In respect to foreseeability as to venue, since the defense has already consented to venue, this argument is moot.  Furthermore, the jury is likely not aware that the documents found on Mr. Garcia Luna's computer are publicly available, and might assume that he came into possession of them through direct contact with Mr. Veytia.  The prejudicial effect that the admission of this evidence would have substantially outweighs any minimal probative value. |
| 1396 | Publicly available document concerning criminal charges against Veytia | Yes | Relevance.  Same reasoning as defense's objection to GX 1395. |
| 1397 | Publicly available document concerning criminal charges against Veytia | Yes | Relevance.  Same reasoning as defense's objection to GX 1395. |