

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

| | |
|---|---|
| SK/EMR/PP/MED/AA | *271 Cadman Plaza East* |
| F. #2019R00927 | *Brooklyn, New York 11201* |

February 13, 2023

By ECF and Email

The Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Genaro Garcia Luna
              Criminal Docket No. 19-576 (BMC)

Dear Judge Cogan:

      The government respectfully submits this letter in opposition to the defense's in-court request for an adverse instruction regarding missing notes for witness Jesus "Rey" Zambada Garcia. See Trial Tr. 1443. The government respectfully submits that the defendant is not entitled to such an instruction.

      As an initial matter, "[t]he Second Circuit has declined … to obligate the government to take notes of all interviews of potential witnesses." United States v. Cook, 3:17-CR-65 (SRU), 2019 WL 4247938, at *15 (D. Conn. Sept. 6, 2019), aff'd sub nom. United States v. Mickens, 20-258, 2021 WL 3136083 (2d Cir. July 26, 2021); United States v. Rodriguez, 496 F.3d 221, 224–25 (2d Cir. 2007) ("While Brady and Giglio … obligate the prosecutor in certain circumstances to disclose to the defense material exculpatory and impeaching information, those cases have not been generally construed to require the Government to make written notes for the defendant's benefit.").

      Adverse inference instructions typically arise where evidence is intentionally destroyed. In that context, "[a] party seeking an adverse inference instruction based on the destruction of evidence must establish (1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed with a culpable state of mind; and (3) that the destroyed evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." United States v. Helbrans, No. 19-CR-497-01 (NSR), 2021 WL 3595720, at *4 (S.D.N.Y. Aug. 13, 2021) (quoting United States v. Garcia, 596 F. App'x 24, 26 (2d Cir. 2015)).

      Consistent with that high bar, in United States v. Mickens, No. 20-258, 2021 WL 3136083 (2d Cir. July 26, 2021), the Second Circuit found that no adverse inference instruction was warranted based simply on the government's failure to take notes. In so holding, the court noted that "the Government was not obligated to take notes," and thus "Defendants [had not]

made even a weak showing of a 'culpable state of mind' on the part of the Government." Id. at *8.

So too here. The defense cannot make out any of the factors necessary to obtain an adverse inference on missing evidence. It cannot show destruction of records. It cannot show an obligation to create such records. Nor can the defense demonstrate a culpable mind in not providing non-existent records, or that such records would be relevant. See id.; Cook, 2019 WL 4247938, at *15 ("Even assuming that any notes from the April 25, 2011 meeting were 'destroyed' by virtue of having been lost, there is no evidence that the government acted with a culpable state of mind."); see also Trial Tr. 1445 (THE COURT: "I just can't draw the inference that the Government has done something wrong. For one thing, there's so much on this witness."). And the defense cannot prevail simply because there were many meetings. See United States v. Walsh, 774 F. App'x 706, 707 (2d Cir. 2019) ("Nor does the number of interviews by itself trigger a duty to take notes").

Finally, the defense cannot show any prejudice. The government has turned over months ahead of schedule over 100 documents (spanning about 1,200 pages) of Mr. Zambada Garcia's 18 U.S.C. § 3500 material. An adverse instruction is unwarranted under these circumstances. See Zubulake v. UBS Warburg LLC, 220 F.R.D. 212, 220 (S.D.N.Y. 2003) ("[T]he adverse inference instruction is an extreme sanction and should not be given lightly"). Of the approximately 48 meetings for which the defense claims notes are missing, the vast majority were meetings in preparation for Mr. Zambada Garcia's trial testimony in United States v. Guzman Loera. See Trial Tr. 1443. That is significant for two reasons. First, Mr. Zambada Garcia's anticipated testimony was unrelated to the defendant.[1] Second, this is a different prosecution involving a different prosecution team, making any adverse instruction based upon notetaking in Guzman Loera a misdirected sanction. And even the sanction of a permissive adverse inference would be unwarranted here, where the government has gone above and beyond its disclosure obligations. The government produced a significant amount of § 3500 material last July (six months ahead of schedule), and the government also made numerous, abundance-of-caution Brady disclosures.

---

[1] Mr. Zambada Garcia's testimony that he paid bribes to the defendant was revealed on cross examination in the Guzman Loera trial, not by the government on direct examination.

2

Respectfully submitted,

BREON PEACE
United States Attorney

By:    /s/
Saritha Komatireddy
Erin M. Reid
Philip Pilmar
Marietou E. Diouf
Adam Amir
Assistant U.S. Attorneys
(718) 254-7000

cc: Defense Counsel (by ECF)
Clerk of Court (BMC) (by ECF)