

U.S. Department of Justice

United States Attorney
Eastern District of New York

SK/EMR/PP/MED/AA  
F. #2019R00927

271 Cadman Plaza East  
Brooklyn, New York 11201

February 14, 2023

By ECF and Email

The Honorable Brian M. Cogan  
United States District Court  
Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, New York 11201

Re: United States v. Genaro Garcia Luna  
Criminal Docket No. 19-576 (BMC)

Dear Judge Cogan:

The government respectfully submits this letter in response to the defendant's request for a withdrawal instruction and the Court's request for supplemental briefing. Specifically, the Court requested briefing on whether withdrawal "requires a subjective intent on the part of the defendant to withdraw." See Trial Tr. 1725. For the reasons stated below, the government submits that withdrawal does require a subjective intent, but that under any intent standard, the defendant cannot demonstrate an entitlement to a withdrawal instruction.

Courts have not expressly addressed the question of whether withdrawal requires an objective or subjective intent. But withdrawal is a defense to the crime of conspiracy—an offense that requires two or more participants to have a meeting of the minds about a criminal objective. See United States v. Gigante, 982 F. Supp. 140, 169 (E.D.N.Y. 1997), aff'd, 166 F.3d 75 (2d Cir. 1999) ("At the most basic level, the defendant must have the intent both to agree with his co-conspirators and to join in their illegal activities … without knowledge and agreement a person cannot be held accountable for the criminal combination.").

In light of that intent, it follows that a conspirator cannot withdraw absent a subjectively intentioned break from the conspiracy. As the Second Circuit recently stated in United States v. Hoskins,

> Once a person joins a conspiracy, that person remains a member until he withdraws from it. . . . A person can withdraw from a conspiracy by taking some affirmative steps to terminate or abandon his participation in and efforts to promote the conspiracy. … [T]he defendant's affirmative act of withdrawal must be <u>aimed at</u> weakening or undermining the foreseeable consequences of his own participation in the conspiracy.

4 F.4th 140, 155 (2d Cir. 2022) (approving jury charge) (emphasis added). In other words, a defendant cannot withdraw without that specific purpose or specific intent in mind. Under that standard, the defendant's passive act of leaving office, as he was compelled to do, would not constitute an affirmative act "aimed at weaking or undermining" his conspiracy with the Sinaloa Cartel.

But the court need not reach the issue of subjective intent to conclude that a withdrawal instruction is inappropriate here. That is because the defense has not demonstrated an entitlement to a withdrawal instruction under Second Circuit law. The sole theory proffered by the defense on withdrawal is that the defendant left public office. See ECF No. 219. At trial, the defense has elicited bare testimony that at the end of the Calderon Administration, the defendant left office as required—alongside other members of the cabinet. See Trial Tr. 1222-1223 (Wayne); Trial Tr. 807 (Avila); see also Trial Tr. 1168 (Hernandez) (turnover automatic). A forced resignation does not qualify as an affirmative act sufficient to show withdrawal, as a matter of law. United States v. Berger, 224 F.3d 107, 119 (2d Cir. 2000) ("resignation … does not, in and of itself, constitute withdrawal from a conspiracy as a matter of law.").

The defense argues that the Second Circuit's decision in United States v. Leslie, 658 F.3d 140, 143–44 (2d Cir. 2011) requires that an instruction be given in this case because Leslie involved non-volitional conduct, i.e., incarceration. But imprisonment is clearly distinguishable. In our system of criminal justice, imprisonment is the way criminal intent and conduct is extinguished. Here by contrast, the defendant was forced to leave public office because the administration's term was over and the defendant's political party lost power. The defendant was not incarcerated. Unlike an inmate, the defendant could have continued assisting or supporting the conspiracy after he left office. Indeed, the uncontested record shows that a public official's relationships continue after they leave office, and that those relationships are the source of their power to the Cartel. See Trial Tr. 827 (Avila). The defense argues that the defendant could have sought other public positions in Mexico but chose not to, or could have stayed in Mexico to assist the Cartel but chose not to. See ECF No. 219. Such speculation is nowhere to be found in the record—a point the defense appears to concede by pointing to wholly inapposite testimony from the defendant's wife. See id.; Trial Tr. 1679 ("[W]e left … because we wanted to give our children more freedom … [T]he security that we had in Mexico did not allow [them] to have a normal life in Mexico… they couldn't go to a birthday party without security").

Ultimately, "[a] defendant is entitled to an instruction on an affirmative defense only if the defense has a foundation in the evidence." United States v. Zayac, 765 F.3d 112, 120 (2d Cir. 2014); see ECF No. 213. The defendant has not elicited any evidence of an affirmative act on his part. The uncontested record shows that the defendant was forced to leave office. While he flew to the United States, he continued to spend significant time in Mexico. See GX 102; GX 605 (900+ days spent in Mexico between 2012 and 2019); Trial Tr. 1196-97 (Wayne). That does not represent an "affirmative action to disavow or defeat the purpose of the conspiracy." Hoskins, 44 F.4th at 155; United States v. Spanier, 744 F. App'x 351, 355 (9th Cir. 2018) (upholding refusal to give a withdrawal instruction "on the grounds that there was no factual basis for the defense" where the defendant failed to inform his co-conspirators of the withdrawal).

Respectfully submitted,

BREON PEACE
United States Attorney

By: \_\_\_\_/s/_____
Saritha Komatireddy
Erin M. Reid
Philip Pilmar
Marietou E. Diouf
Adam Amir
Assistant U.S. Attorneys
(718) 254-7000

cc: Defense Counsel (by ECF)
    Clerk of Court (BMC) (by ECF)