```
                                                                    1

                      UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF NEW YORK

    - - - - - - - - - - - - - - - X

    UNITED STATES OF AMERICA,        : 19cr576(BMC)
                                     :
              Plaintiff,              :
                                     :
           -against-                  : United States Courthouse
                                     : Brooklyn, New York
    GENARO LUNA,                      :
                                     :
              Defendant.              : Wednesday, November 30, 2022
                                     : 2:30 p.m.
                                     :
    - - - - - - - - - - - - - - - X

         TRANSCRIPT OF CRIMINAL CAUSE FOR STATUS CONFERENCE
                  BEFORE THE HONORABLE BRIAN M. COGAN
                     UNITED STATES DISTRICT JUDGE

                          A P P E A R A N C E S:

    For the Government: UNITED STATES ATTORNEY'S OFFICE
                           Eastern District of New York
                           271 Cadman Plaza East
                           Brooklyn, New York 11201
                        BY: SARITHA KOMATIREDDY, ESQ.
                           Assistant United States Attorney

    For THE DEFENDANT:   THE LAW FIRM OF CESAR DE CASTRO, P.C.
                           The District
                           111 Fulton Street - 602
                           New York, NY 10038
                        BY: CESAR DE CASTRO, ESQ.

                         MIEDEL & MYSLIWIEC, LLP
                           80 Broad Street, Suite 1900
                           New York, NY 10004
                        BY: FORIAN MIEDEL, ESQ.


    Court Reporter:    SOPHIE NOLAN
                       225 Cadman Plaza East/Brooklyn, NY 11201
                       NolanEDNY@aol.com
    Proceedings recorded by mechanical stenography, transcript
    produced by Computer-Aided Transcription
```

1          (Via Videoconference.)

2          (The Hon. Brian M. Cogan, presiding.)

3          THE COURT: Let me summarize for the record what

4   happened while the court reporter was off and if either lawyer

5   thinks that I got it wrong, they will add to it.

6          While we were off the record we covered the fact

7   that all parties consent to doing this conference by video and

8   I made a finding under the CARES Act. I next asked the

9   prosecutor whether or not if we allow Appendix B to the

10  questionnaire to be shown to the jurors on the day of

11  selection for the first time, would that effectively disclose

12  all of the Government's witnesses. And she said that it

13  would.

14         All right, let me just ask the prosecutor then, why

15  are we having a separate Exhibit B?

16         MS. KOMATIREDDY: Your Honor, I don't think it needs

17  to be separate. I think that it can be one exhibit and that

18  we just pass it out when the jurors come in for in-person voir

19  dire and that way we can keep that list secure and also

20  distribute it on a need-to-know basis to only those jurors who

21  end up coming in for voir dire.

22         THE COURT: Well, it is a separate list in that it's

23  separate from Attachment A that the jurors will have seen when

24  they first get the questionnaire; correct?

25         MS. KOMATIREDDY: My suggestion, Your Honor, is that

1  we edit the questionnaire to remove the, do you recognize
2  these people question from the questionnaire part it and we
3  can just ask that question when they come in in person.
4               THE COURT:  You're presuming to do that with both
5  Exhibits A and B?
6               MS. KOMATIREDDY:  I'm just proposing that we
7  combine -- have one list so that there's one exhibit and that
8  we just pass that around -- have printed copies and pass it to
9  the jurors when they come in on the days for questioning.
10              THE COURT:  Give me approximately the total number
11 of names that the jurors coming in for voir dire will be asked
12 to review as they're being selected.
13              MS. KOMATIREDDY:  Your Honor, I would expect it to
14 be one to two pages, the names of counsel, witnesses and other
15 people of interest would likely be maybe 70.
16              THE COURT:  Don't you think that having to review 70
17 names is possibly going to increase the potential that a juror
18 will skip over a name they might otherwise have had if they an
19 earlier view of the list?
20              MS. KOMATIREDDY:  I don't have a strong view, Your
21 Honor.  If you prefer that they get it at the time of the
22 questionnaire we can do that.  Now that the jurors are filling
23 out questionnaires in January, our only request would be that
24 we provide the list and I think the parties will be able to
25 agree on a final list in January shortly before they are

1  needed by the jury coordinator office.
2              THE COURT:  I am missing something here,
3  Ms. Komatireddy, because if, in fact, the government is going
4  to disclose all of its witnesses on what you've now described
5  as a merged list, then why do the parties have to agree?  You
6  put in your names and the defendants put in their names and we
7  give it to the jurors.
8              MS. KOMATIREDDY:  I think that's right, Your Honor.
9  All I'm really concerned is timing, that we don't distribute
10 such a list now and we can wait until closer to the trial.
11             THE COURT:  All right.  Let me hear from the
12 defense.
13             MR. DeCASTRO:  Thank you, Judge.  This is Cesar de
14 Castro.  First, just to address -- I think you had mentioned
15 addresses.  I think there might have been a miscommunication
16 there.  We are not expecting or requesting addresses, either
17 of witnesses or anybody.  We understand that's anonymous.  The
18 issue with location I think that we raised is question number
19 52 which references Exhibit A says that the -- and this is my
20 experience in prior questionnaire cases, is that we also have
21 places that would be -- if people have experience with any of
22 the places, the locations.  And, so, that was something that
23 was absent from the list that I was saying -- and I'm not in a
24 position to know exactly what the Government is going to do at
25 trial.  So I figured we should have locations there because if

