THE LAW FIRM OF

# CÉSAR DE CASTRO, P.C.

ATTORNEY AT LAW

The District
111 Fulton Street - 602
New York, New York 10038
631.460.3951 Office
646.285.2077 Mobile
646.839.2682 Facsimile
cdecastro@cdecastrolaw.com
cdecastrolaw.com

April 6, 2023

*Via* **ECF**

The Honorable Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *United States v. Garcia Luna,* 19 Cr. 576 (BMC)

Dear Judge Cogan,

We write to advise and provide the Court with the defense's position in connection with a request by Iowa Senator Charles E. Grassley to both the defense and the prosecution for all Rule 16 materials, Jenks Act (18 U.S.C. § 3500) disclosures, as well as Brady and Giglio material produced by the government in this case.[1] Senator Grassley writes that he seeks the materials because they are "relevant to the oversight of foreign law enforcement operations which are subject to presidential budget requests and funded by Congressional appropriations."

Mr. Garcia Luna joins in Senator Grassley's request and sees no reason why the Senator should not be given access to the materials he has requested. The defense would be willing to produce responsive materials if the protective order were appropriately modified.

By way of background, on February 22, 2023, the day after Mr. Garcia Luna was convicted, Senator Grassley made a written request to United States Drug Enforcement Administration Administrator Anne Milgram and United States Federal Bureau of Investigation Director Christopher Wray requesting they produce and/or answer, by March 22, 2023: (1) all recordings of Mr. Garcia Luna; (2) all documents relating to Mr. Garcia Luna's alleged criminal activity; (3) the contents of Mr. Garcia Luna's laptop and cellular telephone to which Mr. Garcia Luna consented to law enforcement searches; (4) what the agencies knew about Mr. Garcia Luna's alleged corruption and criminal activity; (5) explain the vetting of Mr. Garcia Luna; and (6) the trial transcripts in the case.[2]

---

[1] April 5, 2023 letter, from Senator Grassley Annexed hereto at Exhibit "A."
[2] *See* February 22, 2023 letter, Annexed hereto at Exhibit "B."

Apparently having not received the requested materials, Senator Grassley followed up yesterday with the letter described above, requesting these materials by May 4, 2023.  As the Court knows, Mr. Garcia Luna has maintained that he was a trusted and integral partner to the United States and was falsely accused of betraying that trust by former members of Mexican drug cartels.  Accordingly, Mr. Garcia Luna supports a congressional review and examination of the evidence, or lack of evidence, against him and does not object to these items being produced to the United States Senate.  Furthermore, we believe that in preparing to provide these materials, the government may locate additional materials related to its investigation and witnesses that the defense did not receive and to which it was entitled.  For example, as we raised during trial, the government represented that Rey Zambada, one of its critical witnesses, met with the government and law enforcement approximately 118 times.[3]  However, its 3500 production related to Mr. Zambada did not include a single DEA 6 report and FBI 302 reports were produced for only 4 of those meetings.  At trial, the government's trial team was unable to give the defense or the Court much clarity as to that discrepancy because they were not involved in debriefing Mr. Zambada before 2019.

Accordingly, if for some reason the government is unwilling to provide the United States Senate with the evidence in this case, the defense is happy to do so, assuming the protective order is modified by the Court.

Respectfully submitted,

/s/

César de Castro
Valerie Gotlib
Florian Miedel
Shannon McManus

Cc:     all counsel of record (via ECF)

---

[3] *See* Trial Transcript at 1441-1448.