1

```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - X

UNITED STATES OF AMERICA,        : 19CR576(BMC)
                                 :
          Plaintiff,             :
                                 :
     -against-                   : United States Courthouse
                                 : Brooklyn, New York
GENARO GARCIA LUNA,              :
                                 :
          Defendant.             : Wednesday, May 25, 2022
                                 : 12:00 p.m.
                                 :
                                 :
                                 :
- - - - - - - - - - - - - - X

     TRANSCRIPT OF CRIMINAL CAUSE FOR A STATUS CONFERENCE
                     (Via Videoconference.)
            BEFORE THE HONORABLE BRIAN M. COGAN
                 UNITED STATES DISTRICT JUDGE

                       A P P E A R A N C E S:

For the Government: UNITED STATES ATTORNEY'S OFFICE
                       Acting United States Attorney
                        Eastern District of New York
                         271 Cadman Plaza East
                         Brooklyn, New York 11201
                    BY:  RYAN HARRIS, ESQ.
                         SARITHA KOMATIREDDY, ESQ.
                         Assistant United States Attorney

For the Defendant:    The Law Firm of Cesar De Castro, P.C.
                         The District
                         111 Fulton Street - 602
                         New York, NY 10038
                      BY: CESAR DE CASTRO, ESQ.
                          SHANNON MICHAEL MC MANUS, ESQ.

Court Reporter:     SOPHIE NOLAN
                        225 Cadman Plaza East/Brooklyn, NY 11201
                    NolanEDNY@aol.com
```

*Proceedings recorded by mechanical stenography, transcript produced by Computer-Aided Transcription*

1           (In open court.)

2           (The Hon. Brian M. Cogan, presiding.)

3           (Defendant present via Video Conference.)

4           THE COURTROOM DEPUTY:  Criminal cause for a status

5  conference.  Docket number 19cr576, *USA versus Luna et al.*

6           Counsel, please state your appearances for the

7  record beginning with the prosecution.

8           MR. HARRIS:  Good afternoon, everyone.  Ryan Harris,

9  United States.  I'm joined today by Saritha Komatireddy.

10          MS. KOMATIREDDY:  Good afternoon, Judge.

11          MR. DeCASTRO:  Cesar DeCastro and Shannon McManus

12  for Mr. Garcia Luna.

13          THE COURT:  I am not seeing Mr. McManus.

14          MR. DeCASTRO:  Mr. McManus and Cesar de Castro.

15          THE COURT:  Good afternoon Mr. Garcia Luna?

16          THE DEFENDANT:  Good afternoon.

17          THE COURT:  A couple of things.  I want to be sure

18  that everyone is okay with doing this routine status

19  conference by video.

20          Mr. DeCastro, have you spoken to your client about

21  this?

22          MR. DeCASTRO:  I have -- I have as we have done

23  several times in the past and Mr. Garcia Luna is okay with and

24  consents to doing this via video.

25          THE COURT:  All right.  Because this is a routine

1  conference, I don't think I need to make any findings under
2  the CARES Act.  So unless anyone disagrees with it, we can go
3  forward.  Next, I just want to note for the record that we do
4  have a Spanish interpreter who is present and is translating
5  for the defendant.  All right.  Thank you for the agenda that
6  you sent me.  I think a lot of it is self explanatory.
7  There's a couple of things we need to talk about.
8              I will hear from the Government first.
9              MR. HARRIS:  Yes, Your Honor, thank you.  As we set
10 forth in our letter, the Government has been continuing to
11 prepare and produce Rule 16 materials to the defense.  We also
12 received a request for particulars which we responded to and
13 just today, I believe, also produced some early Jencks Act
14 material for certain witnesses to defense counsel.  We
15 continue and plan to continue engaging with defense counsel to
16 the extent they have additional questions regarding any
17 particulars and hoping to provide them with any materials that
18 we can to facilitate their trial preparation.
19             With respect to CIPA, as the Court is aware, we've
20 submitted it on May 20th.  The Court has a hearing scheduled
21 ex parte hearing for the government for June 2nd.  The
22 Government can be prepared to go forward on that date.  The
23 thought, however, was that given the recent submission the
24 Court might want more time to review the brief before the
25 hearing so it suggested a date at the end of June.

1    THE COURT:  You are correct.  I want to move it to
2 the end of June.  Mr. Jackson could we have a one-hour block
3 for an ex parte with the Government?
4    MR. DeCASTRO:  Judge, if I may, before you do that,
5 I think -- just for timing purposes and I'm not sure if the
6 Government has any objection to this, they may not, but one of
7 the things I was going to request I did in a different case.
8    THE COURT:  Mr. DeCastro, you have to take breaks
9 for the interpreter.
10    MR. DeCASTRO:  I was going to request an ex parte
11 conference with the Court just to assist the Court in
12 evaluating the Government's request in that we believe we're
13 aware of some of the sort of volume of materials, what it
14 might relate to.  Of course we're somewhat in the dark here.
15 We would like to have a meeting with the Court either before
16 or after you meet with the Government and have it ex parte
17 because we may discuss our defense strategy just to help
18 inform the Court to making its decision relating to CIPA
19 disclosures and how they're made.
20    THE COURT:  Anything more, Mr. DeCastro?
21    MR. DeCASTRO:  No, that's it.
22    THE COURT:  I agree I should have an ex parte
23 meeting with the defense so when I look through the
24 Government's documents or summaries, I have some idea what the
25 defendants are looking for and whether it's adequately

