# **EXHIBIT U**

**OPERADORA DE HOSPITALES ANGELES**        **SUCURSAL: Pedregal**
CAMINO A SANTA TERESA NO. 1055, PISO 14
COL. HÉROES DE PADIERNA, MÉXICO D.F. C.P. 10700

### FICHA IDENTIFICACIÓN

| FECHA: | HORA: | HABITACIÓN: | TIPO HABITACIÓN: | NO. PACIENTE: | SERVICIO DE INGRESO: |
|---|---|---|---|---|---|
| 18.10.2008 | 11:53:00 | PDCA512 | STAND | 1000453918 | U.E.P5Hospit |

| NOMBRE COMPLETO: | | SEXO: | EDAD: | FECHA NACIMIENTO: | NO. EPISODIO: |
|---|---|---|---|---|---|
| PEREYRA GALVEZ LINDA CRISTINA | | Femenino | 37 | ■■■ | 1310283 |

| DOMICILIO: |
|---|
| MONTE DE FUNIAR 21 Jardines en la Montaña 14210 |

| ESTADO: | PAÍS: | TELÉFONO: |
|---|---|---|
| DF | México | ■■■ |

| COMPAÑÍA: | PÓLIZA/CREDENCIAL: | NO. CERTIFICADO: |
|---|---|---|
| METLIFE MEXICO, S.A. | 06002E0024012 | |

| NOMBRE PERSONA RESPONSABLE: | TELÉFONO: |
|---|---|
| GARCIA LUNA GENERO | ■■■ |

| DOMICILIO: |
|---|
| MONTE DE FUNIAR 21 |

### INFORMACIÓN MÉDICA

| DIAGNÓSTICO DE ADMISIÓN: | PERSONA QUE ADMITIÓ: |
|---|---|
| | ANA CECILIA MENDOZA BECERRIL |

| NOMBRE DEL MÉDICO TRATANTE: | ESPECIALIDAD: |
|---|---|
| 1000004894 - ENRIQUE HERRERA ASCENCIO | Cirugía General |

| PROCEDIMIENTOS QUIRÚRGICOS REALIZADOS: | FECHA SALIDA: | HORA: | DÍAS ESTANCIA: |
|---|---|---|---|
| | 19.10.2008 | 12:28:00 | 1 |

| MOTIVO DE ALTA: | DIAGNÓSTICO DE ALTA: |
|---|---|
| | |

| EN CASO DE DEFUNCIÓN CAUSA PRINCIPAL: |
|---|
| |

CONTRATO QUE CELEBRAN POR UNA PARTE LA OPERADORA DE HOSPITALES ÁNGELES, S.A. DE C.V., Y POR LA OTRA EL SR.(A) PEREYRA GALVEZ LINDA CRISTINA, COMO PACIENTE, Y EL SR.(A) GARCIA LUNA GENERO, COMO REPRESENTANTE Y/O RESPONSABLE Y/O AVALISTA DEL PACIENTE.

1o. Autorización para tratamiento médico y/o intervención quirúrgica.

Acepto y Autorizo expresamente que se practiquen al Sr.(A) PEREYRA GALVEZ LINDA CRISTINA (en lo sucesivo el "Paciente") cuantas curaciones, atenciones e intervenciones quirúrgicas requiera en atención a su padecimiento o cualquier consecuencia del mismo.

Acepto y Autorizo expresamente que el Dr. ENRIQUE HERRERA ASCENCIO quien previamente ha sido contratado por el paciente y apegándose estrictamente a los privilegios que la Dirección Médica de la Operadora de Hospitales Angeles, S.A. de C.V., le ha concedido, practique u ordene cuanto examen, intervención quirúrgica, reconocimiento, análisis, curación o procedimiento médico o solicite interconsulta o colaboración de otro(s) médico(s) que tenga(n) privilegios dentro de la Operadora de Hospitales Angeles, S.A. de C.V., necesarios para la atención del padecimiento del paciente, o de cualquier consecuencia del mismo, aceptando desde ahora cualesquiera y todos los riesgos implícitos al tratamiento o derivados del mismo.

2o. Objetos Personales.
Acepto que la Operadora de Hospitales Ángeles, S.A. de C.V. únicamente será responsable por la pérdida, robo o daño de los objetos o valores del Paciente que sean inventariados y Depositados en las cajas de seguridad de cada habitación, amparados por el recibo formal de los objetos entregados, expedido por la SUCURSAL Pedregal.

3o. Pago de los Servicios.
El paciente conviene expresamente en pagar de contado a la Operadora de Hospitales Angeles, S.A. de C.V., todos y cada uno de los gastos y cargos por concepto de los servicios proporcionados al Paciente, conforme a las tarifas en vigor, contra la presentación de los estados de cuenta respectivos.

4o. Deudor Solidario.
El Representante y/o Responsable y/o Avalista del Paciente se constituye expresamente en deudor solidario con el Paciente respecto del pago de los gastos y cargos mencionados en el párrafo que antecede, en los términos de los Artículos 1987, 1988, 1989, 2000 y 2002 del Código Civil para el Distrito Federal.

