# **<u>EXHIBIT 1</u>**

**TOCA PENAL 348/2023-SPA**.

**APELANTE:** Agente del Ministerio Público de la Federación.

**ACTO APELADO:** Resolución de diez de mayo de dos mil veintitrés, dictada en la causa penal 328/2020, por el Juez de Distrito Especializado en el Sistema Penal Acusatorio, adscrito al Centro de Justicia Penal Federal en la Ciudad de México, con sede en el Reclusorio Norte, en su carácter de Juez de Control, que negó la orden de aprehensión solicitada en contra de **********, por su probable participación en el hecho que la ley señala como delito de enriquecimiento ilícito, previsto y sancionado en el numeral 224 del Código Penal Federal.

**MAGISTRADA PONENTE:** GABRIELA GUADALUPE RODRÍGUEZ ESCOBAR.

**SECRETARIO:** EDER GERARDO MILLÁN GAMA.

Ciudad de México. Acuerdo del Primer Tribunal Colegiado de Apelación en Materia Penal del Primer Circuito, correspondiente a la sesión de **veintiocho de septiembre de dos mil veintitrés**.

**VISTOS** para resolver los autos del toca penal **348/2023-SPA**; y

**RESULTANDOS:**

**I. Acto impugnado.** Resolución de diez de mayo de dos mil veintitrés, dictada en la causa penal 328/2020, por el Juez de Distrito Especializado en el Sistema Penal Acusatorio, adscrito al Centro de Justicia Penal Federal en la Ciudad de México, con sede en el Reclusorio Norte, en su carácter de Juez de Control, que negó la orden de aprehensión solicitada en contra de **********, por su probable participación en el hecho que la ley señala como delito de enriquecimiento ilícito, previsto y sancionado en el numeral 224 del Código Penal Federal, vigente en dos mil doce.

**II. Interposición del recurso.** Inconforme, el Agente del Ministerio Público de la Federación, interpuso recurso de apelación.

**III. Admisión del recurso.** Medio de impugnación del que correspondió conocer a este Primer Tribunal Colegiado de Apelación en Materia Penal del Primer Circuito; se ordenó registrarlo bajo el toca penal **348/2023-SPA**; que fue admitido por auto de treinta de mayo de dos mil veintitrés.

**IV. Integración actual de este tribunal**. En el mismo auto de treinta de mayo de dos mil veintitrés, se hizo saber a las partes la integración de este tribunal colegiado.

**V. Alegatos aclaratorios**. El veintiuno de junio de dos mil veintitrés, se celebró la audiencia de aclaración de alegatos a que se refiere el artículo 476 del Código Nacional de Procedimientos Penales.

**VI. Turno**. En la propia audiencia de veintiuno de junio de dos mil veintitrés, se ordenó turnar el presente asunto a la ponencia de la Magistrada **Gabriela Guadalupe Rodríguez Escobar**, para la formulación del proyecto de resolución correspondiente.

**VII. Lista del asunto.** El presente asunto se incluyó en la lista publicada el veintidós de septiembre de dos mil veintitrés, para ser visto en sesión ordinaria de veintiocho siguiente.

**CONSIDERANDOS:**

**PRIMERO. Competencia.** Este tribunal tiene competencia constitucional y legal para conocer y resolver el presente recurso de apelación, de conformidad con los artículos 21, 94, 104, fracción I, de la Constitución Política de los Estados Unidos Mexicanos; 35, fracción II, 36 y 37 de la Ley Orgánica del Poder Judicial de la Federación, actualmente vigente; así como el artículo 17 del Acuerdo General 3/2016 del Pleno del Consejo de la Judicatura Federal, conjuntamente con el artículo 3 y el numeral tercero transitorio, fracción VI, del diverso Acuerdo Plenario 29/2022.

Ello es así, porque la resolución apelada fue dictada por un Juez de Distrito, en su carácter de Juez de Control, de un Centro de Justicia Penal Federal en la Ciudad de México, lugar en el que ejerce jurisdicción esta alzada.

**SEGUNDO. Oportunidad de la apelación.** El recurso de apelación se interpuso antes de que venciera el plazo de tres días

contemplado en el artículo 471 del Código Nacional de Procedimientos Penales.

**TERCERO. Objeto del recurso de apelación.** Acorde con el numeral 461 del Código Nacional de Procedimientos Penales, corresponde al tribunal de alzada pronunciarse únicamente sobre los agravios expresados por el recurrente, quedando prohibido extender el examen de la decisión recurrida a cuestiones no planteadas, pues implicaría rebasar los límites del recurso, a menos que se trate de un acto violatorio de derechos fundamentales del imputado.

Además, con relación al recurso de la fiscalía federal, al tratarse de un órgano técnico de investigación, no opera la suplencia de la queja deficiente.

Sirven de apoyo las diversas jurisprudencias nominadas: *"MINISTERIO PÚBLICO, LA APELACIÓN DEL. ESTÁ SUJETA AL PRINCIPIO DE ESTRICTO DERECHO"*[1], *"APELACIÓN EN MATERIA PENAL, LÍMITES EN LA"*[2] y *"APELACIÓN EN MATERIA PENAL, INTERPUESTA POR EL MINISTERIO PÚBLICO, SUS LÍMITES."*[3].

**CUARTO. Agravios.** No es necesaria la transcripción de los agravios formulados, por lo que se tienen por insertos, en aras del principio de economía procesal y en virtud de no existir disposición que obligue a su transcripción; además de que para su análisis se sintetizarán y abordarán más adelante.

Apoya lo anterior, por identidad jurídica, la jurisprudencia titulada: **"***CONCEPTOS DE VIOLACIÓN O AGRAVIOS. PARA CUMPLIR CON LOS PRINCIPIOS DE CONGRUENCIA Y EXHAUSTIVIDAD EN LAS SENTENCIAS DE AMPARO ES INNECESARIA SU TRANSCRIPCIÓN.*"*[4].

---

[1] Registro digital: 216130; Instancia: Tribunales Colegiados de Circuito; Octava Época; Materias(s): Penal; Tesis: V.2o. J/67; Fuente: Gaceta del Semanario Judicial de la Federación; Núm. 66, junio de 1993, página 45; Tipo: Jurisprudencia.
[2] Registro digital: 217676; Instancia: Tribunales Colegiados de Circuito; Octava Época; Materias(s): Penal; Tesis: VI.2o. J/229; Fuente: Gaceta del Semanario Judicial de la Federación; Núm. 60, diciembre de 1992, página 63; Tipo: Jurisprudencia.
[3] Registro digital: 216527; Instancia: Tribunales Colegiados de Circuito; Octava Época; Materias(s): Penal; Tesis: II.3o. J/54; Fuente: Gaceta del Semanario Judicial de la Federación; Núm. 64, abril de 1993, página 38; Tipo: Jurisprudencia.
[4] Registro digital: 164618; Instancia: Segunda Sala; Novena Época; Materias(s): Común; Tesis: 2a./J. 58/2010; Fuente: Semanario Judicial de la Federación y su Gaceta; Tomo XXXI, mayo de 2010, página 830; Tipo: Jurisprudencia.

**QUINTO. Antecedentes.** Para mejor comprensión de la solución que adoptará este tribunal, en principio, se narrarán los antecedentes relevantes que se obtienen de los autos enviados para la apelación.

**Solicitud de orden de aprehensión.** El veintiséis de noviembre de dos mil veinte, la Agente del Ministerio Público de la Federación solicitó orden de aprehensión contra **********, por su probable participación en el hecho que la ley señala como delito de enriquecimiento ilícito, previsto y sancionado en el numeral 224 del Código Penal Federal, vigente en la época de los hechos (dos mil doce).

**Radicación.** El veintiséis de noviembre de dos mil veinte, el Juez de Distrito Especializado en el Sistema Penal Acusatorio, en función de Juez Administrador del Centro de Justicia Penal Federal en la Ciudad de México, con sede en el Reclusorio Norte, radicó el asunto con el número de causa penal 328/2020.

**Orden de aprehensión.** El veintisiete de noviembre de dos mil veinte, el Juez de Control emitió por escrito la resolución por la que determinó librar la orden de aprehensión solicitada.

**Amparo indirecto.** Contra tal resolución, el apoderado legal del investigado promovió juicio de amparo; se registró como 78/2021 del índice del Juzgado Decimosexto de Distrito de Amparo en Materia Penal en la Ciudad de México; que en resolución de dos de febrero de dos mil veintidós, por una parte, sobreseyó en el juicio constitucional, y por otra, negó el amparo y protección de la Justicia Federal.

**Recurso de revisión.** Inconforme con la anterior determinación, el apoderado legal del quejoso interpuso recurso de revisión, el cual se turnó al Octavo Tribunal Colegiado en Materia Penal del Primer Circuito, autoridad que al resolver el recurso de revisión 65/2022, en sesión ordinaria virtual de treinta y uno de agosto de dos mil veintidós, modificó la sentencia de amparo y, en lo que interesa, determinó conceder el amparo y protección de la Justicia Federal al quejoso contra la orden de aprehensión en trato, para los efectos siguientes:

*"A. Deje insubsistente la orden de aprehensión reclamada;*
*B. Con plenitud de jurisdicción, dicte una nueva resolución, que pueda ser en diverso sentido o en el mismo, siempre y cuando subsane las deficiencias formales en las que incurrió al emitir el acto reclamado en los términos precisados en la presente*

*ejecutoria, esto es, **con base en todos los datos de prueba aportados por el Ministerio Público que expuso en la solicitud de orden de aprehensión deberá precisar los ingresos o percepciones de** \*\*\*\*\*\*\*\*\*\* (incluyendo aquellos que sí reportó en sus declaraciones patrimoniales) para, con base en ello, determinar si efectivamente existió una notoria desproporción entre tales conceptos, es decir, un aumento patrimonial desproporcionado.*

*C. De ser el caso, deberá pronunciarse de manera clara y precisa en relación a los demás requisitos previstos en la Constitución Política de los Estados Unidos Mexicanos y el Código Nacional de Procedimientos Penales para el libramiento de la orden de aprehensión.*

*D. En caso de que considere que no sea factible subsanar las deficiencias advertidas deberá prevenir al Ministerio Público para que haga las precisiones o aclaraciones correspondientes, en términos del artículo 143 del Código Nacional de Procedimientos Penales.".*

[Lo resaltado es de origen]

**Cumplimiento a la ejecutoria de amparo.** El treinta de septiembre de dos mil veintidós, diversa Jueza de Control dejó insubsistente la orden de aprehensión y conforme al artículo 143 del Código Nacional de Procedimientos Penales[5], previno a la autoridad investigadora en los siguientes términos:

*"...Esto es, para efectos de concretizar el hecho con apariencia de delito de **enriquecimiento ilícito**, que es por el que se solicita la orden de aprehensión, se requiere para tildar de ilícitos los recursos que incrementen desmedidamente el patrimonio del servidor público, que provengan del **aprovechamiento del cargo público que desempeñe como tal**; de ahí que corra a cargo de la fiscalía hacer tales precisiones.*

*Por lo antes expuesto, se previene a la fiscalía en términos de lo dispuesto en el artículo 143 del Código Nacional de Procedimientos Penales, a fin de que precise lo siguiente:*

*1. Con base en el contenido de los datos de prueba que obren en la carpeta de investigación y en los cuales funde su solicitud de orden de aprehensión, la cantidad a la cual ascienden los ingresos o percepciones de \*\*\*\*\*\*\*\*\*\* (sic) \*\*\*\*\*\*\*\*\*\*, incluyendo aquellos que sí reportó en sus declaraciones patrimoniales.*