1  it turns out that someone lives next door to one of the
2  locations that they're going to elicit testimony about, I
3  think that's relevant. So that's the location part.
4          THE COURT: It is typical to list known locations
5  where significant events occur as part of this elimination of
6  conflict process with respect to jurors. I've seen that in
7  about every case I've ever done. That list is independent of
8  the residence or location of any of the witnesses. It's just
9  to make sure, as Mr. De Castro stated, that, and this happened
10 to me once, that someone doesn't say, oh, I walk through that
11 area every day. I know exactly what it looks like.
12         Let me hear from the prosecutor on that.
13         MS. KOMATIREDDY: I agree, Your Honor. We have no
14 objection to that. We'll add locations of interest.
15         THE COURT: Okay. So, anything that the defense
16 needs to add to that or are you satisfied on that?
17         MR. DeCASTRO: On locations, all good.
18         THE COURT: Okay. Now, the jurors are coming in on
19 January 9th. On January 7th then we will have the Government
20 assemble a list. The defense will submit its list to the
21 Government. The Government will assemble it, give it to the
22 Jury Department. The Jury Department will attach the list to
23 the questionnaire and then the jurors will be given the list
24 when they come in to fill it out. Everyone agree?
25         MR. DeCASTRO: My only question is when does -- when

1  do the jury people need it to produce it?  Is that the 7th or
2  is that the -- I mean, it's days, I understand, but --
3              THE COURT:  We will find out the latest possible
4  date the Jury Department can have it.  If it's earlier than
5  the 7th, we'll get it to them, but it will be the latest
6  possible day.
7              MR. DeCASTRO:  And, Judge, if I could add, just on
8  the names issue I just want the sort of record to be clear
9  anyway, that my only concern was that all the names are there
10 because I've had too many coincidences in trial practice
11 that -- and I appreciate the Government's concerns about
12 providing a witness list too early and all of that, but my
13 understanding is the Government should be giving us a witness
14 list in the coming days.  So we're about a month out from
15 trial and, so, to me this wasn't the tool.
16             It was just to make sure that list is complete so
17 that we avoid any obvious conflicts.  We will get to trial
18 disclosures in a moment.  I wanted to agree on the procedures
19 for getting the jurors the questionnaire and I think we have
20 agreed on that.  We've agreed on the jurors, right?
21             MR. DeCASTRO:  Yes, we are.
22             MS. KOMATIREDDY:  Yes, Your Honor.
23             THE COURT:  All right.  Now let's talk about witness
24 disclosure.  I take Mr. de Castro's point.  The Government may
25 recall that in the last trial I believe I barred a government

1 witness for not having been disclosed when we set the
2 timetable to disclose them.
3 Now, I understand that the Government has some
4 sensitivity about the disclosure of witnesses and, again, this
5 is entirely different than the names on the attachment to the
6 questionnaire. This is witness disclosure.
7 So, let me ask the government. I know you have some
8 concerns about not disclosing certain witnesses until a later
9 point than other witnesses, but when -- how far in advance of
10 each witness's testimony are you going to make a disclosure of
11 that witness? If you want to group them into two groups you
12 can do that.
13 MS. KOMATIREDDY: Your Honor, our plan is to
14 disclose the bulk of the remaining -- make the bulk of the
15 remaining disclosures by December 9th, which should include
16 disclosing -- we've already disclosed the identity of certain
17 cooperating witnesses and we expect to disclose the identity
18 of the remaining cooperating witnesses by that date. There
19 are some additional witnesses who we are working on securing
20 or for other witnesses we would prefer to disclose their
21 identities closer to their date of testimony.
22 Our plan on those was to make a judgment based on
23 the volume of their 3500 material and when it would be
24 reasonable to -- how far in advance is a reasonable amount of
25 time for the defense to process that material. In general,

1  the second category of witness has less 3500 material than a
2  cooperating witness who has a great deal of 3500 material.
3              THE COURT:  All right, let me suggest this:  The
4  witnesses -- the witness list you're going to disclose by the
5  9th, that's not all that useful for the defense because you're
6  going to give every possible witness, but you're going to
7  give, for example, 50 witnesses and end up calling only 30 at
8  trial.
9              So what I am suggesting is there has to be some
10 period of time in advance of calling the witness, if the
11 witness is not a sensitive witness, and then a shorter period
12 of time if the witness is a sensitive witness.  And these
13 disclosures are rolling because, in fact, every day of the
14 trial you will have an obligation to disclose the witnesses
15 for that day of trial or that three-day of trial or however
16 much the increments are that I order today.  And what I would
17 like to suggest is for non-sensitive witnesses, we do
18 three-day in advance disclosure and for sensitive witnesses,
19 we do no less than 24 hours disclosure.  That's a proposal so
20 what I want to ask the Government, is that workable?
21             MS. KOMATIREDDY:  Yes, Your Honor.  I think that is.
22             THE COURT:  Let me hear from the defense.
23             MR. DeCASTRO:  Judge, I just want to clarify so I'm
24 on the same page, are we talking about disclosure of the
25 witness or of the material, the 3500 material?