1  included in there.  Let's keep it on the June 2nd date that we
2  presently had for the Government's ex parte conference and
3  then we'll pick a new date for my ex parte conference with the
4  Government.  Does that work for you Mr. DeCastro?
5           MR. DeCASTRO:  That works, Judge.  I think that was
6  scheduled for 10 a.m., am I right?  That works.
7           THE COURT:  And, Mr. Jackson, we need a new time for
8  the Government sometime later on in June.
9           THE COURTROOM DEPUTY:  Judge, so you are not going
10 to adjourn the June 2nd ex parte government hearing?
11          THE COURT:  I'm going to change it from a government
12 ex parte hearing to being an ex parte defendant's hearing.  I
13 am going to change it.  And so we need a new date for the
14 Government ex parte hearing in the third or fourth week of
15 June.
16          THE COURTROOM DEPUTY:  Thursday June 30 at 5 p.m.,
17 Judge?
18          MR. HARRIS:  That's fine for the Government, Your
19 Honor.  And, Your Honor, I have a few minor clarification
20 questions.  One would be does the Court or defense wish for
21 the defendant to be present for the June 2nd appearance
22 because then we will work with the MDC to have him produced
23 either by video or otherwise.  That would be the first
24 question.
25          THE COURT:  I can answer that before Mr. DeCastro.

1  I do not have the defendants present when I have those kinds
2  of ex parte meetings with defense counsel.
3              MR. HARRIS:  Thank you, Your Honor.  And secondly in
4  the COVID era does the Court intend to hold these proceedings
5  or at least the Government's proceedings in camera or via some
6  video link or how would the court like to proceed?
7              THE COURT:  How comfortable is the Government
8  proceeding with the ex parte hearing by video?
9              MS. KOMATIREDDY:  Sorry, Your Honor, on this point I
10 think we have to request that it be in person because we are
11 not permitted to discuss classified information by video.
12             THE COURT:  All right.  That's what I thought.  So
13 we will have those meetings in chambers.  Both ex parte
14 conferences will be in chambers.  Obviously, we'll wear masks
15 unless things have changed and we don't have to wear masks
16 anymore.
17             Mr. DeCastro, anything you need to add as to
18 discovery?
19             MR. DeCASTRO:  If the Government is correct I did
20 make a request for a bill of particulars and they did respond.
21 I'm still evaluating their response and of course as they just
22 mentioned they also just sent a batch out of early 3500 which
23 may be also responsive.  So I am going to be reviewing that.
24 So I will continue working with them on that and if I need the
25 Court, of course I will make a motion.

1    THE COURT:  I also wanted to talk about the motion
2  for partial sequestering of the jury which is presently sub
3  judice.  What I wanted to say about that is that the motion
4  alludes to an ex parte letter that the Government had filed
5  before me in connection with its motion for a protective
6  order.  Now, the reason I raise that is because I cannot say
7  that the information in that letter is immaterial to the
8  determination of whether to have a partially anonymous or an
9  anonymous jury.  I think the Government demonstrated good
10 cause for filing that letter ex parte as it would jeopardize
11 the case.  Let me put it that way, but I want to know what the
12 parties' feelings are that I can take into consideration the
13 ex parte letter in deciding the anonymous jury issue or
14 whether I have to exclude it and if I should consider it, what
15 is the basis for my considering it without the defendant's
16 input.
17      MR. HARRIS:  Your Honor, this is Brian Harris.  I
18 would like an opportunity to file a letter with the Court
19 after today's conference advising as to our position on that.
20 I don't have the letter in front of me and as I recall I don't
21 believe that was our primary basis for --
22      THE COURT:  It was not, but it could conceivably be
23 my primary basis.
24      MR. HARRIS:  Understood, Your Honor.
25      MR. HARRIS:  So, Your Honor, I would like the

1   opportunity to follow up with a letter to the Court as to our
2   position after taking a look at the case law on that.
3            THE COURT:  That's fine.  One thing I want to add to
4   the Government's consideration is that it seems to me the
5   information in that ex parte letter will be disclosed at some
6   point and the question is can it be disclosed at a point
7   before I make a decision on the anonymous jury.  I'm not
8   asking for a response to that now; just for the Government to
9   consider that.
10           MR. DeCASTRO:  Thank you, Your Honor.
11           THE COURT:  All right.  What else do we need to
12  cover today?
13           MR. HARRIS:  I don't believe the Government has any
14  other items to discuss, Your Honor.
15           THE COURT:  Are you okay, Mr. DeCastro?
16           MR. DeCASTRO:  I am.  We do not have anything else,
17  Your Honor.
18           THE COURT:  Let's set a date for our next
19  conference.  We obviously have a trial schedule in place, but
20  we're not there yet.  What does the Government suggest?  60
21  days?
22           MR. HARRIS:  Your Honor, we discussed the date of
23  July 15th so a little less than 60 days at 10:30 which I think
24  Mr. Jackson indicated the Court has availability.
25           THE COURT: Does that date work for you,

1   Mr. DeCastro?
2           MR. DeCASTRO:  It does and just to short circuit we
3   would consent to the exclusion of time.
4           THE COURT:  Based on that consent and my prior
5   determination that this is a complex case, I am going to
6   exclude time until July 15th.  I am finding that the ends of
7   justice outweigh the interest of the public and the defendant
8   in a speedy trial because we still have a lot to do in this
9   case.  Anything else?
10          MR. HARRIS:  No, Your Honor.  Thank you.
11          THE COURT:  Thank you all for calling in.  We are
12  adjourned.
13
14          (Matter adjourned.)
15                        - ooOoo -