5o. Jurisdicción.
Para todo lo relativo a la interpretación y cumplimiento del presente contrato serán aplicables las leyes y competentes los Tribunales del Distrito Federal, México.

|  GARCIA LUNA GENERO  | PEREYRA GALVEZ LINDA CRISTINA | OPERADORA DE HOSPITALES |
|---|---|---|
| REPRESENTANTE Y/O RESPONSABLE Y/O AVALISTA DEL PACIENTE | PACIENTE | ANGELES S.A. DE C.V. SUCURSAL Pedregal |

☐ HOSPITAL/ADMISIÓN     ☐ CONTABILIDAD     ☐ PACIENTE     ☐ EXPEDIENTE

CONTRATO DE PRESTACION DE SERVICIOS HOSPITALARIOS QUE CELEBRAN, POR UNA PARTE, OPERADORA DE HOSPITALES ÁNGELES S.A. DE C.V., REPRESENTADO POR EL LIC. ARTURO MANUEL MÉNDEZ RESILLAS A QUIEN EN LO SUCESIVO Y PARA EFECTOS DE ESTE CONTRATO SE DENOMINARÁ COMO "EL HOSPITAL", Y POR LA OTRA PARTE EL (LA) SR.(SRA.) PEREYRA GALVEZ LINDA CRISTINA
A QUIEN EN LO SUCESIVO SE DENOMINARA COMO "EL PACIENTE" Y EL(LA) SR (SRA) GARCIA LUNAGENERO A QUIEN EN LO SUCESIVO SE DENOMINARA INDISTINTAMENTE COMO "EL RESPONSABLE", "EL REPRESENTANTE" Y/O "EL AVALISTA" DEL PACIENTE, LAS PARTES CONVIENEN EN SUSCRIBIR A LAS SIGUIENTES DECLARACIONES Y CLAUSULAS.

## DECLARACIONES

I. El representante del "HOSPITAL" declara:
a) Que su representada es una sociedad mercantil mexicana, que se constituyó conforme a la Ley General de Sociedades Mercantiles, con la denominación de OPERADORA DE HOSPITALES ANGELES S.A. DE C.V., mediante la escritura pública número ochenta y siete mil ciento setenta y uno, de fecha diez y siete de octubre del dos mil cinco pasada ante la fe del Sr. Licenciado Joaquín Talavera Sánchez, notario público número cincuenta del Distrito Federal.
b) Que su representada está inscrita en el Registro Federal de Contribuyentes con el número OHA051017KE7 y cuenta con Licencia Sanitaria ante la Secretaria de Salud.
c) Que sus facultades como apoderado del "HOSPITAL" le fueron otorgadas mediante escritura pública número ochenta y siete mil ciento setenta y tres de fecha diez y siete de octubre del dos mil cinco pasada ante la fe del Sr. Licenciado Joaquín Talavera Sánchez notario público número cincuenta del Distrito Federal.

II. "EL PACIENTE", Declara:
a) Llamarse como ha quedado escrito ser originario de la ciudad de , lugar donde nació el 13.11.1970, de 37 años de edad de nacionalidad MX, estado civil Casado, Estar domiciliado en MONTE DE FUNIAR 21, Colonia Jardines en la Montaña, C.P. 14210, Del Tlalpan, Estado DF, Municipio Tlalpan, País México, y ser de ocupación.
b) Tener interés en contratar para sí y recibir los servicios hospitalarios que presta El HOSPITAL en los términos y condiciones que se estipulan en el presente contrato, pues sabe y le consta la calidad de los servicios que "EL HOSPITAL" presta.

III. "EL RESPONSABLE" y/o "REPRESENTANTE" y/o "AVALISTA" DEL "PACIENTE", declara(n):
a) Llamarse como ha quedado escrito ser originario de la ciudad de , lugar donde nació el , de  años de edad de nacionalidad , estado civil: . Estar domiciliado en MONTE DE FUNIAR 21, Colonia Jardines en la Montaña, C.P. 14210, Del , Estado , Municipio , País MX, y ser de ocupación .
b) Que tiene interés en que su representado, o avalado, contrate y reciba los servicios hospitalarios que presta "EL HOSPITAL", en los términos y condiciones que se estipulan en el presente contrato, pues sabe y le consta la calidad de los servicios que presta "EL HOSPITAL", obligándose desde ahora, mancomunada, solidaria e ilimitadamente al pago de todos y cada uno de los servicios que preste "EL HOSPITAL" en los términos y condiciones que más adelante se estipulan. Hechas las anteriores declaraciones, las partes convienen en suscribir y sujetarse a las siguientes