*2. Señalar de manera precisa, tomando en consideración todos los datos de prueba, el aumento patrimonial del investigado.*

*3. Con base en lo anterior, realizar la argumentación que corresponda a la luz de los datos de prueba, a efecto de acreditar que el aumento patrimonial del impetrante es notoriamente desproporcionado respecto a sus ingresos obtenidos lícitamente en el periodo que se desempeñó como servidor público.*

*Para ello, deberá tomar en consideración que, para efectos de demostración del hecho con apariencia de delito de **enriquecimiento ilícito**, no cualquier acto o hecho jurídico susceptible de ocasionar un aumento en el patrimonio del servidor público es sancionable sino únicamente aquellos que en ejercicio de la función pública realice el servidor para acrecentar el mismo y respecto de los cuales se considere ilícito...".*

---

[5] *"**Artículo 143. Resolución sobre solicitud de orden de aprehensión o comparecencia**
El Juez de control resolverá la solicitud de orden de aprehensión o comparecencia en audiencia, o a través del sistema informático; en ambos casos con la debida secrecía, y se pronunciará sobre cada uno de los elementos planteados en la solicitud.*

*…*

***En caso de que la solicitud de orden de aprehensión o comparecencia no reúna alguno de los requisitos exigibles, el Juez de control prevendrá en la misma audiencia o por el sistema informático al Ministerio Público para que haga las precisiones o aclaraciones correspondientes**, ante la cual el Juez de control podrá dar una clasificación jurídica distinta a los hechos que se planteen o a la participación que tuvo el imputado en los mismos. No se concederá la orden de aprehensión cuando el Juez de control considere que los hechos que señale el Ministerio Público en su solicitud resulten no constitutivos de delito.*

*…".*

[Lo resaltado es de origen]

**Desahogo de la prevención.** El cinco de octubre de dos mil veintidós, la fiscalía desahogó la aludida prevención; sin embargo, mediante resolución de seis de octubre de dos mil veintidós, la otrora Jueza de Control insistió en que la autoridad solicitante debía precisar el monto exacto al que ascendieron los ingresos del imputado, ello a la luz de los datos de prueba que obren en la carpeta de investigación, con el fin de fijar su pretensión de manera congruente; por lo que declaró subsistente la referida prevención.

El trece de diciembre de dos mil veintidós, mediante oficio con terminación 667/2022, la fiscalía solicitó que se le tuviera por solventada la prevención y que el mismo, conjuntamente con la petición formulada el veintiséis de noviembre de dos mil veinte, fuera tomado en cuenta para el libramiento de la orden de aprehensión.

Lo anterior, una vez que fuera declarada cumplida la ejecutoria de amparo emitida por el Octavo Tribunal Colegiado en Materia Penal del Primer Circuito, en el recurso de revisión 65/2022, ya señalado.

**Declaración de cumplimiento de amparo.** Mediante auto de nueve de mayo de dos mil veintitrés, el Centro de Justicia Penal Federal tuvo por recibido el oficio a través del cual el Juzgado de Distrito de Amparo informó que se declaró infundado el recurso de inconformidad interpuesto por el apoderado legal del imputado contra la determinación que declaró cumplida la ejecutoria de amparo.

**Orden de aprehensión.** El diez de mayo de dos mil veintitrés, diverso Juez de Control emitió por escrito la resolución por la que se determinó negar la orden de aprehensión peticionada. **Lo que constituye el acto apelado**.

**SEXTO. Argumentos que sostienen la resolución apelada.** Se negó la orden de aprehensión solicitada con base en los siguientes argumentos:

"…*El material probatorio recibido no resulta apto y suficiente para colmar las exigencias que el artículo 16, párrafo tercero, de la Carta Magna* (sic)*; así como los diversos numerales 141, 142 y 143 del Código Nacional de Procedimientos Penales, que contemplan para la emisión de una orden de aprehensión por los hechos que más adelante se precisarán.*

Lo anterior es así, al margen de que la solicitud de la orden de aprehensión fue formulada por una agente del Ministerio Público de la Federación, quien tiene facultades legales para realizar esa petición en términos de los artículos 21 y 102, apartado A, de la Constitución Política de los Estados Unidos Mexicanos.

Órgano técnico persecutor que, en su pedimento ministerial, expresó la existencia del requisito de procedibilidad (denuncia) para el inicio de la carpeta de investigación correspondiente, como ya se apuntó, la fiscalía de la Federación tomó conocimiento de un hecho con apariencia de delito, derivado de las notas periodísticas publicadas en el semanario de información y análisis ´

Además, con la recepción del escrito de **veintitrés de diciembre de dos mil diecinueve**, signado por                              , titular de la Unidad de Inteligencia Financiera de la Secretaría de Hacienda y Crédito Público, por medio del cual presentó denuncia contra ********** y otros, por su probable participación en la comisión de hechos con apariencia de delito que preliminarmente clasificó como previstos en el artículo 400 bis del Código Penal Federal.

Ahora, respecto al hecho con apariencia de delito por el que se solicita la orden de aprehensión es el de **enriquecimiento ilícito**, previsto y sancionado en el numeral 224 del Código Penal Federal vigente en la temporalidad de los hechos (2012); precepto legal que es del tenor siguiente:

´**Artículo 224**. Se sancionará a quien con motivo de su empleo, cargo o comisión en el servicio público, haya incurrido en enriquecimiento ilícito. Existe enriquecimiento ilícito cuando el servidor público no pudiere acreditar el legítimo aumento de su patrimonio o la legítima procedencia de los bienes a su nombre o de aquellos respecto de los cuales se conduzca como dueño, en los términos de la Ley Federal de Responsabilidades de los Servidores Públicos.

Incurre en responsabilidad penal, asimismo, quien haga figurar como suyos bienes que el servidor público adquiera o haya adquirido en contravención de lo dispuesto en la misma Ley, a sabiendas de esta circunstancia.

Al que cometa el delito de enriquecimiento ilícito se le impondrán las siguientes sanciones:

Decomiso en beneficio del Estado de aquellos bienes cuya procedencia no se logre acreditar de acuerdo con la Ley Federal de Responsabilidades de los Servidores Públicos.

Cuando el monto a que ascienda el enriquecimiento ilícito no exceda del equivalente de cinco mil veces el salario mínimo diario vigente en el Distrito Federal, se impondrán de tres meses a dos años de prisión, multa de treinta a trescientas veces el salario mínimo diario vigente en el Distrito Federal al momento de cometerse el delito y destitución e inhabilitación de tres meses a dos años para desempeñar otro empleo, cargo o comisión públicos.

Cuando el monto a que ascienda el enriquecimiento ilícito exceda del equivalente de cinco mil veces el salario mínimo diario vigente en el Distrito Federal, se impondrán de dos años a catorce años de prisión, multa de trescientas a quinientas veces el salario mínimo diario vigente en el Distrito Federal al momento de cometerse

*el delito y destitución e inhabilitación de dos años a catorce años para desempeñar otro empleo, cargo o comisión públicos.´*

Sin embargo, en la carpeta de investigación no se cuenta con datos de prueba que valorados de manera libre y lógica, hagan presumir la existencia de un hecho que la ley señala como delito y la causa probable de que el imputado \*\*\*\*\*\*\*\*\*\* lo cometió.

En ese sentido, es de destacar que la Fiscalía de la Federación señala que dentro de la carpeta de investigación se cuenta con los siguientes datos de prueba:

(Los describe de la página once a la ciento sesenta y ocho de la resolución apelada).

Datos de prueba que, al margen del valor de la eficacia demostrativa que pudiera conferírseles, a criterio de este órgano jurisdiccional, son insuficientes para tener por demostrado el hecho con apariencia de delito de **enriquecimiento ilícito**, previsto y sancionado en el numeral 224 del Código Penal Federal, vigente en la época de los hechos (2012), que es por el que la Fiscalía solicita la orden de aprehensión en contra del imputado.

Al respecto, es menester tomar en consideración lo apuntado por el Octavo Tribunal Colegiado en Materia Penal del Primer Circuito, en la resolución emitida en el recurso de revisión R.P. 65/2022,[6] pues indicó que en esta etapa procesal, no es necesario constatar la acreditación del hecho con apariencia de delito que nos ocupa, bajo las premisas contenidas en la tesis aislada P.XXXVI/2002, del Pleno de la Suprema Corte de Justicia de la Nación, publicada en el Semanario Judicial de las Federación y su Gaceta, Novena Época, tomo XVI, agosto de dos mil dos, página siete, con registro digital 186275 y de rubro siguiente: ´**ENRIQUECIMIENTO ILÍCITO. EL ARTÍCULO 109 CONSTITUCIONAL QUE LO PREVÉ, NO CONTIENE UN RÉGIMEN DE EXCEPCIÓN A LAS GARANTÍAS INDIVIDUALES PARA LOS SERVIDORES PÚBLICOS.´;**[7] esto es, a través de la acreditación de:

---

[6] Del que derivó la ejecutoria de amparo que culminó en la prevención realizada al órgano investigador que ahora se atiende.

[7] ´La interpretación genético teleológica de la reforma al título cuarto de la Constitución Política de los Estados Unidos Mexicanos, que comprende los artículos del 108 al 114, publicada en el Diario Oficial de la Federación de veintiocho de diciembre de mil novecientos ochenta y dos, revela que las causas generadoras de la misma, se sustentan en la necesidad de establecer nuevas bases constitucionales para sancionar adecuadamente y con mayor rigor las responsabilidades de los servidores públicos. Así mismo, del análisis minucioso de la exposición de motivos y de los dictámenes de las comisiones del Congreso de la Unión y de su debate, en lo que se refiere al artículo 109, fracción III, párrafo tercero, que contiene la intención expresa de sancionar penalmente a los servidores públicos por causa de enriquecimiento ilícito, no se advierte la voluntad del Poder Reformador de la Constitución de establecer un régimen de excepción a las garantías individuales. Efectivamente, si bien del precepto mencionado se desprende que el servidor público debe acreditar la legítima procedencia de su patrimonio, ello no debe entenderse como un desplazamiento de la carga probatoria al inculpado, sino como el derecho de defensa que goza para desvirtuar los elementos de prueba en su contra. Por lo tanto, es al Ministerio Público conforme a las reglas generales contenidas en los artículos 21 y 102 constitucionales, a quien corresponde comprobar los elementos constitutivos del delito y la culpabilidad del imputado. Para determinar que un servidor público se ha enriquecido ilícitamente (núcleo esencial del delito), se requiere la comprobación previa de determinados hechos o circunstancias, como son la calidad del acusado como servidor público (sujeto calificado), la situación patrimonial del mismo al iniciar y al concluir sus funciones, la remuneración percibida durante el desempeño de su cargo, y la circunstancia real del patrimonio que en la actualidad cuente el sujeto, para poder de esa forma arribar a un proceso lógico y natural en el que se advierta con nitidez y con un mínimo de sentido común que existe una desproporción sustancial entre lo percibido por el servidor público con motivo de su empleo, cargo o comisión y lo que realmente cuente en su haber patrimonial. Estos hechos y circunstancias concatenados entre sí, generan la presunción iuris tantum de que el sujeto activo se ha enriquecido de manera ilícita, lo que constituye prueba circunstancial que acredita el cuerpo del delito y la responsabilidad del mismo, los cuales en todo caso pueden ser desvirtuados a través del acreditamiento por parte del servidor público, de la licitud del aumento sustancial de su patrimonio.´

*a) la situación patrimonial del investigado al iniciar sus funciones, b) la remuneración percibida durante el desempeño de su encargo, c) la situación patrimonial al terminar sus funciones y d) la circunstancia real de su patrimonio con la que cuente el justiciable.*

De manera que en este estadio procesal, el enunciado fáctico que ha de establecerse es el siguiente: que el **aumento patrimonial del imputado es notoriamente desproporcionado respecto a sus ingresos obtenidos durante el periodo de su encargo** y que existe la posibilidad de que éste haya participado en ello.