1    THE COURT:  I haven't gotten to the 3500 material
2    yet.  I'm only covering how much notice you get that a witness
3    is going to testify shortly in the trial.  Three days for
4    non-sensitive witnesses and one day for sensitive witnesses.
5    MR. DeCASTRO:  So I'm assuming I have everything,
6    you're just telling me you're calling them tomorrow or in
7    three days, something like that.
8    THE COURT:  Correct.
9    MR. DeCASTRO:  I think we're fine with that.  My
10   experience with several lengthy trials is usually the
11   Government on Friday night tells us who they're calling next
12   week.  So I guess that would -- that's usually -- that's what
13   I'm used to and it usually works really well.  I did that in a
14   six-month trial and I did that in a three-month trial and that
15   was usually pretty good.  That might be slightly more than
16   three days I suppose.  That's something I'm comfortable with
17   but I think we can work on three, if that's what the Court
18   wants.
19   THE COURT:  Let's go with the schedule I set forth,
20   three days/one day, as the default position.  I would urge the
21   government to give more time or notice if possible and
22   whatever the parties work out in that connection, I will be
23   glad to so order but if you can't work anything out despite my
24   urging the Government to try to get a little more time on at
25   least some of the witnesses than that, then the default will

W. Name - direct/cross - Atty    10

1   be three and one.
2           Now, with regard to the 3500 material let's talk
3   about the cooperating witnesses first.  When is the earliest
4   date that the government is comfortable disclosing 3500
5   material in advance of a witness's testimony?
6           MS. KOMATIREDDY:  Your Honor, as I mentioned, we've
7   already disclosed several and we plan to disclose the
8   remainder by December 9th.  If there's any reason it comes up
9   in the next few days that that's not going to be possible, we
10  will let the Court know.
11          THE COURT:  So, you believe that by the time the
12  magistrate judge sits down with the jurors, probably the week
13  before when the jurors are first getting the questionnaire,
14  you will have disclosed all 3500 material?
15          MS. KOMATIREDDY:  Certainly December 9th for all
16  cooperating witnesses, Your Honor?  Are you asking for all
17  witnesses?
18          THE COURT:  I was actually saying January 9th but
19  you raised a good point.  What is the date prior to
20  January 9th when you're going to have at least the bulk of the
21  3500 material delivered?  So you'll have both of them by
22  December 9th?
23          MS. KOMATIREDDY:  Yes, Your Honor.
24          THE COURT:  If there's additional 3500 material that
25  you have not produced by December 9th, I'm going to direct you

W. Name - direct/cross - Atty    11

1   to produce it at the earliest date that you think you can
2   produce it, taking into account special circumstances that
3   would require it to be produced later than December 9th.  I
4   will direct the Government to keep in mind that obviously what
5   the defense is trying to avoid and what they're legitimately
6   trying to avoid is the situation where you give them the name
7   of a cooperating witness the day before and they've got three
8   boxes of 3500 material to go through to prepare for that
9   witness.  They want to be prepared in advance so you will have
10  to give them that 3500 material much earlier.
11          What I'm trying to avoid is a situation where the
12  defense has not had enough time to prepare for
13  cross-examination and if that happens I'm going to take a day
14  or two-day break from the trial to let them catch up.  Okay,
15  are we all on the same page.
16          MS. KOMATIREDDY:  Yes, Your Honor.  We understand.
17  We're trying to avoid both of those situations as well.
18          THE COURT:  Anything else we need to talk about
19  today?
20          MR. DeCASTRO:  Not from the defense, Judge.
21          THE COURT:  Is the government okay.
22          MS. KOMATIREDDY:  Can I ask logistical questions
23  about the trial, Your Honor?  I understand I think the last
24  time we discussed this Your Honor you had mentioned that you
25  don't ordinarily sit on Fridays in a long trial.

W. Name - direct/cross - Atty 12

1 THE COURT: Correct.

2 MS. KOMATIREDDY: Should there arise a question
3 regarding witness availability, is that something that the
4 Court would entertain doing, obviously after we applied for it
5 and with sufficient notice?

6 THE COURT: Well, I will entertain anything, but the
7 questionnaires are going to tell the jurors no Fridays. If
8 there is some reason that a witness cannot be examined on
9 Thursday or the following Monday, but only on the Friday,
10 we'll have to play it by ear.

11 MS. KOMATIREDDY: I understand.

12 THE COURT: All right. Thank you all for calling
13 in. We'll be seeing a lot of each other soon.

15 (Matter adjourned.)
16 - ooOoo -