## CLAUSULAS

PRIMERA.- OBJETO.- El objeto del presente contrato es determinar los derechos y obligaciones de cada una de las partes del mismo, en que "EL HOSPITAL" se obliga y compromete con "EL PACIENTE" a proporcionarle en los términos y condiciones que más adelante se señalan en las instalaciones y con el equipo, personal, materiales y medicamentos de que el propio "HOSPITAL" pueda disponer, sus servicios consistentes en atención hospitalaria y el "PACIENTE" se obliga a pagar dichos servicios y a respetar y cumplir el reglamento interior del "HOSPITAL". SEGUNDA.- LUGAR DONDE SE PRESTARAN LOS SERVICIOS A QUE SE REFIERE ESTE CONTRATO.- Los servicios a que se refiere la cláusula primera de este contrato, serán prestados por "EL HOSPITAL" en sus instalaciones ubicadas en el domicilio señalado en la cláusula décima séptima de este Contrato. Expresamente pactan las partes, que entre las causas que "EL HOSPITAL" puede hacer valer para no prestar los servicios de hospitalización a que se refiere la cláusula primera de este contrato, están el caso fortuito o fuerza mayor, la falta de pago de los anticipos o depósitos que se requieran al "PACIENTE", o en su caso, la falta de pago de los servicios respectivos.
TERCERA.- INGRESOS.- "EL PACIENTE" y/o "EL RESPONSABLE" y/o "EL REPRESENTANTE" y/o "EL AVALISTA", que son parte de este contrato, se dan por enterados de los procedimientos de ingreso al "HOSPITAL" y en general de todos los lineamientos referentes a la atención hospitalaria convenida en el presente contrato, los cuales se contienen en el reglamento interior del "HOSPITAL", del cual se adjunta un ejemplar como anexo número 1 (uno).
CUARTA.- TIPO DE SERVICIO.- Los servicios de hospitalización que en virtud de esta contrato se obliga a proporcional "EL HOSPITAL", consistirán en un cuarto privado tipo standard, Suite, o en una Master Suite a elección del "PACIENTE" o de su "REPRESENTANTE", y/o "RESPONSABLE" y/o "AVALISTA", según queda estipulado en la ficha de identificación del "PACIENTE", cuyo precio deberá liquidar "EL PACIENTE" en efectivo al ser dado de alta. En el caso de que al momento de internar el "PACIENTE" no exista desocupado algún cuarto de la naturaleza del contratado, "EL HOSPITAL" se obliga y compromete a proporcionar al "PACIENTE" un cuarto de tipo superior, por el mismo precio del cuarto contratado, pudiendo cambiar al "PACIENTE" el tipo de cuarto contratado en cuanto esto sea posible o "EL HOSPITAL", lo juzgue conveniente.
"EL HOSPITAL" proporcionara al "PACIENTE" los servicios hospitalarios que establece este contrato con la misma calidad y atención con que presta a cualquier otro "PACIENTE", poniendo al servicio de éste, todos los procedimientos de diagnóstico, equipo, material e instrumental médico-quirúrgico, medicamentos, en general todo lo que a juicio del médico tratante del "PACIENTE" o del "HOSPITAL" sea necesario para el tratamiento del "PACIENTE".
"EL HOSPITAL" al término del periodo de hospitalización, entregará el "PACIENTE", o su "REPRESENTANTE" y/o "RESPONSABLE" y/o "AVALISTA", la correspondiente factura, la cual comprenderá el importe de los servicios hospitalarios.
QUINTA.- SUMINISTRO DE MEDICAMENTOS Y ESTUDIOS.- Para el suministro de medicamentos, materiales de curación, estudios radiológicos y de laboratorio o de cualquier otra naturaleza, "EL HOSPITAL" los proporcionará por conducto de las sociedades, asociaciones y/o establecimientos o dependencias que juzgue conveniente. Estos servicios siempre deberán ser indicados por el médico responsable del tratamiento del "PACIENTE".
SEXTA.- AUTORIZACIÓN PARA TRATAMIENTO MÉDICO Y/O INTERVENCIÓN QUIRÚRGICA.- "EL PACIENTE", su "REPRESENTANTE", y/o "RESPONSABLE" y/o "AVALISTA", autorizan expresamente a que se practiquen en la persona del propio "PACIENTE", cuantas curaciones, atenciones, intervenciones o procedimientos terapéuticos sean necesarios con motivo de la atención que requiera su padecimiento o las consecuencias del mismo, autorizando expresamente al Dr. HERRERA ASCENCIO ENRIQUE
, quien previamente ha sido contratado por "EL PACIENTE" y/o su "EL REPRESENTANTE" y/o "EL RESPONSABLE" y/o "EL AVALISTA", quién deberá apegarse estrictamente a las autorizaciones del Consejo de Administración del "HOSPITAL" le haya concedido, a que practique y ordene cuanto examen, análisis, reconocimiento, curación, intervención quirúrgica, tratamiento terapéutico o procedimiento médico sea necesario o solicite interconsulta, opinión o colaboración del "HOSPITAL", y que sea necesario para la atención del padecimiento del "PACIENTE" o de cualquier consecuencia del mismo, aceptando desde ahora como riesgo personal todas y cualesquiera de las consecuencias implícitas o derivadas del procedimiento y del tratamiento del mismo.
SEPTIMA.- PRECIOS.- Los precios de los servicios hospitalarios que en cada caso preste "EL HOSPITAL", están visibles en las listas especiales preparadas para tal efecto en el departamento de Admisión y en las Cajas del "HOSPITAL". OCTAVA.- PAGO DE SERVICIOS.- Los pagos que haga "EL PACIENTE" a "EL HOSPITAL" por los servicios que se deriven de este contrato serán los que se detalla para cada concepto o servicio en las listas de precios a que se refiere la cláusula anterior, y que se tiene aquí por reproducidas como si se insertaran a la letra, pagos que deberá hacer "EL PACIENTE", inmediatamente y de contado al "HOSPITAL", precisamente en el momento de ser dado de alta. Cuando "EL HOSPITAL" por convenio expreso con "EL PACIENTE" debiere recabar recibos de honorarios médicos entregará estos al "PACIENTE" expedidos a su nombre y cumplidos los requisitos fiscales necesarios.
NOVENA.- ANTICIPO.- "EL PACIENTE" entrega en este acto al "HOSPITAL" en calidad de anticipo, la cantidad de $