Ahora, para el establecimiento de este enunciado de hecho, es necesario que a través de los registros de investigación que obren dentro de la carpeta de investigación, se extraigan y expongan datos por parte de la Fiscalía que permitan conocer y aceptar la hipótesis de **cuáles fueron los ingresos obtenidos por el imputado durante el periodo comprendido del dieciséis de diciembre de dos mil al treinta de noviembre de dos mil doce, y a cuánto ascendió su aumento.**

En el entendido que, como lo destacó el citado órgano colegiado, el Pleno de la Suprema Corte de Justicia de la Nación, en el amparo en revisión 1293/2000 señaló que **no cualquier acto o hecho jurídico susceptible de ocasionar un aumento en el patrimonio del servidor público es** <u>sancionable</u>, sino <u>únicamente</u> aquellos que en ejercicio de la función pública realice el servidor público para acrecentar el mismo respecto de los cuales se considere ilícito.

Derivado de lo anterior, el mismo Tribunal Colegiado de Circuito precisó que aun cuando constituye una presunción iuris tantum la consideración de que un servidor público se ha enriquecido cuando existe desproporción entre lo que percibió y lo que realmente cuenta en su haber patrimonial; tal aspecto, debe encontrar sustento en los registros de investigación para su establecimiento, atendiendo al estándar de prueba en etapa inicial que tiene por objeto la recolección de registros de investigación en términos de los artículos 2 y 212 del Código Nacional de Procedimientos Penales, en relación con los diversos 216 y 217, de la misma codificación adjetiva.

De manera que, en el caso concreto, no bastará con que exista desproporción entre lo que percibió el imputado

, y su haber patrimonial; sino que el incremento debe derivar de actividades ilícitas relacionadas con el ejercicio de la función pública, **y no de otras fuentes.**

Bajo tales premisas, es que mediante resolución de treinta de septiembre de dos mil veintidós, emitida por diversa Jueza de Control, en términos del artículo 143 del Código Nacional de Procedimientos Penales, se formuló prevención a la autoridad investigadora en los siguientes términos:

"...

*1. Con base en el contenido de los datos de prueba que obren en la carpeta de investigación y en los cuales funde su solicitud de orden de aprehensión, <u>la cantidad a la cual ascienden los ingresos o percepciones</u> de \*\*\*\*\*\*\*\*\*, incluyendo aquellos que sí reportó en sus declaraciones patrimoniales.*

*2. Señalar de manera precisa, tomando en consideración todos los datos de prueba, el <u>aumento patrimonial del investigado</u>.*

*3. Con base en lo anterior, realizar la argumentación que corresponda a la luz de los datos de prueba, a efecto de acreditar que el aumento patrimonial del impetrante es notoriamente desproporcionado respecto a sus ingresos obtenidos lícitamente en el periodo que se desempeñó como servidor público.*

*Para ello, deberá tomar en consideración que, para efectos de demostración del hecho con apariencia de delito de* **enriquecimiento ilícito,** <u>*no cualquier acto o hecho jurídico susceptible de ocasionar un aumento en el patrimonio del servidor público es sancionable sino únicamente aquellos que en ejercicio de la función pública realice el servidor para acrecentar el mismo y respecto de los cuales se considere ilícito.*</u>

*...'*

*Prevención que, contiene las premisas que el órgano ministerial debió satisfacer para obtener el libramiento de la orden de aprehensión que solicita en contra del imputado; y al efecto, precisó que el hecho a imputar a la persona investigada es el siguiente:*

*De lo expuesto, se obtiene que la Fiscalía sostiene que los* **ingresos** *del imputado,*

*Asimismo, que el* **haber patrimonial** *de éste,* <u>**del que no le fue posible identificar su origen lícito,**</u> *era de*

*Lo que, a su parecer, es constitutivo del hecho con apariencia de delito de* **enriquecimiento ilícito,** *previsto y sancionado en el numeral 224 del Código Penal Federal, vigente en el año dos mil doce.*

*Incluso, al ocuparse de los puntos que fueron materia de la prevención, en lo toral, indicó:*

<u>***A. INGRESOS O PERCEPCIONES DEL IMPUTADO***</u>

*El imputado, bajo protesta de decir verdad, en las declaraciones patrimoniales que presentó ante la entonces Secretaría de Contraloría y Desarrollo Administrativo y la Secretaría de la Función Pública, asentó que durante el periodo en que fungió como*

### B. AUMENTO PATRIMONIAL DEL IMPUTADO.

    *Respecto al **aumento patrimonial del imputado,** precisó que el **patrimonio** es la <u>diferencia</u> que existe entre los bienes y derechos con las deudas y obligaciones de una persona o empresa, esto es, la diferencia de restar a los activos los pasivos; en tanto que el **incremento** es la <u>variación positiva del patrimonio de una persona</u>, y consiste en la diferencia que existe entre los bienes y derechos con las deudas y obligaciones de una persona.*

    *En relación con tal tópico, el órgano ministerial indicó que el dictamen en contabilidad de veintisiete de octubre de dos mil veintidós, le permitió conocer los activos y pasivos tanto del imputado como de           ; por lo que logró identificar las siguientes cantidades y conceptos:*

| Cantidad. | Concepto. |
|---|---|
| | Depósitos en las cuentas bancarias |

|  | *pertenecientes a las instituciones de ese tipo correspondientes al imputado.* |
|---|---|
|  | *Pagos a tarjetas de crédito.* |
|  |  |

*Para mejor comprensión del asunto, las sumas y conceptos se esquematizan de la siguiente manera:*

| Cantidad | Concepto |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |

| | *A saber:* |
|---|---|
| | \*\*\*\*\*\*\*\*\*\* . |
| | \*\*\*\*\*\*\*\*\*\* . |
| | \*\*\*\*\*\*\*\*\*\* . |
| | \*\*\*\*\*\*\*\*\*\* . |
| | \*\*\*\*\*\*\*\*\*\* . |

*De modo que la adición de tales conceptos,*

*Además, el órgano ministerial señaló que el incremento patrimonial de este último, conforme al contenido del artículo 44 de la Ley Federal de Responsabilidades de los Servidores Públicos, esto es, por imperio de ley, debe analizarse en conjunto con el que tuvo*

*En cuanto a ello, destacó que el imputado, en sus declaraciones patrimoniales no manifestó haber tenido otro ingreso, salvo el de*

*En ese tenor, conforme al citado dictamen de veintisiete de octubre de dos mil veintidós, la Fiscalía, logró detectar de la                el origen de dos cantidades:*

| Cantidad | Concepto |
|---|---|
| | |
| | |
| | |

*Sin embargo,*

*Para mejor comprensión del lector, es* (sic) *esquematiza lo anterior de la siguiente manera:*

| Cantidad | Concepto |
|---|---|
| | |
| | |
| | |

*Incluso,*

*Todo lo anterior,*

*Aseveración que en principio, a partir de los registros de investigación ya mencionados,*

### C. NOTORIA DESPROPORCIÓN DEL AUMENTO PATRIMONIAL, EL CUAL, DEBE ESTAR VINCULADO CON EL EJERCICIO DE LA FUNCIÓN PÚBLICA Y QUE SEAN ILÍCITOS.

*Sobre este tópico,*

*Afirmación que sustenta,*

*Por lo que, al realizar una comparación entre ambos rubros, bajo su criterio,*

*Incluso,*

*Además, indicó que conforme a la Real Academia de la Lengua Española lo notorio se entiende como público y sabido por todos, evidente; mientras que lo desproporcionado implica que no se tiene la proporción conveniente o necesaria; de ahí que el enriquecimiento ilícito que es notoriamente desproporcionado, es la riqueza en el patrimonio que se puede evidenciar y resulta claro tras un proceso lógico, natural y matemático entre los ingresos lícitos y el patrimonio adquirido.*

*Aunado a lo anterior, señaló que conforme al numeral 224 del Código Penal Federal (vigente en la época de los hechos), existe enriquecimiento ilícito cuando el servidor público no puede acreditar el legítimo aumento de su patrimonio; respecto de la cual, opera una presunción iuris tantum para tildar de ilícitos los bienes o ingresos que se hubiese obtenido, consistente en que éstos ´…no correspondan a sus sueldos y no formen parte de otros ingresos no tan solo declarados, sino aclarado el origen lícito de los mismos´.*

*Finalmente, considera que los cargos que el imputado ostentó durante los años dos mil a dos mil doce, son dos de los más altos puestos en prevención y persecución de delitos federales; lo cual, convierte a sus titulares en personajes extremadamente expuestos a actos de corrupción.*

*De ahí que hablar de enriquecimiento inexplicable de los funcionarios de ese nivel con esos cargos de responsabilidad, legalmente abre la posibilidad y la presunción iuris tantum de que el incremento patrimonial distinto al pago de sus emolumentos como servidor público, pueda atribuirse a la comisión de actos ilícitos que pueden ir desde faltas administrativas hasta delitos de corrupción.*

*Afirmaciones de hecho que **no tienen el alcance de satisfacer la tercera de las prevenciones formuladas a la Fiscalía en la resolución de treinta de septiembre de dos mil veintidós emitida por diversa Jueza de Control,** y que guardan armonía con la ejecutoria del Tribunal Colegiado antes expuesto, esto es, que a partir de los datos de prueba con que cuenta, debidamente extraídos y expuestos, argumente la manera en que se acredita que el aumento patrimonial del imputado es notoriamente desproporcionado respecto a sus ingresos obtenidos lícitamente en el periodo que se desempeñó como servidor público.*

*Pues para ello, debía tomar en consideración que la demostración del hecho con apariencia de delito de enriquecimiento ilícito, **no cualquier acto o hecho jurídico susceptible de ocasionar un aumento en el patrimonio del servidor público es sancionable sino únicamente aquellos que en ejercicio de la función pública realice el servidor para acrecentar el mismo y respecto de los cuales se considere ilícito.** Tema este último del que no se ocupó.*

*Se explica, en esencia, la Fiscalía señaló que de una comparación entre los ingresos obtenidos lícitamente por el imputado y de los que no ha podido demostrar su origen, éste incurrió en incremento patrimonial notoriamente desproporcionado.*

*Y que, debido a que lo anterior no guarda correspondencia con los sueldos del imputado y no forman parte de ´otros ingresos no tan solo declarados, sino aclarado el origen lícito de los mismos´,*

*Sin embargo, no señaló de qué manera tal numerario se encuentra **directamente relacionado con el ejercicio de la función pública que desempeñó para acrecentar su patrimonio que pueda considerarse ilícito.***

*Es más, lejos de satisfacer tal exigencia,*

*Esto es, ignora si se encuentra directamente relacionado con el ejercicio de la función pública que desempeñó, reiterándose que tales*

*afirmaciones deben ser extraídos a partir de registros de investigación que así lo establezcan, esto es, relacionados con su función pública; en cambio, se limitó a indicar que el mismo no guarda congruencia con los ingresos que percibió.*

*Afirmación la primera, que no debe realizar de manera categórica; sino que para ello, le es exigible que formule enunciados de hecho apoyados en datos de prueba que se extraigan de los registros de investigación y tengan la capacidad justificativa epistémica para sustentarlo* (sic) *y que permitan a este órgano jurisdiccional, aceptar la hipótesis fáctica que se afirma.*