( ) Efectivo ( ) Tarjeta de Crédito ( ) Cheque

Pagaré anexo por la cantidad de $
El cual será canjeado por efectivo en un plazo no mayor de 24 horas, y el "PACIENTE" se obliga a liquidar al "HOSPITAL" el remanente total de la cuenta al ser dado de alta por su médico tratante, o al retirarse del "HOSPITAL" por cualquier motivo.
DECIMA.- OBJETOS PERSONALES.- El "PACIENTE" acepta que el "HOSPITAL" no se hará responsable en ningún caso, ni podrá ser objeto de denuncias o demandas por pérdida, robo, o daño del dinero, valores o pertenencias, el "PACIENTE" y/o su "REPRESENTANTE", y/o "RESPONSABLE", y/o "AVALISTA" podrá solicitar la llave de la caja de seguridad instalada en la habitación que le sea asignada, en consecuencia el "PACIENTE" se obliga a sacar al "HOSPITAL" de cualquier conflicto legal al respecto.
DECIMA PRIMERA.- URGENCIAS.- Las partes pactan que en caso de urgencia, "EL HOSPITAL" se obliga y compromete a proporcionar los servicios hospitalarios contratados, por conducto del personal con que para tal efecto cuente y solo por el lapso de tiempo suficiente para que el "REPRESENTANTE" y/o "RESPONSABLE" y/o "AVALISTA" del "PACIENTE" localice al médico tratante del "PACIENTE". Si dentro de las ocho horas siguientes al ingreso al "HOSPITAL" del "PACIENTE" en caso de urgencia no señalara médico tratante, se entenderá que el "PACIENTE" está conforme en ser tratado por el personal médico que al efecto designe "EL HOSPITAL".
DECIMA SEGUNDA.- ALTAS.- El "PACIENTE" y/o su "REPRESENTANTE" y/o "RESPONSABLE" y/o "AVALISTA", convienen en que una vez que sea dado de alta por su médico tratante, o en su caso por el médico asignado por "EL HOSPITAL" dejará la habitación que esté ocupando a las diez horas antes de las diez horas con treinta minutos en la caja del "HOSPITAL", la forma de alta que le será entregada en la estación de enfermeras del piso correspondiente.
Si por cualquier motivo no imputable a los funcionarios o empleados del "HOSPITAL", dicha forma de alta no le es entregada al "PACIENTE" antes de las diez horas con treinta minutos, o la habitación desocupada antes de las once horas a que antes se hace mención, el "HOSPITAL" tendrá derecho a cobrar un cargo adicional equivalente al 50% (cincuenta por ciento) de la tarifa de la habitación que este ocupando el "PACIENTE".
DECIMA TERCERA.- REGLAMENTO.- Para la mejor utilización y aprovechamiento de los servicios del "HOSPITAL", el "PACIENTE" se da por enterado de la existencia de un reglamento interno, del cual se adjunta al presente contrato un ejemplar como número 1 (uno) y que forma parte integrante del presente contrato. En el citado reglamento se contienen las reglas generales de admisión, de pago de cuentas, de visitas, de seguridad y sugerencias sobre el trato a PACIENTES y personal del HOSPITAL.
DECIMA CUARTA.- RESPONSABILIDAD SOLIDARIA SUBSIDIARIA E ILIMITADA.- El "REPRESENTANTE" y/o "RESPONSABLE" y/o "AVALISTA" DEL "PACIENTE", acepta en virtud de esta cláusula, la obligación solidaria, subsidiaria e ilimitada, respecto de todas y cada una de las obligaciones del "PACIENTE" que se derivan del presente contrato, de conformidad con lo dispuesto en los artículos 1987, 1988, 1989, 2000 y 2002 del Código Civil vigente para el Distrito Federal, que a continuación se transcribe íntegramente para conocimiento fehaciente de las obligaciones que asume, obligándose a firmar, como garantía colateral el pagaré no negociable que como anexo numero 2 (dos) forma parte de este contrato y que le será devuelto contra el pago de los servicios prestados por "EL HOSPITAL".
" Art. 1987.- Además de la mancomunidad, habrá solidaridad activa, cuando dos o más acreedores tienen derecho para exigir, cada uno de por sí, el cumplimiento total de la obligación y solidaria pasiva cuando dos o más deudores reportan la obligación de prestar, cada uno de por sí, en su totalidad, la prestación debida."
" Art. 1988.- La solidaridad no se presume, resulta de la Ley o de la voluntad de las partes".
" Art. 1989.- Cuando uno de los acreedores o todos juntos pueden exigir el pago de todos los deudores solidarios o de cualquiera de ellos, el pago total o parcial de la deuda. Si reclaman todo de uno de los deudores y resultare insolvente, pueden reclamarlo de los demás o de cualquiera de ellos. Si hubiesen reclamado solo parte, o de otro modo hubiesen consentido en la división de la deuda, respecto de alguno o algunos de los deudores, podrán reclamar del todo de los demás obligados, con deducción de la parte del deudor o deudores liberados de la solidaridad."
" Art. 2000.- Si el negocio por el cual la deuda se contrajo solidariamente, no interesa más que a uno de los deudores solidarios este será responsable de toda ella a los otros codeudores."
" Art. 2002.- Cuando por el no cumplimiento de la obligación se demandan daños y perjuicios cada uno de los deudores solidarios responderá íntegramente de ellos".
DECIMA QUINTA.- DISPOSICIONES LEGALES.- En todo lo no previsto en sus cláusulas el presente contrato se regirá por las disposiciones del Código de Comercio y supletoriamente por el Código Civil para el Distrito Federal, la Ley Federal de Protección al Consumidor y demás leyes aplicables en el Distrito Federal.
DECIMA SEXTA.- JURISDICCIÓN Y COMPETENCIA.- Las partes contratantes se someten expresamente a la jurisdicción de las autoridades competentes de la Ciudad de México, en todo lo relativo al alcance, interpretación y cumplimiento de las obligaciones y derechos que se consignan en este contrato, inclusive para el caso de controversia judicial, renunciando al fuero que en razón de su domicilio u otra causa pudiera corresponderles.
DECIMA SEPTIMA.- DOMICILIO DE LAS PARTES.- Para los efectos del presente contrato los respectivos domicilios de las partes son como sigue::
El "HOSPITAL": el despacho de la OPERADORA DE HOSPITALES ANGELES, S.A. de C.V. SUCURSAL Pedregal que está ubicada en:
   Camino a Santa Teresa No. 1055 10700 Héroes de Padierna
EL PACIENTE: En domicilio MONTE DE FUNIAR 21, Colonia Jardines en la Montaña, C.P. 14210, Delegación Tlalpan, Estado DF, Municipio Tlalpan, País México.
REPRESENTANTE y/o RESPONSABLE y/o AVALISTA: En domicilio MONTE DE FUNIAR 21, Colonia Jardines en la Montaña, C.P. 14210, Delegación . Estado , Municipio , País MX.