*Pues, como lo refirió el Octavo Tribunal Colegiado en Materia Penal del Primer Circuito en su determinación que concedió el amparo al imputado, aun cuando constituye una presunción iuris tantum el hecho de que un servidor público se ha enriquecido cuando existe desproporción entre lo que percibió y lo que realmente cuenta en su haber patrimonial; la misma,* <u>encuentra su límite</u> *en que se encuentre establecido a partir de registros de investigación de los datos de prueba extraídos y expuestos que, durante el periodo comprendido del dieciséis de diciembre de dos mil al treinta de noviembre de dos mil doce, el incremento en su patrimonio derive de actividades ilícitas relacionadas con el ejercicio de la función pública, y no de otras fuentes.*

*Insuficiencia de argumentos en que incurrió la Fiscalía y que este Juez de Control no se encuentra en posibilidad de subsanar a través de un ejercicio de inferencias obtenidas de los datos de prueba en que sustenta la solicitud de captura, esto es, extraer la información no argumentada por el fiscal, puesto que en ese caso se corre el riesgo de invadir la función acusadora del Ministerio Público, y violentar el principio de división de funciones en materia penal y a los derechos a un juez imparcial, obviamente a la presunción de inocencia y defensa adecuada, en razón de que en atención a tales principios, particularmente el de división de funciones, el Ministerio Público y el Juzgador no son sujetos procesales que formen un binomio con un interés común, sino que cada uno tiene una función perfectamente delimitada, en tanto que el Ministerio Público le corresponde el ejercicio de la acción penal y al Juez la administración de justicia.*

*Además, no debe soslayarse que la investigación se encuentra en etapa inicial; y conforme a los numerales 2, 212 y 213, cuando la Fiscalía tenga conocimiento de un hecho que la ley señale como delito debe buscar su esclarecimiento, para lo cual, tendrá que dirigir la investigación penal, sin que pueda suspender, interrumpir o hacer cesar su curso, salvo en los casos autorizados en la misma.*

*Investigación, que debe ser inmediata, eficiente, exhaustiva, profesional e imparcial, libre de estereotipos y discriminación, orientada a explorar todas las líneas de investigación posibles que permitan allegarse de datos para el esclarecimiento del hecho que la ley señala como delito, así como la identificación de quien lo cometió o participó en su comisión.*

*Pues su objeto es que el Ministerio Público reúna indicios para el esclarecimiento de los hechos y, en su caso, los datos de prueba para sustentar el ejercicio de la acción penal, la acusación contra el imputado y la reparación del daño, durante las etapas preliminares.*

*De ahí que se trata de una etapa de recolección de indicios en términos del numeral 217 del citado cuerpo normativo, en la que el Ministerio Público y la Policía deben dejar registro de todas las actuaciones que se realicen durante la investigación de los delitos, para lo cual deben utilizar cualquier medio que permita garantizar que la información recabada sea completa, íntegra y exacta.*

*Por lo que de los registros de la investigación deben extraerse datos que permitan afirmar un enunciado de hecho.*

*Y, aunque en el caso concreto la Fiscalía afirma el enunciado de hecho que identifica como **enriquecimiento ilícito**, previsto y sancionado en el numeral 224 del Código Penal Federal, vigente en el año dos mil doce; por las razones expuestas, no es posible tenerlo por establecido, al menos desde el punto de vista jurídico.*

*A mayor abundamiento, se destaca que la Corte Interamericana de Derechos Humanos,[8] en cuanto a la etapa de investigación ha hecho referencia a que éste debe realizarse en un plano propositivo en el que no se haga recaer en los denunciados la carga de probar* (sic)*; siendo que, en términos del artículo 21 y 102 Constitucionales, tal obligación recae en la Fiscalía.*

*De manera que si la Fiscalía incurrió en insuficiencia para justificar el enunciado de hecho a partir de exponer los registros de investigación y los datos de prueba de los cuales se extraiga tal circunstancia, es claro que la fiscal se apartó de los estándares Constitucionales y Convencionales, en términos de lo establecido en el artículo 1º Constitucional y, con base en ello, no cumple con su carga argumentativa y demostrativa que en este momento se requiere.*

*En consecuencia, **se niega** la orden de captura peticionada en contra de **\*\*\*\*\*\*\*\*\*\***, al no estar satisfechos los extremos que exigen los artículos 16 de la Constitución Política de los Estados Unidos Mexicanos, 141, 142 y 143 del Código Nacional de Procedimientos Penales, en ese orden se…".*

[Todo lo resaltado es de origen]

**SÉPTIMO. Expresión de agravios**. La fiscalía señala que la resolución de diez de mayo de dos mil veintitrés, emitida por el Juez de Control, le causa agravio por su falta de congruencia, pues la negativa de la orden de aprehensión está basada en su equivocada motivación e indebida fundamentación, lo que vuelve desacertada su determinación, al hacer una indebida interpretación del artículo 224 del Código Penal Federal (lo cual está prohibido por el artículo 14 Constitucional) y, en consecuencia, niega el acceso a la justicia, atenta contra los intereses de la sociedad y entorpece la función ministerial, contraviniendo con ello los artículos 2, 63, 67, 68, 134, 141, 142, 143, 261 y 265 del Código Nacional de Procedimientos Penales; 14, 16, 20 apartado A, fracción I y 21 de la Constitución Política de los Estados Unidos Mexicanos, así como los numerales 8.1 y 9 de la Convención Americana sobre Derechos Humanos; en atención a lo siguiente:

**1°** La resolución que se combate contiene una equivocada motivación e indebida fundamentación; es decir, por la

---

[8] *Corte IDH. Caso García Prieto y otros, V.S. El Salvador, supra nota 19, párrafo 115; Caso Jiménez López V.S. Brasil, supra nota 22, párrafo 189; Corte IDH; Caso Andualdo Castro V.S. Perú, supra nota 36, párrafo 135; Caso de La comunica Moiwana vs Surinam, supra nota 1, párrafo 156; Caso de Las Hermanas Serrano Cruz, V.S. El Salvador, supra nota 63, pfo 69; Eliodoro Portugal V.S. Panamá, párrafo 144; de los que se logra obtener la ratio decidendi, sobre el deber de investigar por parte del Estado.*

incongruencia entre la aplicación de la norma y los razonamientos formulados por el Juez de Control, en específico:

a) Porque no expresó las razones por las que el Ministerio Público estaba obligado a presentar los registros que acreditaran los actos o hechos jurídicos (actividades ilícitas) susceptibles de ocasionar un aumento en el patrimonio del servidor público en ejercicio de la función pública que realizara aquél para acrecentar el mismo, respecto de los cuales se considere ilícito.

b) Porque impuso una carga procesal de acreditación contraria al propio artículo 224 del Código Penal Federal, al establecer que el incremento del patrimonio del justiciable debió derivar de actividades ilícitas relacionadas con el ejercicio de la función pública y no de otras fuentes.

De no existir una descripción legal exactamente aplicable a la conducta de que se trata, habría una ausencia de tipicidad.

Permitir que el Juez de Control realice un manejo arbitrario sobre los elementos del tipo penal en estudio o modifique las exigencias para el otorgamiento de una orden de aprehensión en contravención a los artículos 2, 67, 68, 141, 142 y 143 del Código Nacional de Procedimientos Penales, en situaciones no permitidas por la ley, viola los principios de legalidad y de seguridad jurídica, contenidos en los artículos 14 y 16 de la Constitución Política de los Estados Unidos Mexicanos.

De tal suerte que el Juez de Control realizó indebidamente una apreciación propia sobre la tipicidad del hecho delictivo de enriquecimiento ilícito, ya que adicionó un elemento que no contempla el tipo penal, careciendo de atribuciones legales para agregar elementos a la descripción típica establecida por el legislador.

**2°** El Juez de Control realizó una incorrecta valoración de los datos de prueba expuestos en la solicitud de orden de aprehensión.

**3°** En el delito en estudio, el núcleo esencial del tipo delictivo lo constituye el "*enriquecimiento ilícito*", cuya acreditación puede ser también con la prueba circunstancial, de lo contrario, se llegaría al absurdo de obligar al Ministerio Público a que acredite un hecho imposible de comprobación, en tanto que precisamente por la naturaleza del delito, el sujeto activo oculta la manera en que incrementa sustancialmente su patrimonio, pues de conocerse que el incremento patrimonial del servidor público fue a través de actos considerados ilícitos atribuibles al investigado, daría lugar a otros delitos como peculado o cohecho.

Además que por la naturaleza del delito, el sujeto activo oculta de manera dolosa cómo incrementa sustancialmente su patrimonio.

**4°** La circunstancia de que se especifique que el sujeto activo acredite la legítima procedencia de su patrimonio, no debe entenderse como un desplazamiento de la carga probatoria al servidor público, sino como el derecho de defensa que gozan todos los inculpados, para desvirtuar los elementos de prueba que arrojan los elementos constitutivos del delito.

Es decir, el servidor público ante la acusación del enriquecimiento ilícito tiene el derecho constitucional de desvanecer la imputación que se le ha formulado a través de la justificación de la procedencia lícita de su patrimonio y al Ministerio Público le corresponde presentar las pruebas incriminatorias.

Cita la tesis con número de registro digital: 180642, Materia Penal, Novena Época, emitida por Séptimo Tribunal Colegiado en Materia Penal del Primer Circuito, visible en el Semanario Judicial de la Federación y su Gaceta. Tomo XX, septiembre de dos mil cuatro, página mil setecientos setenta, cuyo rubro y texto es:

"*ENRIQUECIMIENTO ILÍCITO. SU COMPROBACIÓN INCUMBE AL AGENTE DEL MINISTERIO PÚBLICO. Del contenido del tipo penal previsto en la segunda parte del artículo 224 del Código Penal Federal, se pone de manifiesto que la comprobación de la actividad propiamente dicha de "enriquecimiento ilícito" incumbe al agente del Ministerio Público, a quien le corresponde allegar pruebas incriminatorias, mientras "la no justificación del incremento patrimonial" es propia del inculpado, a quien debe otorgarse durante la investigación la posibilidad de probar dicha justificación, en uso de su posibilidad plena de defensa.*".

[Énfasis agregado por la fiscal]

Es así que el enriquecimiento ilícito puede ser desvirtuado por el investigado, sin que pueda considerarse que el artículo 224 del Código Penal Federal vulnera por ello el principio de presunción de inocencia, pues atendiendo a la lógica de ese delito, éste se configura cuando el Ministerio Público demuestra que existe una inconsistencia evidente y objetiva entre los ingresos obtenidos conforme a la ley por el servidor público y su haber patrimonial real, lo que lleva a presumir, de forma abstracta, que su adquisición podría no encontrarse ajustada a derecho.

Tratándose del delito de enriquecimiento ilícito, se debe tener presente que la lógica del tipo penal descansa en la premisa de que el enriquecimiento sólo podrá ser sancionado en los casos que el servidor público no logre justificar la legal adquisición de los bienes que conforman su patrimonio, o de los que se ostente como dueño, pues es entonces cuando se afecta el bien jurídico tutelado por la norma, que en el caso es la correcta administración del Estado y la honestidad de sus servidores públicos.

En sustento, cita la tesis: 1a./J. 54/2014 (10a.), emitida por la Primera Sala de la Suprema Corte de Justicia de la Nación, titulada: "*PRINCIPIO DE LEGALIDAD PENAL EN SU VERTIENTE DE TAXATIVIDAD. ANÁLISIS DEL CONTEXTO EN EL CUAL SE DESENVUELVEN LAS NORMAS PENALES, ASÍ COMO DE SUS POSIBLES DESTINATARIOS*".