DECIMA OCTAVA.- FECHA DE FIRMA.- Las partes perfectamente enteradas del alcance y contenido legal de todas y cada una de las cláusulas de este contrato lo firman de absoluta conformidad en la Ciudad de México al día 19 de 10 de 2008

EL NÚMERO DE REGISTRO DE ESTE CONTRATO SE ENCUENTRA EN TRÁMITE ANTE EL REGISTRO PÚBLICO DE CONTRATOS DE ADHESIÓN DE LA PROCURADURIA FEDERAL DEL CONSUMIDOR

| OPERADORA DE HOSPITALES ANGELES S.A. DE C.V. | PEREYRA GALVEZ LINDA CRISTINA<br>EL PACIENTE | GARCIA LUNA GENERO<br>EL REPRESENTANTE y/o RESPONSABLE y/o AVALISTA |
|---|---|---|

# **TRANSLATION**

OPERADORA DE HOSPITALES ANGELES       FACILITY: Pedregal
CAMINO A SANTA TERESA No. 1055, PISO 14
COL. HÉROES DE PADIERNA, MEXICO D.F. C.P. 10700

| IDENTIFICATION SHEET | | | | | |
|---|---|---|---|---|---|
| DATE: 10/18/2008 | TIME: 11:53:00 | ROOM: PDCA512 | ROOM TYPE: STAND | PATIENT NO.: 1000453918 | ADMISSION FACILITY: U.E.P5Hospit |
| FULL NAME: PEREYRA GALVEZ LINDA CRISTINA | SEX: Female | AGE: 37 | DATE OF BIRTH: | EPISODE NO.: 1310283 | |
| ADDRESS: MONTE DE FUNIAR 21 Jardines en la Montaña 14210 | | | | | |
| STATE: DF | | COUNTRY: Mexico | | TELEPHONE NO.: | |
| COMPANY: METLIFE MEXICO S.A. | | POLICY/CREDENTIAL: 08002E0024012 | | CERTIFICATE NO.: | |
| RESPONSIBLE PARTY'S NAME: GARCIA LUNA GENERO [*SIC*] | | | | TELEPHONE NO.: | |
| ADDRESS: MONTE DE FUNIAR 21 | | | | | |
| MEDICAL INFORMATION | | | | | |
| ADMISSION DIAGNOSIS: | | | ADMITTED BY: ANA CECILIA MENDOZA BECERRIL | | |
| NAME OF ATTENDING PHYSICIAN: 1000004894 - ENRIQUE HERRERA ASCENCIO | | | SPECIALTY: General Surgery | | |
| SURGICAL PROCEDURES PERFORMED: | | | DISCHARGE DATE: 10/19/2008 | TIME: 12:28:00 | INPATIENT STAY DAYS: 1 |
| REASON FOR DISCHARGE: | | | DISCHARGE DIAGNOSIS: | | |
| IN CASE OF DEATH, STATE MAIN REASON: | | | | | |

AGREEMENT ENTERED INTO BETWEEN OPERADORA DE HOSPITALES ÁNGLES, S.A. DE C.V., THE PARTY OF THE FIRST PART, AND MR(S). PEREYRA GALVEZ LINDA CRISTINA, AS PATIENT, AND MR(S). GARCIA LUNA GENERO [*SIC*], AS THE PATIENT'S REPRESENTATIVE, RESPONSIBLE PARTY AND/OR GUARANTOR, THE PARTY OF THE SECOND PART.

1. Authorization to provide medical treatment and/or surgery:
I expressly accept and authorize to provide to Mr(s). PEREYRA GALVEZ LINDA CRISTINA (hereinafter the "Patient"), as many curative and medical care treatments, and to perform as many surgeries she may require to treat her condition or any consequence therefrom.
I expressly accept and authorize ENRIQUE HERRERA ASCENCIO, M.D., who has previously been retained by the Patient, while strictly adhering to the privileges granted upon him by the Medical Administration of Operadora de Hospitales Ángeles, S.A. de C.V., to perform or order as many tests, surgeries, examinations, analysis, curative treatments or medical procedures, or to request interconsultation or cooperation with other physisican(s) having privileges with Operadora de Hospitales Ángeles, S.A. de C.V.,  as may be required to treat the Patient's condition or any consequence therefrom, while accepting as of this moment any and all risks implicit in the treatment or derived therefrom.
2. Personal Belongings:
I accept that Operadora de Hospitales Ángeles, S.A. de C.V. shall solely be responsible for the loss, theft or damage to the Patient's items and belongings which have been inventoried and stored in the safe deposit boxes located in each room. The items shall be listed on an official receipt, to be issued by the Pedregal FACILITY, covering the items handed over.
3. Payment for Services:
The Patient expressly agrees to pay cash to Operadora de Hospitales Ángeles, S.A. de C.V., for each and every one of the expenses and charges for the services provided to the Patient, according to the rates in effect, against submission of the applicable statements of account.
4. Joint Debtor:
The Patient's Representative and/or Responsible Party and/or Guarantor will act as joint and several debtor, together with the Patient, with respect to the payment of expenses and charges mentioned in the preceding paragraph, pursuant to the provisions of Sections 1987, 1988, 1989, 2000 and 2002 of the Civil Code for the Federal District.
5. Venue:
For anything relating to the interpretation and compliance herewith, the laws and the jurisdiction of the Courts for the Federal District, Mexico, shall apply.

| s/(Affixed Signature) | s/(Affixed Signature) | s/(Affixed Signature) |
|---|---|---|
| <u>GARCIA LUNA GENERO [*SIC*]</u> PATIENT'S REPRESENTATIVE AND/OR RESPONSIBLE PARTY AND/OR GUARANTOR | <u>PEREYRA GALVEZ LINDA CRISTINA</u> PATIENT | <u>OPERADORA DE HOSPITALES</u> ANGELES S.A. DE C.V. Pedregal Facility |

☐ HOSPITAL/ADMISSION     ☐ ACCOUNTING     ☐ PATIENT     ☐ FILE

HOSPITAL SERVICE AGREEMENT ENTERED INTO BY OPERADORA DE HOSPITALES ÁNGELES, S.A. DE. C.V., REPRESENTED BY MR. ARTURO MANUEL MÉNDEZ RESILLAS, HEREINAFTER AND FOR PURPOSES HEREOF REFERRED TO AS THE "HOSPITAL," THE PARTY OF THE FIRST PART, AND MR(S). PEREYRA GALVEZ LINDA CRISTINA,
HEREINAFTER REFERRED TO AS "THE PATIENT," AND MR(S). GARCIA LUNA GENERO [*SIC*], HEREINAFTER AND INDISTINCTLY REFERRED TO AS THE "RESPONSIBLE PARTY," "REPRESENTATIVE" AND/OR "GUARANTOR" WITH RESPECT TO THE PATIENT, THE PARTY OF THE SECOND PART. THE PARTIES AGREE TO EXECUTE THE FOLLOWING DECLARATIONS AND CLAUSES.