**5°**

**6°** Contrario a lo que señaló el juez,

**7°**

**8°**

**9°**

**10°**

**11°**

**SÉPTIMO. Alegatos aclaratorios.** El veintiuno de junio de dos mil veintitrés, se celebró la audiencia de alegatos aclaratorios, en ella la fiscalía expresó:

Que dentro del primer agravio expuesto por esa fiscalía, en el párrafo tercero, que comienza "*dicha aseveración*" tiene como principal fundamento el contenido de los artículos 63 y 134 fracciones I, II, IV y VII del Código Penal Federal, por lo que aclaró que se hizo referencia al Código Nacional de Procedimientos Penales, no así al Código Penal Federal.

La fiscalía aclaró que no significa que la carga de la prueba es del gobernado, ni tampoco que el Ministerio Público tenga que acreditar que proviene de una actividad ilícita el recurso o el aumento injustificado en el patrimonio del justiciable, porque esto violaría tanto el artículo 14, como el principio de legalidad y el de taxatividad, la fiscalía sólo quería dejar patente que en este agravio, en la exposición en resumen, lo que significa acreditar el legítimo aumento, sin dar la carga de la prueba para el justiciable en que justifique el origen de esos recursos, que de acuerdo con los registros o la investigación que tiene el ministerio público no se ha podido determinar su origen.

Por otro lado, que como dijo en el segundo punto de este concepto, en que el ministerio público determinara las actividades ilícitas de donde proviene, estaríamos dentro de una diversa conducta delictiva ante un diverso injusto penal y que entonces sería ateniendo al principio de legalidad que el ministerio público hiciera el ejercicio de la acción por una conducta diversa que hubiera sido comprobable conforme a los registros que obran en la carpeta, por tal, la función ministerial únicamente atañe en determinar que fue ese incremento del patrimonio y que no hay una justificante o un dato o un registro hasta ahorita que pueda determinar ese aumento, es por eso que se considera no identificado o injustificado correspondiéndole al justiciable, en su caso, poder demostrar el origen ilícito de ese dinero, sin que la licitud provenga de que necesariamente proceda de una actividad, que tipifique lo que es una conducta diversa, porque

entonces estaríamos ante un diverso tipo penal y por tanto la investigación tomaría otro rumbo.

El enriquecimiento ilícito o el tipo penal vigente en el momento de los hechos, solamente señala que se acredita con que no se puede justificar ese legítimo aumento, esto es lo que quisieron aclarar, que se entienda el concepto de acreditar el legítimo aumento, no necesariamente el ministerio público necesita acreditar la licitud o no del recurso.

**OCTAVO. Estudio del asunto.** Con la finalidad de examinar los agravios expresados en el recurso, enseguida se precisarán los motivos y fundamentos de la resolución recurrida.

Por cuestión de método, los agravios formulados por la Agente del Ministerio Público de la Federación serán revisados de modo diferente al planteado.

Es aplicable por identidad de razón la jurisprudencia (IV Región) 2o. J/5 (10a.), sustentada por el Segundo Tribunal Colegiado de Circuito del Centro Auxiliar de la Cuarta Región, publicada en la Gaceta del Semanario Judicial de la Federación, página 2018, Libro 29, Tomo III, abril de dos mil dieciséis, Décima Época, registro 2011406, de título: *"CONCEPTOS DE VIOLACIÓN O AGRAVIOS. PROCEDE SU ANÁLISIS DE MANERA INDIVIDUAL, CONJUNTA O POR GRUPOS Y EN EL ORDEN PROPUESTO O EN UNO DIVERSO".*

En ese contexto, se tiene que el Juez de Distrito Especializado en el Sistema Penal Acusatorio, adscrito al Centro de Justicia Penal Federal en la Ciudad de México, con sede en el Reclusorio Norte, en su carácter de Juez de Control, en la parte conducente de la resolución impugnada para no obsequiar la orden de aprehensión solicitada por la Agente del Ministerio Público de la Federación, contra **********, por su probable participación en el hecho que la ley señala como delito de enriquecimiento ilícito, previsto y sancionado en el numeral 224 del Código Penal Federal, vigente en el año dos mil doce, tomó en consideración lo siguiente:

► Que al margen del valor de la eficacia demostrativa que pudiera conferírsele a los datos de prueba que señaló la fiscalía, a

criterio de ese órgano jurisdiccional, resultaban insuficientes para tener por demostrado el hecho con apariencia de delito de enriquecimiento ilícito, que es por el que la fiscalía solicitaba la orden de aprehensión en contra del imputado.

► Que era necesario tomar en consideración lo apuntado por el Octavo Tribunal Colegiado en Materia Penal del Primer Circuito, en la resolución emitida en el recurso de revisión RP 65/2022, pues indicó que en esta etapa procesal, no era necesario constatar la acreditación del hecho con apariencia de delito que nos ocupa, bajo las premisas contenidas en la tesis aislada P.XXXVI/2002, del Pleno de la Suprema Corte de Justicia de la Nación, publicada en el Semanario Judicial de las Federación y su Gaceta, Novena Época, Tomo XVI, agosto de dos mil dos, página siete, con registro digital 186275 y de rubro siguiente: "*ENRIQUECIMIENTO ILÍCITO. EL ARTÍCULO 109 CONSTITUCIONAL QUE LO PREVÉ, NO CONTIENE UN RÉGIMEN DE EXCEPCIÓN A LAS GARANTÍAS INDIVIDUALES PARA LOS SERVIDORES PÚBLICOS.*"; esto es, a través de la acreditación de: a) la situación patrimonial del investigado al iniciar sus funciones, b) la remuneración percibida durante el desempeño de su encargo, c) la situación patrimonial al terminar sus funciones y d) la circunstancia real de su patrimonio con la que cuente el justiciable.

► Que en el estadio procesal en que se encontraba, el enunciado fáctico establecido era: *que el aumento patrimonial del imputado es notoriamente desproporcionado respecto a sus ingresos obtenidos durante el periodo de su encargo y que existe la posibilidad de que éste haya participado en ello.*

► Que para el establecimiento de ese enunciado de hecho era necesario que a través de los registros de investigación que obraran dentro de la carpeta, se extrajeran y expusieran datos por parte de la fiscalía que permitieran conocer y aceptar la hipótesis de cuáles fueron los ingresos obtenidos por el imputado durante el periodo comprendido del dieciséis de diciembre de dos mil al treinta de noviembre de dos mil doce, y a cuánto ascendió su aumento.

En el entendido que como lo destacó el citado órgano colegiado, el Pleno de la Suprema Corte de Justicia de la Nación, en el amparo

en revisión 1293/2000, señaló que no cualquier acto o hecho jurídico susceptible de ocasionar un aumento en el patrimonio del servidor público era sancionable, sino únicamente aquellos que en ejercicio de la función pública realizara el servidor público para acrecentar el mismo respecto de los cuales se considerara ilícito.

▶ Que derivado de lo anterior, el mismo Tribunal Colegiado de Circuito precisó que aun cuando constituye una presunción *iuris tantum* la consideración de que un servidor público se ha enriquecido cuando existe desproporción entre lo que percibió y lo que realmente cuenta en su haber patrimonial; tal aspecto debía encontrar sustento en los registros de investigación para su establecimiento, atendiendo al estándar de prueba en etapa inicial.

▶ Que en el particular no bastaba con que existiera desproporción entre lo que percibió el imputado **durante el periodo comprendido del dieciséis de diciembre de dos mil al treinta de noviembre de dos mil doce,** y su haber patrimonial; sino que el incremento debía derivar de actividades ilícitas relacionadas con el ejercicio de la función pública, **y no de otras fuentes.**

▶ Que mediante resolución de treinta de septiembre de dos mil veintidós, emitida por diversa Jueza de Control, en términos del artículo 143 del Código Nacional de Procedimientos Penales, se formuló prevención a la autoridad investigadora, en los siguientes términos:

*"...*
*1. Con base en el contenido de los datos de prueba que obren en la carpeta de investigación y en los cuales funde su solicitud de orden de aprehensión, la cantidad a la cual ascienden los ingresos o percepciones de ********* , incluyendo aquellos que sí reportó en sus declaraciones patrimoniales.*
*2. Señalar de manera precisa, tomando en consideración todos los datos de prueba, el aumento patrimonial del investigado.*
*3. Con base en lo anterior, realizar la argumentación que corresponda a la luz de los datos de prueba, a efecto de acreditar que el aumento patrimonial del impetrante es notoriamente desproporcionado respecto a sus ingresos obtenidos lícitamente en el periodo que se desempeñó como servidor público.*
*Para ello, deberá tomar en consideración que para efectos de demostración del hecho con apariencia de delito de enriquecimiento ilícito, no cualquier acto o hecho jurídico susceptible de ocasionar un aumento en el patrimonio del servidor público es sancionable sino únicamente aquellos*

*que en ejercicio de la función pública realice el servidor para acrecentar el mismo y respecto de los cuales se considere ilícito.*

...".

[Lo resaltado no es de origen]

► Que respecto a la tercera de las prevenciones, la fiscalía sostuvo:

●

●

●

● Además, indicó la fiscalía que conforme a la Real Academia de la Lengua Española lo notorio se entendía como público y sabido por todos, evidente; mientras que lo desproporcionado implicaba que no se tiene la proporción

conveniente o necesaria; de ahí que el enriquecimiento ilícito que es notoriamente desproporcionado, es la riqueza en el patrimonio que se pudiera evidenciar y resultaba claro tras un proceso lógico, natural y matemático entre los ingresos lícitos y el patrimonio adquirido.

● Aunado a lo anterior, señaló la fiscalía que conforme al numeral 224 del Código Penal Federal (vigente en la época de los hechos), existe enriquecimiento ilícito cuando el servidor público no puede acreditar el legítimo aumento de su patrimonio; respecto de la cual, opera una presunción *iuris tantum* para tildar de ilícitos los bienes o ingresos que se hubiesen obtenido, consistente en que éstos "…*no correspondan a sus sueldos y no formen parte de otros ingresos no tan solo declarados, sino aclarado el origen lícito de los mismos*".

●

●

► Indicó el juez, que tales afirmaciones de hecho no tenían el alcance de satisfacer la tercera de las prevenciones formuladas a la fiscalía en la resolución de treinta de septiembre de dos mil veintidós, y que guardaban armonía con la ejecutoria del Tribunal Colegiado antes expuesto, esto es, que a partir de los datos de prueba con que contaba, debidamente extraídos y expuestos, **argumentara la manera en que se acreditaba que el aumento patrimonial del imputado era notoriamente desproporcionado respecto a sus ingresos**

**obtenidos lícitamente en el periodo que se desempeñó como servidor público**.

▶ Que para satisfacer la tercera de las prevenciones, debió tomar en consideración que la demostración del hecho con apariencia de delito de enriquecimiento ilícito, **no cualquier acto o hecho jurídico susceptible de ocasionar un aumento en el patrimonio del servidor público es sancionable, sino únicamente aquellos que en ejercicio de la función pública realice el servidor para acrecentar el mismo y respecto de los cuales se considere ilícito**. Tema este último del que, dijo el juez, no se ocupó la fiscalía.

▶

▶

▶

Esto es, la fiscalía ignora si se encuentra directamente relacionado con el ejercicio de la función pública que desempeñó; en cambio, se limitó a indicar que el mismo no guarda congruencia con los ingresos que percibió.