DECLARATIONS

I. The "HOSPITAL'S" representative declares:
a)  That his client is a Mexican commercial corporation, established pursuant to the General Commercial Corporations Act, under the name of OPERADORA DE HOSPITALES ÁNGELES, S.A. DE C.V., by instrument number eighty-seven thousand one hundred seventy-one, recorded before civil law notary, dated the seventeenth of October two thousand five, executed before Mr. Joaquín Talavera Sánchez, Esq., Civil Law Notary number fifty for the Federal District.
b)  That his client is registered with the Federal Taxpayers' Register, under number 0HA051017KE7, and it holds a Sanitary License from the Ministry of Health.
c)  That his powers as the "HOSPITAL's" representative were granted upon him by instrument eighty-seven thousand one hundred seventy-three, which was recorded before notary on the seventeenth of October two thousand five, and was executed before Mr. Joaquín Talavera Sánchez, Esq., Civil Law Notary number fifty for the Federal District.

II. The "PATIENT" declares:
a) That her name is as written, that she is native of the city of          , the place where she was born on 11/13/1970; 37 years old; a citizen of MX;  civil status, married; domiciled at MONTE DE FUNIAR 21, Colonia Jardines en la Montaña, C. P. 14210, mun. dist., Tlalpan; State, F.D.; town, Tlapan; Country, Mexico; and that her occupation is             .
b) That she is interested in receiving and retains the hospital services provided by THE HOSPITAL, pursuant to the terms and conditions stipulated herein, as she is aware and knows for a fact the quality of the services provided by the "HOSPITAL."

III. The "PATIENT's" "RESPONSIBLE PARTY" and/or "REPRESENTATIVE" and/or "GUARANTOR" declares:
a) That his name is as written; that he is a native of           , the place where he was born on           ; that he is          years old; a citizen of            ; civil status          ;  Colonia Jardines en la Montaña, C.P. 14210, in          ; State of          ; munic. dist.        ; Country, MX, and that his occupation is          .
b) That he is interested that the individual represented or guaranteed by him should retain and receive the hospital services provided by the "HOSPITAL," pursuant to the terms stipulated herein, as he is aware and knows for a fact the quality of the services provided by the "HOSPITAL," and he henceforth agrees jointly, jointly and severally and unlimitedly, to pay for each and every one of the services provided by the "HOSPITAL," pursuant to the terms and conditions stipulated hereunder.  The preceding declarations having been made, the parties agree to execute and be subject to the following

CLAUSES:

FIRST:  PURPOSE.  The purpose hereof is to determine the rights and obligations of each of the parties hereto, in that the "HOSPITAL" agrees and undertakes with respect to the "PATIENT" to provide its services, consisting of hospital care, pursuant to the terms and conditions set forth hereunder, at the facilities and with the equipment, staff, materials and medication the "HOSPITAL" may have at its disposal, and the "PATIENT" agrees to pay for such hospital services and to respect and comply with the "HOSPITAL's" internal rules and regulations.  SECOND: LOCATION WHERE SERVICES REFERRED TO HEREIN WILL BE PROVIDED. The services referred to in the first clause hereof shall be provided by the "HOSPITAL," at its facilities located at the domicile indicated in the seventeenth clause hereof. The parties expressly agree that the grounds the "HOSPITAL" may assert to not provide the hospital services referred to in the first clause hereof include an act of God or *force majeure*, failure to make the advance payments and deposits demanded of the "PATIENT" or, where applicable, failure to pay for the applicable services.
THIRD. ADMISSIONS.  The "PATIENT" and/or the "RESPONSIBLE PARTY" and/or "REPRESENTATIVE" and/or "GUARANTOR," who are parties hereto, take note of the "HOSPITAL's" admission procedures and, generally, of all guidelines regarding the hospital care agreed to herein, including the "HOSPITAL's" internal rules and regulations, a copy of which is attached hereto as Attachment number 1 (one).
FOURTH. TYPE OF SERVICE.  The hospital services which the "HOSPITAL" agrees to provide hereunder shall consist of a standard-type private room, suite or master suite, to be chosen by the "PATIENT," or her "REPRESENTATIVE," and/or "RESPONSIBLE PARTY" and/or "GUARANTOR," as stipulated on the "PATIENT's" identification sheet, the cost of which shall be paid cash by the "PATIENT" upon discharge. If, at the time of the "PATIENT's" admission there is no such room available as the one contracted for, the "HOSPITAL" agrees and undertakes to provide an upgraded room to the "PATIENT," for the same price, and it may switch the "PATIENT" to the type of room contracted for as soon as possible, or when the "HOSPITAL" deems it advisable.
The "HOSPITAL" shall provide the hospital services set forth herein to the "PATIENT," with the same quality and care as may be provided to any other "PATIENT;" it shall provide to the latter all diagnostic procedures, equipment, material, medical-surgical equipment, medication and, in general, everything which, in the opinion of the "PATIENT's" attending physician or "HOSPITAL," is necessary for the "PATIENT's" treatment.

At the conclusion of the hospitalization period, the "HOSPITAL" shall deliver to the "PATIENT," or her "REPRESENTATIVE," and/or "RESPONSIBLE PARTY" and/or "GUARANTOR," the applicable invoice, which shall include the amount of the hospital services.