Afirmación la primera, que la fiscalía no debió realizar de manera categórica; sino que para ello le era exigible que formulara enunciados de hecho apoyados en datos de prueba que se extrajeran de los registros de investigación y tuvieran la capacidad justificativa epistémica para sustentarla y que permitieran al órgano jurisdiccional, aceptar la hipótesis fáctica que se afirmaba.

► Que como lo refirió el Octavo Tribunal Colegiado en Materia Penal del Primer Circuito, en su determinación que concedió el amparo al imputado, aun cuando constituye una presunción *iuris tantum* el hecho de que un servidor público se ha enriquecido cuando existe desproporción entre lo que percibió y lo que realmente cuenta en su haber patrimonial; la misma hallaba su límite en que se encuentre establecido a partir de registros de investigación de los datos de prueba extraídos y expuestos, que durante el periodo comprendido del dieciséis de diciembre de dos mil al treinta de noviembre de dos mil doce, el incremento en su patrimonio derive de actividades ilícitas relacionadas con el ejercicio de la función pública, y no de otras fuentes.

► Que ese juzgador no se encontraba en posibilidad de subsanar la insuficiencia de argumentos en que incurrió la fiscalía a través de un ejercicio de inferencias obtenidas de los datos de prueba en que sustentó la solicitud de captura, puesto que en ese caso se corría el riesgo de invadir la función acusadora del Ministerio Público y violentar el principio de división de funciones en materia penal y a los derechos a un juez imparcial.

► Que si la fiscalía incurrió en insuficiencia para justificar el enunciado de hecho a partir de exponer los registros de investigación y los datos de prueba de los cuales se extrajera tal circunstancia, era claro que la fiscal se apartó de los estándares Constitucionales y Convencionales, en términos de lo establecido en el artículo 1° Constitucional y, con base en ello, no cumplía con su carga argumentativa y demostrativa que en ese momento se requería.

[Aquí terminan las consideraciones del Juez de Control]

Consideraciones las anteriores contra las cuales la Agente del Ministerio Público de la Federación recurrente, hizo valer los agravios sintetizados en el considerando que precede.

Con base en lo anterior, es que este Tribunal Colegiado de Apelación estima que los **agravios 4°**, **5°**, **6°**, **7°**, **8°**, **9°** y **10°**, de la Agente del Ministerio Público de la Federación recurrente, que se contestan de manera conjunta por guardar relación, **son inoperantes por insuficientes** al no controvertir los razonamientos que sirvieron de

sustento al Juez de Control para negar la orden de aprehensión solicitada.

Se explica.

Para considerar los agravios de la Agente del Ministerio Público de la Federación como suficientes, deben contener el precepto o preceptos legales que se dejaron de aplicar o se aplicaron incorrectamente, los motivos o razonamientos por los cuales consideran violados dichos preceptos, pero además, esos argumentos deben controvertir jurídicamente todas y cada una de las consideraciones que se tuvieron para dictar la resolución apelada, de tal suerte que pongan en tela de juicio su legalidad.

Sin embargo, en el caso, los requisitos señalados en el párrafo anterior no se satisfacen, puesto que la Representante Social de la Federación además de no controvertir todos y cada uno de los razonamientos a través de los cuales el Juez de Control sustentó su determinación de no librar orden de aprehensión, tampoco expuso los motivos o razonamientos por los cuales consideró violado tal o cual precepto, sino que se limitó a manifestar que el órgano investigador sí había expuesto los datos de prueba que determinaron el incremento desproporcionado y no justificado del patrimonio de

En efecto, el órgano técnico de investigación dejó de observar y controvertir los argumentos torales en que se sustentó el órgano jurisdiccional de control para emitir la resolución apelada, de manera tal que permitieran advertir su ilegalidad.

Esto es, inadvirtió que para negar la orden de aprehensión solicitada, el Juez de Control consideró que la fiscalía no cumplió con la tercera de las prevenciones que se le decretaron mediante resolución de treinta de septiembre de dos mil veintidós[9], ya que al

---

[9] *"…**3.** Con base en lo anterior, realizar la argumentación que corresponda a la luz de los datos de prueba, a efecto de acreditar que el aumento patrimonial del impetrante es notoriamente*

respecto, la fiscalía se limitó a afirmar que lo notorio y desproporcionado del incremento patrimonial del imputado se obtenía del hecho de que provenía de:

Sin embargo, el Juez de Control consideró que, en el particular, no bastaba con que existiera desproporción entre lo que percibió el imputado durante el periodo comprendido del dieciséis de diciembre de dos mil al treinta de noviembre de dos mil doce, y su haber patrimonial; sino que, el incremento debió derivar de actividades ilícitas relacionadas con el ejercicio de la función pública, y no de otras fuentes.

De manera que, la fiscalía debió tomar en consideración que la demostración del hecho con apariencia de delito de enriquecimiento ilícito, no cualquier acto o hecho jurídico susceptible de ocasionar un aumento en el patrimonio del servidor público es sancionable, sino únicamente aquellos que en ejercicio de la función pública realice el servidor para acrecentar dicho patrimonio y respecto de los cuales se considere ilícito.

Lo anterior, a partir de los datos de prueba con que se contara, debidamente extraídos y expuestos.

Así las cosas, se estima que la fiscal inconforme fue omisa en controvertir tal deficiencia; lo único que intentó hacer, a través de sus agravios, fue enmendar las omisiones en que incurrió ante el Juez de Control, pero ello debió hacerlo ante dicha autoridad.

En efecto, el Juez de Control para efectuar la tercera de las prevenciones en trato, se apoyó de la determinación emitida por el Octavo Tribunal Colegiado en Materia Penal del Primer Circuito, autoridad que al resolver el recurso de revisión 65/2022, en sesión ordinaria virtual de treinta y uno de agosto de dos mil veintidós, determinó conceder el amparo y protección de la Justicia Federal al

---

*desproporcionado respecto a sus ingresos obtenidos lícitamente en el periodo que se desempeñó como servidor público.*
*Para ello, deberá tomar en consideración que, para efectos de demostración del hecho con apariencia de delito de enriquecimiento ilícito, no cualquier acto o hecho jurídico susceptible de ocasionar un aumento en el patrimonio del servidor público es sancionable sino únicamente aquellos que en ejercicio de la función pública realice el servidor para acrecentar el mismo y respecto de los cuales se considere ilícito…".*

imputado contra la orden de aprehensión dictada en su contra (el veintisiete de noviembre de dos mil veinte).

En dicha determinación se calificaron de fundados los agravios, entre otro, el doce y trece, hechos valer por el apoderado legal del imputado, que se hicieron consistir en:

> *"12. La jueza de amparo de manera incorrecta señaló que el juez de control no estaba obligado a realizar un estudio de cada operación realizada por los peritos en contabilidad porque son datos de prueba, aunado a que el hecho de que no hayan tenido la totalidad de la información bancaria no es suficiente para demeritar el contenido de los dictámenes en contabilidad.*
>
> *13. La a quo no señaló con qué indicio el juez de control tuvo por establecido o por cierto que el quejoso tuvo un aumento en su patrimonio con motivo de su encargo como servidor público. Máxime que de la solicitud de orden de aprehensión se aprecia que el quejoso tuvo ingresos adicionales provenientes de fuentes independientes al cargo que desempeñó como son venta de inmuebles y cobro de seguros de separación.".*

Al respecto, el tribunal colegiado de amparo ponderó lo siguiente:

■ Que el Juez de Control había estimado que a través de la acreditación de a) la situación patrimonial del investigado al iniciar sus funciones; b) la remuneración percibida durante el desempeño de su cargo; c) la situación patrimonial al terminar sus funciones y d) la circunstancia real de su patrimonio con la que cuente el justiciable, se generaba la presunción *iuris tantum* de que \*\*\*\*\*\*\*\*\*\* se había enriquecido de manera ilícita; no obstante, ese órgano de amparo estimó que el estudio a través de dichas premisas resultaba innecesario en la etapa procesal en que se encontraban pues, en lo medular, lo que se debió establecer era que el aumento patrimonial del imputado era notoriamente desproporcionado respecto a sus ingresos obtenidos en dicho periodo.

■ Que de la copia del expediente laboral enviado por la Fiscalía General de la República y el expediente único personal emitido por la Secretaría de Gobernación, la autoridad responsable estimó que del dieciséis de diciembre de dos mil al treinta de noviembre de dos mil doce, \*\*\*\*\*\*\*\*\*\* se desempeñó con los siguientes puestos y percepciones:

| PUESTO | PERIODO | SUELDO MENSUAL | REMUNERACIÓN TOTAL |
|---|---|---|---|

| Año de presentación | Remuneración anual neta | Ingresos anuales |
|---|---|---|
| | | - |
| | | - |
| | | - |
| | | - |
| | | - |

|  |  |  |
|---|---|---|
|  |  |  |

- ■

- ■

- ■

- ■

■

■

■

■

■

■

■

| (foja 67 de la orden de aprehensión) | | |
|---|---|---|
| Año | identificados | no identificados |
| | | |
| TOTAL | | |

| (foja 69 de la orden de aprehensión ) | | |
|---|---|---|
| Año | identificados | no identificados |
| | | |
| TOTAL | | |

| (foja 73 de la orden de aprehensión) | | |
|---|---|---|
| Año | identificados | no identificados |
| | - | |
| TOTAL | - | |

| (fojas 73 y 74 de la orden de aprehensión) | | |
|---|---|---|
| Escritura | identificados | no identificados |
| | | |

|  |
|---|
| TOTAL |

| (foja 74 del  acto reclamado) | Identificados | no identificados |
|---|---|---|
| TOTAL | | |

■

■

■ Habida cuenta que en el amparo en revisión 1293/2000, el Alto Tribunal precisó que no cualquier acto o hecho jurídico susceptible de

ocasionar un aumento en el patrimonio del servidor público es sancionable, sino únicamente aquellos que en ejercicio de la función pública realice el servidor para acrecentar el mismo y respecto de los cuales se considere ilícito.

■ Que por lo tanto, la presunción *iuris tantum* de que un servidor público se ha enriquecido al existir desproporción entre lo percibido y lo que realmente cuenta en su haber patrimonial puede ser demeritada de origen o asumir que no fue eficazmente probada al obrar indicios que afecten su fiabilidad como lo pueden ser aquellos datos de prueba que den cuenta que el investigado aumentó su patrimonio con motivo de actividades diversas a su desempeño como servidor público y que tal incremento sí fue declarado debidamente.

■ Que lo narrado permitía establecer que la resolución de veintisiete de noviembre de dos mil veinte (en la que se libró la orden de aprehensión), se encontraba indebidamente fundada y motivada, en particular, respecto de la acreditación del aumento patrimonial injustificado del imputado en relación con los datos de prueba que el propio juez responsable invocó y analizó para tal efecto, requisito fundamental para el libramiento del mandamiento restrictivo de la libertad, particularmente, en relación con la información que se derivó de los datos de prueba 5 y 37 de los que se advertían otros ingresos sí declarados, que contradicen la afirmación en el sentido de que el imputado no había reportado una fuente diversa de ingresos, además de los devengados como servidor público.

[Aquí terminan las ponderaciones que realizó el Octavo Tribunal Colegiado en Materia Penal del Primer Circuito].

De manera que esos argumentos del tribunal de amparo sirvieron de fundamento al Juez de Control para realizar a la fiscalía la prevención a que se refiere el numeral 143 del Código Nacional de Procedimientos Penales, en los términos ya señalados; sin embargo, el desahogo de la prevención, a juicio del Juez de Control, no fue satisfecha en su punto tercero, lo cual dio como resultado que se negara la orden de aprehensión hoy apelada.