FIFTH. PROVISION OF MEDICATION AND STUDIES. The "HOSPITAL" shall provide medication, curative materials, X-ray and lab studies or any other kind thereof through the corporations, associations and/or establishments or units it deems advisable. These services shall always be prescribed by the physician in charge of the "PATIENT's" treatment.

SIXTH.  MEDICAL TREATMENT AND/OR SURGERY AUTHORIZATION. The "PATIENT," her "REPRESENTATIVE," and/or "RESPONSIBLE PARTY" and/or "GUARANTOR," expressly authorize to perform on the "PATIENT" as many curative treatments, care services, surgeries or therapeutic procedures as necessary to deal with the care required by her condition or the consequences therefrom, and DR. HERRERA ASCENCIO ENRIQUE, who has previously been retained by the "PATIENT," her "REPRESENTATIVE," and/or "RESPONSIBLE PARTY" and/or "GUARANTOR," is expressly authorized to do so, while strictly adhering to the authorizations granted upon him by the "HOSPITAL's" Board of Directors; he shall perform and order any examination, tests, curative treatments, surgery, therapeutical treatment or medical procedure which may be necessary, or request interconsultation, opinions or cooperation from the "HOSPITAL," which may be necessary to treat the "PATIENT's" condition or any consequence therefrom, while accepting henceforth as a personal risk each and every one of the implicit or derived consequences from the procedures and treatments thereof.

SEVENTH. PRICES.  The price of the hospital services provided by the "HOSPITAL" in each case are to be seen in the special lists prepared for such purpose in the "HOSPITAL's" Admission Department and the Cashier's Office. EIGHTH. PAYMENT OF SERVICES. Payments made by the "PATIENT" to the "HOSPITAL" for the services derived therefrom shall be those corresponding to the amount broken down for each item or service appearing on the lists referred to in the preceding clause, which are deemed to have been reproduced herein as if included herein to the letter, which payments shall immediately be made by the "PATIENT" to the "HOSPITAL," in cash, at the precise time of discharge.

When the "HOSPITAL," upon express agreement with the "PATIENT," is to receive a medical fee, this shall be delivered to the "PATIENT" and it shall be issued in her name, after compliance with the necessary tax requirements.

NINTH. ADVANCE PAYMENT. At this proceeding, the "PATIENT" delivers to the "HOSPITAL," as an advance, the sum of $

(  ) Cash   (  ) Credit card   (  ) Check

Attached promissory note in the amount of $          ,
which shall be exchanged for cash within a time period of no more than 24 hours, and the "PATIENT" agrees to settle with the "HOSPITAL" the balance of the account upon discharge by her attending physician, or when leaving the "HOSPITAL" for whatever reason.

TENTH. PERSONAL BELONGINGS.  The "PATIENT" accepts that the "HOSPITAL" shall not be responsible under any circumstance, nor can it be subject to complaints or lawsuits, for the loss of, theft of or damage to money, valuables or belongings; the "PATIENT" and her "REPRESENTATIVE," and/or "RESPONSIBLE PARTY" and/or "GUARANTOR" may request the key to the safe installed in the room assigned to her; accordingly, the "PATIENT" agrees to release the "HOSPITAL" from any legal conflict in this regard.

ELEVENTH.  EMERGENCIES. The parties agree that, in the event of an emergency, the "HOSPITAL" agrees and undertakes to provide the hospital services contracted for through the staff available for such purpose and just for a sufficient time period for the "PATIENT's" "REPRESENTATIVE," and/or "RESPONSIBLE PARTY" and/or "GUARANTOR" to locate the "PATIENT's" attending physician. If no attending physician can be pointed out within eight hours from admitting the "PATIENT" to the "HOSPITAL" in the event of an emergency, it shall be understood that the "PATIENT" agrees to be treated by the medical staff designated by the "HOSPITAL" for such purpose.

TWELFTH. DISCHARGES.  The "PATIENT," and/or her "REPRESENTATIVE," and/or "RESPONSIBLE PARTY" and/or "GUARANTOR" agree that after her discharge by the attending physician or, when applicable, by the physician assigned by the "HOSPITAL," she shall vacate the room she has been occupying by eleven o'clock and shall turn over to the "HOSPITAL's" Cashier's Office, before ten thirty hours, the discharge form given to her at the nurse's station on the applicable floor.

If, for any reason not attributable to the "HOSPITAL's" officers or employees, such discharge form is not delivered to the "PATIENT" before ten thirty hours, or if the room is not vacated by eleven o'clock, as referred to earlier, the "HOSPITAL" shall be entitled to charge an additional fee of 50% (fifty percent) based on the room's rate the "PATIENT" has been occupying.

THIRTEENTH. RULES AND REGULATIONS. In order to use and take advantage of the "HOSPITAL's" services in the best manner, the "PATIENT" takes note of the existence of Internal Rules and Regulations, a copy of which is attached hereto as Attachment number 1 (one), which is an integral part hereof. The aforementioned Rules and Regulations contain the general rules on admission, payment of accounts, visiting, security, and suggestions on the treatment to PATIENTS and HOSPITAL staff.

FOURTEENTH. JOINT AND SEVERAL, SECONDARY AND UNLIMITED LIABILITY.  The "PATIENT's" "REPRESENTATIVE," and/or "RESPONSIBLE PARTY" and/or "GUARANTOR" accepts, by virtue of this clause, joint and several, secondary and unlimited obligation, with respect to each and every one of the "PATIENT's" obligations derived therefrom, pursuant to the provisions of Sections 1987, 1988, 1989, 2000 and 2002 of the Civil Code in effect for the Federal District, which are fully transcribed below, *verbatim*, in order for him to be reliably apprised of the obligations assumed by him; he undertakes to execute, as collateral security, the non-negotiable promissory note, which is part hereof as Attachment number 2 (two), and which shall be returned to him against payment of the services rendered by the "HOSPITAL."