De tal suerte que lo único que se le pide a la Representación Social de la Federación es que a partir de los datos de prueba con que

cuente, debidamente extraídos y expuestos, argumente la manera en que se acredita que el aumento patrimonial del imputado es notoriamente desproporcionado respecto a sus ingresos obtenidos lícitamente en el periodo que se desempeñó como servidor público.

Claro, tomando y analizando el total de los ingresos sí declarados y obtenidos lícitamente, pues, como lo dijo el tribunal colegiado de amparo, en el particular, de los datos de prueba 5 y 37 se advirtieron otros ingresos, sí declarados, que contradicen la afirmación en el sentido de que el imputado no había reportado una fuente diversa de ingresos, además de los devengados como servidor público.

Por otro lado, la apelante nada dijo respecto a que el Juez de Control se haya sustentado en las ponderaciones hechas por el Octavo Tribunal Colegiado en Materia Penal del Primer Circuito, en el recurso de revisión 65/2022, que mediante sesión ordinaria virtual de treinta y uno de agosto de dos mil veintidós, concedió el amparo y protección de la Justicia Federal al imputado contra la orden de aprehensión de veintisiete de noviembre de dos mil veinte.

Tampoco se inconformó contra el argumento relativo a que: "*no cualquier acto o hecho jurídico susceptible de ocasionar un aumento en el patrimonio del servidor público es sancionable, sino únicamente aquellos que en ejercicio de la función pública realice el servidor público para acrecentar el mismo respecto de los cuales se considere ilícito*", derivó de lo resuelto por el Pleno de la Suprema Corte de Justicia de la Nación, en el amparo en revisión 1293/2000**.**

Esto es, la apelante no controvirtió los fundamentos de la resolución apelada, ya sea porque sus alcances son distintos a lo apuntado en la determinación recurrida, o bien, por cualquier otro motivo que se estimara pertinente para ese propósito.

En efecto, del ocurso de agravios no se observan argumentos por parte de la Agente del Ministerio Público de la Federación apelante, encaminados a controvertir tales consideraciones, de manera que permitieran advertir su ilegalidad, ya fuese porque los mismos resultan incongruentes, erróneos o falaces, de manera que lo procedente fuera revocar la determinación apelada.

Luego, si como se precisó, el presente medio de impugnación fue hecho valer por la Agente del Ministerio Público de la Federación, no procede suplir la deficiencia de sus agravios, pues considerar lo contrario, es decir, ir más allá de lo alegado en ellos, se convertiría en una revisión oficiosa en cuanto a los puntos no recurridos, lo que constituye una flagrante violación a los principios de legalidad y seguridad jurídica.

Sirve de apoyo a lo anterior, la tesis de la Primera Sala de la Suprema Corte de Justicia de la Nación, cuyo rubro y texto es:

"***AGRAVIOS DEL MINISTERIO PÚBLICO, CARACTERÍSTICAS DE LOS**. Los agravios deben estar en relación directa e inmediata con los fundamentos contenidos en la sentencia recurrida y forzosamente deben contener no sólo las citadas disposiciones legales que se estiman infringidas y su concepto, sino también la concordancia entre aquéllos, éste y las consideraciones que fundamenten esa propia sentencia, pues de lo contrario, resultaría la introducción de nuevas cuestiones en la apelación, que no constituyen su materia, ya que ésta se limita, tratándose del Ministerio Público, al estudio íntegro de sus agravios, en relación al fallo combatido, principalmente con vista de los motivos que plantee el recurrente, siendo de desestimarse aquélla en que únicamente se citen los preceptos de la ley que se aleguen como infringidos, sin que se señalen los conceptos por los cuales se estimó cometida la infracción, pues el juzgador no puede enmendar las deficiencias o corregir los errores, que equivaldría, por una parte, a ampliar sus facultades, dentro de la órbita jurisdiccional, y, por otra, abarcaría las de aquél, en contra de lo dispuesto por el artículo 21 constitucional, lo que le otorgaría primacía de imperio y de acción decisoria al Ministerio Público, superiores a las que el artículo aludido le confiere. Por último, con la misma base de los razonamientos que preceden, los agravios del Ministerio Público tampoco deben concretarse a manifestar, en forma global, que las pruebas que obran en el proceso son suficientes para tener por comprobados el cuerpo de los delitos y la responsabilidad del acusado, pues tal modo de expresión obligaría al juzgador a interpretar el pensamiento del Ministerio Público y equivaldría a suplir la deficiencia de la queja, que le está vedado de acuerdo con la ley y la jurisprudencia.*".[10]

Ahora, con relación al **agravio 1°**, resulta **infundado**, pues contrario a lo manifestado por la fiscalía, en el caso, no se obligó a la fiscalía a presentar los registros que acreditaran los actos o hechos jurídicos (actividades ilícitas) susceptibles de ocasionar un aumento en el patrimonio del servidor público en ejercicio de la función pública que

---

[10] Novena Época. Registro: 205174. Instancia: Tribunales Colegiados de Circuito. Tesis Aislada. Fuente: Semanario Judicial de la Federación y su Gaceta. Tomo I. mayo de 1995. Materia(s): Civil. Página: 333.

realizara aquél para acrecentar dicho patrimonio, respecto de los cuales se considere ilícito.

La carga de la prueba de la fiscalía en la prevención solo se hizo consistir en el que de los datos de prueba con que contara, debidamente extraídos y expuestos, **argumentara** la manera en que se acreditaba que el aumento patrimonial del imputado era notoriamente desproporcionado respecto a los ingresos obtenidos lícitamente en el periodo que se desempeñó como servidor público.

Lo anterior, necesariamente, tomando y analizando el total de los ingresos sí declarados y obtenidos lícitamente, pues fue omisa en advertir diversos ingresos sí declarados.

Por otro lado, tampoco se adicionó un elemento que no contemplara el tipo penal en estudio, **por el contrario**, se dijo que no era necesario constatar la acreditación del hecho con apariencia de delito en trato, bajo las premisas contenidas en la tesis aislada P.XXXVI/2002, del Pleno de la Suprema Corte de Justicia de la Nación, publicada en el Semanario Judicial de las Federación y su Gaceta, Novena Época, Tomo XVI, agosto de dos mil dos, página siete, con registro digital 186275 y de rubro siguiente: "*ENRIQUECIMIENTO ILÍCITO. EL ARTÍCULO 109 CONSTITUCIONAL QUE LO PREVÉ, NO CONTIENE UN RÉGIMEN DE EXCEPCIÓN A LAS GARANTÍAS INDIVIDUALES PARA LOS SERVIDORES PÚBLICOS.*"; esto es, a través de la acreditación de: a) la situación patrimonial del investigado al iniciar sus funciones, b) la remuneración percibida durante el desempeño de su encargo, c) la situación patrimonial al terminar sus funciones y d) la circunstancia real de su patrimonio con la que cuente el justiciable; circunstancia de la cual la apelante no expresó nada.

El **agravio 2°**, resulta **infundado**, debido a que en el caso no se realizó una valoración de los datos de prueba expuestos en la solicitud de orden de aprehensión; sino que se dijo que al margen del valor de la eficacia demostrativa que pudiera conferírsele a los datos de prueba que señaló la fiscalía, a criterio del Juez de Control, resultaban insuficientes para tener por demostrado el hecho con apariencia de delito de enriquecimiento ilícito.

El **agravio 3°**, también es **infundado**, porque como lo dijo el Juez de Control, no se encontraba en posibilidad de subsanar la insuficiencia de argumentos en que incurrió la fiscalía a través de un ejercicio de inferencias obtenidas de los datos de prueba en que sustentó la solicitud de captura, puesto que en ese caso, se corría el riesgo de invadir la función acusadora del Ministerio Público y violentar el principio de división de funciones en materia penal y a los derechos a un juez imparcial.

El **agravio 11°**, es **infundado**, porque en el particular, la fiscalía incurrió en insuficiencia para justificar el enunciado de hecho a partir de exponer los registros de investigación y los datos de prueba de los cuales se extrajera tal circunstancia, de tal suerte que la fiscal se apartó de los estándares constitucionales y legales que se requieren para librar una orden de aprehensión, pues de ignorar esa insuficiencia se violarían los principios de legalidad y de seguridad jurídica, contenidos en los artículos 14 y 16 de la Constitución Política de los Estados Unidos Mexicanos, así como los numerales 142 y 143 del Código Nacional de Procedimientos Penales.

En consecuencia, es improcedente lo solicitado por la fiscal, respecto a la revocación de la resolución combatida; pues como se refirió en su oportunidad, los agravios resultan inoperantes e infundados, por lo que este tribunal no se encuentra en aptitud de analizar las conclusiones del juzgador, a la luz de los motivos de inconformidad, cuando estos no combaten en su totalidad las consideraciones que sustentan la resolución recurrida, por lo que deben continuar rigiendo el sentido de lo decidido por el Juez de Control.

Lo anterior encuentra apoyo en la tesis del Primer Tribunal Colegiado del Sexto Circuito, localizable la página trescientos treinta y tres, tomo I, mayo de mil novecientos noventa y cinco, Novena Época, del Semanario Judicial de la Federación, de rubro: *"AGRAVIOS INSUFICIENTES EN LA APELACIÓN, SON AQUELLOS QUE NO ATACAN TODAS LAS CONSIDERACIONES QUE SUSTENTAN EL FALLO DE PRIMERA INSTANCIA."*.

En esas condiciones, al resultar por una parte **inoperantes**, y

por otra, **infundados** los agravios formulados por la Agente del Ministerio Público de la Federación **debe confirmarse** la resolución combatida, dado que rige para el recurrente el principio de estricto derecho, lo cual impide legalmente a este Tribunal Federal suplir la deficiencia en sus agravios, ello con independencia de compartir o no el criterio del Juez de origen, pues se reitera, el recurso de apelación de que se trata, somete al superior a los hechos apreciados en primera instancia y dentro de los límites marcados por la expresión de agravios (tratándose de los del Ministerio Público), toda vez que de lo contrario se convertiría en una revisión de oficio en cuanto a los puntos no recurridos.

Al caso, resulta aplicable la jurisprudencia número 433, visible en las páginas 320 y 321, del Tomo II, Materia Penal, del Apéndice al Semanario Judicial de la Federación 1917-2000, que es del tenor siguiente:

*"**APELACIÓN EN MATERIA PENAL, INTERPUESTA POR EL MINISTERIO PÚBLICO. SUS LÍMITES.** Tratándose de la apelación en materia penal, el Tribunal Superior debe circunscribirse a los hechos apreciados en primera instancia, y conforme a los límites marcados por los propios agravios, cuando sea el Ministerio Público quien los exprese; ya que de ir más allá de lo alegado en ellos, se convertirían en una revisión oficiosa en cuanto a los puntos no recurridos, lo que constituye una flagrante violación a las garantías individuales de legalidad y seguridad jurídica en perjuicio del reo."*

Además, resulta aplicable la jurisprudencia número 9, consultable en la página 931, Tomo IX, mayo de mil novecientos noventa y nueve, Novena Época, del Semanario Judicial de la Federación y su Gaceta, cuyo contenido es el siguiente:

*"**AGRAVIOS INSUFICIENTES ES INNECESARIO SU ESTUDIO SI LO ALEGADO NO COMBATE UN ASPECTO FUNDAMENTAL DE LA SENTENCIA RECURRIDA, QUE POR SÍ ES SUFICIENTE PARA SUSTENTARLA.** Cuando la sentencia impugnada se apoya en diversas consideraciones esenciales, pero una de ellas es bastante para sustentarla y no es combatida, los agravios deben declararse insuficientes omitiéndose su estudio, pues de cualquier modo subsiste la consideración sustancial no controvertida de la resolución impugnada y por tal motivo sigue rigiendo su sentido."*

Por lo expuesto y fundado, este tribunal

**RESUELVE:**

**ÚNICO**. Se **confirma** la resolución recurrida.

**Notifíquese privilegiando los medios electrónicos.**

Háganse las anotaciones respectivas en el libro de gobierno y sistema estadístico de este tribunal; expídanse las copias de ley que sean necesarias, y con copia auténtica de esta ejecutoria remítanse los autos derivados de la causa penal al Centro de Justicia de su procedencia.