"Sect. 1987.  In addition to joint and several liability, there shall be joint and several liability of multiple debtors when two or more creditors are entitled to demand, each one individually, full compliance with the obligation, and there shall be joint and several liability of multiple debtors when two or more debtors agree to honor the obligation in full, each one individually, for the service provided."

"Sect. 1988. Liability shall not be presumed, it results from the Law or the will of the parties."

"Sect. 1989. Each of the creditors or all them together may demand of all joint and several debtors or of any of them total or partial payment of the debt. If they claim everything from one of the debtors and he turns out to be insolvent, they may claim it from the remaining debtors or any one of them. If they only claimed partial payment, or if they otherwise consented to splitting the debt with respect to one or some of the debtors, they may claim the whole debt from the remaining obligors, after deduction of the share relating to the debtor or debtors released from liability."

"Sect. 2000. If the business under which the debt was jointly and severally contracted for is of interest to just one of the joint and several debtors, he shall be liable for the whole debt vis-à-vis the other co-debtors."

"Sect. 2002. If a suit for damages is filed due to failure to comply with the obligation, each of the joint and several debtors shall be fully liable for it."

FIFTEENTH: LEGAL PROVISIONS. With respect to anything not contemplated herein, this agreement shall be governed by the provisions of the Commercial Code for the Federal District and, additionally, by the Federal Consumer Protection Act and all other laws applicable to the Federal District.

SIXTEENTH: VENUE AND JURISDICTION. The contracting parties expressly submit to the jurisdiction of the competent authorities in Mexico City, in connection with everything pertaining to the scope, interpretation and compliance with the obligations and rights set forth herein, including in the event of a judicial dispute, and expressly waive the venue to which they may be entitled by reason of their domicile.

SEVENTEENTH: DOMICILE OF THE PARTIES. For purposes hereof, the respective domiciles of the parties are as follows:

THE "HOSPITAL": The office of OPERADORA DE HOSPITALES ANGELES, S.A. DE C.V., Pedregal FACILITY, which is located at: Camino a Santa Teresa No. 1055 10700 Héroes de Padierna

THE PATIENT: Domicile, MONTE DE FUNIAR 21, Colonia Jardines en la Montaña, C.P. 14210; nunicipal district, Tlalpan; State, D.F; town, Tlalpan; country, Mexico.

REPRESENTATIVE and/or RESPONSIBLE PARTY and/or GUARANTOR: Domicile, MONTE DE FUNIAR 21, Colonia Jardines en la Montaña, C.P. 14210; municipal district,          ; State,      ; town,           ; country, Mx.

EIGHTEENTH: DATE OF EXECUTION. The parties, being fully aware of the scope and legal contents of each and every one of the clauses hereof, sign in total agreement, in Mexico City, on 10-19-2008.

THIS AGREEMENT'S REGISTRATION NUMBER IS BEING PROCESSED WITH THE PUBLIC REGISTRY OF STANDARD-FORM AGREEMENTS, FEDERAL CONSUMER PROTECTION OFFICE (*PROCURADÍA FEDERAL DEL CONSUMIDOR*).

| s/(Affixed Signature) | s/(Affixed Signature) | s/(Affixed Signature) |
|---|---|---|
| OPERADORA DE HOSPITALES ANGELES S.A. DE C.V. | PEREYRA GALVEZ LINDA CRISTINA PATIENT | GARCIA LUNA GENERO [SIC] REPRESENTATIVE RESPONSIBLE PARTY AND/OR GUARANTOR |

**OPERADORA DE HOSPITALES ANGELES, S.A. DE C.V.**
**SUCURSAL PEDREGAL**

FOLIO 148097

RECIBIMOS DE: Genaro García Luna

LA CANTIDAD DE $ 3,500
Tres mil quinientos pesos 00/100 M.N.

POR CONCEPTO DE: ABONO A CUENTA X

NOMBRE DEL PACIENTE: Linda Cristina Pereyra Gálvez

HABITACIÓN: 512       NUM. HOSPITALARIO: 1310283

TIPOS DE PAGO:
X EFECTIVO

FECHA: 19-02-08

TOTAL $ 3,500 —

NOMBRE DEL CAJERO: (firma)

ORIGINAL

GENARO GARCIA LUNA

**TRANSLATION**

OHA      OPERADORA DE HOSPITALES ANGELES, S.A. DE C.V.
(ILLEGIBLE)      PEDREGAL FACILITY

    CAMINO (ILLEGIBLE) TERESA (ILLEGIBLE)
    COL. HEROES DE PADIERNA (ILLEGIBLE)
    TEL. NO. (ILLEGIBLE)

| | |
|---|---|
| REG. FED. (ILLEGIBLE)  OHA (ILLEGIBLE)5107 KE7 | PAGE  148097 (ILLEGIBLE) No. (ILLEGIBLE) |
| RECEIVED FROM  [Handwritten] Genaro García Luna | |
| THE SUM OF [Handwritten] $3,500 [Handwritten] Three thousand five hundred pesos 00/100 Natl. Curr. | |
| FOR _____ HOSPITALIZATION PAYMENT     X  PAYMENT ON ACCOUNT | |
| PATIENT'S NAME [Handwritten] Linda Cristina Pereyra Galvez | |
| OTHERS _____ | |
| ROOM  [Handwritten] 512            HOSPITAL No. 1310283 | |
| TYPES OF PAYMENT | |
| X   CASH     ____ CHECK No. _____  BANK _____ (ILLEGIBLE) ____ _____(ILLEGIBLE) No. _____  BANK _____  DATE 0ct-19-08 | |
| CASHIER'S NAME s/(Affixed Signature)          TOTAL $ 3,500.-- | |

ORIGINAL

Translator's Note:
There seems to be a print-out of another document on the bottom left-hand side of the page, the top part of which is illegible, followed by:

[Printed] ███████████████
[Printed] GENARO GARCIA LUNA