Así lo resolvió el Primer Tribunal Colegiado de Apelación en Materia Penal del Primer Circuito, por **unanimidad de votos** de los Magistrados Alberto Torres Villanueva (Presidente), Manuel Bárcena Villanueva y Gabriela Guadalupe Rodríguez Escobar (Ponente).

Firman los Magistrados que integran este tribunal, junto con el Asistente de Constancias y Registro para constancia.

(Firma electrónica)
**MAGISTRADO PRESIDENTE**
**ALBERTO TORRES VILLANUEVA**

(Firma electrónica)
**MAGISTRADO**
**MANUEL BÁRCENA VILLANUEVA**

(Firma electrónica)
**MAGISTRADA PONENTE**
**GABRIELA GUADALUPE RODRÍGUEZ ESCOBAR**

(Firma electrónica)
**SECRETARIO DE TRIBUNAL**
**EDER GERARDO MILLÁN GAMA.**

EL SUSCRITO SECRETARIO DEL PRIMER TRIBUNAL COLEGIADO DE APELACIÓN EN MATERIA PENAL DEL PRIMER CIRCUITO, EN FUNCIONES DE ASISTENTE DE CONSTANCIAS Y REGISTRO DE SEGUNDA INSTANCIA, **HACE CONSTAR** QUE: ESTA HOJA ES PARTE FINAL DE LA EJECUTORIA PRONUNCIADA EN EL TOCA PENAL **348/2023**-SPA.- CONSTE.- CIUDAD DE MÉXICO, **DOS DE OCTUBRE DE DOS MIL VEINTITRÉS**.

**EDER GERARDO MILLÁN GAMA.**

| | |
|---|---|
| Se revisó y capturó el presente fallo en el Sistema Integral de Seguimiento de Expedientes (SISE), por la Oficial Judicial "A", adscrita a este órgano jurisdiccional. | Firma |

El treinta y uno de enero de dos mil veinticuatro, la licenciada María del Carmen Montiel Rodríguez, Secretaria, con adscripción en el Primer Tribunal Colegiado de Apelación en Materia Penal del Primer Circuito, hago constar y certifico que en términos de lo previsto en los artículos 108 y 113 fracción I de la Ley Federal de Transparencia y Acceso a la Información Pública, esta versión pública suprime toda aquella información considerada legalmente como CONFIDENCIAL, por tratarse de datos personales del inculpado, familiares, número de cuenta y domicilios particulares. **Conste.**

**TRANSLATION**

**CRIMINAL APPEAL 348/2023-SPA**
**APPELLANT:** Deputy Federal Prosecutor
**APPEALED PROCEEDING:** Decision of May tenth two thousand twenty-three from the District Judge specialized in the Criminal Adversarial System under Mexico City's Federal Criminal Justice Center, headquartered in *Reclusorio Norte* [North Holding Center], in her capacity as Control Judge, who denied the requested arrest warrant against **\*\*\*\*\*\*\*\*\***, for his/her potential participation in the crime set forth by law as illicit enrichment, contemplated and punished by Section 224, Federal Criminal Code.

(...)

**6**

[Highlighted text per original]

**Compliance with Judicial Request.** On October fifth two thousand twenty-two, the Public Prosecutor's Office responded to the above-mentioned judicial request; however, by court order dated October sixth two thousand twenty-two, the former Control Judge was adamant that the requesting authority should specify the exact amount of the defendant's income, in view of the evidence available in the investigative case file, in order to consistently establish its claim; thus, it declared that the above-mentioned judicial request was still outstanding.

On December thirteenth two thousand twenty-two, by official letter ending in 667/2022, the Public Prosecutor's Office petitioned that the judicial request be deemed to have been satisfied and that the official letter, together with the application of November twenty-sixth two thousand twenty, be taken into account to issue the arrest warrant.

The foregoing, after executing the final *amparo* judgment, rendered by the Eighth Collegiate Criminal Court for the First Circuit, in connection with the above-mentioned writ of review 65/2022.

**Declaration of Execution of *Amparo*.** By court ruling dated May the ninth two thousand twenty-three, the Federal Criminal Justice Center deemed to have received the official letter whereby the District Court assigned to hear *Amparo* Matters declared the appeal for reconsideration to be unfounded, which had been filed by the defendant's legal representative against the determination declaring that the final *amparo* judgment had been executed.

**Arrest Warrant.** On May tenth two thousand twenty-three, the Control Judge issued the written decision denying the requested arrest warrant. **Which constitutes the appealed act.**

**SIXTH. Arguments in Support of Appealed Decision.**

The requested arrest warrant was denied, based on the following arguments:

*"...The evidence received is not appropriate and sufficient to meet the requirements of Section 16, third paragraph, Magna Carta (sic); as well as Sections 141, 142 y 143, National Code of Criminal Procedure, which contemplate the acts to be specified further on to issue an arrest warrant.*

7

"The foregoing is the case, regardless of the fact that the application for the arrest warrant was made by a deputy public prosecutor, who has legal powers to make that application, pursuant to the provisions of Sections 21 and 102, paragraph A, Political Constitution of the United Mexican States.

"The prosecuting technical body, which stated in its application the existence of the admissibility requirement (complaint) to open the applicable investigative case file, as already mentioned, the Public Prosecutor's Office took cognizance of a seemingly criminal act, stemming from the news stories published in the weekly information and analysis newspaper.

"In addition, receipt of document of **December twenty-third two thousand nineteen**, signed by                        , head of the Financial Intelligence Unit, Ministry of Finance and Public Credit, whereby a complaint was filed against ********** et al., for their potential involvement in the commission of seemingly criminal acts, which were preliminarily classified as contemplated in Section 400 bis, Federal Criminal Code.

"Now, the seemingly criminal act for which the application for an arrest warrant has been made is that of **illicit enrichment**, contemplated and punishable in Section 224 of the Federal Criminal Code in effect at the time of the events (2012), which legal provision reads as follows:

'**Section 224**. The person who by reason of his/her employment, position or assignment with the public sector commits illicit enrichment shall be punished. Illicit enrichment exists when the public servant is not able to prove his/her lawful net worth increase or the lawful origin of the property in his/her name or the property with respect to which he/she acts as being the owner, pursuant to the provisions of the Federal Public Servants Liabilities Act.

'Likewise, whoever makes appear as his/hers property that the public servant knowingly acquires or has acquired in violation of the provisions of the same Act, knowing this circumstance, is criminally liable.

'Whoever commits the crime of illicit enrichment shall be punished with the following penalties:

'Forfeiture to the benefit of the State of that property the origin of which cannot be proved, pursuant to the provisions of the Federal Public Servants Liabilities Act.

'When the amount of the illicit enrichment does not exceed the equivalent of five thousand times the daily minimum salary in effect in the Federal District, three months to two years' imprisonment shall be imposed, a fine of thirty to three hundred times the daily minimum salary in effect in the Federal District at the time of the commission of the crime, and dismissal and disbarment of three months to two years from holding another public sector job, position or assignment.

'When the amount of the illicit enrichment exceeds the equivalent of five thousand times the daily minimum salary in effect in the Federal District, two years to fourteen years' imprisonment shall be imposed, a fine of three hundred to five hundred times the daily minimum salary in effect in the Federal District at the time of the commission------------------------------

8

*of the crime, and dismissal and disbarment of two years to fourteen years from holding another public sector job, position or assignment.'*

"*However, there is no evidence in the investigative case file which, when freely and logically assessed, suggests both the existence of an act established by law as a crime and probable cause that defendant \*\*\*\*\*\*\*\*\*\* committed it.*

"*In that respect, it should be pointed out that the Public Prosecutor's Office mentioned the following evidence in the investigative case file:*

(Description thereof from page eleven to one hundred sixty-eight of appealed   decision).

*Evidence which, regardless of the demonstrative effectiveness that might be conferred upon it, is in the opinion of this judicial authority insufficient to prove the seemingly criminal act of **illicit enrichment,** contemplated and punishable in Section 224, Federal Criminal Code in effect at the time of the events (2012), for which the Public Prosecutor's Office has applied for an arrest warrant against the defendant.*

*On this matter, it is necessary to take into consideration the decision of the Eight Collegiate Criminal Court for the First Circuit, issued in connection with writ of review R.P. 65/2022,[6] since it indicated that, at that procedural stage, it was not necessary to establish proof of the seemingly criminal act under consideration, under the premises contained in isolated excerpt of court precedent P.XXXVI/2002, of the Nation's Supreme Court of Justice sitting en banc, published in the* Weekly Federal Court Report *and its Gazette, Ninth Term, Volume XVI, August two thousand two, page seven, digital registry 186275, with the following caption: **ILLICIT ENRICHMENT. SECTION 109 OF THE CONSTITUTION, WHICH CONTEMPLATES IT, DOES NOT INCLUDE A SYSTEM TO EXEMPT PUBLIC SERVANTS FROM INDIVIDUAL GUARANTEES.'[7]**; that is, by proving:*

---

[6] *Which originated the final amparo judgment culminating with the judicial request for information to the investigating body, which is currently being examined.*

[7] *'The genetical-teleological interpretation of the amendment to Title IV, Political Constitution of the United Mexican States, which includes Sections 108 through 114, published in the Official Gazette of the Federation on December twenty-eighth nineteen eighty-two, reveals that the causes thereof are based on the need to establish new constitutional bases to adequately punish, with greater severity, public servants' liabilities. Likewise, from a thorough analysis of the purposes and opinions of the Congress of the Union's commissions and its debates concerning Section 109, paragraph III, subparagraph 3, which includes the express intention to criminally punish public servants for illicit enrichment, there is no indication of the legislators' will to amend the Constitution by establishing a system of exemptions from individual guarantees. In fact, although it follows from the above-mentioned provision that the public servant must prove the lawful origin of his/her net worth, this should not be understood as transferring the burden of proof to the defendant, but rather as the right of defense enjoyed by him/her to refute the evidence against him/her. Therefore, it behooves the Public Prosecutor's Office to verify the elements constituting the crime and the defendant's guilt, pursuant to the general rules of Sections 21 and 102 of the Constitution. To determine a public servant's illicit enrichment (essential core of the crime), it is required to previously verify certain facts or circumstances, such as the defendant's status as a public servant (qualified subject), his/her statement of financial position upon beginning and concluding his/her duties, the compensation received during the performance of his/her duties, and the subject's actual status of his/her net worth, to thus be able to arrive at a logical, natural process to clearly note, with a minimum of common sense, that there has been a substantial disproportion between what the public servant must prove by reason of his job, position or assignment and what actually appears on his/her balance sheet. These facts and circumstances, concatenated amongst themselves, generate the iuris tantum presumption that the active subject has engaged in illicit enrichment, which constitutes circumstantial evidence proving the body of the crime and his/her liability, which can in any event be refuted by proof provided by the public servant of the lawfulness his/her net worth's substantial increase.'*